### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF INDIANA
### TERRE HAUTE DIVISION

| | |
|---|---|
| JOSHUA B. CRISSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VINOD C. GUPTA, SATYABALA V. GUPTA, and WIPER CORPORATION,<br><br>Defendants. | Case No.: 2:12-cv-355<br><br>Complaint - Class Action<br>Jury Trial Demand |

## Class Action Complaint

Plaintiff Joshua B. Crissen ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned attorneys, Sandberg Phoenix & von Gontard P.C., brings his causes of action against Defendants Vinod C. Gupta ("Vinod"), Satyabala V. Gupta ("Satyabala") and Wiper Corporation ("Wiper Corp.") (collectively, "Defendants"):

Nature of Action ................................................................................................ 2
Jurisdiction and Venue....................................................................................... 2
The Parties .......................................................................................................... 3
Tax Sale Process ................................................................................................ 4
Plaintiff's Property............................................................................................. 7
Scheme to Defraud............................................................................................. 8
Class Allegations ............................................................................................... 10
Count I – Substantive Racketeering under Federal Rico .................................. 12
Count II – Racketeering Conspiracy under Federal Rico .................................. 15
Count III – Substantive Racketeering under Indiana Rico ................................ 16
Count IV – Racketeering Conspiracy under Indiana Rico................................. 19
Count V – Relief under the Crime Victims Act................................................. 20
Count VI – Fraud .............................................................................................. 21
Count VII – Money Had and Received.............................................................. 22
Count VIII – Unjust Enrichment....................................................................... 23

## Nature of Action

1.      Plaintiff brings this class action against Defendants pursuant to the Racketeer Influenced and Corrupt Organizations Act, enacted as Title IX of the Organized Crime Control Act of 1970, 18 U.S.C. §§ 1961, *et seq.* ("RICO"), Indiana's Racketeer Influenced and Corrupt Organizations, §§ 35-45-6, *et seq.* ("Indiana RICO"), Indiana's Civil Actions by Crime Victims, §§ 35-24-3, *et seq.* ("Crime Victims Act"), and for common law fraud, money had and received and unjust enrichment. Plaintiff also seeks to recover punitive damages, his attorney's fees and other costs incurred in this lawsuit.

2.      This Complaint arises from the Defendants' scheme to artificially inflate the amount of money required for the redemption of real property sold at tax sales for delinquent taxes and special assessments. Defendants falsely certified they incurred and paid fees, so these fees would be included in the Redemption Amount (defined below), but Defendants' neither incurred nor paid these fees. Plaintiff and the class were injured by Defendants' scheme to defraud them when they redeemed the real property by the fraudulently inflated Redemption Amount.

## Jurisdiction and Venue

3.      This Court has original subject matter jurisdiction over the federal law claims pursuant to 28 U.S.C. §1331, 28 U.S.C. §2201 and 18 U.S.C. §§1964, *et seq.*, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a) because they are so related to the federal claims as to form part of the same case or controversy.

4.      Venue is proper in the Southern District of Indiana pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to the Complaint occurred in the Southern District of Indiana. Venue is also proper in the Southern District of Indiana pursuant to 18 U.S.C.

§1965 because Wiper Corp. has an agent in the Southern District of Indiana and Defendants can be found and transact their affairs in the Southern District of Indiana.

5.      In connection with the acts alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including the United States mails and wire transmissions in interstate commerce. Defendants engaged in interstate commerce and activities that affect interstate commerce.

## The Parties

6.      Plaintiff is an individual residing in Bloomfield, Indiana. On or around February 8, 2010, Plaintiff redeemed real property (SALE ID: 2829076; PROPERTY ID: 2828-02-14-000-016.000-001) purchased by Vinod at a tax sale in Indiana on or around October 9, 2009.

7.      Vinod is an individual residing in Boca Raton, Florida, and is Satyabala's husband. Vinod or his nominees have participated in tax sales in Indiana from at least 2002 through the present.

8.      Satyabala is an individual residing in Boca Raton, Florida and is Vinod's wife. On information and belief, Satyabala or her nominees have participated in tax sales in Indiana from at least 2002 through 2010.

9.      Wiper Corp. is a Florida Corporation with its principal place of business at 17962 Foxborough Lane, Boca Raton, Florida 33496. Wiper Corp.'s registered agent in Indiana is located at 120 East Market Street, Indianapolis, Indiana 46204. Vinod and Satyabala are the only directors and officers of Wiper Corp. On information and belief, Wiper Corp. or its nominees have participated in tax sales in Indiana from at least 2002 through 2010.

## Tax Sale Process

10.     In Indiana, when the owner of real property fails to pay property taxes, the property may be sold at a tax sale to satisfy the delinquent taxes pursuant to Ind. Code § 6-1.1-24, *et seq.*

11.     Each county in Indiana conducts their own tax sales on annual basis for the property located within that county.

12.     The tax sale process begins when each county auditor publishes a list of delinquent real estate parcels in area newspapers.  Ind. Code § 6-1.1-24-3(a). The publication gives notice that the county auditor and county treasurer will apply for court judgments against delinquent real estate and orders to sell those judgments at public auction.  Ind. Code § 6-1.1-24-2(a)(8). Thereafter, the court issues the requested judgments and orders.

13.     The county auditor is also required to send a notice of the sale by certified mail, return receipt requested, to the last address of the owner for the property as indicated in the records of the county auditor on the date the tax sale list is certified ("Notice of Sale"). Ind. Code § 6-1.1-24-4(a). In addition, the county auditor shall mail a duplicate Notice of Sale to the owner of record by first class mail to the owners from whom the certified mail return receipt was not signed and returned.  Id.

14.     At the tax sale, the county treasurers sell the tracts or real property, subject to the right of redemption, to the highest bidder at public auction.  Ind. Code § 6-1.1-24-5(e)

15.     A tract or an item of real property may not be sold for an amount which is less than the sum of ("Minimum Price"):

          a.     the delinquent taxes and special assessments on each tract or item of real property;

      b.     the taxes and special assessments on each tract or item of real property that are due and payable in the year of the sale, regardless of whether the taxes and special assessments are delinquent;

      c.     all penalties which are due on the delinquencies;

      d.     the costs incurred by the county due to the sale;

      e.     any unpaid costs which are due from a prior tax sale; and

      f.     other reasonable expenses of collection, including title search expenses, uniform commercial code expenses, and reasonable attorney's fees incurred by the date of the sale.

Ind. Code § 6-1.1-24-5(e).

16.     When a bid from a member of the public equals at least the Minimum Price, the purchaser receives a certificate of sale and acquires a lien against the property in the amount paid.  Ind. Code § 6-1.1-24-9.

17.     When no bid from a member of the public equals at least the Minimum Price, the county executive receives a certificate of sale and acquires a lien in the amount of the Minimum Price.  Ind. Code § 6-1.1-24-6.

18.     The county executive may decide to sell its certificates of sale at a public auction to the highest bidder for an amount less than the Minimum Price ("Commissioner's Sale").  Ind. Code § 6-1.1-24-6.1.

19.     The purchaser of a certificate of sale at the Commissioner's Sale will pay the amount established by the county executive, and will receive a certificate of sale and acquire a lien against the property in the amount paid.  Ind. Code § 6-1.1-24-9.

20.     The purchaser of a certificate of sale must give notice ("Notice of Redemption") by sending a copy of the Notice of Redemption by certified mail to:

      a.     the owner of record at the time of the sale; and

      b.     any person with a substantial property interest of public record in the tract or real property.

Ind. Code § 6-1.1-25-4.5.

21.     The Notice of Redemption must be sent not later than nine months after the date of the tax sale or ninety days after the date of the Commissioner's Sale.  Ind. Code § 6-1.1-25-4.5.

22.     Any person may redeem real property sold at a tax sale or Commissioner's Sale by paying the amount required for redemption before the expiration of the redemption period. Ind. Code § 6-1.1-25-1. The redemption period expires one year after the date of sale.  Ind. Code § 6-1.1-25-4.

23.     The total amount of money required for redemption of real property equals ("Redemption Amount"):

      a.     110% of the Minimum Price if redeemed less than six months after the sale or 115% of the Minimum Price if redeemed more than six months after the sale;

      b.     110% of the amount of the purchase price exceeding the Minimum Price;

      c.     110% of all subsequent taxes paid by the purchaser; and

      d.     if certified before redemption, the attorney fees and costs of giving notice ("Notify Costs") and the costs of a title search or of examining and

updating the abstract of title for the tract or item of real property that were

incurred and paid by the purchaser ("Title Costs").

Ind. Code § 6-1.1-25-2.

24.     The purchaser of a certificate of sale certifies the purchaser incurred and paid the

Notify Costs and Title Costs by completing, signing and providing the county auditor with a

document substantially in the form of the document attached as **Exhibit A** ("Certification"), and

incorporated herein by this reference.

25.     The purchaser must not provide the county auditor with a Certification earlier

than thirty days after the date of sale.  Ind. Code § 6-1.1-25-2(e).

26.     The Notice of Redemption must detail the components of the Redemption

Amount, including the amount owed for Notify Costs and Title Costs.  Ind. Code § 6-1.1-25-

4.5(e)(7).

27.     If the property remains unredeemed after expiration of the redemption period, a

purchaser of a certificate of sale may file a petition for deed.  Ind. Code § 6-1.1-25-4.6. Notice of

the filing of this petition shall be given to the same parties and in the same manner as provided

for the Notice of Redemption ("Notice of Petition").

28.     The notices described above are mandatory to obtain a tax deed. Any defect in the

creation or service of the notices will render the certificate of sale incapable of foreclosure

through a petition for tax deed.

### Plaintiff's Property

29.     Plaintiff owns real property located in Greene County, Indiana, which has a

property identification number of 2828-02-14-000-016.000-001 ("Plaintiff's Property).

30.     After property taxes on Plaintiff's Property became delinquent, the Greene

County auditor and treasurer applied for a judgment against Plaintiff's Property and an order to

sell the judgment at public auction in cause number 28C01-0909-MI-483. The requested judgment and order was entered on or about September 22, 2009.

31.     On or about October 9, 2009, the Green County treasurer offered Plaintiff's Property for sale, subject to the right of redemption, for a Minimum Price of $2,118.60.

32.     The highest bidder at the auction for Plaintiff's Property was Vinod with a bid of $8,000.00.

33.     On or about October 9, 2009, the Greene County auditor issued a certificate of sale (No. 2829076) to "Vinod C. Gupta c/o Banco Popular NA/Lien Holder" for Plaintiff's Property ("Tax Sale Certificate").

34.     On or about November 13, 2009, Vinod signed and provided a Certification to the Green County auditor, certifying he incurred and paid $350.00 in Notify Costs and $150.00 in Title Costs with respect to Plaintiff's Property.

35.     Subsequently, Vinod or someone acting on behalf of Vinod, sent a Notice of Redemption to Plaintiff detailing the components of the Redemption amount, including the Notify Costs and Title Costs.

36.     On or about February 8, 2010, Plaintiff's Property was redeemed by Plaintiff for the Redemption Amount of $3,027.04.

### Scheme to Defraud

37.     Defendants conspired to and did devise a scheme to defraud people seeking to redeem real property sold at the tax sales and Commissioner's Sales by submitting fraudulent Certifications, which certified they incurred and paid the Notify Costs and Title Costs, when upon information and belief, they neither incurred nor paid the Notify Costs or Title Costs.

38.     From at least 2002 through the present, Defendants provided to the county auditor over 2,700 Certifications in connection with their purchase of certificates of sale, which were

redeemed by class members. These Certifications were false because they certified Defendants incurred and paid the Notify Costs and/or Title Costs, when upon information and belief, they neither incurred nor paid the Notify Costs or Title Costs. A list with the details of each purchase is attached as **Exhibit B**, and incorporated herein by this reference.[1]

39.     Each Certification was mailed or otherwise provided to the county auditor on or around the "Certification Date" listed on **Exhibit B**.

40.     In connection with each Certification, Defendants were required to mail Notices of Redemption to each owner of record and every person with substantial property interest of public record not later than nine months after the "Date Sold" listed on **Exhibit B**.

41.     These Certifications and Notices of Redemption were integral to the scheme to profit by defrauding people or entities seeking to redeem real property sold at tax sales and Commissioner's Sales.

42.     Defendants certified through their Certifications, that they incurred and paid more than $1,000,000 in Notify Costs and $612,000 in Title Costs.

43.     Defendants knew the Certifications and Notices of Redemption were false because they knew they did not incur and pay the Notify Costs and Title Costs.

44.     Defendants mailed and submitted, or caused to be mailed or submitted, the Certifications to the county auditor and mailed the Notices of Redemption to Plaintiff and class members with the intent to deceive and defraud them when redeeming real property sold at the tax sales and Commissioner's Sales for the purpose of implementing their scheme to defraud.

---

[1] The number of Certifications is both approximate and expected to increase because the redemption period has not expired for all purchases conducted in 2012 and it does not include Defendants' purchases from the following Indiana counties in that data was not available from these counties before filing suit: Laporte, Lagrange, Allen, Adams, Clinton, Boone, Marion, Rush, Monroe, Brown, Dubois, Crawford and Vanderburgh.

45.     The Notices of Sale that were mailed by the county auditor were incident to an essential part of the scheme to defraud.

46.     Plaintiff and class members did not know and had no reason to know Defendants neither incurred nor paid the Notify Costs and Title Costs contained in the Certifications and Notices of Redemption.

47.     Plaintiff and class members had no reasonable means by which to substantiate the Notify Costs and Title Costs contained in the Certifications and Notices of Redemption.

48.     In reliance on the Certifications, the Notices of Redemption, or both, Plaintiff and the class members redeemed property from Defendants, and collectively paid an amount in excess of $1,610,000.00. The individual breakdown of the Notify Costs and Title Costs purportedly incurred and paid by Defendants, and redeemed by Plaintiff and the class members known to date are contained in **Exhibit B**.

49.     Defendants' acts of falsehood, deception, and fraud have caused grievous injury to Plaintiff and the class members.

50.     Pursuant to Defendants' scheme to defraud, they wrongfully obtained in excess of $1,610,000.00.

51.     Defendants acted with malice, fraud or oppressiveness which was not the result of a mistake of fact or law, honest error of judgment, overzealousness, mere negligence, or other human failing.

## Class Allegations

52.     Plaintiff brings this action on his own behalf and on behalf of a class designated pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

53.     Plaintiff proposes to define the class as:

All individuals and business entities who redeemed a tract or real property purchased at Indiana tax and/or Commissioner's sales by Vinod, Satyabala and/or Wiper Corp. (or by a nominee), where the redemption amounts were artificially inflated because Vinod, Satyabala and/or Wiper Corp. certified to Indiana county auditors they had incurred and/or paid statutory notification and/or title costs which Defendants had not incurred or paid.

54.     The class is believed to be so numerous that joinder of all members is impractical. The suit concerns more than 2700 certificates of sale relating to separate and distinct tracts or parcels of real property, each with separate and/or multiple owners.

55.     There are questions of fact common to the class because Defendants engaged in standardized conduct by fraudulently causing Plaintiff and class members to pay a Redemption Amount that was fraudulently and artificially inflated. The main common contention is Defendants neither incurred nor paid any Notify Costs or Title Costs.

56.     There are questions of law common to the class, including, among others:

    a.     Whether Defendants devised a scheme to defraud by submitting false Certifications to the county.

    b.     Whether Defendants participated, directly or indirectly, in the conduct of an enterprise's affairs.

    c.     Whether Defendants engaged in a pattern of racketeering activity by submitting the false Certifications to the county.

    d.     Whether Defendants engaged in a pattern of racketeering activity by mailing the Notices of Redemption.

    e.     Whether a conspiracy exists.

f.      Whether Defendants committed criminal deception, conversion, and theft.

g.      Whether Defendants acted fraudulently.

h.      Whether Defendants are liable under the Crime Victims Act.

i.      Whether Defendants are liable for punitive damages.

57.     Plaintiff's claims are typical of the claims of the class. Plaintiff's claims and the claims of the class share the same essential characteristics. Plaintiff and all class members were charged by Defendants for expenses Defendants did not actually incur or pay. Defendants' standardized practice of overcharging also gives rise to the same legal remedy for Plaintiff and class members and are based on the same factual and legal theories. Plaintiff's and the class' damages are all derived from Defendants standardized conduct and the same federal statutes, state statutes and common law.

58.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests antagonistic to those of the class and Plaintiff's counsel is competent and experienced in this type of litigation.

59.     The questions of law or fact common to the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Indeed, because the case involves small damages on an individual level, the economic reality dictates that the suit proceed as a class action, otherwise it would not likely be pursued at all. Additionally, even if most class members would be willing to proceed individually, they are probably unaware they have been defrauded.

## Count I – Substantive Racketeering under Federal Rico

60.     Plaintiff alleges and incorporates all previous paragraphs of this Complaint as if fully alleged in this Count.

61.     At all relevant times, each Defendant was a "person" within the meaning of RICO, 18 U.S.C. § 1961(3).

62.     At all relevant times, Defendants and their employees constitute an association-in-fact "enterprise" as that term is defined in 18 U.S.C. § 1961(4), that engages in, and the activities of which affect, interstate commerce. Defendants have been associated through time, joined in purpose and organized in a manner amenable to hierarchal and consensual decision-making, with each Defendant fulfilling a specific and necessary role to carry out and facilitate its purpose. Upon information and belief, Defendants have hired or used several persons to bid at tax sales on their behalf and for the purpose of implementing their scheme to defraud.

63.     Alternatively, and upon information and belief, Vinod and/or Satyabala are employed by or associated with a sole proprietorship, partnership and/or Wiper Corp., which have employees other than Defendants and/or bidders that participate at the tax sales. This sole proprietorship, partnership and/or Wiper Corp. constitutes an "enterprise" as that term is defined in 18 U.S.C. § 1961(4).

64.     Defendants implemented the scheme to defraud, and continue to execute the scheme to defraud to the present.

65.     Defendants conducted and participated in the conduct of said enterprise for the unlawful purpose of defrauding Plaintiff and the class members through their scheme to submit false and fraudulent Certifications and Notices of Redemption.

66.     Defendants received a financial benefit for their participation in the scheme to defraud. Such financial benefits were the product of the scheme and could not have been realized had Defendants not joined together.

67.     Defendants, on repeated occasions, knowingly used or caused the use of the mails for the Certifications and the above described notices in furtherance and for the purpose of executing their scheme to defraud Plaintiff and the class members.

68.     Pursuant to and in furtherance of Defendants' scheme, they committed multiple acts of mail fraud in violation of 18 U.S.C. § 1341 as alleged herein.

69.     Defendants received misappropriated funds across interstate lines in violation of 18 U.S.C. §§ 2314 and 2315.

70.     Each of the aforesaid multiple violations by Defendants of 18 U.S.C. §§ 1341, 2314 and 2315 constitutes an instance of "racketeering activity" as defined in 18 U.S.C. § 1961(1).

71.     The multiple acts of racketeering activity by Defendants were part of an ongoing common plan or scheme and constitute a "pattern of racketeering activity" as defined in 18 U.S.C. § 1961(5).

72.     Defendants have directly or indirectly conducted and participated in the conduct of an enterprise's affairs through a continuous pattern of racketeering described above in violation of 18 U.S.C. § 1962(c).

73.     As a direct and proximate result of the false Certifications and Notices of Redemption, racketeering activities and violations of 18 U.S.C. § 1962(c), Plaintiff and the class have been injured in their business and property, in that, without limitation, they have lost substantial monies in connection with and as a result of them redeeming tracts or real property sold to Defendants at tax sales for an artificially inflated amount. In addition, Plaintiff and the class have been damaged by having to pay a substantial sum for investigating Defendants' activities.

WHEREFORE, Plaintiff respectfully prays that this Court certify the class and enter a judgment for plaintiff and the class members against Defendants:

(a)     awarding actual damages to Plaintiff and the class;

(b)     awarding punitive damages to Plaintiff and the class in an amount deemed sufficient to punish Defendants and to deter such conduct in the future;

(c)     trebling of actual and punitive damages pursuant to 18 U.S.C. § 1964(c);

(d)     awarding Plaintiff's and the class' reasonable attorney's fees and costs pursuant to 18 U.S.C. § 1964(c); and

(d)      awarding such other relief as this court deems just and proper.

## Count II – Racketeering Conspiracy under Federal Rico

74.     Plaintiff alleges and incorporates all previous paragraphs of this Complaint as if fully alleged in this Count.

75.     Defendants and their bidders, agents, and employees have willfully combined, conspired and agreed to violate 18 U.S.C. § 1962(c) to conduct and/or participate, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity based upon numerous acts of mail fraud, in violation of 18 U.S.C. § 1962(d), as alleged herein.

76.     An object of the conspiracy was to defraud Plaintiff and the class members by artificially inflating the Redemption Amount. A further object of the conspiracy was to hide the fraud and scheme from discovery by Plaintiff and the class, county officials, lenders and financial institutions and others. Each Defendant embraced the object of the conspiracy and knowingly acted to support and facilitate the accomplishment of its goals. The conspiracy and fraudulent scheme began at least in 2002 and continues to the present.

77.     Plaintiff and the class have been injured in their business and property, in that, without limitation, they have lost substantial monies in connection with and as a result of them

redeeming real property sold to Defendants at tax sales for an artificially inflated amount. In addition, Plaintiff and the class members have been damaged by having to pay a substantial sum for investigating Defendants' activities.

WHEREFORE, Plaintiff respectfully prays that this Court certify the class and enter a judgment for plaintiff and the class members against Defendants:

(a)     awarding actual damages to Plaintiff and the class;

(b)     awarding punitive damages to Plaintiff and the class in an amount deemed sufficient to punish Defendants and to deter such conduct in the future;

(c)     trebling of actual and punitive damages pursuant to 18 U.S.C. § 1964(c);

(d)     awarding Plaintiff's and the class' reasonable attorney's fees and costs pursuant to 18 U.S.C. § 1964(c); and

(e)     such other relief as this court deems just and proper.

### Count III – Substantive Racketeering under Indiana Rico

78.     Plaintiff alleges and incorporates all previous paragraphs of this Complaint as if fully alleged in this Count.

79.     At all relevant times, Plaintiff and each member of the class were aggrieved persons as that term is defined in Ind. Code § 34-24-2-6.

80.     At all relevant times, each Defendant was a "person" within the meaning of Ind. Code § 35-45-6-2.

81.     At all relevant times, Defendants and their employees constitute an association-in-fact "enterprise" as that term is used in Ind. Code § 35-45-6-1(c). The Defendants have been associated through time, joined in purpose and organized in a manner amenable to hierarchal and consensual decision-making, with each Defendant fulfilling a specific and necessary role to carry

out and facilitate its purpose. Defendants have hired several persons to bid at tax sales on their behalf and for the purpose of implementing their scheme to defraud.

82.     Alternatively, and upon information and belief, Vinod and/or Satyabala are employed by or associated with a sole proprietorship, partnership and/or Wiper Corp., which have several additional employees and/or bidders that participate at the tax sales. This sole proprietorship, partnership and/or Wiper Corp. constitutes an "enterprise" as that term is defined in Ind. Code § 35-45-6-1(c).

83.     Defendants knowingly and/or intentionally conducted or otherwise participated in the activities of said enterprise for the unlawful purpose of defrauding Plaintiff and the class members through their scheme to submit false and fraudulent Certifications and Notices of Redemption.

84.     Defendants received a financial benefit for their participation in the scheme to defraud. Such financial benefits were the product of the scheme and could not have been realized had Defendants not joined together.

85.     Defendants, on repeated occasions, knowingly and/or intentionally exerted unauthorized control over Plaintiff's and the class' money, with intent to deprive them of the same through their scheme to submit false and fraudulent Certifications and Notices of Redemption.

86.     Pursuant to and in furtherance of Defendants' scheme, they committed multiple acts of theft in violation of Ind. Code. § 35-43-4-2.

87.     Each of the aforesaid multiple violations by Defendants of Ind. Code. §35-43-4-2, constitutes an instance of "racketeering activity" as defined in Ind. Code § 35-45-6-1(e).

88.     The multiple acts of racketeering activity by Defendants were part of an ongoing common plan or scheme and constitute a "pattern of racketeering activity" as defined in Indiana Ind. Code § 35-45-6-1(d).

89.     Defendants have directly or indirectly conducted and participated in the conduct of an enterprise's affairs through a continuous pattern of racketeering described above in violation of Ind. Code § 35-45-6-2.

90.     As a direct and proximate result of the false Certifications and Notices of Redemption, racketeering activities and violations of Indiana RICO, § 35-45-6-2, Plaintiff and the class members have been injured in their business and property, in that, without limitation, they have lost substantial monies in connection with and as a result of them redeeming real property sold to Defendants at tax sales for an artificially inflated amount. In addition, Plaintiff and the class have been damaged by having to pay a substantial sum for investigating Defendants' activities.

WHEREFORE, Plaintiff respectfully prays that this Court certify the class and enter a judgment for plaintiff and the class members against Defendants:

(a)     awarding actual damages to Plaintiff and the class;

(b)     trebling of actual damages pursuant to Ind. Code § 34-24-2-6;

(c)     awarding punitive damages to Plaintiff and the class in an amount deemed sufficient to punish Defendants and to deter such conduct in the future;

(d)     awarding Plaintiff's and the class' reasonable attorney's fees and costs pursuant to Ind. Code § 34-24-2-6; and

(e)     awarding such other relief as this court deems just and proper.

## Count IV – Racketeering Conspiracy under Indiana Rico

91.     Plaintiff alleges and incorporates all previous paragraphs of this Complaint as if fully alleged in this Count.

92.     Defendants and their bidders, agents, and employees have willfully combined, conspired and agreed to violate Ind. Code § 35-45-6-2 and Ind. Code. §35-43-4-2 to conduct and/or participate, directly or indirectly, in the activities of the enterprise's affairs through a pattern of racketeering activity based upon numerous acts of theft, in violation of Indiana RICO.

93.     An object of the conspiracy was to defraud Plaintiff and the class by artificially inflating the Redemption Amount. A further object of the conspiracy was to hide the fraud and scheme from discovery by Plaintiff and the class, county officials, lenders and financial institutions and others. Each Defendant embraced the object of the conspiracy and knowingly acted to support and facilitate the accomplishment of its goals. The conspiracy and fraudulent scheme began at least in 2002 and continues to the present.

94.     Plaintiff and the class have been injured in their business and property, in that, without limitation, they have lost substantial monies in connection with and as a result of them redeeming real property sold to Defendants at tax sales for an artificially inflated amount. In addition, Plaintiff and the class have been damaged by having to pay a substantial sum for investigating Defendants' activities.

WHEREFORE, Plaintiff respectfully prays that this Court certify the class and enter a judgment for plaintiff and the class members against Defendants:

(a)     awarding actual damages to Plaintiff and the class;

(b)     trebling of actual damages pursuant to Ind. Code § 34-24-2-6;

(c)     awarding punitive damages to Plaintiff and the class in an amount deemed

        sufficient to punish Defendants and to deter such conduct in the future;

(d)     awarding Plaintiff's and the class' reasonable attorney's fees and costs pursuant to Ind. Code § 34-24-2-6; and

(e)     awarding such other relief as this court deems just and proper.

### Count V – Relief under the Crime Victims Act

95.     Plaintiff alleges and incorporates all previous paragraphs of this Complaint as if fully alleged in this Count.

96.     Defendants knowingly and/or intentionally made false or misleading written statements with the intent to obtain Plaintiff's and the class' property in violation of Ind. Code § 35-43-5-3.

97.     These false or misleading written statements consisted of the Certifications and Notices of Redemption.

98.     Defendants knowingly and/or intentionally exerted unauthorized control over Plaintiff's and the class' money, with intent to deprive them of the same through their scheme to submit false and fraudulent Certifications and Notices of Redemption in violation of Ind. Code §§ 35-43-4-2 and 35-43-4-3.

99.     Such control was unauthorized because Defendants created a false impression by submitting certifications stating they incurred and paid fees, which in fact they had not incurred and paid.

100.    Defendants committed multiple acts of criminal deception, theft, and conversion against Plaintiff's and the class' property.

101.    Plaintiff and the class suffered pecuniary loss as a result Defendants' criminal acts, including without limitation that they have lost substantial monies in connection with and as a result of them redeeming real property sold to Defendants at tax sales for an artificially inflated amount, and by having to pay a substantial sum for investigating Defendants' activities.

102.     Accordingly, Plaintiff is entitled to relief pursuant to the Crime Victims Act.

WHEREFORE, Plaintiff respectfully prays that this Court certify the class and enter a judgment for plaintiff and the class members against Defendants:

(a)     awarding actual damages to Plaintiff and the class;

(b)     trebling of actual damages pursuant to Ind. Code § 34-24-3-1(1);

(c)     awarding punitive damages to Plaintiff and the class in an amount deemed sufficient to punish Defendants and to deter such conduct in the future;

(d)     awarding Plaintiff's and the class' reasonable attorney's fees and costs pursuant to Ind. Code § 34-24-3-1(2)-(7); and

(e)     awarding such other relief as this court deems just and proper.

## Count VI – Fraud

103.     Plaintiff alleges and incorporates all previous paragraphs of this Complaint as if fully set forth herein.

104.     Defendants represented to Plaintiff and the class through the Certifications and Notices of Redemption that it incurred and paid the Title Costs and/or Notify Costs.

105.     Defendants made said representations intending Plaintiff and the class rely on the same as justification for paying Defendants the Redemption Amount.

106.     Defendants' representations were false because they neither incurred nor paid the Notify Costs or Title Costs.

107.     Defendants knew or reasonably should have known the Certifications and Notices of Redemption were untrue.

108.     The representations and statements made by Defendants were material to Plaintiff and the class in determining whether to pay Defendants the Redemption Amount.

109.    Plaintiff and the class had no reason to believe, and in fact, did not know the representations made by Defendants were false.

110.    Operating under the belief that the Certifications and Notices of Redemption were true and correct, Plaintiff and the class members relied on Defendants representations in paying Redemption Amount.

111.    Plaintiff and the class members justifiably relied on the false material information supplied by Defendants.

112.    As a direct and proximate result of Defendants' fraudulent actions, Plaintiff and the class have been damaged.

113.    The Defendants' fraudulent representations were wanton, outrageous, and malicious because of their evil motive or reckless disregard of Plaintiff's and the class' rights and interests.

WHEREFORE, Plaintiff respectfully prays that this Court certify the class and enter a judgment for plaintiff and the class members against Defendants:

(a)    awarding actual damages to Plaintiff and the class;

(b)    awarding punitive damages to Plaintiff and the class in an amount deemed sufficient to punish Defendants and to deter such conduct in the future;

(c)    awarding Plaintiff's and the class' reasonable attorney's fees and costs; and

(d)    awarding such other relief as this court deems just and proper.

### Count VII – Money Had and Received

114.    Plaintiff alleges and incorporates all previous paragraphs of this Complaint as if fully set forth herein.

115.    Defendants have received money from Plaintiff and the class which rightfully belongs to Plaintiff and the class.

116.    Equity and good conscience require Defendants to return all money they received from Plaintiff and the class pursuant to the false Certifications and Notices of Redemption.

117.    The Defendants' retention of money in bad faith that is wrongfully in their possession is wanton, outrageous, and malicious because of their evil motive or reckless disregard of Goodman's rights and interests.

WHEREFORE, Plaintiff respectfully prays that this Court certify the class and enter a judgment for plaintiff and the class members against Defendants:

(a)    awarding actual damages to Plaintiff and the class;

(b)    awarding punitive damages to Plaintiff and the class in an amount deemed sufficient to punish Defendants and to deter such conduct in the future;

(c)    awarding Plaintiff's and the class' reasonable attorney's fees and costs; and

(d)    awarding such other relief as this court deems just and proper.

## Count VIII – Unjust Enrichment

118.    Plaintiff alleges and incorporates all previous paragraphs of this Complaint as if fully set forth herein.

119.    Defendants received money from Plaintiff and the class for Title Costs and Notify Costs, which Defendants neither incurred nor paid.

120.    As a result of the above, Defendants have been unjustly enriched in that it has received the financial benefit of these payments without expending money for the performance of the items covered by the Notify Costs and Title Costs.

121.    As a direct result of Defendants failure to incur and pay for the Title Costs and Notify Costs, Defendants have been unjustly enriched to the direct detriment and damage of Plaintiff and the class.

WHEREFORE, Plaintiff respectfully prays that this Court certify the class and enter a judgment for plaintiff and the class members against Defendants:

(a)     awarding actual damages to Plaintiff and the class;

(b)     awarding punitive damages to Plaintiff and the class in an amount deemed sufficient to punish Defendants and to deter such conduct in the future;

(c)     awarding Plaintiff's and the class' reasonable attorney's fees and costs; and

(d)     awarding such other relief as this court deems just and proper.


                                SANDBERG PHOENIX & von GONTARD P.C.

                    By:    /s/ John S. Sandberg
                           John S. Sandberg
                           Bhavik R. Patel
                           600 Washington Avenue – 15th Floor
                           St. Louis, MO 63101-1880
                           314-231-3332
                           314-241-7604 (Fax)
                           jsandberg@sandbergphoenix.com
                           bpatel@sandbergphoenix.com

                           *Attorneys for Plaintiff*