UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOSHUA B. CRISSEN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Cause No. 2:12-cv-00355-JMS-WGH |
| VINOD C. GUPTA, SATYABALA V. GUPTA, and WIPER CORPORATION, | ) ) ) ) | Class Action |
| Defendants. | ) ) | |

## CASE MANAGEMENT PLAN

### I.     PARTIES AND REPRESENTATIVES

    A.     Joshua B. Crissen – **Plaintiff**
              Vinod C. Gupta, Satyabala V. Gupta, and Wiper Corporation - **Defendants**

    B.     John S. Sandberg – **For Plaintiff**
              Bhavik R. Patel
              Sandberg Phoenix & von Gontard, PC.
              600 Washington Avenue, 15th Floor
              St. Louis, MO 63101
              314-231-3332
              314-241-7604 (fax)
              jsandberg@sandbergphoenix.com
              bpatel@sandbergphoenix.com

              David J. Theising– **For Defendants**
              Stephen E. Arthur
              Marc A.W. Stearns
              Harrison & Moberly, LLP
              10 West Market Street, Suite 700
              Indianapolis, IN 46204
              317-639-4511

317-639-9565 (fax)
dtheising@harrisonmoberly.com
sarthur@harrisonmoberly.com
mstearns@harrisonmoberly.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II.   SYNOPSIS OF CASE

A.   Class Action alleging claims under Federal and Indiana Civil RICO statues, Indiana Crime Victims Act, and common law fraud, money had and received and unjust enrichment based on class members paying Title and Notify costs when they redeemed their real property based on the representation by defendants that they had incurred and paid the Title and Notify costs when they did not.

B.   Defendants contest class certification, liability under Federal and Indiana Civil RICO statutes, Indiana Crime Victims Act, common law fraud, money had and received, unjust enrichment and all corresponding damages alleged by Plaintiff in this case.  Defendants maintain they incurred and paid Title and Notify costs. This court may lack personal jurisdiction over some or all Defendants. Some class members' claims are barred by applicable statutes of limitation, nonclaim statutes, statutes of repose, and laches. Further, the facts underlying individual class member claims are not common or typical, and there are defenses precluding recovery that apply differently to individual class members. Accordingly, issues common to the proposed class no not predominate over questions affecting individual members, and class action is not superior to other available methods for adjudicating this controversy.

## III.   PRETRIAL PLEADINGS, DISCLOSURES, CLASS CERTIFICATION AND DISPOSITIVE MOTIONS

**TRACK 4:**  The parties believe that the complex nature of this class action including litigation regarding class certification necessitates flexibility and departure from Tracks 1 through 3.

### A.   Pretrial Pleadings and Disclosures

1.   The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **5/01/13**.

2.   Plaintiff(s) shall file preliminary witness and exhibit lists on or before **6/01/13**.

3. Defendants shall file preliminary witness and exhibit lists on or before **7/01/13**.

4. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **8/01/13** or within 30 days after Defendants file their answer, whichever is later.

**B.**   **Class Certification Pleadings**

1. Plaintiff(s) shall file their Motion for Class Certification and supporting Brief on or before **9/1/13**.  Plaintiffs shall file supporting materials on that date including expert disclosures and reports relating to class certification.

2. Defendants shall file their response to Plaintiffs' Motion for Class Certification on or before **11/1/13**. Defendants shall file supporting materials on that date including expert disclosures and reports.

3. Plaintiff(s) shall file their reply in support of class certification on or before **12/1/13**.

4. A class certification hearing shall be scheduled by the Court at its convenience no earlier than **30 days** after the close of initial briefing.

5. The parties agree the dates in this Section may be modified if either party makes expert disclosures and reports relating to class certification.


**C.**   **Dispositive Motions**

1. Dispositive motions shall be filed within **90 days** after the Court's ruling on class certification.  Response Briefs shall be filed within **30 days** after the filing of any such motion.  Reply briefs shall be filed within **30 days** after the filing of the response.

2. Except with respect to Class Certification, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than **60 days** prior to the dispositive motion deadline.  If such expert disclosures are filed the parties shall confer within **7 days** to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.

3.      Except as provided in Section B.5, the parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

## IV.     DISCOVERY AND EXPERTS

A.      All non-expert discovery shall be completed within **120 days** of the Court's ruling on class certification.

B.      Except for experts relating to class certification [Section III.B.1] or where experts are designated for use in support of a dispositive motion [Section III.C.2], Plaintiffs shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) within **90 days** after the Court's ruling on class certification.

C.      Except for experts relating to class certification [Section III.B.1] or where experts are designated for use in support of a dispositive motion [Section III.C.2], Defendants shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) within **90 days** from service of Plaintiffs' expert disclosures under Section 1V.B.

D.      Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than **60 days** before trial.  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56-1.  Any party who wishes to preclude expert witness testimony at the class certification stage shall file any such objections with their responsive or other brief in accordance with Section III.B.2, 3 and/or 7.

E.      All parties shall file and serve their final witness and exhibit lists no later than **60 days** before trial.

F.      Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

G.      Plaintiffs have served Defendants with their initial requests for production of documents. Defendants believe the request is overbroad, and will impose unnecessary expense and burden on Defendants, especially as to electronically stored discovery information. Defendants will require a protective order to prevent the inappropriate disclosure of confidential information, as well protection against the unnecessary and overreaching expense associated with producing electronically stored discovery information. Defendants' counsel are

currently working to determine what information the Defendants store electronically and how best to produce that information. The parties will participate in an informal conference on or before the date the Defendants file a response to Plaintiffs initial request for production of documents for the purpose of working out a mutually agreed protective order, and a timetable and format for the parties' production of electronically stored information.

## V.      Pre-Trial/Settlement Conferences

A.      The final pretrial conference shall take place **30 days** before trial.

B.      The parties are willing to participate in a settlement conference with the Judge at her convenience and discretion.

## VI.     Trial Date

The parties request the trial date be set no less than **240 days** after the Court's ruling on class certification. The parties recommend that this matter be set for trial no earlier than **November 2014**.

## VII.    Referral to Magistrate Judge

At this time, the parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(b) and Federal Rules of Civil Procedure 73 for all further proceedings including trial.

## VIII.   Required Pre-Trial Preparation

**A.      TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.      File a list of witnesses who are expected to be called to testify at trial.

2.      Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3.      Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

**B. ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.   File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4.   Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.   <u>Other Matters</u>

There are no other matters any party believes should be brought to the Court's attention at this time.

Dated: _____          Respectfully submitted

SANDBERG PHOENIX & von GONTARD P.C.

By:      /s/John S. Sandberg
         John S. Sandberg
         Bhavik R. Patel
         Jesse B. Rochman
         600 Washington Avenue – 15th Floor
         St. Louis, MO 63101-1880
         314-231-3332
         314-241-7604 (Fax)
         jsandberg@sandbergphoenix.com
         bpatel@sandbergphoenix.com
         jrochman@sandbergphoenix.com
         *Attorneys for Plaintiff*

HARRISON & MOBERLY, LLP

By:         /s/David J. Theising
David J. Theising
Stephen E. Arthur
Marc A.W. Stearns
10 West Market Street, Suite 700
Indianapolis, IN 46204
317-639-4511
317-639-9565 (fax)
dtheising@harrisonmoberly.com
sarthur@harrisonmoberly.com
mstearns@harrisonmoberly.com
*Attorneys for Defendants*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

_____     PARTIES APPEARED IN PERSON/BY COUNSEL ON FOR A PRETRIAL/STATUS CONFERENCE.

_____     APPROVED AS SUBMITTED.

_____     APPROVED AS AMENDED.

_____     APPROVED AS AMENDED PER SEPARATE ORDER.

_____     APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS.

_____     APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS.

_____     THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____.M., ROOM _____.

_____     A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M. COUNSEL SHALL APPEAR:

       _____ IN PERSON IN ROOM _____; OR

       _____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (____) _____; OR

       _____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) _____; OR

_____     DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**

_____                    _____
Date                                                Judge, United S District Court
                                                    Southern District of Indiana