UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOSHUA B. CRISSEN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.  2:12-cv-00355-JMS-WGH |
| VINOD C. GUPTA, SATYABALA V. GUPTA, and WIPER CORPORATION, | ) ) ) ) | |
| Defendants. | ) ) | |

**BRIEF IN SUPPORT OF DEFENDANT SATYABALA V. GUPTA'S**
**FED. R. CIV. P. 12(b) MOTION TO DISMISS**
**PLAINTIFF'S CLASS ACTION COMPLAINT**

The Defendant, Satyabala V. Gupta ("Mrs. Gupta"), by counsel, pursuant to S.D. Ind. L.R. 7-1(b)(1) submits the following brief in support of her Fed. R. Civ. P. 12(b) Motion to Dismiss Plaintiff's Class Action Complaint.

## Introduction

Joshua B. Crissen ("Crissen") commenced this action on December 14, 2012.  Crissen owns property located in Greene County, Indiana ("Plaintiff's Property") (Plt. Complaint ¶ 29). After becoming delinquent by failure to pay property taxes on the Plaintiff's Property, the Greene County auditor and treasurer applied for a judgment against Plaintiff's Property and an order to sell the judgment at public auction. (Plt. Complaint ¶ 30). That request was granted on September 22, 2009. *Id*.  Plaintiff's Property was sold at auction on October 9, 2009. The Defendant, Vinod Gupta, ("Mr. Gupta") was the highest bidder at the auction, and on October 9, 2009, the Greene County Auditor issued a tax sale certificate to Mr. Gupta. (Plt. Complaint ¶

33).  On November 13, 2009, Mr. Gupta certified he had incurred and paid Notification Costs and Title Costs in connection with his purchase of the certificate of sale on Plaintiff's Property. (Plt. Complaint ¶ 34). On February 8, 2010, Crissen redeemed his property paying the statutory Redemption Amount, which included reimbursement of Mr. Gupta's Notification Costs and Title Costs. (Plt. Complaint ¶ 36).

Crissen's Class Action Complaint alleges that Mr. Gupta, Mrs. Gupta and Wiper Corporation (the "Gupta Defendants") improperly certified they had incurred and paid Notification Costs and Title Costs in connection with their purchase of a certificate of sale of the Plaintiff's Property under Ind. Code § 6-1.1-14-6.1. The Class Action Complaint is a multi-count pleading asserting claims against the Defendants for Federal Racketeering under 18 U.S.C. §§ 1961-64 (Count I); conspiracy to violate Federal RICO (Count II); State Racketeering under Ind. Code § 35-45-6 et seq. (Count III); conspiracy to violate State RICO (Count IV); Relief under the Crime Victims Act (Count V); fraud (Count VI), money had and received (Count VII), and unjust enrichment (Count VII).  This Court's jurisdiction over the federal law claims is invoked under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 2201 (declaratory judgment) and 18 U.S.C. §§ 1964 *et seq.* (Federal RICO), and supplemental jurisdiction over the state law claims is asserted under 28 U.S.C. §1367(a).  (Plt. Complaint ¶ 3).

Virtually all of the allegations in the Complaint directed against Mrs. Gupta are made "on information and belief."  The Affidavit of Satyabala V. Gupta filed herewith directly contradicts all of the operative factual allegations of the Complaint, and establishes that this Court lacks personal jurisdiction over Mrs. Gupta, and that the Complaint fails to meet the pleading requirements of Fed. R. Civ. P. 9(b) in order to state a claim upon which relief can be granted against Mrs. Gupta.

**A. This Court lacks personal jurisdiction over Mrs. Gupta, and Crissen's Complaint should be dismissed in accordance with Fed. R. Civ. P. 12(b)(2).**

<u>Standard of Review under Fed. R. Civ. P. 12(b)(6)</u>

Fed. R. Civ. P. 12(b)(2) requires dismissal of a claim where personal jurisdiction is lacking. After a defendant moves to dismiss under Rule 12(b)(2), "the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Found. v. Sanofi–Synthelabo, S.A.,* 338 F.3d 773, 782 (7th Cir. 2003). The extent of plaintiff's burden depends upon the method in which the court determines the issue of personal jurisdiction. *Id.* "When the . . . court holds an evidentiary hearing to determine [personal] jurisdiction, the plaintiff must establish [personal] jurisdiction by a preponderance of the evidence." *Id.* Where the court determines personal jurisdiction based only on reference to submissions of written materials, the plaintiff simply needs to make a *prima facie* case of personal jurisdiction. *GCIU–Emp'r Ret. Fund v. Goldfarb Corp.,* 565 F.3d 1018, 1023 (7th Cir. 2009). In determining whether the plaintiff has met the *prima facie* standard, the plaintiff is entitled to a favorable resolution of all disputed relevant facts. *uBID, Inc. v. GoDaddy Grp., Inc.,* 623 F.3d 421, 423–24 (7th Cir. 2010). If the defendant has submitted evidence in opposition to a finding of personal jurisdiction, however, "the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue,* 338 F.3d at 782–83. This evidence submitted by the defendant may include affidavits, which shift the burden back to the plaintiff to produce evidence supporting jurisdiction. *Id.* at 783, n.13 (citing *Meier v. Sun Int'l Hotels, Ltd.,* 288 F.3d 1264, 1269 (11th Cir. 2002)). Although any conflicts in the affidavits and pleadings should be resolved in the plaintiff's favor, the "court accepts as true any facts contained in the defendants' affidavits that remain unrefuted by the plaintiffs." *Klaes v. Advocate Consulting Legal Group,*

PLLC, 2010 WL 3528559, *4 (S.D. Ind. 2010), (quoting *Interlease Aviation Investors II LLC v. Iowa Corp.*, 262 F.Supp.2d 898, 905 (N.D. Ill. 2003)).

<u>**Analysis of Personal Jurisdiction**</u>

In the absence of a contrary federal statute, personal jurisdiction is governed by the law of the forum state.  Fed. R. Civ. P. 4(k)(1)(A); *see Tamburo v. Dworkin,* 601 F.3d 693, 700 (7th Cir. 2010).  In Indiana, the determination of whether a court has personal jurisdiction over a defendant is determined by Indiana's long arm statute, Ind. Trial Rule 4.4.  Trial Rule 4.4 lists several specific factors that, if present, would subject a defendant to the jurisdiction of Indiana courts.  *See* Ind. Trial R. 4.4.  In addition, the rule states that "a court of [Indiana] may exercise jurisdiction on any basis not inconsistent with the Constitutions of [Indiana] or the United States."  Ind. Trial R. 4.4(a).  Therefore, a court in Indiana has jurisdiction over a defendant to the limits allowed by the Due Process Clause of the Fourteenth Amendment.  *LinkAmerica Corp. v. Cox,* 857 N.E.2d 961, 966–67 (Ind. 2006).

Due process requires that a defendant have " 'certain minimum contacts' with the forum [state] such that 'the maintenance of the suit does not offend traditional notions of fair play and substantial justice.' "  *Abelesz v. OTP Bank,* 692 F.3d 638, 654 (7th Cir. 2012) (quoting *Int'l Shoe Co. v. Wash.,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).  These minimum contacts "must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its laws.' "  *Asahi Metal Indus. Co. v. Superior Court of Cal.,* 480 U.S. 102, 109, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).  Such purposeful availment is required so that a defendant may have

"fair warning that a particular activity may subject them to the jurisdiction of a foreign sovereign." *Burger King Corp.,* 471 U.S. at 472.  In other words,

> where the defendant 'deliberately' has engaged in significant activities within a State, or has created 'continuing obligations' between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by 'the benefits and protections' of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well.

*Id.* at 475-76, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

Personal jurisdiction may be either specific or general.  *Goodyear Dunlop Tires Operations, S.A. v. Brown,* ⸺ U.S. ⸺, ⸺, 131 S.Ct. 2846, 2851, 180 L.Ed.2d 796 (2011).  A court may exercise specific jurisdiction over a defendant if the cause of action arises out of or relates to a defendant's purposefully established contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *Burger King Corp.,* 471 U.S. at 472, 105 S.Ct. 2174.  However, a defendant cannot be brought into a jurisdiction "solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person." *LinkAmerica*, 857 N.E.2d at 967 (quoting *Burger King Corp.,* 471 U.S. at 475, 105 S.Ct. 2174).  This inquiry demands an assessment of the relationship among the defendant, the forum, and the litigation. *NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.,* 28 F.3d 572, 580 (7th Cir. 1994).

General jurisdiction, on the other hand, "is proper when a defendant has 'continuous and systematic business contacts' with a state, and it allows a defendant to be sued in that state regardless of the subject matter of the lawsuit." *Premiere Credit of North America, LLC v. AAT Fabrication, Inc.,* 2005 WL 1123636, at *2 (S.D. Ind. 2005), (citing *Helicopteros,* 466 U.S. at 416, 104 S.Ct. 1868; *Goldfarb*, 565 F.3d at 1023).  "These contacts must be so extensive to be

tantamount to [defendant] being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in an Indiana court in any litigation arising out of any transaction or occurrence taking place anywhere in the world." *Purdue,* 338 F.3d at 787.

The Seventh Circuit instructs that specific jurisdiction is appropriate only where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state; (2) the alleged injury arises out of the defendant's forum-related activities; and, (3) the exercise of specific jurisdiction comports with traditional notions of fair play and substantial justice. *See Felland v. Clifton,* 682 F.3d 665, 673 (7th Cir. 2012).

Here, the affidavit of Mrs. Gupta establishes that she has been domiciled in and a resident of the State of Florida since 1977, and has **never** lived, been domiciled in, been a resident of or maintained any address in the State of Indiana. (Affidavit ¶¶ 3, 4, 18). She has **never** owned, used or possessed any real property or any interest in any real property in the State of Indiana, nor has she **ever** done any business in the State of Indiana, individually or through any agent. (Affidavit ¶¶ 13, 14). She has never even been physically present in the State of Indiana. (Affidavit ¶ 19).

Even though paragraph 8 of the Complaint alleges (on information and belief) that Mrs. Gupta "participated in tax sales in Indiana from at least 2002 through 2010," her affidavit unequivocally states that she did not, individually or through any agent, participate in or bid at any of the tax sales identified in Exhibit B to the Complaint or purchase any of the properties identified therein, or ever participate in or bid at **any** tax sale in the State of Indiana or purchase **any** property at any tax sale in the State of Indiana. (Affidavit ¶¶ 6-7). Notably, and despite the allegations of Plaintiff's own Complaint, Mrs. Gupta is not listed **once** as the Buyer of a

single piece of property in Exhibit B to the Complaint, an 80-page list of over 2,700 properties that form the basis of Plaintiff's proposed Class Action Complaint.  Even though paragraph 9 of the Complaint alleges that Mrs. Gupta is an officer of Wiper Corporation, her affidavit unequivocally states that she is not and never has been.  (Affidavit ¶ 12).  Even though paragraphs 37, 38, 39, 42, 43 and 44 of the Complaint allege (again, on information and belief) that Mrs. Gupta submitted, mailed and filed with county auditors fraudulent Certifications which "certified [she] incurred and paid Notify Costs and Title Costs," her affidavit unequivocally states that she did not sign, mail or file any such certifications with respect to any of the properties identified in Exhibit B to the Complaint or any such certifications with respect to **any** property in the State of Indiana (Affidavit ¶¶ 10-11).  Even though paragraphs 40 and 41 of Plaintiff's Complaint allege that Mrs. Gupta sent Notices of Redemption to owners of the properties identified in Exhibit B to the Complaint, her affidavit unequivocally states that she never sent any Notice of Redemption with respect to any of the properties identified in Exhibit B to the Complaint or with respect to **any** property in the State of Indiana.  (Affidavit ¶¶ 8-9).

In short, the affidavit of Mrs. Gupta conclusively establishes that she has had absolutely **no** contacts with the State of Indiana, and certainly none of those alleged in the Complaint.  The Court has neither general nor specific jurisdiction over her.  Plaintiff is simply attempting to drag her into a lawsuit in Indiana to subject her to jurisdiction in a forum where she has never even set foot.  Plainly, this Court lacks jurisdiction over Mrs. Gupta under Fed. R. Civ. P. 4(k)(1)(A).

In addition to general and specific jurisdiction, Fed. R. Civ. P. 4(k)(1)(C) provides that, when authorized by a federal statute, service of a summons or filing a waiver of service is effective to establish personal jurisdiction. Where Congress has statutorily provided for nationwide service of process, such service establishes personal jurisdiction. *See Omni Capital*

7

*Int'l, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 106-107, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987);

*Cory v. Aztec Steel Bldg., Inc.,* 468 F.3d 1226, 1229-1231 (10th Cir. 2006).

Many federal statutes contain provisions for nationwide service of process.  By way of

example, Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa (1976), provides:

> Any suit or action to enforce any liability or duty created by this chapter or rules
> and regulations thereunder, . . . may be brought in any such district (wherein any
> act or transaction constituting the violation occurred) or in the district wherein
> the defendant is found or is an inhabitant or transacts business, and process in
> such cases may be served in any other district of which the defendant is an
> inhabitant or wherever the defendant may be found.

Of particular relevance here is the fact that RICO does, under certain circumstances,

authorize nationwide service of process. *In re Bridgestone/Firestone, Inc., Tires Prods. Liab.*

*Litig.,* 333 F.3d 763, 768 (7th Cir. 2003), citing 18 U.S.C. § 1965(b); *Lisak v. Mercantile*

*Bancorp, Inc.,* 834 F.2d 668, 671 (7th Cir. 1987).

18 U.S.C. § 1965 provides:

(a) Any civil action or proceeding under this chapter against any person may be
instituted in the district court of the United States for any district in which such
person resides, is found, has an agent, or transacts his affairs.

(b) In any action under section 1964 of this chapter in any district court of the
United States in which it is shown that the ends of justice require that other parties
residing in any other district be brought before the court, the court may cause such
parties to be summoned, and process for that purpose may be served in any
judicial district of the United States by the marshal thereof.

(c) In any civil or criminal action or proceeding instituted by the United States
under this chapter in the district court of the United States for any judicial district,
subpoenas issued by such court to compel the attendance of witnesses may be
served in any other judicial district, except that in any civil action or proceeding
no such subpoena shall be issued for service upon any individual who resides in
another district at a place more than one hundred miles from the place at which
such court is held without approval given by a judge of such court upon a
showing of good cause.

(d) All other process in any action or proceeding under this chapter may be served
on any person in any judicial district in which such person resides, is found, has

an agent, or transacts his affairs.

(emphasis added).  Unlike the Securities Exchange Act of 1934, this statute permits nationwide service of process in RICO actions only if it is shown that "the ends of justice require" that a party such as Mrs. Gupta who resides in another state be brought before this Court in Indiana. This provision for nationwide service of process is more restrictive than other statutory provisions for nationwide service of process.  The Seventh Circuit has recognized that Section 1965(b) of RICO authorizes nationwide service if no other court would have jurisdiction over all defendants under Section 1965(a), "so that at least one court will have jurisdiction over everyone connected with any RICO enterprise."  *Lisak*, 834 F.2d at 672 (noting that a plaintiff in a RICO action filed in Illinois "still must show that 'the interests of justice require' that [an out-of-state defendant] be haled into that court" in Illinois when a district court in Indiana would have personal jurisdiction over all RICO defendants).  Similarly, in the present case all Defendants are alleged in the Complaint to be residents of the State of Florida, where a Florida federal district court would certainly have personal jurisdiction over all of them.

Mrs. Gupta respectfully submits that "the interests of justice" do not require that she be subjected to personal jurisdiction before this Court in Indiana under 18 U.S.C. § 1965(b), when, under the allegations of Plaintiff's own Complaint, she and all other Defendants in this action would be subject to personal jurisdiction in a RICO action filed in a federal district court in Florida under 18 U.S.C. § 1965(a).

> **B.  The Complaint fails to meet the pleading requirements of Fed. R. Civ. P. 9(b) to assert a RICO claim against Mrs. Gupta upon which relief can be granted.**

### RICO and Fed. R. Civ. P. Standards

The Plaintiff's Complaint asserts nationwide jurisdiction over Mrs. Gupta by making a claim under RICO subsection 1962(c) that prohibits a person from conducting the affairs of an enterprise through a pattern of racketeering. RICO "does not cover all instances of wrong-doing. Rather it is a unique cause of action that is concerned with eradicating organized, long-term, habitual criminal activity." *Gamboa v. Velez*, 457 F.3d 703, 705 (7th Cir. 2006).[1] Specifically, a private claim under 18 U.S.C. § 1962(c) has the following four elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Id.*; *see Sedima v. Imrex Co.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346, (1985). The plaintiff "must . . . allege each of these elements to state a claim." *Id.*, citing *Sedima,* 473 U.S. at 496.

Fed. R. Civ. P. 9(b) establishes a high standard of particularity in pleading matters of fraud which is applicable "to civil RICO fraud claims." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065-66 (9th Cir. 2004); *Rolls-Royce Corp. v. Alcor Engine Co.*, 2007 WL 1021450 *4 (S.D. Ind. 2007). Specifically, Rule 9(b) "requires the plaintiff to state 'with particularity' any 'circumstances constituting fraud'. . .. This means the who, what, when, where, and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990); *Rolls-Royce Corp*, at *4. A plaintiff is required to plead acts of the fraud, including acts of mail fraud, with specificity, "stating the time, place, and content of the false representations, the method by which the representations were communicated, and the identities of the parties to the representation." *Slaney v. Int'l Amateur Athletic Fed'n*, 244 F3d. 580, 597 (7th Cir. 2001).

---

[1] "Our RICO jurisprudence is replete with examples of failed attempts to dress up state fraud claims as suave RICO cases using the expansive definitions of mail and wire fraud." *Uniroyal Goodrich Tire Co. v. Mutual Trading Corp.*, 63 F.3d 516, 523 (7th Cir. 1995).

In the present case, Crissen has failed to plead with particularity any of the required elements of a federal RICO claim as against Mrs. Gupta.[2]  For example, Crissen alleges in the Complaint (on information and belief) that Mrs. Gupta has participated in tax sales in Indiana from 2002 through 2010, yet Exhibit B to the Complaint which is an 80-page list of over 2,700 properties that form the basis of Plaintiff's federal RICO claims does not list her as the Buyer of a single piece of property![3]  Although Crissen alleges in paragraphs 37, 38, 39, 42, 43 and 44 of the Complaint  (again, on information and belief)[4] that Mrs. Gupta submitted, mailed and filed with county auditors fraudulent Certifications which "certified [she] incurred and paid Notify Costs and Title Costs," Crissen has not (and cannot) attach to the Complaint a single such Certification signed by Mrs. Gupta.[5]  Since Mrs. Gupta is not listed as the Buyer for a single property identified in Exhibit B to the Complaint, there is no way to infer from the Complaint or its exhibits the time or place when or where Mrs. Gupta supposedly signed, mailed or filed any such fraudulent certifications.  Nowhere does the Complaint state that information with respect to Mrs. Gupta.  Likewise, although paragraphs 40 and 41 of Plaintiff's Complaint allege that Mrs. Gupta sent Notices of Redemption to owners of the properties identified in Exhibit B to the Complaint, Crissen has not (and cannot) attach to the Complaint a single such Notice of

---

[2] "A plaintiff cannot "lump together" all defendants or treat all of the defendants as if they are one.  *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990); *Bentle v. Butler*, 2008 WL 323426 *4 (S.D. Ind. 2008).

[3] And of course it cannot, since Mrs. Gupta makes clear in her affidavit that she did not, individually or through any agent, participate in or bid at any of the tax sales identified in Exhibit B to the Complaint or purchase any of the properties identified therein, or **ever** participate in or bid at **any** tax sale in the State of Indiana or purchase **any** property at any tax sale in the State of Indiana (Affidavit ¶¶ 6-7).

[4] Allegations "on information and belief," without more, are insufficient to plead fraud in a federal RICO case. *Uni*Quality, Inc. v. InfroTronx, Inc.*, 974 F.2d 918, 923-24 (7th Cir. 1992).

[5] Mrs. Gupta's affidavit makes it clear that she did **not** sign, mail or file any such certification with respect to any of the properties identified in Exhibit B to the Complaint or any such certifications with respect to **any** property in the State of Indiana (Affidavit ¶¶ 10-11).

Redemption sent by Mrs. Gupta.[6]  Since Mrs. Gupta is not listed as the Buyer for a single property identified in Exhibit B to the Complaint, there is no way to infer from the Complaint or its exhibits the time or place when, where and to whom she supposedly sent any such Notices of Redemption.  Nowhere does the Complaint state that information with respect to Mrs. Gupta. Although paragraphs 67 and 68 of the Complaint allege that Mrs. Gupta, "on repeated occasions, knowingly used or caused to be used the mails for the Certifications and the above described notices in furtherance and for the purpose of executing [a] scheme to defraud Plaintiff and the class members" and "committed multiple acts of mail fraud in violation of 18 U.S.C. § 1341," nowhere does the Complaint identify a single such mailing by Mrs. Gupta or the time or place when, where and to whom such mailing was sent.  Yet paragraph 41 of Crissen's Complaint alleges that "[t]hese Certifications and Notices of Redemption were <u>integral</u> to the scheme to profit by defrauding people or entities seeking to redeem real property sold at tax sales and Commissioner's Sales."

Likewise, paragraphs 62 and 63 of Crissen's Complaint which purport to allege an "enterprise" are mere conclusory allegations, and based "on information and belief."  For purposes of Fed. R. Civ. P. 9(b) and 12(b)(6), the allegations in Paragraphs 62 and 63 of Crissen's Complaint are conclusory and devoid of any sufficient factual content.  Such allegations should be disregarded by this Court in deciding the Mrs. Gupta's motion to dismiss. *Goren v. New Vision Int'l*, 156 F3d 721, 729 (7th Cir. 1998); *Cincinnati Life Ins. Co. v. Grottenhuis,* 2011 WL 1107114, *3-4 (S.D. Ind. 2011); *Rogers v. Virtuoso Sourcing Group, LLC,* 2013 WL 772865, *1 (S.D. Ind. 2013).

---

[6] Mrs. Gupta's affidavit makes it clear that she never sent any Notice of Redemption with respect to any of the properties identified in Exhibit B to the Complaint or with respect to **any** property in the State of Indiana (Affidavit ¶¶ 8-9).

Paragraphs 75 and 76 of Crissen's Complaint which purport to assert a claim for racketeering conspiracy are also merely conclusory allegations. Such conclusory allegations are also not sufficient to state a claim for relief under 18 U.S.C. § 1962(d). *Catlin v. Hanser*, 2011 WL 1002736 *5 (S.D. Ind. 2011). The Complaint is replete with such conclusory allegations; these are just examples of some of the fatal deficiencies in the federal RICO claim in Crissen's Complaint.

If any of the RICO elements are not adequately alleged, Crissen's federal RICO claims (and therefore his entire Class Action Complaint, since the federal RICO claims are the only claim giving rise to federal jurisdiction), must be dismissed as against Mrs. Gupta. The ease with which the elements of a RICO claim are outlined masks the challenge of stating a claim that meets the particularity requirements of Rule 9(b). The purpose of Rule 9(b)'s heightened particularity requirement is not "to give the defendant . . . enough information to prepare his defense." *Ackerman v. Nw. Mut. Life Ins. Co.,* 172 F.3d 467, 469 (7th Cir.1999). Rather, "[g]reater precomplaint investigation is warranted in fraud cases because public charges of fraud can do great harm to the reputation of a business firm or other enterprise." *Id.* Accordingly, Rule 9(b) "requires the plaintiff to conduct a precomplaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate." *Id.* To withstand a motion to dismiss, Crissen must "present something more than [conclusory allegations of a pattern of racketeering activity] and assertions of conspiracy; otherwise, 'every conspiracy to commit fraud that requires more than one person to commit is a RICO organization and consequently every fraud that requires more than one person to commit is a RICO violation'." *Stachon v. United Consumers Club,* 229 F.3d 673, 676 (7th Cir. 1995) (quoting *Bachman v. Bear, Stearns & Co.,* 178 F.3d 930, 932 (7th Cir. 1999)). Crissen's general,

13

amorphous and conclusory allegations that Mrs. Gupta participated with the other Defendants in a conspiracy to commit fraudulent acts falls short of the mark; more is required to establish a RICO claim.

### C.  Conclusion

This Court lacks personal jurisdiction over Mrs. Gupta.  Accordingly, the Plaintiff's Class Action Complaint should be dismissed as to her.  Crissen's Complaint also fails to state a claim upon which relief can be granted against Mrs. Gupta, because it fails to allege with particularity the circumstances constituting fraud as required by Fed. R. Civ. P. 9(b). Accordingly, Crissen's RICO claims (and his entire Class Action Complaint which relies upon the RICO claims for federal jurisdiction) should be dismissed as to Mrs. Gupta.

HARRISON & MOBERLY, LLP

*/s/ David J. Theising*
David J. Theising
Stephen E. Arthur
Marc. A.W. Stearns
HARRISON & MOBERLY, LLP
10 West Market Street, Suite 700
Indianapolis, Indiana  46204
Telephone:     (317) 639-4511
Facsimile:      (317) 639-9565
Email: dtheising@harrisonmoberly.com
           sarthur@harrisonmoberly.com
           mstearns@harrisonmoberly.com

14

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 19th day of March, 2013, a copy of the foregoing Brief in Support of Defendant Satyabala V. Gupta's Fed. R. Civ. P. 12(b) Motion to Dismiss Plaintiff's Class Action Complaint was filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

> John S. Sandberg
> Bhavik R. Patel
> SANDBERG PHOENIX & VONGONTARD, P.C.
> 600 Washington Avenue, 15th Floor
> St. Louis, Missouri  63101
> Email: jsandberg@sandbergphoenix.com
> Email: bpatel@sandbergphoenix.com

> */s/ David J. Theising*

David J. Theising
HARRISON & MOBERLY, LLP
10 West Market Street, Suite 700
Indianapolis, Indiana  46204
Telephone:     (317) 639-4511
Facsimile:     (317) 639-9565
Email:  dtheising@harrisonmoberly.com

Counsel for Defendant Satyabala V. Gupta