UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOSHUA B. CRISSEN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:12-cv-00355-JMS-WGH |
| VINOD C. GUPTA, SATYABALA V. GUPTA, and WIPER CORPORATION, | ) ) ) ) | |
| Defendants. | ) ) | |

**BRIEF IN SUPPORT OF DEFENDANTS' FED. R. CIV. P. 12(b)
MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

The Defendants, Vinod C. Gupta, Satyabala V. Gupta, and Wiper Corporation (the "Gupta Defendants"), by counsel, pursuant to S.D. Ind. L.R. 7-1(b)(1), submit the following brief in support of their Defendants' Fed. R. Civ. P. 12(b) Motion to Dismiss Plaintiff's Class Action Complaint.

**<u>Introduction</u>**

The Plaintiff Joshua B. Crissen ("Crissen") commenced this action on December 14, 2012. Crissen owns property located in Greene County, Indiana ("Plaintiff's Property"). (Plt. Complaint ¶ 29). After becoming delinquent by failure to pay property taxes on the Plaintiff's Property, the Greene County auditor and treasurer applied for a judgment against Plaintiff's Property and an order to sell the judgment at public auction. (Plt. Complaint ¶ 30). That request was granted on September 22, 2009. *Id.* Plaintiff's Property was sold at auction on October 9, 2009. The Defendant, Vinod Gupta, was the highest bidder at the auction, and on October 9, 2009, the Greene County Auditor issued a tax sale certificate to Mr. Gupta. (Plt. Complaint ¶

33).  On November 13, 2009, Mr. Gupta certified he had incurred and paid Notification Costs and Title Costs in connection with his purchase of the certificate of sale on Plaintiff's Property.  (Plt. Complaint ¶ 34).  On February 8, 2020, Crissen redeemed his property paying the statutory Redemption Amount, which included reimbursement of Mr. Gupta's Notification Costs and Title Costs.  (Plt. Complaint ¶ 36).

Crissen's Class Action Complaint alleges the Gupta Defendants improperly certified they had incurred and paid Notification Costs and Title Costs in connection with their purchase of a certificate of sale of the Plaintiff's Property under Ind. Code § 6-1.1-14-6.1.  The Class Action Complaint is a multi-count pleading asserting claims against the Defendants for Federal Racketeering under 18 U.S.C. §§ 1961-64 (Count I); conspiracy to violate Federal RICO (Count II); State Racketeering under Ind. Code § 35-45-6 *et seq.* (Count III); conspiracy to violate State RICO (Count IV); relief under the Crime Victims Act (Count V); fraud (Count VI); money had and received (Count VII); and, unjust enrichment (Count VII).

In addition to Crissen's individual claim which addresses redemption issues regarding only one Indiana property, the Class Action Complaint asks this court to certify the case as a class action and include other owners of Indiana properties who have redeemed their properties following a tax sale.  Crissen seeks to include owners going back more than a decade to September 2002.  Crissen's Complaint attaches an Exhibit B which purportedly identifies other properties purchased by the Gupta Defendants during this ten (10) year plus period.  Exhibit B covers a period beginning September 18, 2002 through November 16, 2012.  Crissen claims that each owner of property identified on Exhibit B redeemed property under Ind. Code § 6-1.1-14-6.1 and should be made a member of the requested class action.  (Plt. Complaint ¶ 53).[1]

---

[1] The Gupta Defendants deny Crissen's allegations that they did not pay Notification and Title Costs for the properties identified on Exhibit B, and they object to class certification under Fed. R. Civ. P. 23(b)(3).

Crissen's individual claims have been timely asserted. However, the class claims, at least in part, are untimely and barred by applicable Indiana and federal statutes of limitations. To the extent the statutes of limitations bar the class claims, Crissen's Class Action Complaint fails to state a claim upon which relief can be granted and must be dismissed in accordance with Fed. R. Civ. P. 12(b)(6).  In addition, Plaintiff's Property, located in Greene County, Indiana, which is the sole basis of Crissen's individual claims, is owned and deeded jointly in the names of Mr. Crissen and his wife, Linda K. Crissen, as tenants by the entirety.  Dft's Exhibit A.  Yet, Mrs. Crissen did not join this action as a named plaintiff.  Mrs. Crissen is a necessary and indispensable party to this action, and should be required to join the action, or this action should be dismissed in accordance with Fed. R. Civ. P. 12(b)(7) and 19.

> **A.  Indiana and Federal Statutes of Limitations bar, at least partially, Plaintiff's class claims alleging Fraud, Federal and State RICO, Money Had and Received, and Unjust Enrichment. To the extent these claims are so barred, Crissen's claims fail to state a claim upon which relief may be granted, and should be dismissed in accordance with Fed. R. Civ. P. 12(b)(6).**

### Standard of Review under Fed. R. Civ. P. 12(b)(6)

A complaint must plead a sufficient and valid claim for relief.  When this does not occur, Fed. R. Civ. P. 12(b)(6) may be used to require the dismissal of a plaintiff's action.  A motion under Fed. R. Civ. P. 12(b)(6) is designed to test the sufficiency of the complaint to state an actionable claim. *Cincinnati Life Ins. Co. v. Grottenhuis*, 2011 WL 1107114, *3 (S.D. Ind. 2011).  The motion should be granted where the complaint fails to state a "plausible" right to relief. *Fritzinger v. Angie's List, Inc.*, 2013 WL 772864, *1 (S.D. Ind. 2013); *Logan v. Wilkins*, 2010 WL 396318, *1 (S.D. Ind. 2010); accord *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (to survive a motion to dismiss, a "complaint must contain sufficient factual matter . . . to

'state a claim to relief that is plausible on its face.' ").  In deciding a motion under Fed. R. Civ. P. 12(b)(6), the Court will accept as true the facts alleged in the complaint, and construe the well-pleaded facts, and the reasonable inferences from those facts, in favor of the non-moving party. *Rogers v. Virtuoso Sourcing Group, LLC*, 2013 WL 772865, *1 (S.D. Ind. 2013); *Cincinnati Life Ins. Co.*, supra, at *3-4.  However, the Court will not accept as true a legal conclusion that is couched as a factual allegation, or allegations that are conclusory, sketchy, implausible, or speculative.  *Rogers*, supra, at *1 ("The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief."); *Cincinnati Life Ins. Co.*, supra, at *3-4.  The plausibility determination is "context-specific," and allows the Court to draw on its judicial experience and common sense.  *Rogers*, supra, at *1 (referencing *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012)).

## The Purpose and Application of Indiana Statutes of Limitations

Statutes of limitation are creatures of statute and founded on a public policy of necessity, convenience, and the well-being of society.  *Autocephalous Greek-Orthodox Church of Cyprus v. Goldberg & Feldman Fine Arts, Inc.*, 717 F. Supp. 1374, 1385 (S.D. Ind. 1989), citing *Spoljanic v. Pangan*, 466 N.E.2d 37, 43 (Ind. Ct. App. 1984).  Indiana favors the enforcement of statutes of limitations.  *Shideler v. Dwyer*, 417 N.E.2d 281, 283 (Ind. 1981).[2] Courts are expected to enforce these statutes as they encourage prompt presentation of claims, bar the presentation of stale claims, and assure fairness to the parties.  *Holiday v. Kinslow*, 659

---

[2] One federal case involving an Indiana prisoner's claims relating to his confinement at the Pendleton Correctional Facility states:  "[C]ourts should usually refrain from granting Rule 12(b)(6) motions on affirmative defenses . . . [a]lthough motions to dismiss based on the statute of limitations may be granted when 'the relevant dates are set forth unambiguously in the complaint.' "  *Wilson-El v. Majors*, 2012 WL 5929983, *2 (S.D. Ind. 2012). The *Wilson-El* case should be read together with *Brooks v. Ross*, discussed in text of this brief, allowing dismissal of a claim barred by the statute of limitations when the allegations in the complaint are sufficient to establish the action was filed untimely.  As will be discussed herein, Crissen's complaint unambiguously states the dates necessary to impose applicable Indiana statutes of limitations and therefore it is the proper subject of a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

N.E.2d 647, 651 (Ind. Ct. App. 1995).  Motions under Fed. R. Civ. P. 12(b)(6) are appropriate to address an affirmative defense of statute of limitations when the relevant dates are set forth unambiguously in the complaint.  *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) ("While complaints typically do not address affirmative defenses, the statute of limitations may be raised in a motion to dismiss if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.' ").

## Relevant Dates Stated in Crissen's Class Action Complaint

The following dates are either admitted unambiguously in Crissen's Class Action Complaint or established by this Court's docket.

(1)      Crissen's Class Action Complaint was filed December 4, 2012.

(2)      Exhibit B to Crissen's Class Action Complaint purportedly lists the dates on which the Gupta Defendants allegedly purchased various Indiana properties at tax sales, and the dates in which the Gupta Defendants filed certifications of Notification and Title costs.[3]  Plaintiff's Exhibit B, which appears to be a compilation prepared by Crissen's attorneys, lists properties going back more than ten (10) years to September 2002.

(3)      The first property described in Plaintiff's Exhibit B is "Sale ID 5422012, Property ID 54004-08021-00, Owner David & Gail Gross, Waveland, Indiana." Plaintiff's Exhibit B states this property sold on September 18, 2002, and the Gupta Defendants provided a certification of costs on September 27, 2002.

---

[3] The information stated on Exhibit B to Plaintiff's Complaint is not certified as a true and accurate record by any Indiana public official.  Indeed, Exhibit B appears to be the work product of Crissen's attorneys only.  Further, the complaint is not verified or supported by affidavit, and does not allege or establish any basis upon which the Court may conclude the information compiled in Plaintiff's Exhibit B is true and accurate.

(4)    All Commission Sales and certification dates identified in Plaintiff's Exhibit B occurred on or after September 18, 2002 (first sale date) and September 27, 2002 (first certification date).

(5)    Plaintiff's Exhibit B lists 116 properties sold in 2002, 168 properties sold in 2003, 352 properties sold in 2004, 328 properties sold in 2005, 213 properties sold in 2006, 264 properties sold in 2007, 189 properties in 2008, 238 properties in 2009, and 484 properties sold in 2010.

### (1) <u>Fraud</u>

The Indiana statute of limitations for an action based on fraud is six (6) years.  Ind. Code § 34-11-2-7.  Thus, any claims predating December 4, 2006, must be barred and excluded from consideration in this action.

### (2) <u>Federal and Indiana RICO</u>

Federal and Indiana RICO claims have four-year and six-year statute of limitations, respectively. *Carter v. Pastrick*, 384 F. Supp. 1261 (N.D. Ind. 2005); *Walther v. Indiana Lawrence Bank*, 579 N.E.2d 643, 648 (Ind. Ct. App. 1991). Thus, any federal RICO claims predating December 4, 2008, must be barred and excluded from consideration in this action. Any Indiana RICO claims predating December 4, 2006, must also be barred and excluded from consideration.

### (3) <u>Money Had and Received</u>

An action for money had and received must be commenced within three (3) years after the cause of action accrues. Ind. Code § 26-1-3.1-118(g); *Farmers Elevator Company of Oakville, Inc. v. Hamilton*, 926 N.E.2d 68, 77 (Ind. Ct. App. 2010).  Thus, any claims predating December 4, 2009, must be barred and excluded from consideration in this action.

### (4) Unjust Enrichment

An action for unjust enrichment is an equitable claim and must be commenced with six (6) years after the cause of action accrues. Ind. Code § 34-11-2-7. Thus, any claims predating December 4, 2012, must be barred and excluded from consideration in this action.

### Application of Statutes of Limitations to Crissen's Class Claims

The dates necessary to enforce applicable Indiana and federal statutes of limitations are clearly stated on the face of Crissen's Class Action Complaint, or established by this Court's docket. The Class Action Complaint was filed December 4, 2012, and it is a simple math calculation to compute the cut-off date for claims based on well-established Indiana and federal statutes of limitations.

The Class Action Complaint does not allege that class members discovered their claims after the running of the statutes of limitations. It also fails to provide a later date in which such claims were discovered. Accordingly, the Gupta Defendants will not argue the discovery rule in this motion, as the Crissen Complaint does not allege well-pleaded facts putting the discovery rule in issue for purposes of this Fed. R. Civ. P. 12(b)(6) motion to dismiss.

Crissen does allege in Plaintiff's Complaint ¶ 46: "Plaintiff and class members did not know and had no reason to know Defendants neither incurred nor paid the Notify Costs and Title Costs contained in the Certifications and Notices of Redemption." And, Plaintiff's Complaint ¶ 47 alleges: "Plaintiff and class members had no reasonable means by which to substantiate the Notify Costs and Title Costs contained in the Certifications and Notices of Redemption." However, for reasons stated herein, these allegations do not defeat the Gupta Defendants' motion under Fed. R. Civ. P. 12(b)(6).

For purposes of Fed. R. Civ. P. 12(b)(6), the allegations in Paragraphs 46 and 47 of Crissen's Complaint are conclusory and devoid of any sufficient factual content. Such allegations should be disregarded by this Court in deciding the Gupta Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Cincinnati Life Ins. Co.*, supra, *3-4; *Rogers*, supra, *1.

1.      Crissen's complaint does not plead a specific date after the running of the applicable statutes of limitation in which any potential class member from the 2002-2009 era actually discovered the Gupta Defendants' alleged conduct.

2.      Crissen's complaint does not provide even one example in which a class member from the 2002-2009 era attempted to investigate claims against the Gupta Defendants but could not discover the information needed to assert a claim, as Crissen has done, within the applicable Indiana statutes of limitations.

3.      Crissen's complaint does not allege or show there is a difference between the public records existing today and those existing in every year since 2002. If public records are sufficient in 2012 for a redeemer of property, such as Crissen or his attorneys, to investigate and discover the Gupta Defendants alleged conduct, those same records have existed since 2002 and were available to any redeeming property owner who wanted to investigate the Defendants.

The importance of such specifics is underscored in *Carter v. Pastrick*, 384 F. Supp. 1261 (N.D. Ind. 2005). In that action, Federal RICO claims were asserted against the defendants. Unlike Crissen's Class Action Complaint in the instant action, the *Carter* complaint pleaded a specific discovery date after the State's claims otherwise would have been barred by applicable statutes of limitations. The District Court refused to dismiss the action under Fed. R. Civ. P. 12(b)(6), in part, because the complaint stated a later date supporting a discovery rule exception to the statute of limitation. Such a date is not pleaded in Crissen's Class Action Complaint.

Paragraphs 46 and 47 of Crissen's Class Action Complaint rely completely on unsupported, and frankly unbelievable, allegations that are mere speculation and conjecture. The Court should not accept as true these conclusory allegations, or any inferences from those allegations, in deciding the Gupta Defendants' motion under Fed. R. Civ. P. 12(b)(6). In fact, it would be improper for the Court to deny the Gupta Defendants' motion by relying on conclusory allegations, especially when the Complaint, on its face, establishes clear statutes of limitations defenses to Crissen's class claims.

Further, the Court may and should use its judicial experience and common sense in deciding this motion to dismiss. Even though Crissen admits in Paragraph 46 of his Complaint that he "did not know" about the Gupta Defendants' alleged conduct, it is obvious at some point he learned of a basis for commencing this lawsuit. If Crissen could discover the Gupta Defendants' alleged conduct in 2012, then common sense dictates that other redeeming property owners as early as 2002 could have discovered the Gupta Defendants' alleged conduct. This is especially true when both Crissen and other property redeemers must rely on the same public records that always have existed in the county courthouses of this state. But, Crissen's Class Action Complaint is silent on any facts that would override the operation of the Indiana statutes of limitations. This Court should not reward individuals who did not investigate wrongs committed against them, only to join a class action suit commenced ten (10) or more years later, especially if the complaint does not offer even one example where a potential class member attempted to investigate and could not discover the information needed to evaluate whether such a claim existed.

The burden was on Crissen to plead a proper and sufficient complaint. The Indiana and federal statutes of limitations could be no surprise to Crissen and his attorneys, as evidenced by

9

their decision to interject conclusory and speculative non-fact based statements in paragraphs 46 and 47 of the Complaint.  Crissen's Class Action Complaint must stand or fall on its sufficiency.  On its face, it is clear Crissen's class claims are barred at least to the extent he seeks to include redemption transactions that predate the running of applicable statutes of limitations.   The Gupta Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted.  In the event the Court certifies this matter as a class action at a future time, this dismissal will operate to exclude transactions predating the running of the applicable statutes of limitations.

### B.   Crissen has failed to Join a Party Needed for Just Adjudication under Fed. R. Civ. P. 19.

Crissen's Class Action Complaint alleges that Mr. Crissen is a resident of Bloomfield, Indiana, and the individual who redeemed the Plaintiff's Property initially purchased by Mr. Gupta at a tax sale in Greene County, Indiana, on or about October 9, 2009.  Plts. Complaint ¶ 6.  The complaint fails to state that the redeemed Plaintiff's Property actually is owned jointly by Mr. Crissen and his wife Linda K. Crissen.  A certified copy of the deed by which Mr. and Mrs. Crissen acquired title to Plaintiff's Property attached hereto as Exhibit A shows Plaintiff's Property is owned by both individuals in a tenancy by the entireties.  See Exhibit A hereto.  The Gupta Defendants believe that the joint ownership of the Plaintiff's Property, indivisible by operation of the doctrine of tenancy by the entireties, makes Mrs. Crissen a necessary and indispensable party as defined in Fed. R. Civ. P. 19.  Mrs. Crissen should have joined this lawsuit as a named plaintiff and asserted her joint interest in the Plaintiff's Property.  Because this was not done, the Court must address this failure under Fed. R. Civ. P. 12(b)(7) and 19.

Fed. R. Civ. P. 12(b)(7) allows a defendant to move for dismissal of an action where the plaintiff has failed to join a person needed for just adjudication under Fed. R. Civ. P. 19.  *Crane v. North Salem State Bank*, 2011 WL 8371887, *1 (S.D. Ind. 2011).   The purpose of Fed. R.

Civ. P. 19 is to permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid the waste of judicial resources.  *Id.*  (citing *Moore v. Ashland Oil, Inc*., 901 F.2d 1445, 1447 (7th Cir. 1990)).  Dismissal of an action is not the preferred result under the Federal Rules of Civil Procedure if it is feasible to join the excluded individual.  *Id*. at *1.  Fed. R. Civ. P. 19(a) requires the Court to join materially interested parties when joinder will not deprive the Court of jurisdiction.  *Id*.  Only when the Court determines the absent individual should be joined in the action, but cannot, will the Court turn its attention to the second prong of the Rule 19 and determine whether in equity and good conscience the action can proceed in the absence of the non-joined party.  *Id*.  In ruling on a motion for dismissal based on a plaintiff's failure to join an indispensable party, the Court will accept as true the allegations in the complaint; however, the Court may go outside the pleadings and look at extrinsic evidence in deciding the motion.  *Crane*, supra, at *2.

Complete relief cannot be accorded in this action unless Mrs. Crissen is joined as a plaintiff.  She is an owner of the property upon which Mr. Crissen has based his lawsuit.  Her interests may be adversely affected by a judgment in this action.  Because there is nothing preventing Mrs. Crissen from filing her own lawsuit, asserting similar claims against the Gupta Defendants as Mr. Crissen has asserted in this action, the Gupta Defendants are at risk of incurring the cost of multiple lawsuits, including the substantial risk of double and inconsistent judgments.  Further, the failure to join Mrs. Crissen may impair or impede the Gupta Defendant's ability to protect their interests fully.

The Gupta Defendants know of no reason why Mrs. Crissen would not be subject to service of process in Indiana and joined in this action.  Accordingly, the Gupta Defendants ask the Court to order that Mrs. Crissen be joined as a party-plaintiff.

### C.  Conclusion

Crissen's Class Action Complaint alleges class claims that, on the face of the Complaint, are barred by applicable Indiana and federal statutes of limitations.  Transactions predating the running of the statutes of limitations on these class claims do not state a viable claim under Indiana or federal law, and should be dismissed under Fed. R. Civ. P. 12(b)(6).  In addition, Mrs. Crissen has failed to join this action even though she jointly owns the Plaintiff's Property upon which Mr. Crissen's individual claims are based.  Mrs. Crissen is necessary for a full and complete adjudication of the dispute between the Crissen and the Gupta Defendants.  The Court, in accordance with Fed. R. Civ. P. 12(b)(7) and 19, should order that Mrs. Crissen be joined as a party-plaintiff.

HARRISON & MOBERLY, LLP

*/s/ David J. Theising*
David J. Theising
Stephen E, Arthur
Marc. A.W. Stearns
HARRISON & MOBERLY, LLP
10 West Market Street, Suite 700
Indianapolis, Indiana  46204
Telephone:     (317) 639-4511
Facsimile:      (317) 639-9565
Email: dtheising@harrisonmoberly.com
           sarthur@harrisonmoberly.com
           mstearns@harrisonmoberly.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on the 19th day of March, 2013, a copy of the foregoing Brief in Support of Defendants' Fed. R. Civ. P. 12(b) Motion to Dismiss Plaintiff's Class Action Complaint was filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

John S. Sandberg
Bhavik R. Patel
SANDBERG PHOENIX & VONGONTARD, P.C.
600 Washington Avenue, 15th Floor
St. Louis, Missouri  63101
Email: jsandberg@sandbergphoenix.com
Email: bpatel@sandbergphoenix.com

*/s/ David J. Theising* _____

David J. Theising
HARRISON & MOBERLY, LLP
10 West Market Street, Suite 700
Indianapolis, Indiana  46204
Telephone:     (317) 639-4511
Facsimile:     (317) 639-9565
Email:  dtheising@harrisonmoberly.com

Counsel for Defendants