UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOSHUA B. CRISSEN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:12-cv-00355-JMS-WGH |
| VINOD C. GUPTA, SATYABALA V. GUPTA, and WIPER CORPORATION, | ) ) ) ) | |
| Defendants. | ) | |

**MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION DIRECTED TO DEFENDANT VINOD C. GUPTA**

The Defendant Vinod C. Gupta, by counsel, respectfully moves the Court pursuant to Fed. R. Civ. P. 6(b), 33(b)(2), and 34(b)(2)(A) and Local Rule 6-1, for an enlargement of time of sixty (60) days, to and including June 3, 2013, within which to respond to the "Plaintiff's First Set of Interrogatories Directed to Defendant Vinod C. Gupta" ("Interrogatories") and "Plaintiff's First Set of Requests for Production Directed to Defendant Vinod C. Gupta" ("Requests for Production").

1. Plaintiff served his Interrogatories and Requests for Production on March 4, 2013 by email. Defendant's response to Plaintiff's Interrogatories and Requests for Production are currently due on or before April 3, 2013, and said time has not yet expired.

2. Plaintiff has filed a class action complaint. There is a pending motion to dismiss a number of these counts on grounds the claims are barred by the statute of limitations. If granted, the scope of Plaintiff's complaint will be greatly reduced if not completely mooted. In addition, this Court has not determined the issue of class certification, and the Defendants intend

to oppose class certification on grounds the Plaintiff cannot establish the requirements under Fed. R. Civ. P. 23(a) and (b)(3).

3.      In the context of this procedural backdrop, Plaintiff served very broad discovery requests requiring Mr. Gupta to examine virtually every business transaction he has had in Indiana during an eleven (11) year period, from 2002 to the present.  For example, Plaintiff asks Mr. Gupta to identify the sale number, property identification number, certificate number date and county of sale, persons attending sales, costs incurred, identity of person redeeming the certificate of sale, dates deeds were executed and filed, etc., for each property Mr. Gupta purchased at a tax sale since 2002.  These discovery requests seek information from every possible medium including computers, emails, and hard copied documents.

4.      Between 2002 and the present, Mr. Gupta purchased thousands of properties at Indiana tax sales.  Exhibit B to Plaintiff's Complaint, standing alone, cites to more than 2,000 such transactions.  Some of the properties which Mr. Gupta purchased involved redemption issues, some did not.  Mr. Gupta has retained some documents relating to these sales, and in some cases he has retained no documents.  Some documents are copied on computer, while some are stored in hard copy in boxes.  Mr. Gupta does not reside in Indiana.  Rather, he runs a "mom and pop" type business mostly from a home office located in Boca Raton, Florida.

5.      It is clear that some of Plaintiff's discovery requests are overly broad, and it also is very possible these requests are burdensome and will impose an unreasonable and unfair expense on Mr. Gupta, especially if the Court grants Defendants' motions to dismiss or denies Plaintiff's request for class certification.  The extent of the burden and expense which those requests may impose on Mr. Gupta will not be known fully until Mr. Gupta and his attorneys

identify and review all documents falling within the virtually unlimited scope of Plaintiff's discovery requests.

6.      Notwithstanding these obstacles, Mr. Gupta and his attorneys are making a good faith effort to identify, organize, and assess the substance of Defendants' documents.  Because of the sheer magnitude of Plaintiff's requests, combined with the fact Mr. Gupta also runs the family business and cannot devote 100% of his time to reviewing eleven (11) years of documents, Mr. Gupta and his attorneys need additional time to complete the identification and review process in order to provide meaningful objections and responses to Plaintiff's discovery requests.  This process is labor intensive and will take time well beyond the standard thirty (30) day response period contemplated by the Federal Rules of Civil Procedure.

6.       Mr. Gupta reasonably requests an enlargement of time of sixty (60) days, through and including June 3, 2013, within which to respond to Plaintiff's Interrogatories and Requests for Production.  This motion is filed for good cause, and not for purposes of vexation or undue delay.  Because it has proven impossible for Mr. Gupta and his attorneys to complete a review of Defendants' business records within the initial thirty (30) day response period, Mr. Gupta will be prejudiced if this motion for enlargement is not granted.

7.      This is Mr. Gupta's first request for enlargement of time to the Court to respond to Plaintiff's Interrogatories and Requests for Production.

8.      Pursuant to Local Rule 6-1, counsel for Mr. Gupta contacted counsel for Plaintiff by email on April 1, 2013, to obtain an agreement to the requested enlargement.[1]  On the same date, Mr. Sandberg, one of Plaintiff's attorneys, responded by email and stated he would not

---

[1] Although Mr. Gupta needs at least sixty (60) days to complete his document review and serve a proper discovery response, in an effort to informally work out this issue, as part of the April 1, 2013 email, Gupta's attorneys asked Plaintiff to agree to a forty-five (45) day enlargement. Unfortunately this overture was unsuccessful, as Plaintiff rejected Mr. Gupta's request.  For the reasons stated in this motion, at least a sixty (60) day enlargement is needed.

agree to the requested enlargement of time.  Rather, Plaintiff's attorney proposed that Mr. Gupta state all objections to discovery on or before April 4, and then provide answers to discovery on or before May 1, 2013.  Of course, the problem with Mr. Sandberg's recommendation is that Mr. Gupta and his attorneys are in the process of identifying and reviewing documents, and currently do not know what objections are necessary and appropriate or whether it will be necessary for Mr. Gupta to seek protective relief from Plaintiff's discovery requests.  Moreover, because Mr. Gupta and his attorneys must review documents relating to thousands of properties spanning an eleven (11) year period, Mr. Gupta is certain he and his attorneys will need at least sixty (60) additional days to complete the review process and make a sufficient response to the Plaintiff's discovery requests.

9.     It is curious Plaintiff's attorneys refused Mr. Gupta's requested enlargement of time.  It is particularly curious because this is Mr. Gupta's FIRST requested enlargement of time.  One possibility is the Plaintiff understands that his claims are defective because of the statute of limitations and he wants to force a quick discovery response from Mr. Gupta before the Court rules on Defendants' motions to dismiss.  Whatever the reason, Plaintiff is the master of his case, and controls both the timing and scope of his discovery requests.  It was Plaintiff's choice to wait three (3) months after filing this lawsuit to initiate formal discovery, and it was Plaintiff's choice to implement a "scorched earth" approach to discovery, rather than making limited and focused discovery requests.  Plaintiff should not now complain that Mr. Gupta needs additional and adequate time to make a thoughtful and complete response.

9.     The deadlines established by the Case Management Order should not be impacted by this request.  Further, the request should not impact the parties' ability to provide initial Fed. R. Civ. P. 26 disclosures on May 1, 2013.

10.     For the reasons stated in this motion, good cause exists for the Court to grant a sixty (60) day enlargement of time so that Mr. Gupta has an adequate and reasonable amount of time to respond to Plaintiff's Interrogatories and Requests for Production.

WHEREFORE, Defendant Vinod C. Gupta, by counsel, respectfully asks the Court to enter an order enlarging the time within which Mr. Gupta must serve his objections/response to "Plaintiff's First Set of Interrogatories Directed to Defendant Vinod C. Gupta" and "Plaintiff's First Set of Requests for Production Directed to Defendant Vinod C. Gupta," for a period of sixty (60) days, to and including June 3, 2013, and grant all other just and proper relief.

HARRISON & MOBERLY, LLP

*/s/ David J. Theising*
David J. Theising
Stephen E. Arthur
Marc A. W. Stearns
HARRISON & MOBERLY, LLP
10 West Market Street, Suite 700
Indianapolis, Indiana  46204
Telephone:     (317) 639-4511
Facsimile:     (317) 639-9565
dtheising@harrisonmoberly.com
sarthur@harrisonmoberly.com
mstearns@harrisonmoberly.com

Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of April, 2013, a copy of the foregoing motion was filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

John S. Sandberg
Bhavik R. Patel
SANDBERG PHOENIX & VONGONTARD, P.C.
600 Washington Avenue, 15th Floor
St. Louis, Missouri  63101
jsandberg@sandbergphoenix.com
bpatel@sandbergphoenix.com

*/s/ David J. Theising*

David J. Theising
Stephen E. Arthur
Marc A. W. Stearns
HARRISON & MOBERLY, LLP
10 West Market Street, Suite 700
Indianapolis, Indiana  46204
Telephone:     (317) 639-4511
Facsimile:      (317) 639-9565
dtheising@harrisonmoberly.com
sarthur@harrisonmoberly.com
mstearns@harrisonmoberly.com
Counsel for Defendants