UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSHUA B. CRISSEN, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br>  v.<br><br>VINOD C. GUPTA,<br>SATYABALA V. GUPTA, and<br>WIPER CORPORATION,<br><br>                    Defendants. | Case No. 2:12-cv-00355-JMS-WGH |

**REPLY IN SUPPORT OF DEFENDANT SATYABALA V. GUPTA'S FED. R. CIV. P. 12(b) MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

The Defendant Satyabala V. Gupta ("Mrs. Gupta"), by counsel, respectfully submits the following by way of reply to the Plaintiff's Response in Opposition to Defendant Satyabala's Motion to Dismiss (the "Response"):

**I.    The Federal RICO Statute Does Not Provide for Jurisdiction over Mrs. Gupta**

The Seventh Circuit holds that RICO's nationwide service of process provision is contained in 18 U.S.C. §1965(b), not 18 U.S.C. §1965(d). See *Stauffacher v. Bennett*, 969 F.2d 455, 460 (7th Cir. 1992); *Lisak v. Mercantile Bancorp, Inc.*, 834 F.2d 668, 671-73 (7th Cir. 1987). Section 1965(b) allows nationwide service of process if the defendant (who has minimum contacts with the forum state) is served by summons issued by the district court, and if the ends of justice require it. Courts agree upon the following requirements to satisfy ends of justice: (1) the court must have personal jurisdiction over at least one of the participants in the alleged conspiracy; (2) the plaintiff must show that there is no other district in which the court will have jurisdiction over all alleged co-conspirators. See e.g., *Lisak*, 834 F.2d at 672; *Butcher's Union*

*Local No. 498, United Food and Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 539 (9th Cir. 1986).

In his Response, Crissen argues that Section 1965(d) of RICO provides for nationwide service of process. There is no Seventh Circuit authority for this position, and Crissen cites none in his Response. Instead, Crissen relies in his Response upon dicta in *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935 (11th Cir. 1997) and *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 626 (4th Cir. 1997), for his argument that Section 1965(d) of RICO provides for nationwide service of process. However that reading of Section 1965(d) has been rejected by the majority of courts that have considered it. For example, in *800537 Ontario, Inc. v. Auto Enters., Inc.*, 113 F.Supp.2d 1116, 1127 (E.D.Mich. 2000), the court expressly, "reject[ed] the Eleventh Circuit's analysis because, in this Court's opinion, § 1965(d) does not authorize nationwide service of process for summons, *i.e.,* the power to bring a party before the Court. Section 1965(b) explicitly authorizes parties "to be summoned," whereas § 1965(d) authorizes nationwide service of "[a]ll *other* process." 18 U.S.C. § 1965(b) & (d)" (emphasis original).

In *PT United Can Co. Ltd v. Crown Cork & Seal Co.*, 138 F.3d 65, 71-71 (2nd Cir. 1998), cited by Crissen in his Response, the Second Circuit explained why it also rejects Crissen's reading of Section 1965(d):

> First, § 1965(a) grants personal jurisdiction over an initial defendant in a civil RICO case to the district court for the district in which that person resides, has an agent, or transacts his or her affairs. In other words, a civil RICO action can only be brought in a district court where personal jurisdiction based on minimum contacts is established as to at least one defendant.
>
> Second, § 1965(b) provides for nationwide service and jurisdiction over "other parties" not residing in the district, who may be additional defendants of any kind, including co-defendants, third party defendants, or additional counter-claim defendants. This jurisdiction is not automatic but requires a showing that

the "ends of justice" so require. This is an unsurprising limitation. There is no impediment to prosecution of a civil RICO action in a court foreign to some defendants if it is necessary, but the first preference, as set forth in § 1965(a), is to bring the action where suits are normally expected to be brought. Congress has expressed a preference in § 1965 to avoid, where possible, haling defendants into far flung fora.

Next, § 1965(c) simply refers to service of subpoenas on witnesses. Thus, § 1965(d)'s reference to 'all other process,' means process other than a summons of a defendant or subpoena of a witness. This interpretation, one which gives meaning to the word 'other' by reading sequentially to understand 'other' as meaning 'different from that already stated in subsections (a)-(c),' gives coherent effect to all sections of § 1965, and effectively provides for all eventualities without rendering any of the sections duplicative, without impeding RICO actions and without unnecessarily burdening parties. We conclude that the natural reading given to § 1965(b) by the 9th Circuit in *Butcher's Union* and the district court here was correct, and that this conclusion is borne out by a complete reading of the statute, a course of action which has not been followed by the courts that have read § 1965(d) in isolation to reach the opposite conclusion.

See also, *FC Investment Group LC v. IFX Markets, Ltd.*, 529 F.3d 1087, 1098-1100 (D.C. Cir, 2008); *Butcher's Union Local No. 498, United Food and Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 539 (9th Cir. 1986); *Multi-Media Int'l, LLC v. Promag Retail Services*, 343 F.Supp.3d 1024, 1028-31 (D. Kan. 2004). Plainly, Section 1965(d) of RICO does not provide for nationwide service of process.

### A. Plaintiff did not effectuate service of process

In his Response, Crissen argues that Section 1965(d) should nonetheless apply in this case because Mrs. Gupta signed a Waiver of the Service of Summons. He argues that Mrs. Gupta "was served by use of a waiver of service of summons pursuant to Rule 4(d)," and that "[n]ationwide service of process by a waiver of service is authorized by § 1965(d) because a waiver of service is not a summons or a subpoena."

First of all, a waiver of service is not service of process. It is a waiver of service of process. Mrs. Gupta has never been served with process in this action. By Crissen's reasoning,

a defendant who performs her "duty to avoid unnecessary expenses of serving the summons" by signing a Waiver of the Service of Summons as required by Fed. R. Civ. P. 4(d)(1) apparently also waives her Constitutional Due Process protections and the statutory provisions of 18 U.S.C. § 1965. Crissen does not, and cannot, cite any authority for this outlandish argument.

In order for a plaintiff such as Crissen to even request a waiver of service of process by a defendant, Fed. R. Civ. P. 4(d)(1) requires that that defendant first "be subject to service." Thus, a defendant cannot be "tricked" into waiving her Fed. R. Civ. P. 12(b)(2) defenses by signing a waiver of service of process as suggested by Crissen. Indeed, the Waiver of Service of Summons signed by Mrs. Gupta in this case plainly states on its face that, by signing the Waiver of Service of Summons, she still "will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action." (Docket Entry No. 7).

> **B.** **The ends of justice do not require that Mrs. Gupta be subject personal jurisdiction in this court under RICO's nationwide service of process provision**

Under 18 U.S.C. § 1965(b), Mrs. Gupta can only be subject to personal jurisdiction in this Court in Indiana if "it is shown that the ends of justice require" that she be subject to personal jurisdiction in this Court. All of the Defendants in the present action reside in Florida. The ends of justice do not require that Mrs. Gupta be subjected to jurisdiction in this Court in Indiana when she and the other Defendants are all plainly subject to personal jurisdiction in a Florida federal district court. See e.g., *Lisak*, 834 F.2d at 672; *Butcher's Union Local No. 498, United Food and Commercial Workers*, 788 F.2d at 539. See also *Multi-Media Int'l*, 343 F.Supp.2d at 1030-31 ("The 'ends of justice' requirement is not satisfied because Defendants are all subject to suit in [a different state]"); *Brown v. Kerkhoff*, 504 F.Supp.2d 464, 493-97 (S.D. Iowa 2004) (ends of justice would not be served by subjecting nonresident conspiracy defendants

to service of process under RICO where plaintiffs failed to show existence of personal jurisdiction and that an alternative forum did not exist for prosecuting their claims); *Eastman v. Initial Investments, Inc.*, 827 F.Supp. 336, 338-39 (E.D. Pa. 1993) (" 'the ends of justice' will hardly be threatened if I decline to exercise nationwide jurisdiction under section 1965(b) where venue is clearly proper as to every defendant in another district.")

Crissen is forced to concede in his Response that " 'ends of justice' is a flexible concept uniquely tailored to the facts of each case," and that "Courts agree that the ends-of-justice analysis is on a case-by-case basis." (Response, p. 7). He then argues that the ends of justice require Mrs. Gupta being brought into this Court because "Plaintiff is a resident of Indiana and was injured in Indiana when he redeemed his real property located in Indiana that was sold to Defendants at a tax sale that took place in Indiana." (*Id*.). **That is a FALSE statement**!

It is true that Crissen's Class Action Complaint repeatedly (and improperly) makes amorphous allegations about all "Defendants," without distinguishing between Mr. Gupta, Mrs. Gupta, and Wiper Corporation.[1] However, as noted in the original Brief in Support of Mrs. Gupta's motion to dismiss, Mrs. Gupta is not listed even **once** as the person who redeemed a single piece of property in Exhibit B to Crissen's own Complaint, an 80-page list of over 2,700 properties that form the basis of Plaintiff's proposed Class Action Complaint! While Mr. Gupta and Wiper Corporation are listed as Buyers of the properties that form the basis of Crissen's Class Action Complaint, Plaintiff's own Exhibit B which he relies upon for the "who, what, where, when, and how" of his claims does not identify Mrs. Gupta even **once** as having

---

[1] "A [RICO] plaintiff cannot 'lump together' all defendants or treat all of the defendants as if they were one." *Bentle v. Butler*, 2008 WL 323426 *4 (S.D. Ind. 2008).

5

redeemed any real property in Indiana! Plaintiff's Complaint repeatedly makes broad allegations about all "Defendants" without ever indicating what it is that Mrs. Gupta supposedly did.[2]

This is borne out by Mrs. Gupta's Affidavit, which Crissen has not (and cannot) rebut with any evidence. The affidavit of Mrs. Gupta establishes that she has been domiciled in and a resident of the State of Florida since 1977, and has **never** lived, been domiciled in, been a resident of or maintained any address in the State of Indiana. (Affidavit ¶¶ 3, 4, 18). She has **never** owned, used or possessed any real property or any interest in any real property in the State of Indiana, nor has she **ever** done any business in the State of Indiana, individually or through any agent. (Affidavit ¶¶ 13, 14). She has never even been physically present in the State of Indiana. (Affidavit ¶ 19). Crissen has not rebutted this evidence.

In her affidavit, Mrs. Gupta unequivocally states that she did not, individually or through any agent, participate in or bid at any of the tax sales identified in Exhibit B to the Complaint or purchase any of the properties identified therein, or ever participate in or bid at **any** tax sale in the State of Indiana or purchase **any** property at any tax sale in the State of Indiana. (Affidavit ¶¶ 6-7). Her affidavit further unequivocally states that she has never signed, mailed or filed any certifications with respect to any of the properties identified in Exhibit B to the Complaint or any such certifications with respect to **any** property in the State of Indiana (Affidavit ¶¶ 10-11). Her affidavit also unequivocally states that she never sent any Notice of Redemption with respect to any of the properties identified in Exhibit B to the Complaint or with respect to **any** property in the State of Indiana. (Affidavit ¶¶ 8-9). Again, Crissen has offered this Court absolutely nothing

---

[2] Again, to meet the particularity requirements of Fed. R. Civ. P. 9(b), a RICO complaint must specify the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff. A complaint that attributes misrepresentations to all defendants, lumped together for pleading purposes, generally is insufficient. *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990).

to rebut these unequivocal statements of fact, despite having the opportunity to do so in his Response.

Clearly, under these facts which Crissen has chosen not to rebut, the ends of justice do NOT require that Mrs. Gupta be subjected to the personal jurisdiction of this Court under 18 U.S.C. § 1965(b). Plaintiff's own Complaint fails to allege that Mrs. Gupta (as opposed to insufficient allegations about all "Defendants") has done **anything** with respect to Plaintiff's real property or ANY real property in the State of Indiana. The ends of justice require that Crissen's Class Action Complaint be dismissed as against Mrs. Gupta.

## II. This Court does not have specific jurisdiction over Mrs. Gupta

In his Response, Crissen next argues that this Court has specific jurisdiction over Mrs. Gupta under 18 U.S.C. § 1965(a) by virtue of the long-arm provisions of Ind. Trial Rule 4.4. (Response, p. 9). He argues that Mrs. Gupta's status as a director of Wiper Corporation is sufficient to subject her to personal jurisdiction in Indiana for the alleged acts of Wiper Corporation. (Response, pp. 10-11).

It is instructive to observe that Exhibit B to Crissen's Class Action Complaint identifies over 2,700 pieces of real property that are alleged to have been purchased for delinquent taxes at tax sales in Indiana over the past ten years and which are alleged to have been subsequently redeemed by the owners of the respective properties. Of those over 2,700 properties, **not one** is listed on Exhibit B to Plaintiff's Complaint as having been purchased by Mrs. Gupta. Of those over 2,700 properties, less than 10% are listed as having been purchased by Wiper Corporation. Of those over 2,700 properties, over 90% are listed as having been purchased by Mr. Gupta.

Quite obviously, since Mrs. Gupta did not purchase any of the properties that are the subject of Crissen's Complaint (indeed, paragraph 7 of her affidavit confirms that she has never,

7

individually or through any agent, participated in or bid at any tax sale in the State of Indiana or purchased any property at any tax sale in the State of Indiana), this Court cannot acquire specific jurisdiction over her for purchasing any of the properties identified in Plaintiff's Complaint. Mrs. Gupta states in paragraph 12 of her affidavit that she is "a minority shareholder and director of Wiper Corporation," but is "not now nor have I ever been an officer or employee of Wiper Corporation or been involved in its day-to-day management or operations or done any business in the State of Indiana as a representative of the corporation." Thus, given these unrebutted facts, the only way Mrs. Gupta could possibly face any liability to Plaintiff would be in her capacity as either a minority shareholder or director of Wiper Corporation.[3]

It is settled in this Court that "[a] shareholder does not subject herself to litigation **personally** in states with which the corporation may have sufficient contacts." *CR3 of Indiana, LLC v. Specialty Surfaces Int'l, Inc.*, 2008 WL 3914092 *2 (S.D. Ind. 2008) (quoting *Ellis v. Fortune Seas, Ltd.*, 175 F.R.D. 308, 313 (S.D. Ind. 1997)) (emphasis added). Thus, Mrs. Gupta cannot be subjected to personal jurisdiction in this Court by being a shareholder of Wiper Corporation.

In his Response, Crissen argues that "[d]irectors of a corporation may be subject to specific jurisdiction of courts in the forum where the corporation does business," citing three (3) cases from other jurisdictions in support of this proposition: *Springs Indus. v. Gasson*, 923 F.Supp. 823 (D. S.C. 1996), *Pittsburgh Terminal Corp. v. Mid Allegheny Corp.*, 831, F.2d 522 (4th Cir. 1987), and *Kidston v. Resources Planning Corp.*, 2011 WL 6115293 (D. S.C. 2011). In fact, **none of these cases stands for the proposition stated by Crissen in his Response**. In

---

[3] Exhibit A to the Response shows that Mr. Gupta designated Mrs. Gupta as a Director ("D") in the "Corporate Officers" Section of the Application for Certificate of Authority of a Foreign Corporation. Mr. Gupta's misplacement of Mrs. Gupta's designation does not establish that she is an officer of Wiper Corp. Indeed, paragraph 12 of Mrs. Gupta's Affidavit unequivocally states that she is not now nor has she ever been an officer of Wiper Corporation.

*Springs Indus.*, the court did NOT hold or even say that a director's involvement in the decision making for a corporation may subject that director to specific jurisdiction in any state where that corporation does business and causes harm. To the contrary, the holding in *Springs Indus.* was that, regardless of where a director may have been when he made decisions regarding the affairs of the corporation, those decisions are given effect in the state in which the corporation is domiciled. 923 F.Supp. at 826-27. In other words, a director may always be subject to specific jurisdiction in the state where the corporation is domiciled, even if he was in another state when the decision making took place that causes harm. Likewise, in *Pittsburgh Terminal Corp.*, the court held that a nonresident director would be subject to specific jurisdiction in the state where the corporation is domiciled on the basis of decisions made or acts done in a state other than that where the corporation is domiciled. 831 F.2d at 527. And in *Kidston*, the court held that a nonresident director would be subject to specific jurisdiction in the state that was the principal place of business of the corporation on the basis of decisions made or acts done in a state other than that of the state that was the principal place of business of the corporation. 2011 WL 6115293 *3. Under the holding and reasoning of all of these cases cited and relied upon by Crissen, Mrs. Gupta could be subject to specific jurisdiction only in Florida, where Wiper Corporation is domiciled, for any involvement of her in the decision making for Wiper Corporation. None of these decisions supports Crissen's argument that Mrs. Gupta should be subject to specific jurisdiction in Indiana by virtue of her status as a director of Wiper Corporation.

To make matters even worse, while Crissen makes these unsupported legal arguments, he twists the allegations of his Complaint to say more than what is actually alleged. In his

Response, the only paragraph that he cites to support his claims that Mrs. Gupta should be liable as a director of Wiper Corporation is paragraph 37, which states, *verbatim*:

> Defendants conspired to and did devise a scheme to defraud people seeking to redeem real property sold at the tax sales and Commissioner's Sales by submitting fraudulent Certifications, which certified they incurred and paid the Notify Costs and Title Costs, when upon information and belief they neither incurred nor paid the Notify Costs or Title Costs.

Again, this vague and generalized allegation about all "Defendants," without specifying which Defendant did what, when, where, how, and to whom, is insufficient on its face.[4] Moreover, allegations "on information and belief," without more, are insufficient to plead fraud in a federal RICO case.[5] More directly, however, Crissen does not allege exactly what Mrs. Crissen supposedly did (as opposed to all "Defendants") that could give rise to a federal RICO claim. Mrs. Gupta can only be liable under RICO for intentional conduct. Even if the Court were to look beyond the allegations of Crissen's Complaint and buy into the *post facto* speculative arguments in his Response about Mrs. Gupta's decision making as a director of Wiper, that is still not enough. Even if it were alleged and could be proven that Mrs. Gupta was somehow involved in the decision making process about the Wiper Corporation's conduct with respect to the specific properties involved in this action, mediocre or sloppy business practices, without the requisite intent to defraud, will not support an allegation of mail fraud. *Richards v.*

---

[4] See *Vicom v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 778 (7th Cir. 1994) ("In a case involving multiple defendants, such as the one before us, 'the complaint should inform each defendant of the nature of his alleged participation in the fraud.' *DiVittorio,* 822 F.2d at 1247; *see also Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1175 (2d Cir.1993) ( "Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants.' "); *Balabanos v. North Am. Inv. Group, Ltd.,* 708 F.Supp. 1488, 1493 (N.D.Ill.1988) (stating that in cases involving multiple defendants "the complaint should inform each defendant of the specific fraudulent acts that constitute the basis of the action against the particular defendant"). We previously have rejected complaints that have "lumped together" multiple defendants. For instance, in *Sears v. Likens,* 912 F.2d 889, 893 (7th Cir.1990), we affirmed the district court's dismissal of the plaintiff's complaint with prejudice because the complaint was "bereft of any detail concerning who was involved in each allegedly fraudulent activity." Instead, "the complaint lump[ed] all the defendants together and [did] not specify who was involved in what activity." *Id.; see also Design, Inc. v. Synthetic Diamond Technology, Inc.,* 674 F.Supp. 1564, 1569 (N.D.Ill.1987) (discussing the prohibition on lumping defendants together)."

[5] *Uni\*Quality, Inc. v. InfroTronx, Inc.*, 974 F.2d 918, 923-24 (7th Cir, 1992).

*Combined Ins. Co.*, 55 F.3d 247, 253 (7th Cir. 1995). Because the racketeering activity under RICO involves predicate acts that are criminal violations, a plaintiff must plead and establish that each defendant committed the predicate acts willfully or with actual knowledge of the illegal activities. Indeed, it is hornbook law that mere reckless or negligent conduct is insufficient to establish liability under RICO. *Id.*

Mrs. Crissen's affidavit unequivocally establishes that she has never signed, mailed or filed any certifications with respect to any of the properties identified in Exhibit B to the Complaint or any such certifications with respect to **any** property in the State of Indiana (Affidavit ¶¶ 10-11). Crissen has not rebutted those facts. Although Crissen implies in his Response that Mrs. Gupta participated in decision making for Wiper Corporation, paragraph 37 of his Complaint on which he relies does not so allege, nor does it allege with any particularity the "who, what, when, where, and how" of any such decision making by Mrs. Gupta. In short, other than general and speculative allegations about all "Defendants" which are clearly insufficient and should not be considered by the Court, Crissen has not alleged a single specific act of Mrs. Gupta which would establish specific jurisdiction over her by this Court in Indiana. Accordingly, Crissen's Class Action Complaint should be dismissed as Mrs. Gupta.

### III. Plaintiff failed to sufficiently plead a federal RICO claim against Mrs. Gupta

Mrs. Gupta spent several pages of her original Brief in Support of her motion to dismiss setting forth the large body of well-settled law in the Seventh Circuit setting forth the specific pleading requirements for a federal RICO claim, and she will not fully restate those numerous authorities here. It is noteworthy, however, that in his Response, Crissen does not distinguish or even discuss a single one of those on-point Seventh Circuit authorities. Instead, he cites to a

recent decision of this Court in a case involving the False Claims Act, *U.S. v. Indianapolis Neurosurgical Group, Inc.*, 2013 WL 652538 (S.D. Ind. 2013).

First of all, Plaintiff's citation to and reliance upon *Indianapolis Neurosurgical Group* is inapt. *Indianapolis Neurosurgical Group* is not a RICO case. In *Indianapolis Neurosurgical Group*, the plaintiffs/relators brought a lawsuit against twenty-one defendants under the federal False Claims Act and Indiana False Claims Act. *Id.* at *1. Whatever may be required to plead a claim under the federal False Claims Act or the Indiana False Claims Act, there is no requirement as there is under federal RICO to show by specific allegations of the complaint the specific "who, what, when, where, and how" of the following four elements: (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity. See *Gamboa v. Velez*, 457 F.3d 703, 705 (7th Cir. 2006). To assert a federal RICO claim, a plaintiff is required to plead acts of the fraud, including acts of mail fraud, with specificity, "stating the time, place, and content of the false representations, the method by which the representations were communicated, and the identities of the parties to the representation." *Slaney v. Int'l Amateur Athletic Fed'n*, 244 F3d. 580, 597 (7th Cir. 2001). As such, Crissen's reliance upon this Court's decision in *Indianapolis Neurosurgical Group* to legitimize his fatally deficient attempt to allege a private RICO claim against Mrs. Gupta in this action is misplaced and inappropriate.[6]

Secondly, even if *Indianapolis Neurosurgical Group* somehow had application to the RICO claims in the present case, Crissen's attempt to compare his Complaint in the present action with the relator's complaint in *Indianapolis Neurosurgical Group* to argue that he has pled

---

[6] Crissen asserts in his Response that "Defendants apparently concede the federal RICO claim is stated with sufficient particularity with respect to Vinod and Wiper Corp." Nothing could be further from the truth. The motion to dismiss was filed on behalf of Mrs. Gupta only, not all Defendants, so Mr. Gupta and Wiper Corporation made no such concession. The argument about the insufficiency of Plaintiff's RICO claims as against Mr. Gupta and Wiper Corporation is reserved for another day.

his RICO claims predicated upon fraud against Mrs. Gupta with sufficient particularity is totally misguided and falls flat on its face. First, the RICO claims against Mrs. Gupta in Crissen's Complaint are virtually all made "upon information and belief," whereas the allegations set forth in the relator's complaint in *Indianapolis Neurosurgical Group* were not.[7] In fact, unlike Crissen's Complaint in the present matter, the relator's complaint in *Indianapolis Neurosurgical Group* reveals that the relator conducted sufficient pre-complaint inquiry. Page after page of the relator's complaint sets forth dozens of specific instances (the 'who, what, when, where and how") alleging that the defendants violated the FCA and IFCA. At the pleadings stage of a *qui tam* action, this Court used its discretion and found that the relator pled its case with sufficient particularity to survive a motion to dismiss. *Indianapolis Neurosurgical Group*, *4; *9. In contrast, Crissen in the present case has failed to sufficiently link Mrs. Gupta with any of his RICO claims. Mrs. Gupta is only one of three defendants named in Plaintiff's Class Action Complaint. Yet, Crissen could not match her with one specific allegation. The "who, what, when, where, and how" is based upon public record.[8] The public record, as summarized by Exhibit B to Plaintiff's Class Action Complaint, shows that Mrs. Gupta was not a party to a single transaction in Indiana as set forth in Plaintiff's Complaint. Mrs. Gupta confirmed this in her affidavit (Affidavit ¶¶ 6-7).

---

[7] Allegations based upon "information and belief" are not sufficient for purposes of pleading fraud. *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683-84 (7th Cir. 1992) (citing to *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 932 (7th Cir. 1989 (en banc); *Harbor Ins. Co. v. Continental Bank Corp.*, 922 F.2d 357, 365 (7th Cir. 1990); *Bastian v. Petren Resources Corp.*, 892 F.2d 680, 684 (7th Cir. 1990).

[8] The requirements for pleading fraud are only relaxed when Plaintiff does not have access to facts necessary to provide necessary details. See *Bankers Trust Co.*, 959 F.2d at 683. Public records have provided Crissen the details of the transactions that are the basis for his RICO allegations. Upon adequate pre-complaint inquiry, Crissen would have easily discovered that Mrs. Gupta had no involvement in the transactions that are the basis of his Complaint and should not be included as a named Defendant in this matter. Crissen's allegations based upon "information and belief" reveal that he failed to conduct an adequate pre-complaint inquiry before filing his complaint, and raise questions as to whether he has ulterior purposes in this lawsuit. See *CoMentis v. Purdue Research Foundation*, 765 F.Supp.2d 1092, 1110 (citing to *Bankers Trust Co.*, 959 F.2d at 683 ("Fraud allegations 'can do serious damage to the goodwill of a business firm or a professional person,' and so people should be discouraged from 'tossing such accusations into complaints' for ulterior purposes.")).

In the present case, Crissen has failed to plead with particularity any of the required elements of a federal RICO claim as against Mrs. Gupta. For example, Crissen alleges in the Complaint (on information and belief[9]) that all "Defendants"[10] have participated in tax sales in Indiana from 2002 through 2010, yet Exhibit B to the Complaint which is an 80-page list of over 2,700 properties that form the basis of Plaintiff's federal RICO claims does not list Mrs. Gupta as the Buyer of a single piece of property![11] Although Crissen alleges in paragraphs 37, 38, 39, 42, 43 and 44 of the Complaint (again, on information and belief) that all "Defendants" submitted, mailed and filed with county auditors fraudulent Certifications which "certified they incurred and paid Notify Costs and Title Costs," Crissen has not (and cannot) attach to the Complaint a single such Certification signed by Mrs. Gupta.[12] Since Mrs. Gupta is not listed as the Buyer for a single property identified in Exhibit B to the Complaint, there is no way to infer from the Complaint or its exhibits the date, time, place or circumstances of when, where or how Mrs. Gupta supposedly signed, mailed or filed any such fraudulent certifications. Nowhere does the Complaint state that information with respect to Mrs. Gupta. It makes allegations only about all "Defendants."[13] Likewise, although paragraphs 40 and 41 of Plaintiff's Complaint allege that all

---

[9] See n.7, *supra*.

[10] See n.4 *supra*.

[11] And of course it cannot, since Mrs. Gupta makes clear in her affidavit that she did not, individually or through any agent, participate in or bid at any of the tax sales identified in Exhibit B to the Complaint or purchase any of the properties identified therein, or **ever** participate in or bid at **any** tax sale in the State of Indiana or purchase **any** property at any tax sale in the State of Indiana (Affidavit ¶¶ 6-7).

[12] Mrs. Gupta's affidavit makes it clear that she did **not** sign, mail or file any such certification with respect to any of the properties identified in Exhibit B to the Complaint or any such certifications with respect to **any** property in the State of Indiana (Affidavit ¶¶ 10-11).

[13] See *Vicom, Inc. v. Harbridge Merchant Services, Inc*. 20 F.3d 771, 777-78 (7th Cir. 1994) ("Many of the allegations simply state that the misrepresentations were made 'at the direction, under the supervision, or with the knowledge and consent' of all defendants. Such pleading would appear to fall short of the standards set forth in the caselaw.") (citing to *Divittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 ("Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants' ").

"Defendants" sent Notices of Redemption to owners of the properties identified in Exhibit B to the Complaint, Crissen has not (and cannot) attach to the Complaint a single such Notice of Redemption sent by Mrs. Gupta, even though such Notices of Redemption are all matters of public record in Indiana.[14] Since Mrs. Gupta is not listed as the Buyer for a single property identified in Exhibit B to the Complaint, there is no way to infer from the Complaint or its exhibits the date, time, place or circumstances of when, where, how and to whom she supposedly sent any such Notices of Redemption. Nowhere does the Complaint state that information with respect to Mrs. Gupta. Although paragraphs 67 and 68 of the Complaint allege that all "Defendants," "on repeated occasions, knowingly used or caused to be used the mails for the Certifications and the above described notices in furtherance and for the purpose of executing [a] scheme to defraud Plaintiff and the class members" and "committed multiple acts of mail fraud in violation of 18 U.S.C. § 1341," nowhere does the Complaint identify a single such mailing by Mrs. Gupta or the date, time, place, or circumstances when, where, how and to whom such mailing was sent. Again, such Certifications are a matter of public record in Indiana, and yet Crissen has not (and cannot) attach to the Complaint a single such Certification signed by Mrs. Gupta. Yet paragraph 41 of Crissen's Complaint alleges that "[t]hese Certifications and Notices of Redemption were <u>integral</u> to the scheme to profit by defrauding people or entities seeking to redeem real property sold at tax sales and Commissioner's Sales."

Likewise, paragraphs 62 and 63 of Crissen's Complaint which purport to allege an "enterprise" are mere conclusory allegations, and based "on information and belief." For purposes of Fed. R. Civ. P. 9(b) and 12(b)(6), the allegations in Paragraphs 62 and 63 of Crissen's Complaint are conclusory and devoid of any sufficient factual content. Such

---

[14] Mrs. Gupta's affidavit makes it clear that she never sent any Notice of Redemption with respect to any of the properties identified in Exhibit B to the Complaint or with respect to **any** property in the State of Indiana (Affidavit ¶¶ 8-9).

15

allegations should be disregarded by this Court in deciding the Mrs. Gupta's motion to dismiss. *Goren v. New Vision Int'l*, 156 F3d 721, 729 (7th Cir. 1998); *Cincinnati Life Ins. Co. v. Grottenhuis,* 2011 WL 1107114, *3-4 (S.D. Ind. 2011); *Rogers v. Virtuoso Sourcing Group, LLC,* 2013 WL 772865, *1 (S.D. Ind. 2013). Paragraphs 75 and 76 of Crissen's Complaint which purport to assert a claim for racketeering conspiracy are also merely conclusory allegations. Such conclusory allegations are also not sufficient to state a claim for relief under 18 U.S.C. § 1962(d). *Catlin v. Hanser*, 2011 WL 1002736 *5 (S.D. Ind. 2011). The Complaint is replete with such conclusory allegations; these are just examples of some of the fatal deficiencies in the federal RICO claim in Crissen's Complaint.

In a desperate attempt to save his fatally defective Complaint, Crissen argues in his Response (pp. 13-14) that, "[i]f Satyabala had zero participation with respect to Wiper Corporation's actions in Indiana, as her affidavit asserts, then this amounts to a complete abdication and failure of to act in violation of her duty as a director to do so. *See Brane v. Roth*, 590 N.E.2d 591-592 (Ind. App. 1992) (breach of duty of care existed where directors made no meaningful attempts to be informed and failed to provide supervision of manager)." This argument is completely disingenuous. First of all, that assertion in Crissen's Response is nowhere alleged in his Complaint. The sufficiency of Plaintiff's Complaint for purposes of asserting a RICO claim against Mrs. Gupta must be judged on the basis of its own allegations, not on post facto arguments contained in a responsive brief.

Second, even if Mrs. Gupta could somehow be said to have abdicated her responsibilities and breached a duty of care with respect to Wiper Corporation (which she did not), that is a far cry from the far more serious claim of criminal mail fraud necessary to support Crissen's RICO claim. Again, even if it were alleged (which it was not) and could be proven (which it cannot

16

be), mediocre or sloppy business practices, without the requisite intent to defraud, will not support an allegation of mail fraud. *Richards v. Combined Ins. Co.*, 55 F.3d 247, 253 (7th Cir. 1995). Even if Mrs. Gupta's conduct was "reckless" (as asserted in Crissen's Response (p. 14) but not pled in his Complaint), it is hornbook law that mere reckless or negligent conduct is insufficient to establish liability under RICO. *Id.*

When pleading predicate racketeering acts of fraud, a plaintiff such as Crissen must plead all averments of fraud with particularity. See *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 726 (7th Cir.1998). Accordingly, a RICO plaintiff must, at a minimum, describe the two predicate acts of fraud with specificity, and state the date, time, place, and content of the alleged false representations, the method by which the misrepresentations were communicated, and the identities of the parties to those misrepresentations. See *Id.* at 721, 728-29; see also, *Lachmund v. ADM Investor Serv., Inc.*, 191 F.3d 777, 784 (7th Cir.1999). As set forth in detail in Mrs. Gupta's original Brief in Support of her motion to dismiss, Crissen's Complaint utterly fails to identify what it is that Mrs. Gupta supposedly did that violated RICO. Mrs. Gupta can't be liable under RICO just because she was a minority shareholder and director of Wiper Corporation. She has to have DONE something, intentionally and fraudulently, to be haled into court to answer to claims for RICO violations. The RICO claims in Crissen's Complaint, based almost entirely upon "information and belief," consist of conclusory allegations about all "Defendants," and never once inform the Court what it is that Mrs. Gupta supposedly did to give rise to such claims against her. Crissen's Complaint fails to state a claim upon which relief can be granted against Mrs. Gupta, because it fails to meet the pleading requirements for a federal RICO claim. Accordingly, Crissen's RICO claims (and his entire Class Action Complaint which relies upon the RICO claims for federal jurisdiction) should be dismissed as to Mrs. Gupta.

17

Respectfully submitted,

HARRISON & MOBERLY, LLP

*/s/ David J. Theising*
David J. Theising
Stephen E. Arthur
Marc A. W. Stearns
HARRISON & MOBERLY, LLP
10 West Market Street, Suite 700
Indianapolis, Indiana  46204
Telephone:	(317) 639-4511
Facsimile:	(317) 639-9565
dtheising@harrisonmoberly.com
sarthur@harrisonmoberly.com
mstearns@harrisonmoberly.com
Counsel for Defendant Satyabala V. Gupta

**CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that, on the 11th day of April, 2013, a copy of the foregoing Reply in Support of Defendant Satyabala V. Gupta's Fed. R. Civ. P. 12(b) Motion to Dismiss Plaintiff's Class Action Complaint was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

     John S. Sandberg
     Bhavik R. Patel
     SANDBERG PHOENIX & VONGONTARD, P.C.
     600 Washington Avenue, 15th Floor
     St. Louis, Missouri 63101
     jsandberg@sandbergphoenix.com
     bpatel@sandbergphoenix.com


                */s/ David J. Theising*


David J. Theising
HARRISON & MOBERLY, LLP
10 West Market Street, Suite 700
Indianapolis, Indiana 46204
Telephone: (317) 639-4511
Facsimile: (317) 639-9565
dtheising@harrisonmoberly.com

Counsel for Defendant Satyabala V. Gupta