UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSHUA B. CRISSEN, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br> v.<br><br>VINOD C. GUPTA,<br>SATYABALA V. GUPTA, and<br>WIPER CORPORATION,<br><br>      Defendants. | Case No. 2:12-cv-00355-JMS-WGH |

## DEFENDANTS' EMERGENCY MOTION TO QUASH NON-PARTY SUBPOENA DIRECTED AT BANCO POPULAR NORTH AMERICA AND FOR PROTECTIVE ORDER

The Defendants Vinod C. Gupta, Satyabala V. Gupta and Wiper Corporation (collectively referred to as the "Defendants"), by counsel, pursuant to Fed. R. Civ. P. 45(c)(3), respectfully move the Court for an Order quashing the non-party *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of the Premises in a Civil Action* ("Subpoena") served by the Plaintiff Joshua B. Crissen ("Crissen"), and directed to Banco Popular North America ("BPNA"). The Defendants file their *Brief in Support of Defendant's Emergency Motion to Quash Non-Party Subpoena Directed at Banco Popular North American and For Protective Order* ("Brief") contemporaneously herein. In support of their Motion, the Defendants state the following:

  1.  On April 16, 2013, Crissen served a *Notice of Issuance of Subpoenas* ("Notice"), which included a copy of the Subpoena, on the Defendants pursuant to Fed. R. Civ. P. 45(b).[1]

---

[1] A copy of the Notice is attached to the Brief as <u>Exhibit 1</u>.

2. The Subpoena is directed at BPNA, the financial institution where Vinod Gupta conducts his personal and business banking. See Exhibit 1.[2]

3. The Subpoena directs BPNA to produce the following:

> a. All documents or electronically stored information related or referring to the properties listed on Exhibit B; and
>
> b. All documents or electronically stored information related or referring to Vinod C. Gupta, Satyabala V. Gupta and Wiper Corporation from January 1, 2002, to the present, including but not limited to, all documents or electronically stored information relating to loans, loan applications, letters of credit, applications for letters of credit, collateral for any loans, agreements regarding collateral, payment of interest on any loans, guarantees, cashier's checks, account opening documents, signature cards, account statements, items of withdrawal or deposit, and any correspondence, communication or e-mail discussing or referring to loans, loan applications, letters of credit, applications for letters of credit, collateral for any loans, agreements regarding collateral, payment of interest on any loans, guarantees, tax liens, certificates of sale, tax sale certificates, and the tax sale business.

Exhibit 2.

4. The Subpoena directs BPNA to produce the requested documents or electronically stored information on or before May 28, 2013.

5. Pursuant to Fed. R. Civ. P. 45(b), "[t]o protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information[.]"

6. A party has standing to quash a subpoena issued to a nonparty when that subpoena seeks information to which the party has a legitimate interest including bank records and other personal financial information. *Countryman v. Cmty. Link Fed. Credit Union*, 1:11-

---

[2] A copy of the Subpoena is attached to the Brief as Exhibit 2.

CV-136, 2012 WL 1143572 (N.D. Ind. Apr. 3, 2012) (citing to *Iantosca v. Benistar Admin. Servs., Inc.,* No. 1: 11–mc–066–RLY–DML, 2011 WL 3155649, at *2 (S.D.Ind. July 26, 2011); *Microsoft Corp. v. Tech. Enterprices, LLC,* No. 1:07–mc–210–DFH–TAB, 2008 WL 424613, at *1 (S.D.Ind. Feb.13, 2008) (finding that the defendant company had standing to move to quash a subpoena to a third party bank for documents relating to its bank account)).

7. The Subpoena should be quashed or, in the alternative, modified by the court because it is overly broad, requests Mr. Gupta's financial and business information that is confidential and proprietary in nature, requests information that is not relevant to the pending action and is not likely to lead to the discovery of admissible evidence.

8. The Subpoena should be quashed or modified to the extent it requests BPNA to produce documents and communications pertaining to the Defendants' financial statements and supporting information the Defendants have provided BPNA, loans, loan applications, letters of credit, applications for letters of credit, collateral for loans, agreements regarding collateral, payment of any interest on loans, guarantees, tax liens, the tax sale business and Defendants' personal tax returns. Such information is not relevant to the issues underlying Crissen's claims in the present matter because the aforementioned documents and communications have absolutely no connection with Mr. Gupta's incurred and paid costs for title searches and notifications relating to Mr. Gupta's tax sale purchases.

9. Further, the requests in the Subpoena set forth and objected to in Paragraph 7 seek personal and confidential bank information from which competitors may assess Mr. Gupta's business capacity, strength and strategies regarding his tax sale business. The Defendants have a legitimate interest in the documents sought. This confidential information requested by Crissen sets forth Mr. Gupta's personal protocol when bidding on properties, the types of properties he

bids on, locations of properties bid on and how much he bids for each property. This detailed information is commercially confidential, and in some cases includes Mr. Gupta's trade secrets. If produced, this commercially sensitive information risks falling into the hands of and being utilized by Mr. Gupta's competitors to gain a business advantage over him.

10. The Defendants further object to Subpoena to the extent it requests BPNA produce any document or information relating to properties not identified on Exhibit B to the Subpoena, including any and all transactions occurring outside the State of Indiana. This request is entirely irrelevant to the issues underlying Crissen's claims and will not lead to the discovery of admissible evidence since Crissen's claims relate to Mr. Gupta's title search and notice fees from tax sale purchases strictly within Indiana. Such request is a textbook example of a discovery "fishing expedition" that should be quashed by the Court.

11. The Defendants do not object to the Subpoena to the extent it requests production of documents or electronically stored information regarding certificates of sale, tax sale certificates, cashier checks, account opening statements, and signature cards, as such documents or information pertain to the properties described in Exhibit B to Crissen's Subpoena. Although Defendants maintain that many of the transactions identified on Exhibit B pertain to claims that are time-barred based upon the arguments set forth in *Defendants' Fed. R. Civ. P. 12(b) Motion to Dismiss Plaintiff's Class Action Complaint* now pending before this Court, which arguments are incorporated by reference herein, they will not object to the BPNA producing such documents so long as the Defendants have an opportunity to review the documents before they are produced.

12. Alternatively, in the event the Court orders documents to be produced over Defendants' objections set forth herein and in the Brief, Defendants move for a protective order

making such documents available for in-camera view in Magistrate Judge Hussman's chambers for Magistrate Judge Hussman, John S. Sandberg (counsel for Crissen) and David J. Theising's (counsel for Defendants) eyes only whereby Magistrate Hussman determines which documents, if any, shall be produced. The Defendants notify the Court that the parties will likely soon file an Agreed Protective Order that does not apply to documents requested in the Subpoena by Crissen in BPNA's possession which are the subject of the alternative protective order requested in this Motion.

13. Pursuant to Fed. R. Civ. P. 37-1, counsel for the Defendants conferred via teleconference with counsel for Crissen in a good faith attempt to resolve this discovery dispute. The teleconference took place May 7, 2013 at 11:00 a.m. EST. Counsel for the parties could not informally resolve the aforementioned discovery dispute. And the parties could not resolve the discovery dispute at the May 14, 2013 teleconference with Magistrate Judge Hussman.

WHEREFORE, the Defendants Vinod C. Gupta, Satyabala V. Gupta and Wiper Corporation, by counsel, respectfully request the Court to quash Plaintiff's *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of the Premises in a Civil Action* directed to BPNA to the extent that it requests the following:

    a. financial statements or supporting information provided to BPNA, loans, loan applications, letters of credit, applications for letters of credit, collateral for loans, agreements regarding collateral, payment of interest on any loans, guarantees, tax liens and the tax sale business and personal tax returns; and

    b. any document or information relating to properties not identified on Exhibit B to the Subpoena, including any and all transactions occurring outside the State of Indiana.

Alternatively, the Defendants respectfully request that the Court issue a protective order for any documents it may order to be produced over Defendants' objections in this Motion to Quash making such documents available for Magistrate Hussman, John S. Sandberg and David J. Theising's eyes only subject to review exclusively in Magistrate Hussman's chambers, and designating all other documents produced as "confidential."  Lastly, Defendants request all other relief just an proper in the premises.

    Respectfully submitted,

    HARRISON & MOBERLY, LLP

    */s/ David J. Theising*
    David J. Theising
    Stephen E. Arthur
    Marc A. W. Stearns
    HARRISON & MOBERLY, LLP
    10 West Market Street, Suite 700
    Indianapolis, Indiana  46204
    Telephone:     (317) 639-4511
    Facsimile:     (317) 639-9565
    dtheising@harrisonmoberly.com
    sarthur@harrisonmoberly.com
    mstearns@harrisonmoberly.com
    Counsel for Defendants

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the 22nd day of May, 2013, a copy of the foregoing Defendants' Emergency Motion to Quash Non-Party Subpoena Directed at Banco Popular North America and for Protective Order was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> John S. Sandberg
> Bhavik R. Patel
> SANDBERG PHOENIX & von GONTARD, P.C.
> 600 Washington Avenue, 15th Floor
> St. Louis, Missouri 63101
> jsandberg@sandbergphoenix.com
> bpatel@sandbergphoenix.com

>> /s/ David J. Theising

David J. Theising
HARRISON & MOBERLY, LLP
10 West Market Street, Suite 700
Indianapolis, Indiana 46204
Telephone: (317) 639-4511
Facsimile: (317) 639-9565
dtheising@harrisonmoberly.com
Counsel for Defendants