UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSHUA B. CRISSEN, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) VINOD C. GUPTA, ) SATYABALA V. GUPTA, and ) WIPER CORPORATION, ) ) Defendants. ) | Case No.  2:12-cv-00355-JMS-WGH |

**BRIEF IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION TO QUASH NON-PARTY SUBPOENA DIRECTED AT BANCO POPULAR NORTH AMERICA AND FOR PROTECTIVE ORDER**

The Defendants Vinod C. Gupta, Satyabala V. Gupta and Wiper Corporation (collectively referred to as the "Defendants"), by counsel, submit the following brief in support of their Fed. R. Civ. P. 45(c)(3) Motion to Quash Non-Party Subpoena Directed at Banco Popular North America and for Protective Order (the "Motion to Quash").

### I.  PERTINENT FACTS/PROCEDURAL HISTORY

On April 16, 2013, the Plaintiff Joshua B. Crissen ("Crissen") served a *Notice of Issuance of Subpoenas* ("Notice"), which included a copy of a *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of the Premises in a Civil Action* (the "Subpoena"), on the Defendants pursuant to Fed. R. Civ. P. 45(b).[1]  The Subpoena is directed to Banco Popular North America ("BPNA"),[2] the financial institution where Vinod Gupta conducts

---

[1] A copy of the Notice is attached hereto as <u>Exhibit 1</u>.

[2] A copy of the Subpoena without Exhibit B is attached hereto as <u>Exhibit 2</u>.

his personal and business banking.  See Exhibit 1; Exhibit 2. The Subpoena directs BPNA to produce the following:

> a. All documents or electronically stored information related or referring to the properties listed on Exhibit B; and
>
> b. All documents or electronically stored information related or referring to Vinod C. Gupta, Satyabala V. Gupta and Wiper Corporation from January 1, 2002, to the present, including but not limited to, all documents or electronically stored information relating to loans, loan applications, letters of credit, applications for letters of credit, collateral for any loans, agreements regarding collateral, payment of interest on any loans, guarantees, cashier's checks, account opening documents, signature cards, account statements, items of withdrawal or deposit, and any correspondence, communication or e-mail discussing or referring to loans, loan applications, letters of credit, applications for letters of credit, collateral for any loans, agreements regarding collateral, payment of interest on any loans, guarantees, tax liens, certificates of sale, tax sale certificates, and the tax sale business.

Exhibit 2.

On May 1, 2013, the Defendants, by counsel, objected to the Subpoena on the grounds that some documents and communications requested were irrelevant to the matter at hand, confidential and protected from discovery.[3]  Crissen, by counsel, responded to the Defendants' objections on May 2, 2013.[4]  On May 7, 2013, at 11:00 a.m., EST, counsel for the Defendants conferred via teleconference with counsel for Crissen in a good faith attempt to resolve this discovery dispute in accordance with Fed. R. Civ. P. 37-1.[5]  On May 9, 2013, counsel for the Defendants sent counsel for Crissen a letter memorializing the teleconference and ongoing

---

[3] A copy of the Defendants' counsel's correspondence to Crissen's counsel is attached hereto as Exhibit 3.

[4] A copy of Crissen's counsel's response is attached hereto as Exhibit 4.

[5] The Defendants' S.D. Ind. L.R. 37-1(b) statement of compliance is set forth in their Motion to Quash.

2

discovery disputes.[6]  On May 10, 2013, counsel for Crissen responded by email conforming the areas of dispute.[7]  Thereafter, pursuant to S.D. Local Rule 37-1(a), the parties scheduled a teleconference with Magistrate Judge Hussman, which took place May 14, 2013.  The parties were unable to come to an agreement regarding the categories of documents to be produced in response to the Subpoena.  At the teleconference, the Defendants were invited to file a motion to quash the subpoena to BPNA, and the parties were invited to provide Magistrate Judge Hussman with arguments and authorities supporting their respective positions pertaining to the present discovery dispute.[8]

## II.  LAW AND ARGUMENT

The Federal Rules of Civil Procedure provide the Court discretion to protect parties affected by issued subpoenas.  Pursuant to Fed. R. Civ. P. 45(c)(3)(B), "[t]o protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information[.]"  A party has standing to quash a subpoena issued to a nonparty when that subpoena seeks information to which the party has a legitimate interest including bank records and other personal financial information.  *Countryman v. Cmty. Link Fed. Credit Union*, 1:11-CV-136, 2012 WL 1143572 (N.D. Ind. Apr. 3, 2012) (citing to *Iantosca v. Benistar Admin. Servs., Inc.,* No. 1: 11–mc–066–RLY–DML, 2011 WL 3155649, at *2 (S.D.Ind. July 26, 2011); *Microsoft Corp. v. Tech. Enterprices, LLC,* No. 1:07–mc–210–DFH–TAB, 2008 WL 424613, at

---

[6] A copy of the Defendants' counsel's correspondence to Crissen's counsel is attached hereto as Exhibit 5.

[7] A copy of Crissen's counsel's email in response is attached hereto as Exhibit 6.

[8] The parties will soon likely file a motion to approve an Agreed Protective Order.  It is important to note that the Agreed Protective Order does not address the documents requested by Crissen from BPNA that Defendants presently object to in their Motion to Quash.

*1 (S.D.Ind. Feb.13, 2008) (finding that the defendant company had standing to move to quash a subpoena to a third party bank for documents relating to its bank account)).

The burden of persuasion in a motion to quash a subpoena is borne by the movant. *Malibu Media, LLC v. John Does 1-14*, 1:12-CV-263, 2012 WL 6019259 (N.D.Ind. Dec. 3, 2012) (citing to *Wahuchop v. Domino's Pizza, Inc.,* 138 F.R.D. 539, 543 (N.D.Ind. 1991)). As with other discovery issues, deciding whether to grant a motion to quash lies within the sound discretion of the district court. *Id*. (citations omitted).

### A. The Defendants have standing to quash the subpoena issued to BPNA.

Crissen issued a subpoena to non-party, BPNA, seeking the Defendants' bank records and personal financial information in which the Defendants have a legitimate interest. See Exhibit 2. The Defendants have standing to move to quash the subpoena to BPNA seeking the aforementioned documents. *Countryman*; 2012 WL 1143572 at *3; *Microsoft Corp*, 2008 WL 424613, at *1.

### B. The subpoena should be quashed to the extent it seeks irrelevant, confidential financial information in which the Defendants have a legitimate interest.

The Subpoena should be quashed or in the alternative, modified by the Court, because it is overly broad, requests Mr. Gupta's financial and business information that is confidential and proprietary in nature, requests information that is not relevant to the pending action and is not likely to lead to the discovery of admissible evidence. The Subpoena should be quashed or modified to the extent it requests BPNA produce the Defendants' documents and communications pertaining to:

1) financial statements and supporting information the Defendants have provided BPNA;
2) the Defendants' loans;
3) the Defendants' loan applications;

      4) letters of credit

      5) applications for letters of credit

      6) collateral for loans;

      7) agreements between the Defendants and BPNA regarding collateral;

      8) payment of interest on any loans;

      9) tax liens;

      10) Defendants' guarantees;

      11) the tax sale business; and

      12) personal tax returns.

Such information is not relevant to the issues underlying Crissen's claims in the present matter because the documents and communications from loans, loan applications, collateral for loans, agreements regarding collateral, guarantees and the tax sale business have absolutely no connection with whether Mr. Gupta's incurred and paid costs for title searches and notifications relating to Mr. Gupta's tax sale purchases.

      Further, the requests in the Subpoena set forth and objected to above seek personal and confidential bank information from which competitors may assess Mr. Gupta's business capacity, strength and strategies regarding his tax sale business.  The Defendants have a legitimate interest in the documents sought.  This confidential information requested by Crissen sets forth Mr. Gupta's personal protocol when purchasing properties, the types of properties he purchases, locations of purchased properties and how he bids for each property.  This detailed information is commercially confidential, and in some cases includes Mr. Gupta's trade secrets. If produced, this commercially sensitive information risks falling into the hands of and being utilized by Mr. Gupta's competitors to gain a business advantage over him.

      The Defendants further object to the Subpoena to the extent it requests BPNA to produce any document or information relating to properties not identified on Exhibit B to the Subpoena, including any and all transactions occurring outside the State of Indiana.  This request is entirely

irrelevant to the issues underlying Crissen's claims and will not lead to the discovery of admissible evidence since Crissen's claims relate to Mr. Gupta's title search and notice costs from tax sale purchases strictly within Indiana. Such a request is a textbook example of a discovery "fishing expedition" that should be quashed by the Court.

Pursuant to Fed. R. Civ. P. 45(c)(3)(B), the Defendants respectfully request the Court quash Crissen's subpoena to the extent it directs BPNA to produce documents and communications objected to above.

### C. The Defendants do not object to documents sought that are relevant to the matter at hand.

The Defendants do not object to the Subpoena to the extent it requests production of documents or electronically stored information regarding certificates of sale, tax sale certificates, cashier checks, account opening statements, and signature cards, as such documents or information pertain to the properties described in Exhibit B to Crissen's Subpoena. Although Defendants maintain many of the transactions identified on Exhibit B pertain to claims that are time-barred based upon the arguments set forth in Defendants' Fed. R. Civ. P. 12(b) Motion to Dismiss Plaintiff's Class Action Complaint now pending before this Court, which arguments are incorporated by reference herein, they will not object to the BPNA producing such documents so long as the Defendants have an opportunity to review the documents before they are produced.

### D. A protective order should be issued and cover any documents the Court orders to be produced over the Defendants' objections and all other documents responsive to the Subpoena to which Defendants have not objected.

Pursuant to Federal Rule of Civil Procedure 26(c), a litigant can, upon a showing of "good cause," obtain a protective order to protect it from "annoyance, embarrassment, oppression, or undue burden or expense.'" *Powell v. Regency Hosp. of Nw. Indiana, LLC*, 2:10-

CV-220-PRC, 2011 WL 1157528 (N.D. Ind. Mar. 28, 2011)(citing to Fed.R.Civ.P. 26(c)(1)). A district court has discretion in deciding when a protective order is appropriate and what degree of protection is required. *Id.* (citing to *Felling v. Knight,* 211 F.R.D. 552, 554 (S.D.Ind.2003)). The party seeking the protective order has the burden of showing that good cause exists for it, which requires that the "party must submit a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Felling*, 211 F.R.D. at 554 (citations omitted). Pursuant to Fed. R. Civ. P. 26(c)(1)(G), trade secrets, confidential information and commercial information can be subject to a protective order. Under Federal Rule of Civil Procedure 26(c)(7)1, the movant must show that: (1) the interest for which protection is sought is an actual trade secret or other confidential business information protected under the rule; and (2) there is good cause for the entry of a protective order. *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 413 (S.D. Ind. 2001) (citations omitted).

    The Court is within its discretion to issue a protective order protecting a party from a non-party's disclosure of that party's information in which it has a legitimate interest and which contains confidential business information and trade secrets. See Fed. R. Civ. P. 26(c)(1)(G). Good cause exists for the Court to issue a protective order since the documents and communications pertaining to the Defendants' financial statements or supporting information provided to BPNA, loans, loan applications, letters of credit, applications for letters of credit, collateral for loans, agreements regarding collateral, payment of interest on any loans, guarantees, tax liens, the tax sale business and personal tax returns are not relevant to the issues underlying Crissen's claims and contain personal and confidential bank information from which competitors may assess Mr. Gupta's business capacity, strength and strategies regarding his tax sale business and set forth Mr. Gupta's personal protocol when bidding on properties, the types

7

of properties bid on, and locations and strategies for bidding on each property. This detailed information is commercially confidential, and in some cases includes Mr. Gupta's trade secrets.

Importantly, this matter differs from most matters involving agreed protective orders between opposing counsel. In the present matter, the Defendants believe the decision to file this lawsuit was influenced by a non-party, Barrett Rochman, who is a direct competitor of Mr. Gupta. Mr. Rochman has made public statements revealing his intent to silence his competition in the tax sale business through means of legal process. It is no coincidence that Mr. Rochman's son, Jesse Rochman, is on Crissen's trial team. Based upon Barrett Rochman's public statements and his involvement in another matter of federal court litigation against another competitor of his in the tax sale business being prosecuted by the same law firm who represents Crissen in the instant action, the Defendants believe this federal action is being used by the Rochmans as a vehicle for allowing Barrett Rochman, or other competitors, to learn about the Guptas' financial resources, trade secrets and other confidential business information. If produced, even under a standard "attorney's eyes only" protective clause, this commercially sensitive information risks falling into the hands of Barrett Rochman's son and being utilized by Mr. Gupta's competitors to gain a business advantage over him.

For the reasons set forth above, Defendants respectfully request that the Court issue a separate protective order for any documents that it may order to be produced over Defendants' objection in its Motion to Quash. This requested protective order differs from the Agreed Protective Order that will likely soon be filed herein since that Agreed Protective Order addressing discovery not related to the present Motion to Quash allows attorney Jesse Rochman to review protected material. To mitigate the risk of documents impermissibly falling into competitors' hands, the Defendants request a protective order making any documents that the

Court orders BPNA to produce available for only three individuals' in-camera review: Magistrate Judge Hussman, John S. Sandberg (counsel for Crissen) and David J. Theising (counsel for Defendants). The Defendants request the protective order mandate that the documents be produced to Magistrate Hussman's chambers and be reviewed by Magistrate Hussman, Mr. Sandberg and Mr. Theising with Magistrate Hussman determining which documents, if any, should be produced. The Defendants also request the protective order apply to documents Defendants do not object to that BPNA will produce.

### III. CONCLUSION

The Defendants Vinod C. Gupta, Satyabala V. Gupta and Wiper Corporation, by counsel, respectfully request that the Court quash Plaintiff's *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of the Premises in a Civil Action* directed to BPNA to the extent it requests the following:

   a. Defendants' financial statements or supporting information provided to BPNA, loans, loan applications, letters of credit, applications for letters of credit, collateral for loans, agreements regarding collateral, payment of interest on any loans, guarantees, tax liens and the tax sale business and personal tax returns; and

   b. any document or information relating to properties not identified on Exhibit B to the Subpoena, including any and all transactions occurring outside the State of Indiana.

Alternatively, the Defendants respectfully request that the Court issue a protective order for any documents it may order to be produced over Defendants' objections in its Motion to Quash

making such documents available for Magistrate Judge Hussman, John S. Sandberg and David J. Theising's eyes only subject to review exclusively in Magistrate Hussman's chambers, and designating all other documents produced as "confidential."  Lastly, the Defendants request all other relief just and proper in the premises.

            Respectfully submitted,

            HARRISON & MOBERLY, LLP

            */s/ David J. Theising*
            David J. Theising
            Stephen E. Arthur
            Marc A. W. Stearns
            HARRISON & MOBERLY, LLP
            10 West Market Street, Suite 700
            Indianapolis, Indiana  46204
            Telephone: (317) 639-4511
            Facsimile: (317) 639-9565
            dtheising@harrisonmoberly.com
            sarthur@harrisonmoberly.com
            mstearns@harrisonmoberly.com
            Counsel for Defendants

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that, on the 22nd of May, 2013, a copy of the foregoing Brief in Support of Defendants' Emergency Motion to Quash Non-Party Subpoena Directed at Banco Popular North America and for Protective Order was filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

    John S. Sandberg
    Bhavik R. Patel
    SANDBERG PHOENIX & von GONTARD, P.C.
    600 Washington Avenue, 15th Floor
    St. Louis, Missouri  63101
    jsandberg@sandbergphoenix.com
    bpatel@sandbergphoenix.com


            */s/ David J. Theising*

David J. Theising
HARRISON & MOBERLY, LLP
10 West Market Street, Suite 700
Indianapolis, Indiana  46204
Telephone:   (317) 639-4511
Facsimile:    (317) 639-9565
dtheising@harrisonmoberly.com
Counsel for Defendants