UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSHUA B. CRISSEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:12-cv-355-JMS-WGH |
| | ) |
| VINOD C. GUPTA and | ) |
| WIPER CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**ENTRY IN SUPPORT OF ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT'S EMERGENCY MOTION TO QUASH NON-PARTY SUBPOENA DIRECTED AT BANCO POPULAR NORTH AMERICA AND FOR PROTECTIVE ORDER**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Defendants' Emergency Motion to Quash Non-Party Subpoena Directed at Banco Popular North America and for Protective Order filed May 22, 2013. (Docket No. 36). Plaintiff's Response in Opposition to the motion was filed May 28, 2013. (Docket No. 40). The Magistrate Judge entered a marginal notation on June 4, 2013. (Docket No. 42). This entry explains that marginal notation, which granted the motion, in part, and denied it, in part.

The Magistrate Judge concludes that this court does not technically have jurisdiction to determine whether to quash this Subpoena. However, because the case remains pending in this district, Rule 26 gives this court authority to issue a protective order with respect to discovery generally. Rule 45(c)(3)(B) allows a protective order "[t]o protect a person subject to or *affected by a subpoena*."

-2-

(Emphasis added.)  In this case, although the Defendants are not subject to the Subpoena, Exhibit A to the Subpoena specifically asks for documents of Banco Popular North America that relate to the individual Defendants.  The individual Defendants, therefore, are "affected" by that Subpoena, which may require the disclosing of commercial and personal banking information.

In this case, the items requested are all relevant to the matter pending before the court at this time.  However, financial statements of the individual Defendants, loan or letter of credit applications, and personal tax returns are not relevant, because they contain personal financial information not necessary for the determination of the issues before the court at this time.  Traditionally, personal financial information is considered confidential information.  The Magistrate Judge may reconsider the relevancy of the excluded information, but only upon a more specific showing of good cause and substantial need by the proponent of the Subpoena.  Therefore, while the Motion to Quash must be denied, a limited protective order will issue to protect certain financial data, at least until a later date when a more specific showing of relevancy is made.

**Entered:**  June 11, 2013

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Served electronically on all ECF-registered counsel of record.**