UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSHUA B. CRISSEN, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) Case No. 2:12-cv-00355-JMS-WGH |
| VINOD C. GUPTA, SATYABALA V. GUPTA, and WIPER CORPORATION, | ) ) ) ) |
| Defendants. | ) ) |

## **PROTECTIVE ORDER**

The Court, having considered the plaintiff's motion for the entry of a protective order pursuant to Fed. R. Civ. P. 26(c), and having found that good cause exists for the entry of a protective order to preserve the confidentiality of certain confidential information, IT IS HEREBY ORDERED THAT:

1. The following procedures shall be used to protect against the improper disclosure or use of certain confidential information produced in discovery or filed with this Court in the instant action (referred to herein as the "Crissen Litigation").

2. "Protected Material" is defined herein as non-public confidential documents, proprietary trade information or documents that raise a privacy concern, which documents or information are so designated in good faith by any party to the Crissen Litigation.

3. The parties agree to use their best efforts to avoid the disclosure, production or filing of Protected Material. To the extent a party determines in good faith that he/she must disclose, produce, file, or otherwise rely on Protected Material in support of any claim or defense, such party shall follow the procedures set forth herein.

4326743.1

4. Any party in the Crissen Litigation may, in good faith, designate information or material disclosed, produced, or filed by that party or a person in the course of the action as Protected Material, as defined herein, in the manner hereinafter set forth in paragraphs 5 and 6, or by written agreement of the parties at any time.

5. To the extent that any document produced or filed by any party or person in the Crissen Litigation contains Protected Material, the disclosing, producing or filing party may designate the pages containing the Protected Material by marking the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or similar words which clearly indicate the document is being treated as confidential on the face of the original of the document and each page so designated, or on the face of the photocopy of the document delivered by the disclosing party or person to the party to which the document is produced, and on the photocopies of each page so designated. Notwithstanding the foregoing, a party's inadvertent failure to designate a document in accordance with the terms of this Agreed Protective Order will not preclude a later designation to the extent that confidential treatment can still be obtained without undue burden or expense on any party to the Crissen Litigation. The term "document" is used herein in the broadest sense to mean all documents, writings and things including, but not limited to, interrogatory responses, responses to requests for production of documents, responses to requests for admissions, exhibits, and other discovery materials, whether printed, recorded or reproduced by any other mechanical or electronic process, or written or produced by hand.

6. Any party may so designate any part or all of any deposition as Protected Material, or any part or all of any deposition exhibit, as Protected Material at the time of the deposition or within thirty (30) days after the deposition transcript is available.

7. Material designated as Protected Material shall be used or disclosed solely in the captioned litigation, and in accordance with the provisions of this Agreed Protective Order, and

such Protected Material shall not be used in any other litigation or for any other purpose without further order of this Court. Nothing in this Protective Order shall preclude any party or its representative from discussing with any person the progress, theories, or legal strategy in the Crissen Litigation as long as the contents of the Protected Material are not disclosed. Except as provided in paragraph 8 below, the parties to this litigation and their representatives are expressly prohibited from producing copies of or disclosing the contents of any Protected Material, or verbally relating the content of such Protected Material, to anyone who is not a party to this litigation.

8. Other than Court personnel (including court reporters), access to Protected Material shall be limited to:

(a) The named parties;

(b) Counsel of record for the named parties including lawyers and staff (clerical, secretarial and paralegal) employed by said counsel;

(c) Experts who are employed, retained, or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies, or providing opinions to assist, in any way, in this litigation. Access to Protected Material by experts and consultants shall be limited to documents that the experts or consultants reasonably need to review in their roles as experts or consultants; and

(d) Any other person the disclosing or producing party agrees to in writing.

(e) With the exception of individuals described in subparagraph 8(b), protected Materials shall not be disclosed, in any form, to Barrett Rochman, his attorneys, agents, or representatives unless such disclosure is first approved in writing by the Defendants or by order of the Court.

3

9. Counsel shall inform each person to whom they disclose or give access to Protected Material of the terms of this Agreed Protective Order as well as the obligation to comply with those terms. Any person who is given access to Protected Material shall also sign a copy of the "Acknowledgment of Agreed Protective Order," attached hereto as <u>Exhibit A</u>. However, this requirement shall not apply to individuals described in subparagraphs 8(a) and 8(b). All such acknowledgments shall be retained by counsel and shall be made available to opposing counsel upon request. If such person does not agree to be bound by this Agreed Protective Order, disclosure of Protected Materials to that person is prohibited, absent an order of this Court. Any person who is given access to Protected Material shall not make copies, duplicates, extracts, summaries, or descriptions of the Protected Material or any portion thereof except as may be necessary in connection with the Crissen Litigation. Any such copies, duplicates, extracts, summaries, or descriptions shall be designated as Confidential and shall be subject to all of the terms and conditions of this Agreed Protective Order.

10. The parties shall use their best efforts to seek an order from the Court relating to the use of Protected Material at trial or during a hearing or other court proceeding and shall take all steps reasonably required to protect the confidentiality of Protected Material during such use.

11. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial, in dispositive motions, during a hearing or similar proceeding in this action or as part of the record on appeal, provided that any party may seek an appropriate court order to protect Protected Material.

12. Any person, including parties to this litigation or any interested member of the public, may object, in writing, to the designation by another party of any information or material as Protected Material. Within thirty (30) days of such receipt of such objection (unless the dispute is resolved prior to that time), the party seeking protection shall, by motion, apply to the

Court for a ruling, based upon a showing of good cause, that the information or material shall be treated as Protected Material. If no motion is filed within such period, the information or material shall not be treated as Protected Material. If a motion is filed within such period, unless and until this Court enters an order to the contrary, the information or material shall be treated as Protected Material.

13. Protected Material may be filed with the Court. Should any party have good cause to seal from public view any Protected Material that is filed with the Court, that party must file a separate and specific motion for such protection, and the motion will only be granted for good cause shown and if consistent with case law from the United States Court of Appeals for the Seventh Circuit regarding filing materials under seal. Any party or interested member of the public may challenge any attempt to seal documents filed with the Court.

14. In the event Protected documents or portions of transcripts are sealed as confidential by the Court, the cover sheet shall include the following designation:

<b><u>CONFIDENTIAL</u></b>

> IN ACCORDANCE WITH THE PROTECTIVE ORDER OF THE COURT, THE CONTENTS FILED UNDER SEAL SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO A PERSON OTHER THAN THE COURT, ATTORNEYS IN THIS CASE, OR TO PERSONS ASSISTING THOSE ATTORNEYS.

15. The inadvertent or unintentional disclosure of Protected Material, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of such producing party's claim of protection, either as to the specific information disclosed or as to any other information relating to the same or related subject matter, provided that the producing party shall promptly upon discovery of the inadvertent or unintentional disclosure notify the receiving party in writing that the information is Protected Material.

4326743.1

16. This Protective Order and the agreements embodied herein shall survive the termination of this action and continue in full force and effect.

17. This Order does not preclude any party from moving to have any other information or material designated as protected in accordance with the rules of this Court. Any such additional information or material designated as protected shall be treated as Protected Material pursuant to the terms of this Order.

18. Nothing herein shall require disclosure of any documents that counsel contends are protected from disclosure by the attorney-client privilege, work-product doctrine, immunity, or any other legally recognized privilege, nor does any party waive its right to contest the withholding of documents on the basis of such privilege or immunity by way of a motion to compel.

19. The inadvertent production of any document or information during discovery in the Crissen Litigation shall be without prejudice to any claim that such material is privileged under the attorney-client or other privilege, or protected from discovery as work product. No party shall be held to have waived any rights by such inadvertent production so long as the party receiving the document or information is notified within thirty (30) days of the discovery of such inadvertent production. Upon written request by the inadvertently producing party, the recipient shall (even if the receiving party disagrees that the document or information is protected from disclosure) return all copies of the document and not use the document or information for any purpose until further order of the Court.

20. Within sixty (60) days after the conclusion of the Crissen Litigation, including appeals and petitions for certiorari, all Protected Material and any copies thereof, and all documents containing information derived therefrom, shall be destroyed by the receiving party or kept confidential by counsel for the parties and remain subject to the restrictions herein.

Briefs, pleadings, correspondence, written discovery responses, transcripts of testimony, attorney work product, and other court papers prepared for use in the Crissen Litigation need not be returned or destroyed, but, if such documents contain information derived from Protected Material, they shall be kept confidential by counsel for the parties and remain subject to the restrictions herein.

21. If Protected Material or information derived therefrom in the possession of a receiving party are subpoenaed by any court, administrative or legislative body, or any other person purporting to have authority to subpoena such information, the party to whom the subpoena is directed shall give written notice of the subpoena (including delivery of a copy thereof) to the attorneys for the producing party by hand delivery or facsimile not less than ten (10) business days prior to the time when production of the information is requested by the subpoena. In the event that the subpoena purports to require production of such Protected Material or information derived therefrom on less than ten (10) days notice, the party to whom the subpoena is directed shall give telephonic notice of the receipt of such subpoena as soon as reasonably practical, and forthwith deliver by hand or facsimile a copy thereof, to the attorneys for the producing party.

22. Any party knowing or believing that any other party is in violation of or intends to violate this Agreed Protective Order and has raised the question of violation or potential violation with the opposing party, and has been unable to resolve the matter by agreement, may move the Court for such relief as may be appropriate under the circumstances. Pending disposition of the motion by the Court, the party alleged to be in violation of or intending to violate this Agreed Protective Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Agreed Protective Order.

23. This order may be amended by the Court to prevent manifest injustice. Additional protective orders may also be entered whenever deemed appropriate by the Court.

IT IS SO ORDERED.

Dated: 06/19/2013

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

Copies to:

John S. Sandberg
Bhavik R. Patel
SANDBERG PHOENIX & VON GONTARD, P.C.,
600 Washington Avenue, 15th Floor
St. Louis, Missouri 63101
jsandberg@sandbergphoenix.com
bpatel@sandbergphoenix.com

David J. Theising
Stephen E. Arthur
Marc A.W. Stearns
HARRISON & MOBERLY, LLP
10 West Market Street, Suite 700
Indianapolis, Indiana 46204
dtheising@harrisonmoberly.com
sarthur@harrisonmoberly.com
mstearns@harrisonbmoberly.com

4326743.1