UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
**Terre Haute Division**

| | |
|---|---|
| JOSHUA B. CRISSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VINOD C. GUPTA and WIPER CORPORATION,<br><br>Defendants. | Case No.: 2:12-cv-355-JMS-WGH |

## Motion to Reconsider Dismissal of Satyabala V. Gupta

Plaintiff Joshua B. Crissen ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned attorneys, Sandberg Phoenix & von Gontard P.C., moves this Court to reconsider and set aside its Order (Doc. 43) dismissing Satyabala[1] for lack of personal jurisdiction.

### A. Introduction

Plaintiff brought claims against Defendants Vinod, Satyabala and Wiper Corp. pursuant to Federal RICO, Indiana RICO, the Crime Victims Act, and for common law fraud, money had and received and unjust enrichment. Satyabala moved to dismiss Plaintiff's Complaint because she asserted the Court lacked personal jurisdiction over her. Satyabala provided an affidavit in support of her motion to dismiss, in which she swore under penalties of perjury that she essentially had no contacts with Indiana. In reliance upon this affidavit, the Court concluded it did not have personal jurisdiction over Satyabala. *See* Doc. 43, pp. 7-9. Since the Order was entered, new evidence previously

---

[1]    Capitalized terms shall have the meaning ascribed to them in Plaintiff's Complaint (Doc. 1) unless defined otherwise herein.

4366491.2

available only to Defendants was produced by Banco Popular, N.A. ("BPNA") proving not only that this Court has personal jurisdiction over Satyabala, but also that her affidavit was patently false. Therefore, the order dismissing Satyabala should be set aside.

## B. Legal Standard

Reconsideration of an interlocutory order, such as order at issue here, is a matter of a district court's inherent power and is committed to a court's sound discretion. *Peterson v. Lindner*, 765 F.2d 698, 704 (7th Cir. 1985). A motion to reconsider is appropriate where significant new facts have been discovered. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Newly discovered evidence warrants reconsideration here.

## C. New Evidence

On June 14, 2013, BPNA produced some of its bank records for its business dealings with Defendants. Part of that production contained checks written and personally signed by Satyabala. These checks are attached as **Exhibit A** (filed separately under seal at Doc. 58). A review of these checks reveals that Satyabala submitted a false affidavit in support of her motion to dismiss.

First, Satyabala swore under penalties of perjury that she has: (1) "***never*** done ***any business*** in the State of Indiana, individually or through any agent;" and (2) "***not***, individually or through any agent, regularly done or solicited ***any business*** or engaged in ***any other persistent course of conduct*** … in the State of Indiana." *See* Doc. 24, ¶¶ 14-15 (emphasis added). The checks produced by BPNA demonstrate otherwise. These checks show that Satyabala conducted over $880,000 in business in Indiana over the last seven years in connection with Defendants' purchases at Indiana tax sales. *See* Summary

of Checks attached as **Exhibit B**. Indeed, a review of the checks reveals that Satyabala routinely conducted business with county officials in at least 65 of the 92 counties in Indiana. *Id.* Examples of the memos for the checks include: "tax sale," "tax deed," "tax," "taxes," "4 tax deeds," "29 tax deeds," and specific parcel numbers which correspond to parcel numbers purchased by Vinod, BPNA and Wiper Corporation.

Second, Satyabala swore under penalties of perjury that she has "***never*** personally … remitted ***any taxes*** in the State of Indiana." *See* Doc. 24, ¶ 20 (emphasis added). But the checks produced by BPNA show this is untrue. In fact, a substantial number of the checks written to the Indiana counties were expressly for "taxes" or "sub taxes."[2] *See, e.g.,* Exhibit A, pp. 7, 10, 130-31, 135-38, 141-45, 148-61, 163, 166-78.

Third, Satyabala swore under penalties of perjury that she has never "been involved in [Wiper's] day-to-day management or operation [nor] done ***any business*** in the State of Indiana as a representative of the corporation." *See* Doc. 24, ¶ 12 (emphasis added). This, too, is untrue. One of the checks has Satyabala's hand written notation that it is on behalf of Wiper. *See* Exhibit A, p. 3. Another check has a parcel number that is related to one of Wiper's purchases at a tax sale in Indiana. *Id.* at 186; *see also* Parcel Information for Check No. 4776 attached as **Exhibit C**. Many of the other checks are also likely on behalf of Wiper, but most of the checks do not have parcel numbers in the memo field making it difficult for Plaintiff to link them to a particular purchaser.

Finally, the checks produced by BPNA seriously call into question whether any of the following statements are true:

---

[2]   "Sub taxes" is likely short for "subsequent taxes." "During the redemption period, lien buyers are strongly encouraged to pay all subsequent taxes and special assessments on the tax sale properties they purchased." *See* Frequently Asked Questions: County Tax Sales at p. 3 (available at http://www.sri-taxsale.com/tax/FAQ.pdf).

a. "I did not, individually or through any agent … purchase any of the properties identified in Exhibit B to the Plaintiff's Class Action Complaint in the above-captioned action." (Doc. 24, ¶ 6).

b. "I have never, individually or through any agent … purchased any property at a tax sale in the State of Indiana." (Doc. 24, ¶ 7).

c. "I … am not now nor have I ever been an officer or employee of Wiper Corporation or been involved in its day-to-day management or operations …." (Doc. 24, ¶ 12).

d. "I do not now nor have I ever owned, used or possessed any real property or any interest in any real property in the State of Indiana, individually or through any agent." (Doc. 24, ¶ 13, emphasis added).

e. "I have never purposefully availed myself of the privilege of conducting activities in Indiana or otherwise invoked the benefits and protections of Indiana's laws." (Doc. 24, ¶ 22, emphasis added).

In particular, Satyabala is paying for tax deeds in Indiana, which provides a reasonable inference that she owns property in Indiana. At a minimum, the newly discovered evidence creates a factual dispute regarding these d statements in the affidavit. The Court, however, is to "resolve any factual disputes in the affidavits in favor of the plaintiff." *Tamburo v. Dworkin*, 601 F. 3d 693, 700 (7th Cir. 2010).

## D. Argument for Reconsideration

Based on the limited discovery Plaintiff was able to obtain before responding to the Satyabala's motion to dismiss, Plaintiff's "sole argument [was] that Ms. Gupta's role as a director of Wiper is enough to confer specific personal jurisdiction because she is one of only two directors for Wiper and it is disingenuous to assert she did not participate in the decision given Indiana law provides that all corporate powers shall be exercised by or under the authority of" the directors." *See* Doc. 43, p. 8. "Without a firm footing in Indiana law allowing personal jurisdiction under these circumstances," the Court concluded it did not have personal jurisdiction. To reach this conclusion, the Court relied

4366491.2

4

upon Satyabala's affidavit and found that Plaintiff had "not presented any evidence to refute Ms. Gupta's statements." *See* Doc. 43, p. 9.

Plaintiff has now presented new evidence that not only shows Satyabala's involvement in Defendants' Indiana tax business goes well beyond being a director of Wiper, but also that her contacts with Indiana were sufficient to support both specific and general jurisdiction.

### 1.  The Court has Specific Personal Jurisdiction over Satyabala.

Specific jurisdiction requires only a minimum of contacts, but it requires that the controversy be related in some way to the defendant's contact with the forum. *Id.* "[S]pecific jurisdiction requires that the suit 'arise out of' or 'be related to' [defendant's] minimum contacts with the forum state." *Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 714 (7th Cir. 1998) (*citing Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)).

*Jacobsparts, Inc. v. United Integral, Inc.*, 2013 WL 937978, *2 (S.D. Ind. 2013).

The newly presented evidence shows that Satyabala certainly exceeds the minimum contacts standard with all the business she has done in Indiana. Moreover, the evidence demonstrates that Satyabala likely participated in the operation or management of, and definitely performed activities necessary or helpful to, Vinod's and Wiper's tax sale business in Indiana. This involvement with Defendants' tax sale business would render her liable to Plaintiff and the class on their claims under Federal RICO and Indiana RICO. *Kesling v. Beegle*, 880 N.E.2d 1202, 1206 (Ind. 2008) (Indiana RICO "encompasses those who have performed activities necessary or helpful to the operation of the enterprise, whether directly or indirectly, without an element of control." (quoting *State v. Siferd*, 151 Ohio App.3d at 119, 783 N.E.2d 591, 602 (3rd Dist. Ct. App. 2002)). Therefore, this Court has specific jurisdiction over Satyabala and the Order dismissing her should be set aside.

4366491.2                                        5

### 2. The Court has General Jurisdiction over Satyabala.

"Where a defendant has 'continuous and systematic' contacts with a state, that defendant is subject to general jurisdiction regarding any action, even actions unrelated to those contacts." *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012). To determine whether the contacts of the defendant are sufficiently systematic and continuous, courts analyze the nature as well as the substantiality of the defendant's contacts with the forum state such as whether and to what extent the defendant conducts business in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416-18 (1984).

Here, Satyabala's contacts with Indiana were sufficiently systematic and continuous to provide this Court with general jurisdiction. Vinod purportedly "runs a 'mom and pop' type business" (*see* Doc. 30, ¶ 4). Satyabala conducted business in Indiana on behalf of this "mom and pop" business of more than $882,000 over a seven year period. Assuming it is true that Satyabala has never entered Indiana, which is questionable given her other false statements, it is easily inferred that Satyabala has sent agents and employees into Indiana to conduct business. Satyabala is a director of a company authorized to do and doing business in Indiana. Satyabala pays taxes in Indiana, bought tax deeds in Indiana, paid for a purchase at a tax sale in Indiana, and likely owns property in Indiana. Satyabala also conducted business with county officials in more than half of all the counties in Indiana. It is also easily inferred from all of her transactions with a significant number of entities in Indiana that Satyabala would also have had substantial mail, e-mail, fax, and telephone communications with those entities.

In short, Satyabala's contacts with Indiana are not random, fortuitous, attenuated or unilaterally initiated by someone within Indiana. Rather, Satyabala's systematic and continuous contacts with Indiana demonstrate she purposefully availed herself of the laws

and protections of Indiana. Therefore, the court is empowered to exercise general jurisdiction over Satyabala.

## E. Conclusion

WHEREFORE, Plaintiff respectfully requests this Court issue an Order setting aside the dismissal entered for Defendant Satyabala V. Gupta for the reasons above, and for such other relief as this Court deems just and proper.

SANDBERG PHOENIX & von GONTARD P.C.

By:    /s/Jesse B. Rochman
       John S. Sandberg
       Bhavik R. Patel
       Jesse B. Rochman
       600 Washington Avenue - 15th Floor
       St. Louis, MO  63101-1313
       314-231-3332
       314-241-7604 (Fax)
       jsandberg@sandbergphoenix.com
       bpatel@sandbergphoenix.com
       jrochman@sandbergphoenix.com

*Attorneys for Plaintiff*

## Certificate of Service

       I hereby certify that on July 5, 2013, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Stephen E. Arthur
David J. Theising
Marc A.W. Stearns
Harrison & Moberly, LLP
sarthur@harrisonmoberly.com
dtheising@harrisonmoberly.com
mstearns@harrisonmoberly.com

                /s/Jesse B. Rochman