UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JOSHUA B. CRISSEN, individually and on behalf )
of all others similarly situated, )
)
Plaintiff, )
v. )
) Case No. 2:12-cv-00355-JMS-WGH
VINOD C. GUPTA and )
WIPER CORPORATION, )
)
Defendants. )

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE

Defendants Vinod C. Gupta and Wiper Corporation ("Defendants"), by counsel, submit the following by way of response to the Plaintiff's Motion to Strike:

## I. INTRODUCTION

On December 4, 2012, Plaintiff filed his Class Action Complaint against Defendants. On June 24, 2013, Defendants filed their Answer and Affirmative Defenses to Plaintiff's Class Action Complaint. On July 7, 2013, Plaintiff filed a Motion to Strike, requesting that the Court strike Defendants' Affirmative Defenses numbered 10 - 14. The Defendants' Affirmative Defenses subject to Plaintiff's Motion to Strike allege following:

10. The claims asserted on behalf of Plaintiff and certain putative class members in Plaintiff's Complaint, and each Count thereof, are barred by the doctrine of laches.

11. The claims asserted on behalf of Plaintiff and certain putative class members in Plaintiff's Complaint, and each Count thereof, are barred because they have been waived.

12. The claims asserted on behalf of Plaintiff and certain putative class members in Plaintiff's Complaint, and each Count thereof, are barred by estoppel.

13. The Plaintiff has failed to join an indispensable party under Fed. R. Civ. P. 19.

14. Defendants reserve the right to raise and assert different or additional affirmative defenses after discovery.

As shown below, both in fact and law Defendants' Affirmative Defenses numbered 10 - 13 are sufficiently pled, and Affirmative Defense No. 14 is not an affirmative defense subject to being stricken. Consequently, Plaintiff's Motion to Strike must be denied in its entirety.

## II. ARGUMENT

Affirmative defenses are subject to the "General Rules of Pleading" under Rule 8 and must be stated "in short and plain terms." Fed. R. Civ. P. 8(b)(1)(A). It has long been held that motions to strike are generally disfavored. *Kane v. Smiths Medical ASD, Inc.*, 2012 WL 4390639, *1 (S.D. Ind. Sept. 25, 2012). Affirmative defenses will be stricken only where they are insufficient on the face of the pleadings. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (citing to *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975)). A motion to strike such as Plaintiff's is "ordinarily not granted unless the language in the pleading at issue has no possible relation to the controversy and is clearly prejudicial." *Hoffman v. Aspen Dental Mgmt., Inc.*, 2011 WL 3902773, at *3 (S.D. Ind. Sept. 6, 2011). Further, a motion to strike "will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense." *Williams v. Jader Fuel Co.*, 994 F.2d 1388, 1400 (7th Cir. 1991).

A.  **Defendants' Affirmative Defenses No.'s 10 through 12**

Plaintiff first argues that Defendants' Affirmative Defenses numbered 10 - 12 are conclusory allegations that should be stricken.

Defendants' Affirmative Defenses numbered 10 - 12 are sufficiently pled under *Heller*. See *Kane*, 2012 WL 4390693 at *1 (S.D. Ind. Sept. 25, 2012) (("As to defense two (mitigation of damages), six (same action), **seven (statute of limitations)**, eight (reasonable care), nine (absence of damage), **and ten (estoppel/res judicata)**, Kane's motion [to strike] is **DENIED**. **Each of these defenses raises a question of law or fact and is sufficient under *Heller*.**")) (emphasis added).  In *Kane*, Defendant's Affirmative Defenses Nos. 7 and 10 that the Court held to be sufficient under *Heller* stated as follows:

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the relevant statutes of limitations and/or the doctrines of waiver and/or laches.

TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel and/or res judicata.

The Defendants' Affirmative Defenses in the present matter are similarly pled but are not lumped together like Defendant's Affirmative Defenses in *Kane*.  Pursuant to *Kane*, Defendants' Affirmative Defenses numbered 10 - 12 are sufficiently pled under *Heller*.  See *Kane*, 2012 WL 4390693 at *1.

And Defendants' Affirmative Defenses are not barebones conclusory allegations like those of the Defendant Brandenburg Drainage, Inc., in *Brandenburg Drainage, Inc. Parker v. Rockies Exp. Pipeline, LLC*, 2012 4762138 (S.D. Ind. Oct. 5, 2012) cited in Plaintiff's Motion to

3

Strike in the instant matter. In *Brandenburg*, the affirmative defense of Brandenburg Drainage, Inc. (one of several defendants in the lawsuit) that was stricken by the Court stated that Brandenburg "assert[ed] and adopt[ed] the additional and affirmative defenses pleaded by other defendants in their Answers to the extent that those defenses appl[ied] and pertain[ed] to plaintiff's claims against Brandenburg." *Id*. at *1. The Court held that it was unclear "as to the factual or legal basis or bases upon which [the affirmative defense] purports to rest." *Id*. at *3. The Court further held that "'Brandenburg . . . essentially stated an "everything but the kitchen sink" defense, inviting the Court to apply whatever facts and legal principles may bolster another Defendant's position in the lawsuit.'" *Id*. The Court struck Brandenburg's affirmative defense, holding that it "would produce injustice because Brandenburg's Answer gives [Plaintiff] no notice of potential defenses he may have to rebut at the dismissal or summary judgment stage. *Id*. (citing to *Williams v. Lampe*, 399 F.3d 867, 871 (7th Cir. 2005). Unlike, Brandenburg's barebones affirmative defense, Defendants' Affirmative Defenses in the present case give Plaintiff notice of specific potential defenses he may have to rebut at the dismissal or summary judgment stage. See *Williams*, 399 F.3d at 871. Unlike *Brandenburg*, Defendants' Affirmative Defenses here do not leave guesswork for the Court or Plaintiff to determine what legal principles Defendants are raising to support their position. Defendants' Affirmative Defenses numbered 10 - 12 are sufficiently plead. Consequently, Plaintiff's Motion to strike Defendant's Affirmative Defenses numbered 10 - 12 should be denied.

**B.** **<u>Defendants' Affirmative Defense No. 13</u>**

Plaintiff argues Defendants' Affirmative Defense No. 13 is "insufficient under *Heller* because it is a barebones conclusion that Plaintiff failed to join an indispensable party." Plaintiff makes this argument despite the fact that Defendants briefed this very affirmative defense in

their Brief in Support of Defendants' Fed. R. Civ. P. 12(b) Motion to Dismiss Plaintiff's Class Action Complaint ("Brief in Support of Motion to Dismiss") filed March 19, 2013 in this action. Plaintiffs responded to Defendants' Motion to Dismiss on April 1, 2013. As set forth in their Brief in Support of Motion to Dismiss, Defendants maintain that Plaintiff failed to join an indispensable party – his wife.

In ruling on Defendants' Fed. R. Civ. P. 12(b) Motion to Dismiss Plaintiff's Class Action Complaint on June 7, 2013, this Court was required to accept as true the allegations of rhetorical paragraph 36 of Plaintiff's Class Action Complaint, that "[o]n or about February 8, 2010, Plaintiff's Property was redeemed **by Plaintiff** for the Redemption Amount of $3,027.04." (emphasis added). In rhetorical paragraph 36 of Defendants' Answer and Affirmative Defenses to Plaintiff's Class Action Complaint filed on June 24, 2013, however, Defendants did **not** admit that Plaintiff's Property was redeemed **by Plaintiff**: "Defendants deny that Plaintiff was the sole owner of Plaintiff's Property, and admit that Plaintiff's Property was redeemed for the Redemption Amount of $3,027.04, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in rhetorical paragraph 36 of Plaintiff's Complaint." Whether Plaintiff's Property was **in fact** redeemed by Plaintiff, his wife, both, or a bank or other lienholder who held a substantial property interest of public record in the property, is a question of fact to be determined by the trier of fact in this case and for which Plaintiff bears the burden of proof. If the evidence shows that Plaintiff's Property was **in fact** redeemed by someone other than or in addition to Plaintiff alone, then as a matter of law Plaintiff has failed to join an indispensable party. Thus, Defendants' Affirmative Defense No. 13 clearly has a relation to the controversy at hand, and Plaintiff has been fully and fairly apprised, by the briefing in this case on Defendants' Fed. R. Civ. P. 12(b) Motion to Dismiss Plaintiff's Class

5

Action Complaint and by the allegations in Defendants' Answer itself, of the particulars of this affirmative defense. *Williams*, 399 F.3d at 871; *Hoffman*, 2011 WL 3902773, at *3. Consequently, Defendants' Affirmative Defense No. 13 should not be stricken.

### C. Defendants' Affirmative Defense No. 14

Defendants agree Paragraph No. 14 set forth in its Affirmative Defenses is not an affirmative defense but merely a statement notifying the Court and Plaintiff that they reserve the right to add different or additional affirmative defenses following discovery in this case. In fact, the authority cited by Plaintiff in its Motion to Strike actually supports the Defendants' argument that Paragraph No. 14 should not be stricken. See *J&J Sports Productions, Inc.*, 2011 WL 2881285, at *2 (denying motion to strike as it pertained to Defendant's paragraph reserving right to add additional affirmative defenses). Accordingly, the Court should also deny Plaintiff's Motion to Strike Paragraph No. 14 of Defendants' Affirmative Defenses.

### D. In the event the Court determines any of Defendants' Affirmative Defenses are not sufficiently pled, Defendants request leave to amend their Answer accordingly

Defendants maintain they have sufficiently pled each and every Affirmative Defense and Plaintiff's Motion to Strike should be denied in its entirety. However, in the event the Court strikes any of Defendants' Affirmative Defenses, Defendants request leave to amend their Answer as it pertains to any stricken Affirmative Defenses accordingly.

### III. CONCLUSION

The Defendants' Affirmative Defenses numbered 10 - 13 are sufficiently pled under *Heller*. Paragraph 14 of the Defendants' Affirmative Defenses is not an affirmative defense, and should therefore not be stricken. The Defendants respectfully request the Court deny Plaintiff's Motion to Strike in its entirety.

Respectfully submitted,

HARRISON & MOBERLY, LLP

*/s/ Marc A.W. Stearns*
Marc A.W. Stearns
David J. Theising
Stephen E. Arthur
HARRISON & MOBERLY, LLP
10 West Market Street, Suite 700
Indianapolis, Indiana  46204
Telephone:	(317) 639-4511
Facsimile:	(317) 639-9565
Email:  mstearns@harrisonmoberly.com
dtheising@harrisonmoberly.com
sarthur@harrisonmoberly.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the 15th day of July, 2013, a copy of the foregoing *Response to Plaintiff's Motion to Strike* was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>John S. Sandberg
>Bhavik R. Patel
>Jesse B. Rochman
>SANDBERG PHOENIX & VONGONTARD, P.C.
>600 Washington Avenue, 15th Floor
>St. Louis, Missouri 63101
>Email: jsandberg@sandbergphoenix.com
>Email: bpatel@sandbergphoenix.com
>Email: jrochman@sandbergphoenix.com

>*/s/ Marc A.W. Stearns*

Marc A.W. Stearns
HARRISON & MOBERLY, LLP
10 West Market Street, Suite 700
Indianapolis, Indiana 46204
Telephone: (317) 639-4511
Facsimile: (317) 639-9565
Email: mstearns@harrisonmoberly.com

Counsel for Defendants