UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

JOSHUA B. CRISSEN, individually and on behalf of all others similarly situated,

Plaintiff,

v.

VINOD C. GUPTA and WIPER CORPORATION,

Defendants.

Case No.: 2:12-cv-00355-JMS-WGH

**Plaintiff's Reply to Motion to Strike**

Plaintiff Joshua B. Crissen ("Plaintiff"), individually and for all others similarly situated, through his attorneys Sandberg Phoenix & von Gontard PC, respectfully submits his reply in support of his motion to strike (Doc. 61):

**A. Defendants' Affirmative Defenses No.'s 10 through 12**

Defendants cite *Kane v. Smiths Medical ASD, Inc.*, 2012 WL 4390639, *1 (S.D. Ind. Sept. 25, 2012) in support of its proposition that affirmative defenses 10 through 12 are sufficiently pled. Although Defendants' recite certain affirmative defenses from *Kane* that appear to be similar to Defendants' affirmative defenses, Defendants fail to cite where they obtained those affirmative defenses because they do not appear in the opinion in *Kane*. Even if those were truly the affirmative defenses that the Court refused to strike in *Kane*, Plaintiff respectfully submits those affirmative defenses fail to comply with the standard under *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1295 (7th Cir. 1989).

In *Heller*, the court found several defenses meritless and appropriately stricken because they were "nothing but bare bones conclusory allegations," noting that the defendant "omitted any short and plain statement of facts and failed totally to allege the necessary elements of the

alleged claims." Id. at 1295. Defendants' affirmative defenses 10 through 12, like those stricken in *Heller*, omit any facts and fail to allege any elements of the claimed defenses. Indeed, Defendants completely ignore *J & J Sports Productions, Inc. v. Munoz*, cited by Plaintiff, which struck affirmative defenses strikingly similar to Defendants' affirmative defenses 10 through 12. 2011 WL 2881285, *2 (S.D. Ind. 2011) ("the Court concludes that affirmative defense six, which alleges that J & J's claims 'are barred, in whole or part, by the equitable doctrines of waiver, estoppel, unclean hands and/or laches' … is insufficient under *Heller*."). "Simply pleading legal conclusions like 'waiver' and 'estoppel' is not enough because even under the liberal federal pleading standards, bare bones conclusory allegations with no supporting facts are not sufficient. By not providing any factual support, Defendants also fail to give Plaintiff notice as to how the defenses apply." *Do It Best Corp. v. Heinen Hardware, LLC,* 2013 WL 3421924, *3 (N.D. Ind. 2013) (internal quotes and citations omitted); *see also Newland North America Foods, Inc. v. Zentis North America Operating, LLC*, 2013 WL 2470273, *1 (N.D. Ind. 2013) (striking affirmative defense stating "Plaintiff's claims are barred by estoppel and/or waiver.").

Here, Plaintiff has no notice of what facts Defendants allege give rise to their defenses of laches, waiver or estoppel or how such defenses are even connected to Plaintiff's claims, "which after all is the goal of notice pleading." *Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 907 (N.D. Ill. 2006) (striking affirmative defense of estoppel and waiver because it did "not do the job of apprising opposing counsel and [the court] of the predicate for the claimed defense—which after all is the goal of notice pleading"); *Renalds v. S.R.G. Rest. Grp.*, 119 F. Supp. 2d 800, 803 (N.D. Ill. 2000) (striking affirmative defenses that are "bare-bones conclusory allegations, simply naming legal theories without indicating how they are connected to the case at hand"). Affirmative defenses 10 through 12 should be stricken.

### B. Defendants' Affirmative Defense No. 13

Defendants' affirmative defense 13 also omits any facts and fails to allege any elements of the claimed defense. Defendant seemingly concedes this, but asserts that their affirmative defense is sufficient when read in connection with their motion to dismiss. *See* Doc. 65 at 5-6. ("Plaintiff has been fully and fairly apprised, by the briefing in this case on Defendants' Fed. R. Civ. P. 12(b) Motion to Dismiss Plaintiff's Class Action Complaint and by the allegations in Defendants' Answer itself, of the particulars of this affirmative defense."). Specifically, Defendants assert their motion makes clear that affirmative defense 13 means "that Plaintiff failed to join an indispensable party – his wife…. If the evidence shows that Plaintiff's Property was in fact redeemed by someone other than or in addition to Plaintiff alone, then as a matter of law Plaintiff has failed to join an indispensable party." *Id.*

Whether or not Defendants' motion to dismiss illuminates how affirmative defense 13 is connected to Plaintiff's claims, Defendants have failed to plead them because a motion to dismiss is not a pleading. *Fort Howard Paper Co. v. Standard Havens, Inc.*, 901 F.2d 1373, 1377 (7th Cir.1990) ("Affirmative defenses must be *pleaded*, as the district court recognized, in accordance with Rule 8(c) of the Federal Rules of Civil Procedure."); *Maldonado v. Dominguez*, 137 F.3d 1, 11 n. 8 (1st Cir. 1998) ("We note that a motion to dismiss is not a "pleading" as the term is defined in Fed.R.Civ.P. 7."); *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1297 (Fed. Cir. 2010) ("Rule 7(a) lists the types of pleadings permissible in federal cases. Fed. R.Civ.P. 7(a). A motion to dismiss is not one of them. It is not a pleading directed to issues of fact triable by the jury."); *United States v. Anderson*, 584 F.2d 369, 372 n. 4 (10th Cir.1978) (stating that a motion to dismiss is not a pleading within the federal rules). The "purpose of pleadings is to narrow the issues to be tried." *Sharp v. Barnhart*, 117 F.2d 604, 607 (7th Cir. 1941). Plaintiff should not be required to search every submission made by Defendants to

determine its claimed defenses. If Defendants believe that anyone who redeemed Plaintiff's Property in addition to him would be a necessary party, their affirmative defense should reflect that belief. As currently pled, however, affirmative defense 13 does not accomplish this and should be stricken.

### C. Defendants' Affirmative Defense No. 14

Defendants concede affirmative defense 14 is not an affirmative defense. Accordingly, the affirmative does nothing to narrow the issues for trial. Rather, it unnecessarily clutters the pleadings. *Heller* teaches that such purported affirmative defenses should be stricken. *Heller Fin., Inc.*, 883 F.2d at 1294 ("But where, as here, motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay. Affirmative defenses will be stricken only when they are insufficient on the face of the pleadings."); *see also Parker v. Rockies Express Pipeline*, 2012 WL 4762138 at *4 (striking reservation of defenses *sua sponte*). Affirmative defense 14 should be stricken.

WHEREFORE, Plaintiff prays this Court enter an order striking Defendants' tenth through fourteenth affirmative defenses; and for such other and further relief as the Court deems appropriate under the circumstances.

SANDBERG PHOENIX & von GONTARD P.C.

By: /s/ Jesse B. Rochman
John S. Sandberg
Bhavik R. Patel
Jesse B. Rochman
600 Washington Avenue – 15th Floor
St. Louis, MO 63101-1880
314-231-3332
314-241-7604 (Fax)
jsandberg@sandbergphoenix.com
bpatel@sandbergphoenix.com
jrochman@sandbergphoenix.com
*Attorneys for Plaintiff*

## Certificate of Service

      I certify on July 16, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the attorneys/parties of record.

      /s/ Jesse B. Rochman