UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JOSHUA B. CRISSEN, individually and on behalf of all others similarly situated,

Plaintiff,

v.

VINOD C. GUPTA and WIPER CORPORATION,

Defendants.

Case No. 2:12-cv-00355-JMS-WGH

**MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

On July 13, 2013, Plaintiff Joshua B. Crissen, by counsel, filed herein his Plaintiff's Motion to Compel (the "Motion to Compel" or "Motion"). Defendant Vinod C. Gupta ("Gupta"), by counsel, respectfully submits this Memorandum in Response to Plaintiff's Motion to Compel.

## I. Introduction

Plaintiff's Motion to Compel asks this Court "to compel Defendant Vinod C. Gupta ("Vinod") to allow Plaintiff's counsel to inspect documents" (Motion to Compel, p. 1). However, since Defendant Gupta has already produced all documents and electronic records responsive to Plaintiff's First Set of Requests for Production Directed to Defendant Vinod C. Gupta and Plaintiff's Second Set of Requests for Production Directed to Defendant Vinod C. Gupta (together, the "Requests for Production"), it is not clear what Plaintiff seeks by this motion. Likewise, although the Motion says it seeks "to allow Plaintiff to inspect **documents**," the Motion repeatedly refers to approximately 46,000 electronic records (which Plaintiff mischaracterizes as "PDFs") produced by Defendant Gupta in response to Plaintiff's Requests

for Production. In addition, the Motion seeks relief that has already been discussed at length in an hour-long conference call initiated by Plaintiff with the Magistrate Judge on June 17, 2013, and which the June 24, 2013 Magistrate Judge's Order on Attorney Conference Call has already denied. Moreover, most (over two-thirds) of the documents Plaintiff seeks to inspect are not even relevant to Plaintiff's claims in this action or discoverable. Further, Plaintiff has waived any argument that Defendant Gupta should be required to allow Plaintiff to inspect those documents. Finally, other than the telephone conference initiated by Plaintiff with the Magistrate Judge on June 17, 2013 and the telephone conference between counsel for Plaintiff and counsel for Defendants on June 14, 2013 which preceded that call, counsel have never conferred about whatever relief Plaintiff seeks in his Motion as required by S.D.Ind.L.R. 37-1(a).

## II. The Relief Sought in Plaintiff's Motion to Compel Has Already Been the Subject of an Hour-Long Conference Call Initiated by Plaintiff with the Magistrate Judge, and Was Denied by the Magistrate Judge's Order Following That Call

On June 7, 2013, counsel for Plaintiff sent counsel for Defendant Gupta an email with a letter dated June 7, 2013. The very first issue raised on the first page of that letter was the following:

> The documents you produced are in alphabetical order and accordingly they do not appear to have been produced as they are kept in the usual course of business. If you claim that they were produced as they have been kept in the usual course of business we will want to visit your office to view the originals.

A copy of that email and letter is attached hereto at **Tab 3** of **Exhibit A**.

By letter dated June 15, 2013, counsel for Defendant Gupta sent counsel for Plaintiff a nine-page letter in response (the "June 15, 2013 Letter"). A copy of that June 15, 2013 Letter is attached hereto as **Exhibit A**. The last paragraph on the second page of that letter made it clear that Defendant Gupta **did** produce the documents responsive to Plaintiff's discovery "as they are

kept in the usual course of [his] business" as required by Fed.R.Civ.P. 34(b)(2)(E)(i), and that those documents would **not** be produced again at the office of counsel for Defendant Gupta:

> First of all, your assertion is not altogether accurate. The tax certificates and tax deeds were neatly foldered and labeled by county, and those folders were produced (as they are kept by my client) in alphabetical order by the name of the county where the real estate is located. The work papers were foldered and labeled by year of the tax sale, and produced (as they are kept by my client) in alphabetical order by the name of the county where the real estate is located for each year of tax sale. Frankly, I think this is a perfectly logical way to keep such records. However, whether my client kept his records in the way that you or I think he should have kept them really isn't important. What is important is that those documents be produced as they are kept in the usual course of business, and that is exactly how they were produced to you. Accordingly, we will not specify which documents apply to which requests, and you are not welcome to view the originals in our office.

On June 17, 2013, at the insistence of counsel for Plaintiff, an hour-long conference call with the Magistrate Judge was held. During that call, counsel for Plaintiff argued that he should be allowed to inspect the original documents produced by Defendant Gupta because he did not believe that they had been produced as they are kept in the usual course of Defendant Gupta's business. Following that hour-long conference call, the Magistrate Judge issued his June 24, 2013 Magistrate Judge's Order on Attorney Conference Call. Paragraph 2 of that Order stated:

> 2. The Magistrate Judge declines at this time to order the Defendants to produce documents in any manner other than that which they have been produced to date.

Defendant Gupta respectfully submits that this Order decided the issue that Plaintiff now seeks to raise again in his Motion to Compel.[1] In fact, following receipt of this Order, and in reliance thereon, counsel for Defendant Gupta shipped the original documents that were produced to Plaintiff on June 3, 2013 back to Defendant Gupta in Florida. As a result, they are

[1] To the extent that Plaintiff's Motion to Compel is an attempt to seek review by the District Judge of this Order, it is untimely. Fed.R.Civ.P. 72(a) requires that any objection to this Order must have been filed within 14 days of the Order, or by July 8, 2013. Plaintiff has thus waived any objection to that Order, and may not utilize its Motion to Compel as an end run around the requirements of Fed.R.Civ.P. 72(a).

no longer at the office of counsel for Defendant for counsel for Plaintiff to inspect when he plans to visit on July 25, 2013 for the purpose of inspecting eight (8) banker's boxes of certified mail receipts and returned certified mailings that Defendant Gupta did not burn onto CDs because of the prohibitive cost of doing so.

## III. Most of the Documents Produced by Defendant Gupta in Response to Plaintiff's Discovery Are Not Even Relevant or Discoverable

Plaintiff attempts to circumvent the Magistrate Judge's June 24, 2013 Order by arguing that Defendant Gupta should be ordered to allow Plaintiff to inspect documents produced by Defendant Gupta because Defendant Gupta's formal responses to Plaintiff's Requests for Production said that inspection of those documents would be permitted. The Motion to Compel then asserts:

> Accompanying these responses were 48,000 pages of PDFs organized in the following folders:
>
> 1. Tax Certificates
> 2. Tax Deeds
> 3. Misc Papers
> 4. IND-2007 Sale List
> 5. IND-2008 sale list
> 6. IND-2009 Tax Sale List
> 7. IND-2010 Tax Sale List
> 8. IND-2012 Tax Sale List
> 9. word

(Motion to Compel, pp. 1-2). This argument is both factually inaccurate, and legally wrong. As explained in the last paragraph on the third page of the June 15, 2013 Letter sent to counsel for Plaintiff before the June 17, 2013 conference call that Plaintiff initiated with the Magistrate

Judge, Fed.R.Civ.P. 34(b)(2)(B) sets forth the requirements for responding to a request for production:

> For each item or category, the response **must** either state that **inspection** and related activities **will be permitted** as requested or state an objection to the request, including the reasons.

(emphasis added). As further explained in the first paragraph on the second page of that letter, Defendant Gupta's response to most of Plaintiff's requests for production was the following:

> **Inspection** of the documents responsive to this Request that are in the possession, custody or control of Gupta **will be permitted** at the office of his counsel during normal business hours upon reasonable notice of a date and time mutually agreeable to counsel. Electronically stored information in spreadsheet format responsive to this Request that is in the possession, custody or control of Gupta will be produced in that format with an identifying Bates number, and all other electronically stored information responsive to this Request that is the possession, custody or control of Gupta will be produced in Bates numbered pdf format.

(emphasis added). It should thus be clear that Defendant Gupta responded to Plaintiff's requests for production of documents by stating that "**inspection** of the documents responsive to this request…**will be permitted**…" because Fed.R.Civ.P. 34(b)(2)(B) says that Defendant Gupta's responses "**must**" so state. Defendant Gupta should not now be penalized for following the Rules to the letter.

In fact, as recited on the second page of the June 15, 2013 Letter, the formal responses to Plaintiff's discovery were sent to counsel for Plaintiff by counsel for Defendant Gupta accompanied by two (2) CDs containing over 48,000 Bates-numbered documents and electronic records responsive to Plaintiff's Requests for Production. A photocopy of those two (2) CDs is attached hereto as **Exhibit B**.

Plaintiff's Motion to Compel asserts that those two CDs contain "48,000 pages of PDFs organized in…folders." This is a totally inaccurate statement. As was made painstakingly clear both on the eighth page of the June 15, 2013 Letter and during the hour-long conference call

initiated by Plaintiff with the Magistrate Judge on June 17, 2013, **most** of what was contained in those two CDs produced by Defendant Gupta was **not** in pdf format. Most of it was electronically stored information produced in **native** format. And that is precisely what Defendant Gupta's formal responses to Plaintiff's Requests for Production stated:

> Electronically stored information in spreadsheet format responsive to this Request that is in the possession, custody or control of Gupta will be produced in that format with an identifying Bates number, and all other electronically stored information responsive to this Request that is the possession, custody or control of Gupta will be produced in Bates numbered pdf format.

More directly, Plaintiff's reference to "48,000 pages of PDFs" in the Motion to Compel, besides being factually inaccurate, attempts to confuse the Court by failing to distinguish between **documents** responsive to Plaintiff's Requests for Production and **electronic records** responsive to Plaintiff's Requests for Production. As explained on the eighth page of the June 15, 2013 Letter and explained again during the hour-long conference call on June 17, 2013 initiated by Plaintiff with the Magistrate Judge, the first CD (the one labeled "Paper Docs") contains 2,781 paper documents responsive to Plaintiff's Requests for Production of Documents. The second CD (the one labeled "E-Docs") contains 45,224 electronic records responsive to Plaintiff's Requests for Production.

Despite the confusion created by Plaintiff's Motion to Compel, presumably the Motion to Compel is directed only at the 2,781 paper documents on the first CD produced by Defendant Gupta.[2] However, a closer look at **what** those 2,781 documents actually are shows why there is no need to re-produce the originals to Plaintiff.

---

[2] If the Motion to Compel is directed at the 45,244 electronic records produced by Defendant Gupta, counsel for Defendant Gupta would again, as he did during the hour-long conference call initiated by Plaintiff with the Magistrate Judge on June 17, 2013, point out that there are no "original documents" for those electronic records. By definition, they are electronically stored information, not documents. By its own terms, Fed.R.Civ.P. 34(b)(2)(E)(i) requires only that **documents** be produced as they are kept in the usual course of business, not

Initially, it should be observed that a banker's box holds approximately 5,000 documents, so the 2,781 paper documents contained on the first CD produced by Defendant Gupta amount to barely **half** of banker's box of documents. The basis for Plaintiff's Motion to Compel is that Defendant Gupta "did not organize and label" that half of a banker's box of documents "to correspond to the categories in the request (Motion to Compel, p. 2). According to Plaintiff, "[i]t is difficult, if not impossible, to ascertain how Vinod kept his documents in the usual course of business" based on how Defendant Gupta produced this half of a banker's box of documents. *Id.*

It is respectfully submitted that Plaintiff should have no difficulty whatsoever (certainly not "impossible" as represented in the Motion to Compel) in going through a half of a banker's box of documents to determine which requests those documents are responsive to. Moreover, that half of a banker's box of documents on the first CD produced by Defendant Gupta was very organized. When that CD is opened, one sees there are a total of **three** (3) file folders of documents neatly organized on that CD.

The first file folder contains 737 Bates-stamped pages of Tax Certificates, neatly organized in sub-files that are labeled in alphabetical order by the name of the county issuing the Tax Certificate. These are Indiana State Board of Accounts form documents issued by the counties to a tax sale buyer. Moreover, these Tax Certificates are not even relevant to Plaintiff's claims in this action or discoverable because, if Defendant Gupta still has possession of a Tax Certificate, that means the property was never redeemed and Plaintiff does not and cannot make any claim respecting that property in his Class Action Complaint! Ind. Code §6-1.1-25-3

---

electronically stored information. With respect to electronically stored information, Fed.R.Civ.P. 34(b)(2)(E)(ii) requires only that it be produced "in a form or forms in which it is ordinarily maintained [i.e., in native format] or in a reasonably usable form or forms [i.e., in pdf format]." Moreover, Fed.R.Civ.P. 34(b)(2)(E)(iii) expressly dictates that "[a] party need not produce the same electronically stored information in more than one form."

requires a tax sale buyer such as Defendant Gupta to surrender the Tax Certificate for a property in order to be paid "the amount received by the county treasurer for redemption. The county auditor shall indorse the certificate and preserve it as a public record." Thus, any Tax Certificates still in Defendant Gupta's possession are wholly irrelevant to this action and not even discoverable. Defendant Gupta nonetheless produced the documents that are responsive to this request notwithstanding their irrelevance in order to avoid the very kind of wasteful and expensive discovery dispute that Plaintiff has raised by his Motion to Compel. Plaintiff has absolutely no grounds to object to how Defendant Gupta produced these 737 Bates-stamped pages of Tax Certificates because they are not discoverable (because they are not relevant to Plaintiff's claims) and Defendant Gupta wasn't even required to produce them in the first place.

The second folder contains 1,226 Bates-stamped pages of Tax Deeds (almost half of the total 2,781 paper documents on the CD) that are, again, neatly organized in sub-files and labeled in alphabetical order by the name of the county issuing the Tax Deed. These are recorded deeds; they are all a matter of public record. More importantly, it must be observed again that if Defendant Gupta received a tax deed for a property purchased at tax sale, Plaintiff does not and cannot make any claim respecting that property in his Class Action Complaint, because no one redeemed the property and paid the notice and title search costs certified by Defendant Gupta! Ind. Code § 6-1.1-25-4.5 expressly states that a tax sale purchaser is only entitled to a tax deed if, *inter alia*, "the property has not been redeemed." Defendant Gupta specifically objected to Request No. 17 of Plaintiff's First Set of Requests for Production Directed to Defendant Vinod C. Gupta requesting these Tax Deeds: "Gupta, by counsel, objects to this Request because it requests documents that are not relevant to the subject matter of this action." Defendant Gupta nonetheless again produced the documents that are responsive to this request despite his asserted

objection in order to avoid the very kind of wasteful and expensive discovery dispute that Plaintiff has raised by his Motion to Compel. Plaintiff has absolutely no grounds to object to how Defendant Gupta produced these 1,226 Bates-stamped pages of Tax Deeds because they are not discoverable (because they are not relevant to Plaintiff's claims) and Defendant Gupta wasn't even required to produce them in the first place. Again, this is almost half of all paper documents that Defendant Gupta produced on the first CD that Plaintiff is complaining about in his Motion to Compel, and they are not even relevant to his claims in this action.

The third folder contains the remaining 818 Bates-stamped pages labeled as "Miscellaneous Documents." These documents are Defendant Gupta's handwritten work papers, paid receipts for notice and title search work from Vivek Gupta for 2007 through 2012 in chronological order, and copies of some checks paid to Vivek.

It should be clear from the foregoing that producing the half of a banker's box of documents contained on the first CD produced by Defendant Gupta in response to Plaintiff's requests for production would be a wasted exercise. Over two-thirds of those documents are not even relevant to Plaintiff's claims in this action or discoverable. Defendant Gupta produced those documents to Plaintiff despite his asserted objection that they are not relevant or discoverable in order to avoid the very kind of expensive and wasteful discovery dispute that Plaintiff is waging by his Motion to Compel.

## IV. Plaintiff Waived Any Right to Inspect the Documents Produced by Defendant Gupta

**After** the June 17, 2013 conference call that Plaintiff initiated with the Magistrate Judge seeking the very same relief that he now seeks in his Motion to Compel, and **after** the June 24, 2013 Magistrate Judge's Order on Attorney Conference Call denying that relief, there was a telephonic Status Conference with the Magistrate Judge in this case on July 1, 2013 pursuant to

the Order on Case Management Plan entered by the Magistrate Judge back on March 7, 2013. Pursuant to S.D.Ind.L.R. 16-1(d), counsel were required to confer prior to that Status Conference about any matters to be discussed at that Status Conference. On June 27, 2013, counsel for Defendants sent an email to counsel for Plaintiff asking if there were "any outstanding issues we need to discuss with the Magistrate Judge" at the Status Conference. By return email on the same date, counsel for Plaintiff stated: "As to issues for the Judge we still want to see the originals of the paper documents you produced to confirm that they were produced as maintained in the usual counsel of business." A copy of that email is attached hereto as **Exhibit C**.

However, during the conference call between counsel for Plaintiff and counsel for Defendants on June 28, 2013, counsel for Plaintiff never once raised the issue of wanting to see the originals of the paper documents produced by Defendant Gupta. Moreover, counsel for Plaintiff never once raised the issue of wanting to see the originals of the paper documents produced by Defendant Gupta during the telephonic Status Conference with the Magistrate Judge on July 1, 2013, and the July 3, 2013 Magistrate Judge's Order on Telephonic Status Conference makes no mention whatsoever of any issue of Plaintiff's counsel wanting to see the originals of the paper documents produced by Defendant Gupta.

Defendant Gupta respectfully submits that, to the extent this issue was not already decided by the June 24, 2013 Magistrate Judge's Order on Attorney Conference Call, Plaintiff waived this issue by intentionally not raising it in the scheduled telephonic Status Conference with the Magistrate Judge on July 1, 2013 or the telephone conference with counsel for Defendants on June 28, 2013 which preceded that Status Conference. Plaintiff should not now be allowed to dredge up old issues in his Motion to Compel that he had every opportunity to

raise at a Status Conference in this case that was scheduled for the very purpose of discussing issues such as discovery disputes, and intentionally declined to do so.

**V. Plaintiff Has Not Complied with S.D.Ind.L.R. 37-1 and his Motion to Compel Should, Consequently, be Denied**

Not only did Plaintiff intentionally not raise the issue of wanting to see the originals of the paper documents produced by Defendant Gupta in the recent Status Conference with the Magistrate Judge, counsel for Plaintiff never conferred with counsel for Defendant Gupta about this issue at any time since the hour-long conference call that Plaintiff initiated with the Magistrate Judge back on June 17, 2013 for the purpose of satisfying the requirements of S.D.Ind.L.R. 37-1. S.D.Ind.L.R. 37-1(a) requires that, "[p]rior to involving the court in any discovery dispute, including disputes involving depositions, counsel must confer in a good faith attempt to resolve the dispute." S.D.Ind.L.R. 37-1(b) goes on to state:

> In the event that the discovery dispute is not resolved at the conference, counsel may file a motion to compel or other motion raising the dispute. **Any motion raising a discovery dispute must contain a statement setting forth the efforts taken to resolve the dispute, including the date, time, and place of any discovery conference and the names of all participating parties. The court may deny any motion raising a discovery dispute that does not contain such a statement.**

(emphasis added).

As already noted, the only time counsel for Plaintiff and counsel for Defendant have conferred about this issue was during the hour-long conference call on June 17, 2013 initiated by Plaintiff with the Magistrate Judge, and the preceding conference call between counsel for Plaintiff and counsel for Defendant on June 14, 2013 in preparation therefor. Counsel for Plaintiff has not conferred with counsel for Defendant Gupta about this issue as contemplated by S.D.Ind.L.R. 37-1(b) since that time. Other than the June 27, 2013 e-mail from counsel for Plaintiff referenced in the preceding section IV of this memorandum, the only communication

between counsel for Plaintiff and counsel for Defendant Gupta regarding the subject of Plaintiff's Motion to Compel is set forth in the email string attached hereto as **Exhibit D**.

Plaintiff's Motion to Compel contains what his counsel calls a "Local Rule 37-1(b) Statement" (Motion to Compel, p. 3). However, that Statement does not set forth "the date, time, and place of any discovery conference" as expressly required by S.D.Ind.L.R. 37-1(b), and is therefore deficient. More tellingly, it does state that "the parties conducted a telephone conference with Magistrate Judge William G. Hussmann, Jr. (See Doc. 50), in which John S. Sandberg participated for the Plaintiff, and David J. Theising and Stephen E. Arthur participated for the Defendants." *Id.* If this is the conference where counsel for Plaintiff supposedly conferred with counsel for Defendant Gupta about the subject of Plaintiff's Motion to Compel – whether Defendant Gupta must produce the originals of the paper documents already produced to Plaintiff on July 3, 2013 – then it is simply disingenuous for Plaintiff to argue at the same time in his Motion to Compel that the June 24, 2013 Magistrate Judge's Order on Attorney Conference Call did not already address and decide this issue. Plaintiff can't have it both ways. Either the subject of Plaintiff's Motion to Compel was discussed and decided in that June 17, 2013 hour-long conference call with the Magistrate Judge, or else counsel for Plaintiff has never conferred with counsel for Defendant Gupta about this issue in contravention of S.D.Ind.L.R. 37-1(a).

## VI. Conclusion

Defendant Gupta has already produced to Plaintiff on July 3, 2013 all of the documents and electronic records in his possession, custody or control that are responsive to Plaintiff's Requests for Production. Plaintiff's Motion to Compel seeks relief that has already been discussed at length in an hour-long conference call initiated by Plaintiff with the Magistrate

Judge on June 17, 2013, and which the June 24, 2013 Magistrate Judge's Order on Attorney Conference Call has already denied. Plaintiff's Motion to Compel presents this Court with no new evidence or reason to indicate that Defendant Gupta's paper documents were not produced to Plaintiff as they are kept in the usual course of his business. Moreover, most (over two-thirds) of the documents Plaintiff seeks to inspect are not even relevant to Plaintiff's claims in this action or discoverable in the first place. The original paper documents of Defendant Gupta were shipped back to him in Florida following the June 24, 2013 Magistrate Judge's Order on Attorney Conference Call and in reliance thereon. There is no valid reason why Defendant Gupta should be put to further expense in again producing those documents to Plaintiff. Furthermore, Plaintiff has waived any argument that Defendant Gupta should be required to allow Plaintiff to inspect those documents because Plaintiff intentionally declined to raise the issue of wanting to see the originals of the paper documents produced by Defendant Gupta during the telephone Status Conference with the Magistrate Judge on July 1, 2013 scheduled for the very purpose of addressing such matters as discovery disputes. And finally, other than the telephone conference initiated by Plaintiff with the Magistrate Judge on June 17, 2013 and the telephone conference between counsel for Plaintiff and counsel for Defendants on June 14, 2013 which preceded that call, counsel have never conferred about whatever relief Plaintiff seeks in his Motion to Compel as required by S.D.Ind.L.R. 37-1(a). For all of these reasons, Plaintiff's Motion to Compel should be summarily denied.

HARRISON & MOBERLY, LLP

*/s/ David J. Theising*

David J. Theising
Stephen E. Arthur
Marc A.W. Stearns
HARRISON & MOBERLY, LLP
10 West Market Street, Suite 700
Indianapolis, Indiana 46204
Telephone: (317) 639-4511
Facsimile: (317) 639-9565
Email: dtheising@harrisonmoberly.com
sarthur@harrisonmoberly.com
mstearns@harrisonmoberly.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on the 22nd day of July, 2013, a copy of the foregoing Response to Plaintiff's Motion to Compel was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

John S. Sandberg
Bhavik R. Patel
Jesse B. Rochman
SANDBERG PHOENIX & VONGONTARD, P.C.
600 Washington Avenue, 15th Floor
St. Louis, Missouri 63101
Email: jsandberg@sandbergphoenix.com
Email: bpatel@sandbergphoenix.com
Email: jrochman@sandbergphoenix.com

*/s/ David J. Theising*

David J. Theising
HARRISON & MOBERLY, LLP
10 West Market Street, Suite 700
Indianapolis, Indiana 46204
Telephone: (317) 639-4511
Facsimile: (317) 639-9565
Email: dtheising@harrisonmoberly.com

Counsel for Defendant Vinod C. Gupta