**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| JOSHUA B. CRISSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VINOD C. GUPTA and WIPER CORPORATION,<br><br>Defendants. | Case No.:  2:12-cv-00355-JMS-WGH |

### Plaintiff's Motion for Leave to Amend

Plaintiff Joshua B. Crissen ("Plaintiff"), individually and for all others similarly situated, through his attorneys Sandberg Phoenix & von Gontard PC, moves the Court for leave to amend under Rule 15(a)(2):

1. The case management plan submitted by the parties (Doc. 20) and approved by the Court (Doc. 22) requires filing of all motions for leave to amend the pleadings (including joining additional parties) by August 1, 2013. *See* Doc. 20 § III.A.4.

2. Where, as here, a defendants withholds their consent to an amendment being made within the time permitted under the case management plan, Rule 15 obliges the plaintiff to obtain "the court's leave...[which the court] should freely give...when justice so requires." Rule 15(a)(2). However, "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

3. The original Complaint arose from Defendants' scheme to artificially inflate the money required for the redemption of real property sold at tax sales for delinquent taxes and

special assessments. *See* Doc. 1, ¶ 1. Specifically, Defendants falsely certified they incurred and paid fees, so these fees would be in the Redemption Amount, but Defendants neither incurred nor paid these fees. *Id.*

4. Plaintiff seeks leave to amend to add Vivek V. Gupta and Banco Popular North America ("BPNA") as defendants because each of them participated in the operation or management of and performed activities necessary or helpful to Defendants' tax sale business.[1] Plaintiff also seeks leave to amend to update Exhibit B to the Complaint (Doc. 1-2) to include the information for over 850 more redemptions made by putative class members (*i.e.,* nearly $500,000 in additional damages) that were learned through discovery, including the subpoenas to each of the counties in Indiana.

5. None of the reasons for denying leave to amend exist here.

6. Being the first time Plaintiff has sought leave to amend, Plaintiff has not repeatedly failed to cure deficiencies in his Complaint. Nor would an amendment be futile because Plaintiff is only seeking to add new parties and details to Exhibit B based on the same operative facts pled in the original Complaint.

7. There is no undue prejudice. Defendants have not: (i) filed any dispositive motions; (ii) served any written discovery; (iii) taken any deposition. The earliest deadline for dispositive motions and completion of discovery is April 1, 2014 and May 1, 2014, relatively.

8. There is no evidence of undue delay, bad faith or dilatory motive. Plaintiff received approximately 48,000 pages of documents from Defendants on June 3, 2013 (Defendants obtained a 60 day extension from the Court to produce on this date). *See* Docs. 30, 32. While waiting for Defendants' responses to written discovery, Plaintiff subpoenaed Vivek

---

[1] The Court has personal jurisdiction over Satyabala as discussed in Plaintiff's motion to reconsider. *See* Doc. 60. Accordingly, Plaintiff's amended complaint makes allegations against Satyabala consistent with the original complaint.

and BPNA. Vivek produced 5085 pages of documents around June 10, 2013. On June 14, 2013, BPNA produced 7,916 pages documents. On June 19, 2013, BPNA produced another 627 pages of documents. On June 19, 2013, Plaintiff took the deposition of a corporate representative of BPNA. The deponent lacked knowledge regarding most topics in Plaintiff's deposition notice and his testimony revealed many other documents responsive to Plaintiff's subpoena that BPNA had failed to produce.

9. From June 19, 2013 until now, Plaintiff has had to move to reconsider based upon Satyabala's false affidavit, continue with review and analysis of over 60,000 documents produced by these parties and has had to confer with Vivek and BPNA regarding their deficient document production. Indeed, BPNA wrote Plaintiff on July 11, 2013, to indicate it would be producing over 4,422 e-mails and various other documents by the following week. To date, Plaintiff has not received those documents despite multiple follow-up e-mails from Plaintiff's counsel to BPNA's counsel. In other words, Plaintiff was acting diligently and without bad faith.

10. Justice requires Plaintiff be granted leave to amend his Complaint.

11. Plaintiff's proposed amended class action complaint is attached.

WHEREFORE, Plaintiff prays this Court enter an order granting Plaintiff leave to amend his complaint by filing the attached proposed amended class action complaint; and for such other and further relief as the Court deems appropriate under the circumstances.

SANDBERG PHOENIX & von GONTARD P.C.

By: /s/ Jesse B. Rochman
John S. Sandberg
Bhavik R. Patel
Jesse B. Rochman
600 Washington Avenue – 15th Floor
St. Louis, MO 63101-1880
314-231-3332

4434192.1                               3

>314-241-7604 (Fax)
>jsandberg@sandbergphoenix.com
>bpatel@sandbergphoenix.com
>jrochman@sandbergphoenix.com
>*Attorneys for Plaintiff*

## Certificate of Service

I certify on July 29, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the attorneys/parties of record.

>/s/ Jesse B. Rochman