UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSHUA B. CRISSEN, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> VINOD C. GUPTA and <br> WIPER CORPORATION, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 2:12-cv-00355-JMS-WGH <br> ) <br> ) <br> ) <br> ) |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER DISMISSAL OF SATYABALA V. GUPTA

Defendants, Vinod C. Gupta and Wiper Corporation, by counsel, submit their Response to Plaintiff's Motion to Reconsider Dismissal of Satyabala V. Gupta ("Mrs. Gupta") as follows:

### I.  INTRODUCTION

On June 7, 2013, the Court entered an *Order* dismissing Mrs. Gupta from the present matter.  In its June 7, 2013 Order the Court held it did not have specific jurisdiction over Mrs. Gupta based, in part, upon her affidavit showing,

> [S]he did not participate in or bid at any of the tax sales Mr. Crissen identified in the exhibit to his Complaint, has never participated in or bid at any tax sale in Indiana or purchased any property at a tax sale in Indiana, did not send any Notice of Redemption regarding the properties listed in the exhibit to the Complaint, has never sent any Notice of Redemption regarding any property in Indiana, and, while she is a minority shareholder and director of Wiper, has not and never has been "an officer or employee of [Wiper] or been involved in its day-to-day management or operations or done any business in [Indiana] as a representative of the corporation. [Dkt. 24 at 1-2.]"

Order, p. 9.

The Court held "Mr. Crissen has not presented any evidence to refute Ms. Gupta's statements."

The Court also observed that Indiana courts have not extended the reach of personal jurisdiction

1

over non-resident corporate directors such as Mrs. Gupta, holding it did not have specific personal jurisdiction over Ms. Gupta on that ground as well. *Id*.

On July 5, 2013, Plaintiff filed a *Motion to Reconsider Dismissal of Satyabala V. Gupta* ("Motion to Reconsider") arguing he found new evidence showing that the Court has jurisdiction over Mrs. Gupta. See Motion to Reconsider, pp. 1-4. As shown below, Plaintiff has failed to submit admissible evidence to support his allegation that Mrs. Gupta conducted business in Indiana and subjects herself to the jurisdiction of the Court. The Court should not consider the unauthenticated, hearsay evidence contained in **Exhibit A** to Plaintiff's Motion to Reconsider (hereafter referred to as "**Exhibit A**"). Further, even if the documents in **Exhibit A** were admissible and could be considered by the Court, this inadmissible unauthenticated hearsay evidence fails to contradict Mrs. Gupta's Affidavit, since those documents do not prove Mrs. Gupta conducted business in Indiana and subjected herself to the Court's jurisdiction. Accordingly, the Court should summarily deny Plaintiff's Motion to Reconsider.

## II.    ARGUMENT

**A.    The documents supporting Plaintiff's Motion to Reconsider are inadmissible hearsay.[1]**

Fed. R. Evid. 803 provides certain exceptions to the rule against hearsay regardless of whether the declarant is available as a witness. Subsection 6 of Fed. R. Evid. 803 is the hearsay exception for business records, i.e. bank records. Pursuant to Rule 803(6):

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
>
> *    *    *

---

[1] Defendants are filing their *Motion to Strike Exhibit A of Plaintiff's Motion to Reconsider Dismissal of Satyabala V. Gupta* contemporaneously herewith.

**(6) Records of Regularly Conducted Activity.** A record of an act, event, condition, opinion, or diagnosis if:

    (A)    the record was made at or near the time by – or from information transmitted by – someone with knowledge;

    (B)    the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

    (C)    making the record was a regular practice of that activity;

    **(D)**    **all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and**

    (E)    neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

(emphasis added). In order to fit within the hearsay exception for business records, the reliability of such records must be "shown by the testimony of the custodian or another qualified witness." *In re Eastern Livestock Co., LLC*, 2012 WL 2933294 at *3 (S.D. Ind. Oct. 6, 2012). In *Eastern Livestock*, the court found certain business records produced by Peoples Bank ("Peoples") including (1) a note; (2) the related security agreement; (3) a receipt from the Kansas Secretary of State acknowledging filing of a collateral amendment to People's UCC financing statement; (4) a purchase invoice; and, (5) a copy of a dishonored check, were all properly authenticated by the president of Peoples who "[swore] under penalty of perjury that 'the attached Exhibits are true and correct copes.'" *Id*. at *3-4. The court observed that "the president's knowledge of the authenticity of the note and security agreement seems beyond question, since he executed those documents on behalf of Peoples." *Id*. at 4. The court held the remaining items were "records one would expect a bank to maintain, and have sufficient indicia of trustworthiness to be considered reliable." *Id*. The court was satisfied that Peoples' president would be qualified to

3

introduce the documents at trial by virtue of his position within the bank and his personal involvement in the transaction at issue. *Id*.

In the present action, Plaintiff baldly asserts that he has found newly discovered evidence contained in his **Exhibit A** which he argues proves that the Court has personal jurisdiction over Mrs. Gupta and makes her affidavit patently false. Motion to Reconsider, p. 2. According to counsel for Plaintiff, **Exhibit A** allegedly consists of documents produced by a non-party, Banco Popular North America ("BPNA"). However, in accordance with Rule 803(6), Plaintiff must establish that the documents are themselves admissible in order for the Court to consider them. Plaintiff must lay a necessary foundation demonstrating their authenticity and admissibility under the business records exception. See 29A Am.Jur.2d Evidence § 1079 (2012). Plaintiff's **Exhibit A** must be authenticated by a qualified witness or custodian of BPNA. Fed. R. Evid. 803(6)(D); *In re Eastern Livestock Co., LLC*, 2012 WL 2933294 at *3-4.

There is no evidence that the documents contained in Plaintiff's **Exhibit A** have been authenticated by a qualified witness or custodian of BPNA in accordance with Rule 803(6). In fact, even though Plaintiff deposed a Bank representative, in New York, on June 20, 2012, for almost a full day, the Plaintiff asked no questions to lay an evidentiary exception to the hearsay rule under Rule 803(6). Unlike, *Eastern Livestock*, where Peoples' president properly authenticated documents maintained by Peoples, no proper authority from BPNA has sworn or attested under penalties of perjury as to the authenticity of the documents included in **Exhibit A**. All of the documents contained in Plaintiff's **Exhibit A** are inadmissible hearsay and do not fall within any exception to the hearsay rule. Therefore, the Court may and should not consider **Exhibit A** when making its decision whether to grant or deny Plaintiff's Motion to Reconsider.

4

Plaintiff has failed to submit admissible evidence in support of his bald assertion that Mrs. Gupta has conducted business in Indiana and that the Court has jurisdiction over her.

As pointed out in the original brief in support of Mrs. Gupta's motion to dismiss, "the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Fund v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). When a defendant such as Mrs. Gupta submits evidence in support of her motion to dismiss for lack of personal jurisdiction (such as Mrs. Gupta's affidavit in support of her original motion to dismiss), "the plaintiff must go beyond the pleadings and submit affirmative **evidence** supporting jurisdiction." *Id.* at 782-83 (emphasis added). This evidentiary bar is certainly not lowered for a plaintiff on a motion to reconsider a court's order dismissing a defendant for lack of personal jurisdiction. Here, Plaintiff has presented this Court with no admissible evidence to rebut the affidavit of Mrs. Gupta. Accordingly, Plaintiff's Motion to Reconsider must be denied.

**B.    Even if Plaintiff's inadmissible unauthenticated hearsay evidence could be considered by the Court, Plaintiff's hearsay evidence and supporting arguments fail to show that (a) Satyabala wrote and submitted checks to Indiana; or (b) Satyabala's act of signing checks on a joint account with her husband for Indiana property owned by Mr. Gupta's brings her within the Court's personal jurisdiction.**

The cornerstone of due process analysis is whether Mrs. Gupta's conduct and connection with Indiana is such that she should reasonably anticipate being hauled into court here. See *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1980). "Indiana courts have not extended the reach of personal jurisdiction to nonresident corporate directors simply because they are directors of a company doing business in Indiana." Order, p. 9, citing to *Woodruff v. S. Cent. Conf. of Seventh Day Adventists*, 2004 U.S. Dist. LEXIS 5164, *10-11 (S.D. Ind. 2004), ("Indiana courts have not yet determined whether a non-resident corporate director of a corporation doing business in Indiana is deemed to be doing business in Indiana, within the

5

meaning of Trial Rule 4.4(A)(1) and thus is subject to jurisdiction in its courts. Without a firm footing in Indiana law allowing personal jurisdiction under these circumstances, we will not proceed so far either").

Further, courts within and without this circuit have held that merely mailing payments or other correlating correspondences to a forum state are insufficient to confer personal jurisdiction. See e.g., *Lakeside Bridge & Steel Co. v. Mountain State Constr. Co.*, 597 F.2d 596, 603-4 (7th Cir. 1979) (finding no personal jurisdiction where defendant sent purchase orders, placed phone calls and mailed letters to forum state); *Jamik, Inc., v. Days Inn*, 74 F. Supp.2d 818, 822-23 (N.D. Ill. 1999) (finding no personal jurisdiction where defendant mailed contract and payments to forum state). See also *P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica*, 614 F.2d 1247, 1254 (9th Cir.1980) (holding the use of the mails, telephone, or other international communications do not qualify as purposeful activity invoking the benefits and protection of the forum state).

    i.    **<u>The Court does not have specific jurisdiction over Mrs. Gupta.</u>**

Plaintiff's Motion to Reconsider attacks Mrs. Gupta's statement she does not and did not do business in Indiana as a representative of Wiper Corporation. In support of his argument that Mrs. Gupta conducted business in Indiana and that the Court has specific jurisdiction over Mrs. Gupta, Plaintiff argues that BPNA's document production "contained checks written and personally signed by Satyabala." Motion to Reconsider, p. 2. According to Plaintiff, BPNA's documents show Mrs. Gupta allegedly conducted "over $880,000 in business in Indiana over the last seven years in connection with Defendants' purchases at Indiana tax sales." *Id*. To support his argument, Plaintiff wildly speculates and makes unsubstantiated assumptions that Mrs. Gupta *wrote* the checks included in the hearsay documents contained in **Exhibit A,** and *mailed* them to

Indiana. However, even a cursory review of the checks raises serious doubt about whether Mrs. Gupta actually wrote the checks. The handwriting of the payee and the amount of each check is markedly different from the signature on the check and, in many cases, the handwriting of the payee is different than the handwritten amount of the check! Plaintiff has presented no evidence whatsoever to support his assertion that Mrs. Gupta wrote the checks. Further, Plaintiff presents absolutely no evidence nor does he even argue in his Motion to Reconsider that Mrs. Gupta was the individual who actually sent the checks to Indiana. Plaintiff's inadmissible evidence consisting of checks alone does not bring Mrs. Gupta within the Court's jurisdiction. And even assuming, *arguendo*, that Mrs. Gupta mailed checks drawn on a joint bank account with her husband for payment on properties owned by Mr. Gupta, that activity alone is not sufficient to invoke Indiana's jurisdiction over her. See *Lakeside Bridge & Steel Co.*, 597 F.2d at 603-4; *Jamik, Inc.*, 74 F. Supp.3d at 822-23; *P. Gonzalez Corp.*, 614 F.2d at 1254. The Court should deny Plaintiff's Motion to Reconsider because he has presented no admissible evidence to show that the Court has jurisdiction over Mrs. Gupta.

Further, Defendants note an examination of the documents contained in **Exhibit A** reveals that most of those checks are dated in May or November of the years 2002 through 2012. This Court may certainly take judicial notice of the fact that property taxes in Indiana are payable semi-annually, in May and November. Thus, even if this Court were to consider the inadmissible, unauthenticated hearsay documents contained in **Exhibit A** to Plaintiff's Motion to Reconsider, it would appear that most of those checks were in payment of semi-annual property taxes on Indiana properties owned by Mr. Gupta.

Additionally, if Mr. Gupta owns a property in Indiana he purchased at a tax sale, that means the subject property was never redeemed from the tax sale. That means Plaintiff's Class

Action Complaint cannot possibly assert any claim against Mr. Gupta respecting that property because no one ever paid the redemption amount allegedly inflated by the Title Search and Notice Costs certified by Mr. Gupta!  Thus, any check in **Exhibit A** signed by Mrs. Gupta on her joint checking account with Mr. Gupta for payment of property taxes on those Indiana properties could not possibly have anything to do with the claims in this litigation.  Mrs. Gupta does not avail herself to the jurisdiction of Indiana in this action by simply signing checks on an account jointly owned by Mr. and Mrs. Gupta for payment of taxes on Indiana properties owned by Mr. Gupta.  As discussed above, Plaintiff has presented no evidence whatsoever that Mrs. Gupta wrote or mailed checks or performed any other act which would show she conducted business in Indiana and availed herself to the Court's jurisdiction.

Even if the Court did look to the inadmissible hearsay set forth in Plaintiff's **Exhibit A**, the Court should still deny Plaintiff's Motion to Reconsider because the documents included in **Exhibit A** do not show Mrs. Gupta conducted business in Indiana.  At best, the documents in **Exhibit A** merely show that Mrs. Gupta wrote checks from a bank account jointly owned by Mr. and Mrs. Gupta for payment of taxes and miscellaneous costs for Mr. Gupta's Indiana properties.

  **ii.**  <u>**Plaintiff waived his argument the Court has jurisdiction over Mrs. Gupta.**</u>

Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.  *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir. 1987), quoting *Keene Corp. v. Int'l Fidelity Ins. Co.,* 561 F.Supp. 656 (N.D.Ill.1982).  Parties are not permitted to use motions for reconsideration to raise arguments or present evidence that could have been raised in the original briefing. *Rothwell,* 827 F.2d at 251.

Here, Plaintiff failed to argue in his Response to Defendant's original Motion to Dismiss that the Court had general jurisdiction over Mrs. Gupta.  See Order, p. 7 ("While personal

jurisdiction may be either general or specific, Mr. Crissen does not appear to contend that the Court has general personal jurisdiction over Ms. Gupta. Therefore, the Court will only address whether it is able to exercise specific personal jurisdiction over Ms. Gupta."). Plaintiff now attempts for the first time to raise a general jurisdiction argument in his Motion to Reconsider that could have been raised in the original briefing. See Motion to Reconsider, p. 6. Plaintiff is now barred from arguing the Court has general jurisdiction over Mrs. Gupta. *Rothwell,* 827 F.2d at 251. Accordingly, the Court should not consider Plaintiff's general jurisdiction argument.

### iii. Even if Plaintiff's general jurisdiction argument could be considered, the Court does not have general jurisdiction over Mrs. Gupta.

Plaintiff waived any argument that this Court has general jurisdiction over Mrs. Gupta by failing to present that argument in his original briefing. However, even if the Court were to consider Plaintiff's new general jurisdiction argument, that argument must fail. As noted in Section B(i), *supra*, even if this Court were to consider the inadmissible unauthenticated hearsay documents included in **Exhibit A**, Plaintiff has still failed to submit any admissible evidence that Mrs. Gupta did anything but *sign* checks on a joint bank account with Mr. Gupta for payment on Indiana properties owned by Mr. Gupta. Mrs. Gupta does not have "continuous and systematic" contacts with Indiana by simply signing checks on a joint bank account with Mr. Gupta in payment for Indiana properties owned by Mr. Gupta. Based upon the inadmissible evidence included in **Exhibit A**, Plaintiff them makes totally unsubstantiated claims that "Satyabala sent agents and employees into Indiana to conduct business" and "had substantial mail, e-mail, fax, and telephone communications" with Indiana entities. Motion to Reconsider, p. 6. He further asks the Court to speculate that Mrs. Gupta "bought tax deeds" and "owns property in Indiana" without any evidence whatsoever to support such wild assertions. *Id*. Plaintiff utterly fails to provide this Court with any substantive evidence (i.e., admissible documents or witness

9

testimony) to support his speculative inferences that Mrs. Gupta had continuous and systematic contacts with Indiana. Even if considered by this Court, the documents in **Exhibit A** themselves fail to show that Mrs. Gupta conducted business in Indiana. At best, the documents in **Exhibit A** only show that Mrs. Gupta signed checks on a joint bank account with Mr. Gupta for payment on Indiana properties owned by Mr. Gupta. Thus, even if this Court were to conduct a general jurisdiction analysis, the Court should deny Plaintiff's Motion to Reconsider because Plaintiff has failed to present any evidence to prove that the Court has general jurisdiction over Mrs. Gupta.

### III. CONCLUSION

Plaintiff's Motion to Reconsider is premised entirely upon inadmissible unauthenticated hearsay evidence which this Court may not and should not consider. In an effort to bolster his fatally defective motion, Plaintiff has also offered and asked this Court to accept as evidence his wild speculation and totally unsubstantiated assumptions that Mrs. Gupta performs other direct activities and owns property in Indiana which could subject her to this Court's jurisdiction. There is no admissible evidence before this Court to support Plaintiff's Motion to Reconsider. That motion should therefore be summarily denied.

Respectfully submitted,

HARRISON & MOBERLY, LLP

*/s/ David J. Theising*
David J. Theising
Stephen E. Arthur
Marc A.W. Stearns
HARRISON & MOBERLY, LLP
10 West Market Street, Suite 700
Indianapolis, Indiana 46204
Telephone: (317) 639-4511
Facsimile: (317) 639-9565
Email: dtheising@harrisonmoberly.com
sarthur@harrisonmoberly.com

msteams@harrisonmoberly.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the 5th day of August, 2013, a copy of the foregoing *Defendants' Response to Plaintiff's Motion to Reconsider Dismissal of Satyabala V. Gupta* was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> John S. Sandberg
> Bhavik R. Patel
> Jesse B. Rochman
> SANDBERG PHOENIX & VONGONTARD, P.C.
> 600 Washington Avenue, 15th Floor
> St. Louis, Missouri  63101
> Email:  jsandberg@sandbergphoenix.com
> Email:  bpatel@sandbergphoenix.com
> Email:  jrochman@sandbergphoenix.com

/s/ David J. Theising

David J. Theising
HARRISON & MOBERLY, LLP
10 West Market Street, Suite 700
Indianapolis, Indiana  46204
Telephone:    (317) 639-4511
Facsimile:    (317) 639-9565
Email:  dtheising@harrisonmoberly.com

Counsel for Defendants