**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| JOSHUA B. CRISSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VINOD C. GUPTA, *et al.*,<br><br>Defendants. | Case No.: 2:12-cv-00355-JMS-WGH |

# Plaintiff's Motion for Class Certification

Plaintiff Joshua B. Crissen ("Plaintiff"), individually and for all others similarly situated, through his attorneys Sandberg Phoenix & von Gontard PC, moves the Court to certify this action as a class action under Rule[1] 23:

1. On December 4, 2012, Plaintiff filed his Class Action Complaint (Doc. 1) against Defendants[2].

2. On August 21, 2013, Plaintiff filed his First Amended Class Action Complaint ("Amended Complaint") (Doc. 85).

3. Under the Amended Complaint, Plaintiff proposes to define the class as ("Class"):

> All individuals and business entities who redeemed a tract or real property purchased at Indiana tax and/or Commissioner's sales by Vinod, Satyabala, Vivek, Kislak, BPNA and/or Wiper (or by a nominee), where the redemption amounts were artificially inflated because Vinod, Satyabala, Vivek, Kislak, BPNA and/or Wiper certified to Indiana county auditors they had incurred and/or paid statutory notification and/or title costs which Defendants had not incurred or paid.

---

[1] Rule references are to the Federal Rules of Civil Procedure.

[2] Unless defined otherwise herein, all capitalized terms shall have the meaning ascribed to them in Plaintiff's Complaint (Doc. 2).

4. This case should be certified as a class action because the requirements of Rule 23(a) and (b) are satisfied. *See Bowen v. Groome*, 2012 WL 2064702 (S.D. Ill. 2012).

5. The Class comprises over 2,000 separate individuals and entities, and thus, the Class is so numerous that joinder of all members is impracticable.

6. There are questions of fact common to the class because Defendants engaged in standardized conduct by fraudulently causing Plaintiff and members of the class to pay an artificially inflated Redemption Amount.

7. There are questions of law common to the class, including, among others:

a. Whether Defendants devised a scheme to defraud by submitting false Certifications to the county.

b. Whether Defendants participated, indirectly or directly, in the conduct of an enterprises' affairs.

c. Whether Defendants performed activities necessary or helpful to the operation of said enterprise.

d. Whether Defendants engaged in a pattern of racketeering activity by submitting the false Certifications and Accounts Payable Vouchers to the county.

e. Whether Defendants engaged in a pattern of racketeering activity by mailing the Notices of Redemption that contained statements of Title costs and Notify costs that had not been incurred and paid.

f. Whether a conspiracy exists.

g. Whether Defendants committed criminal deception, conversion, and theft.

h. Whether Defendants acted fraudulently.

i. Whether Defendants are liable under the Crime Victims Act.

j. Whether Defendants are liable for punitive damages.

8. Plaintiff's claims are typical of the claims of the class. All claims are based on the same factual and legal theories. The damages suffered by the members of the class are all derived from Defendants' standardized conduct and the same federal statutes, state statutes, and common law.

9. Plaintiff will fairly and adequately protect the interests of this class. Plaintiff has no interests antagonistic to those of the class and Plaintiff's counsel is competent and experienced in this type of litigation.

10. Finally, this case meets the requirements of Rule 23(b)(3) because the questions of law or fact common to the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

11. Plaintiff adopts and incorporates his memorandum of law in support of his motion for class certification filed contemporaneously herewith.

12. Plaintiff reserves the right to supplement this motion with additional evidence at the time this motion is heard and/or in subsequent briefing.

WHEREFORE, Plaintiff prays this Court certify this case as a class action, with the class defined as stated above or some other definition that the Court sees fit. Plaintiff further prays that the Court appoint Plaintiff as representative of the proposed class and his attorneys as counsel for the proposed class; and for such other and further relief as the Court deems appropriate under the circumstances.

By: /s/ Jesse B. Rochman

John S. Sandberg
Bhavik R. Patel
Jesse B. Rochman
600 Washington Avenue – 15th Floor
St. Louis, MO 63101-1880
314-231-3332
314-241-7604 (Fax)
jsandberg@sandbergphoenix.com
bpatel@sandbergphoenix.com
jrochman@sandbergphoenix.com
*Attorneys for Plaintiff*

## Certificate of Service

I certify on August 30, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the attorneys/parties of record.

The undersigned certifies that a copy of the forgoing was emailed on August 30, 2013, to:

Gregory A. Blue
Nelson A. Diaz
Dilworth Paxon LLP
99 Park Avenue, Suite 320
New York, NY 10019
gblue@dilworthlaw.com
ndiaz@dilworthlaw.com
*Attorney for Banco Popular North America*

Vivek V. Gupta, Esq.
17962 Foxborough Lane
Boca Raton, FL 33496
guptaesq@gmail.com
*Licensed Attorney/Unrepresented*

/s/ Jesse B. Rochman