UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSHUA B. CRISSEN,<br>    *Plaintiff*, | )<br>)<br>) |
| *vs.* | )   2:12-cv-00355-JMS-WGH<br>) |
| VINOD C. GUPTA, SATYABALA V. GUPTA, WIPER CORPORATION, VIVEK V. GUPTA, and BANCO POPULAR NORTH AMERICA,<br>    *Defendants*. | )<br>)<br>)<br>) |

## **ORDER**

Presently pending before the Court is Plaintiff Joshua Crissen's Motion to Reconsider Dismissal of Satyabala V. Gupta. [Dkt. 60.]

**I.**
**BACKGROUND**

Mr. Crissen initially filed this lawsuit against Vinod Gupta, Satyabala Gupta, and Wiper Corporation ("Wiper") on December 4, 2012, alleging that the Guptas and Wiper engaged in a scheme whereby they purchased properties at tax sales in Indiana, and submitted fraudulent certifications representing that they had paid certain costs relating to notification to the original owner and title fees on properties that were eventually redeemed, without actually incurring the costs. [Dkt. 1.] Along with a motion to dismiss filed by Mr. Gupta and Wiper, Ms. Gupta moved to dismiss herself from the lawsuit because, she argued, the Court lacked personal jurisdiction over her. [Dkt. 25 at 3-9.] With her motion, Ms. Gupta submitted an affidavit in which she stated, among other things, that she:

- has never owned any real property, or an interest in real property, in Indiana;
- has never done business in Indiana, individually or through an agent; and

- has never participated in or bid at any of the tax sales identified in the exhibit to the Complaint or purchased any of the properties identified in the exhibit, and has never participated in any tax sale in Indiana or purchased any property at a tax sale in Indiana.

[Dkt. 24 at 2, ¶¶ 6-7, 13-14.]

Because Mr. Crissen did not refute any of those statements, the Court – relying almost entirely on Ms. Gupta's affidavit – found that it did not have specific personal jurisdiction over Ms. Gupta and dismissed her from the lawsuit. [Dkt. 43 at 8-9.][1] On July 5, 2013, Mr. Crissen filed the pending Motion to Reconsider, based on documents he obtained through discovery which he argues refute the statements Ms. Gupta made in her affidavit. [Dkt. 60.] The motion is now ripe for decision.

## II.
### STANDARD OF REVIEW

A district court has the inherent power to reconsider interlocutory orders, as justice requires, before entry of final judgment. *Spencer County Redevelopment Comm'n v. AK Steel Corp.*, 2011 U.S. Dist. LEXIS 7985, *3 (S.D. Ind. 2011); *see* Fed. R. Civ. P. 54(b) (providing that any order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties…may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). A motion to reconsider is appropriate where the Court has misunderstood a party, where the Court has made a decision outside the adversarial issues presented to the Court by the parties, where the Court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185,

---

[1] The Court also found that Mr. Crissen did not argue that the Court had general personal jurisdiction over Ms. Gupta. [Dkt. 43 at 7.] Additionally, it rejected his only argument that the Court could exercise specific personal jurisdiction based solely on the fact that Ms. Gupta is a director of Wiper. [*Id.* at 8-9.]

1191 (7th Cir. 1990). A party seeking reconsideration cannot introduce new evidence that could have been discovered before the original motion, or rehash previously rejected arguments. *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269 (7th Cir. 1996).

### III.
#### DISCUSSION

Mr. Crissen relies on the final factor that may warrant reconsideration: where significant new facts have been discovered. Specifically, he argues that documents produced by Defendant Banco Popular North America ("BPNA") – who was not a defendant when the Court decided Ms. Gupta's motion to dismiss – show that the Court does have specific or general personal jurisdiction over Ms. Gupta. [Dkt. 60 at 2-7.] The documents include copies of hundreds of checks from 2006 to 2012, which are payable to various county treasurers in Indiana and are signed by Ms. Gupta, and some of which contain the notation "tax sale" or "taxes" or "tax sale buyer: Vinod Gupta" or "tax deeds," or note the sale identification number or parcel number in the "For" line. [Dkt. 58.] Mr. Crissen argues that the checks show that the Court has specific personal jurisdiction because they show that Ms. Gupta had more than minimum contacts with Indiana, and that she likely "participated in the operation or management of, and definitely performed activities necessary or helpful to, [Mr. Gupta's] and Wiper's tax sale business in Indiana. This involvement with Defendant's tax sale business would render her liable to Plaintiff and the class on their claims under Federal RICO and Indiana RICO." [Dkt. 60 at 5.] Mr. Crissen also argues that the Court has general personal jurisdiction over Ms. Gupta because the checks show that her "contacts with Indiana are not random, fortuitous, attenuated or unilaterally initiated by someone within Indiana. Rather, [her] systematic and continuous contacts with Indiana demonstrate she purposefully availed herself of the laws and protections of Indiana." [*Id.* at 6-7.]

Mr. Gupta and Wiper[2] respond that: (1) Mr. Crissen cannot prove that Ms. Gupta actually wrote the checks and sent them to Indiana; (2) most of the checks were written in either May or November, so "it would appear that most of those checks were in payment of semi-annual property taxes on Indiana properties owned by Mr. Gupta" which were never redeemed so are irrelevant; (3) Mr. Crissen waived his argument that the Court has general personal jurisdiction over Ms. Gupta because he did not raise that argument in response to her motion to dismiss; and (4) in any event, all Mr. Crissen has shown is that Ms. Gupta signed the checks, and that is not enough to establish specific or general personal jurisdiction. [Dkt. 77 at 5-10.][3]

### A. Specific Personal Jurisdiction

In order to exercise specific personal jurisdiction over Ms. Gupta, her contacts with Indiana "must directly relate to the challenged conduct or transaction." *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010). The Court finds that the checks demonstrate that Ms. Gupta had significant contact with Indiana that relates directly to the conduct Mr. Crissen challenges here. The following examples illustrate that at least some of the checks produced by BPNA and signed by Ms. Gupta related to purchases by Mr. Gupta at tax sales of properties that were later redeemed:

---

[2] The briefing of the Motion to Reconsider presents an odd procedural posture. When Mr. Crissen filed the motion, Ms. Gupta was no longer a defendant. Although the motion relates exclusively to Ms. Gupta, Mr. Gupta and Wiper are the only parties that have responded to it. Because Mr. and Ms. Gupta and Wiper were all represented by the same counsel before Ms. Gupta was dismissed from the lawsuit, and are again now, the Court assumes that the arguments asserted by Mr. Gupta and Wiper are really asserted on Ms. Gupta's behalf.

[3] Mr. Gupta and Wiper also argue that the checks are inadmissible hearsay, [dkt. 77 at 2-5], and moved separately to strike the exhibit containing the checks, [dkt. 78]. The Court denied the motion to strike and found that the Affidavit of Sharon Duncan, submitted by Mr. Crissen as an exhibit to his reply brief, properly authenticated the checks. [Dkt. 89 at 1-2.] Accordingly, the Court will consider the checks in connection with the Motion to Reconsider.

- On October 25, 2006, Mr. Gupta was the highest bidder for four properties in Warren County, Indiana. [Dkt. 80-3.] The bids on the properties totaled $6,268.36. [*Id.*] That same day, Ms. Gupta signed a check to the Warren County Treasurer for $6,268.36, noting in the "for" space "Tax Sale." [Dkt. 58 at 3.] At least two of those four properties have been redeemed. [Dkt. 1-2 at 32 (showing Greg Cooper redeemed property 86009-00320-00, Brian Miller redeemed property 86003-00190-01, and the Secretary of Veterans Affairs redeemed property 86005-00137-14).]

- On October 4, 2012, Mr. Gupta was the highest bidder for eight properties in Orange County, Indiana. [Dkt. 80-2.] The bids on the properties totaled $53,700. [*Id.*] On the same day, Ms. Gupta signed a check to the Orange County Treasurer for $53,700. [Dkt. 58 at 186.] She noted on the check in the "for" space "tax sale buyer: Vinod Gupta." [*Id.*] At least one of those properties has been redeemed, [dkt. 1-2 at 80 (reflecting that Roger Beets, Jr. redeemed property 59-13-13-23-200-021.000-005)], and the one-year redemption period for the other properties has not yet expired.

Mr. Gupta's and Wiper's arguments relating to specific personal jurisdiction are unavailing. First, they argue that Mr. Crissen has not shown that Ms. Gupta actually wrote the checks and mailed them to Indiana. But it is reasonable to infer that Ms. Gupta wrote the checks and mailed them to the various counties in Indiana – and tellingly, Ms. Gupta does not claim otherwise. Second Mr. Gupta and Wiper argue that even if Ms. Gupta mailed the checks, "drawn on a joint bank account with her husband for payment on properties owned by Mr. Gupta," that alone is not enough to invoke specific personal jurisdiction. The Court disagrees and finds that the signing (and likely writing and mailing) of the checks is enough to confer jurisdiction. The fact that the bank account is joint with Mr. Gupta is irrelevant. Ms. Gupta wrote the checks for the purchase of properties in Indiana that were later redeemed – the exact conduct challenged here.[4] Finally, Mr. Gupta and Wiper assert that many of the checks are dated in the months May

---

[4] The cases Defendants cite for the proposition that "even assuming…that [Ms.] Gupta mailed checks drawn on a joint bank account with her husband for payment on properties owned by Mr. Gupta, that activity alone is not sufficient to invoke Indiana's jurisdiction over her," [dkt. 77 at 7], are inapposite to this case, where at least some of the checks Ms. Gupta signed were used to purchase properties located in Indiana and eventually redeemed by Indiana residents. *See Jamik,*

5

or November, so were likely for the payment of property taxes and would not relate to properties that were later redeemed. However, even if some of the checks were for tax payments on properties owned by Mr. Gupta and never redeemed, Mr. Crissen has provided examples of at least four properties that were redeemed after they were purchased through a check signed by Ms. Gupta – the exact conduct at issue here.

The checks constitute evidence which was not available to Mr. Crissen when Ms. Gupta filed her motion to dismiss, and which show that Ms. Gupta signed checks which were used to purchase properties at tax sales that were later redeemed.[5] This is precisely the type of conduct that is the subject of this litigation, and the Court finds that this new evidence is sufficient to warrant reconsideration and to confer specific personal jurisdiction over Ms. Gupta.[6]

---

*Inc. v. Days Inn*, 74 F.Supp.2d 818, 822-23 (N.D. Ill. 1999) (Illinois company's acts of contacting New Jersey hotel to enter into contract to install bathroom-related items in the hotel and mailing proposals from Illinois to New Jersey did not confer personal jurisdiction over New Jersey hotel by Illinois court); *Lakeside Bridge & Steel Co. v. Mountain State Constr. Co.*, 597 F.2d 596, 603-04 (7th Cir. 1979) (act of mailing purchase order to Wisconsin for structural assemblies to be used for a construction project in Virginia by company with no other contacts with Wisconsin was not sufficient to confer personal jurisdiction over company in Wisconsin); *Thos. P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica*, 614 F.2d 1247, 1249 (9th Cir. 1980) (use of mail or telephone was not enough to confer personal jurisdiction in California over Costa Rican company which contracted with California company for purchase and delivery of grain in Costa Rica – "[i]n none of the transactions…was California either the source or destination of the grain").

[5] The Court is disturbed that many of the statements in Ms. Gupta's affidavit – statements which Ms. Gupta relied upon in her motion to dismiss, and which formed the basis for the Court's ruling on that motion – were not true. The Court strongly cautions Ms. Gupta and her counsel that the Court takes this matter seriously, and that further misrepresentations may subject Ms. Gupta, and perhaps her counsel, to sanctions.

[6] Because the Court has found that it has specific personal jurisdiction over Ms. Gupta, it need not, and will not, consider whether it also has general personal jurisdiction over her.

## IV.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Mr. Crissen's Motion to Reconsider Dismissal of Satyabala V. Gupta, [dkt. 60]. Accordingly, the portion of the Court's June 7, 2013 Order dismissing Ms. Gupta for lack of specific personal jurisdiction, [dkt. 43 at 5-9], is **VACATED**. The Court notes that Mr. Crissen has filed a First Amended Class Action Complaint which names Ms. Gupta as a defendant. [Dkt. 85.] Ms. Gupta is directed to answer the First Amended Class Action Complaint in accordance with applicable rules, and her deadline to do so shall begin to run on the date of this Order.

09/11/2013

                                                Hon. Jane Magnus-Stinson, Judge
                                                United States District Court
                                                Southern District of Indiana

**Distribution via ECF only**:

Stephen E. Arthur
HARRISON & MOBERLY
sarthur@harrisonmoberly.com

A. Richard Blaiklock
LEWIS WAGNER, LLP
rblaiklock@lewiswagner.com

Gregory A. Blue
DILWORTH PAXSON LLP
gblue@dilworthlaw.com

Bhavik R. Patel
SANDBERG PHOENIX & VON GONTARD, P.C.
bpatel@sandbergphoenix.com

Jesse B. Rochman
Sandberg Phoenix & Von Gontard P.C.
jrochman@sandbergphoenix.com

John S. Sandberg
SANDBERG PHOENIX & VON GONTARD PC
jsandberg@sandbergphoenix.com

Marc Allen William Stearns
HARRISON & MOBERLY
mstearns@harrisonmoberly.com

David J. Theising
HARRISON & MOBERLY
dtheising@harrisonmoberly.com

Edward D. Thomas
LEWIS WAGNER LLP
ethomas@lewiswagner.com