UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JOSHUA B. CRISSEN, individually and on behalf )
of all others similarly situated, )
                                    )
                        Plaintiff, )
    v.                              )
                                    )  Case No.  2:12-cv-00355-JMS-WGH
VINOD C. GUPTA and                  )
WIPER CORPORATION,                  )
                                    )
                        Defendants. )
                                    )

## DEFENDANT VINOD C. GUPTA'S RESPONSES TO
## PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION

The Defendant Vinod C. Gupta ("Gupta"), by counsel, submits the following in response

to the Plaintiff's Third Set of Requests for Production Directed to Defendant Vinod C. Gupta

(the "Third Requests") of the Plaintiff Joshua B. Crissen ("Crissen"):

### Preliminary Objections by Counsel

Gupta, by counsel, OBJECTS to each and every Request for Production to the extent that

it seeks discovery of non-public confidential or proprietary trade documents, electronically

stored information or things, privileged matters or communications, or documents, electronically

stored information or things prepared in anticipation of litigation or for trial, or facts known or

opinions held by experts who have been retained or specially employed in anticipation of

litigation or in preparation for trial and who are not expected to be called as witnesses at trial, or

the mental impressions, conclusions, opinions or legal theories of counsel, or matters which the

District Court or Magistrate Judge have determined are not discoverable.  Subject to, and without

waiver of, these Objections, Gupta submits the following in response to the Third Requests.

**REQUEST FOR PRODUCTION NO. 1:**  A mirror or exact image of each hard drive of each device used to create or store the documents produced by Defendants pursuant to Plaintiff's First and Second Set of Requests for Production.

**OBJECTION:**  Gupta, by counsel, objects to this Request as too vague, ambiguous and misleading to require response.  It is unknown what is meant by the term "mirror or exact image of each hard drive."  Gupta, by counsel, further objects to this Request as overly broad, unreasonably cumulative and duplicative of prior requests for production, and unduly burdensome and expensive for Gupta to respond to.  Gupta has already produced over 48,000 Bates numbered documents and electronic records in response to Plaintiff's First and Second Set of Requests for Production.  Gupta, by counsel, also objects to this Request because it seeks non-public confidential financial and proprietary electronically stored information.  Gupta, by counsel, further objects to this Request to the extent that it seeks electronically stored information unrelated to Gupta's tax sale business, and related to non-Indiana tax sales or commissioner's sales and tax sales or commissioner's sales for which the applicable statute of limitations has expired.  Gupta, by counsel, also objects to this Request because it seeks production of personal and private electronically stored information that is wholly irrelevant to Plaintiff's claims, including passwords, credit card information, financial data unrelated to Gupta's Indiana tax sale business and other very personal and private information.  Gupta has already provided massive amounts of electronically stored information responsive to Plaintiff's First and Second Set of Requests for Production, and this dragnet Request is oppressive and designed to harass, prejudice and embarrass Gupta and burden him with needless expense.

**REQUEST FOR PRODUCTION NO. 2:** A mirror or exact image of each hard drive of each device used by you in connection with your tax sale business in Indiana.

**OBJECTION:** Gupta, by counsel, objects to this Request as too vague, ambiguous and misleading to require response. It is unknown what is meant by the term "mirror or exact image of each hard drive." Gupta, by counsel, further objects to this Request as overly broad, unreasonably cumulative and duplicative of prior requests for production, and unduly burdensome and expensive for Gupta to respond to. Gupta has already produced over 48,000 Bates numbered documents and electronic records in response to Plaintiff's First and Second Set of Requests for Production. Gupta, by counsel, also objects to this Request because it seeks non-public confidential financial and proprietary electronically stored information. Gupta, by counsel, further objects to this Request to the extent that it seeks electronically stored information unrelated to Gupta's tax sale business, and related to non-Indiana tax sales or commissioner's sales and tax sales or commissioner's sales for which the applicable statute of limitations has expired. Gupta, by counsel, also objects to this Request because it seeks production of personal and private electronically stored information that is wholly irrelevant to Plaintiff's claims, including passwords, credit card information, financial data unrelated to Gupta's Indiana tax sale business and other very personal and private information. Gupta has already provided massive amounts of electronically stored information responsive to Plaintiff's First and Second Set of Requests for Production, and this dragnet Request is oppressive and designed to harass, prejudice and embarrass Gupta and burden him with needless expense.

**REQUEST FOR PRODUCTION NO. 3:** Each and every Form 1099-MISC with Vivek V. Gupta listed or named as the recipient in said form.

**OBJECTION:** Gupta, by counsel, objects to this Request because it seeks production of personal and private documents that are not relevant to Plaintiff's claims. Gupta, by counsel, further objects to this Request because it seeks documents containing non-public private and confidential financial information concerning a non-party to this action. Gupta, by counsel, also objects to this Request as overly broad to the extent that it seeks documents unrelated to Gupta's tax sale business, and related to non-Indiana tax sales or commissioner's sales and tax sales or commissioner's sales for which the applicable statute of limitations has expired. It is also not limited in time, and it is not limited in scope to any issue in this litigation or even to Gupta's Indiana tax sale business.

**REQUEST FOR PRODUCTION NO. 4:** Each and every Form 1099-MISC with Lewis Maudlin listed or named as the recipient in said form.

**OBJECTION:** Gupta, by counsel, objects to this Request because it seeks production of personal and private documents that are not relevant to Plaintiff's claims. Gupta, by counsel, further objects to this Request because it seeks documents containing non-public private and confidential financial information concerning a non-party to this action. Gupta, by counsel, also objects to this Request as overly broad to the extent that it seeks documents unrelated to Gupta's tax sale business, and related to non-Indiana tax sales or commissioner's sales and tax sales or commissioner's sales for which the applicable statute of limitations has expired. It is also not limited in time, and it is not limited in scope to any issue in this litigation or even to Gupta's Indiana tax sale business.

**REQUEST FOR PRODUCTION NO. 5:** Each and every Form 1099-MISC with any of the persons identified in your responses to Plaintiff's First Set of Interrogatories listed or named as the recipient in said form.

**OBJECTION:** Gupta, by counsel, objects to this Request because it seeks production of personal and private documents that are not relevant to Plaintiff's claims. Gupta, by counsel, further objects to this Request because it seeks documents containing non-public private and confidential financial information concerning non-parties to this action. Gupta, by counsel, also objects to this Request as overly broad to the extent that it seeks documents related to non-Indiana tax sales or commissioner's sales and tax sales or commissioner's sales for which the applicable statute of limitations has expired. It is also not limited in time, and it is not limited in scope to any issue in this litigation or even to Gupta's Indiana tax sale business.

**REQUEST FOR PRODUCTION NO. 6:** Each and every Form W-2 with any of the persons identified in your responses to Plaintiff's First Set of Interrogatories listed or named as an employee on said form.

**OBJECTION:** Gupta, by counsel, objects to this Request because it seeks production of personal and private documents that are not relevant to Plaintiff's claims. Gupta, by counsel, further objects to this Request because it seeks documents containing non-public private and confidential financial information concerning non-parties to this action. Gupta, by counsel, also objects to this Request as overly broad to the extent that it seeks documents related to non-Indiana tax sales or commissioner's sales and tax sales or commissioner's sales for which the applicable statute of limitations has expired. It is also not limited in time, and it is not limited

in scope to any issue in this litigation or even to Gupta's Indiana tax sale business. Gupta, by counsel, further objects to this Request as ambiguous and misleading because Mr. Gupta stated under oath in response to Interrogatory No. 11 of Plaintiff's First Interrogatories that he "do[es] not have any employees in [his] tax sale business in Indiana."

**REQUEST FOR PRODUCTION NO. 7:** The first page of each Form 1040 and each Schedule C/C-EZ submitted by you in connection with your tax returns.

**OBJECTION:** Gupta, by counsel, objects to this Request because it seeks production of personal and private documents and electronically stored information that are not relevant to Plaintiff's claims. Gupta, by counsel, further objects to this Request to the extent that it seeks documents and electronically stored information containing non-public confidential financial information that is not related to or relevant to Plaintiff's claims. Gupta, by counsel, also objects to this Request because there is a Protective Order already in place in this action protecting against production or disclosure of the documents and electronically stored information sought in this Request. Gupta, by counsel, further objects to this Request as overly broad because in seeks documents and electronically stored information containing information wholly unrelated to Gupta's tax sale business, and related to non-Indiana tax sales or commissioner's sales and tax sales or commissioner's sales for which the applicable statute of limitations has expired. It is also not limited in time, and it is not limited in scope to any issue in this litigation or even to Gupta's Indiana tax sale business. This irrelevant Request is designed to harass, prejudice and embarrass Gupta.

**REQUEST FOR PRODUCTION NO. 8:** All email sent to or received at guptavc@gmail.com, regardless of what person sent or received the email.

**OBJECTION:** Gupta, by counsel, objects to this Request as overly broad, unreasonably cumulative and duplicative of prior requests for production, and unduly burdensome and expensive for Gupta to respond to. It is not limited in time, and it is not limited in scope to any issue in this litigation or even to Gupta's Indiana tax sale business; it seeks production of ALL of Gupta's emails "regardless of what person sent or received the email." Gupta, by counsel, further objects to this Request because it seeks non-public confidential financial and proprietary electronically stored information. Gupta, by counsel, also objects to this Request to the extent that it seeks electronically stored information wholly unrelated to Gupta's tax sale business, and related to non-Indiana tax sales or commissioner's sales and tax sales or commissioner's sales for which the applicable statute of limitations has expired. Gupta, by counsel, further objects to this Request because it seeks production of personal and private electronically stored information that is wholly irrelevant to Plaintiff's claims. Gupta, by counsel, also objects to this Request because it seeks electronically stored information containing non-public private and confidential financial information concerning non-parties to this action. This dragnet Request is oppressive and designed to harass, prejudice and embarrass Gupta.

**REQUEST FOR PRODUCTION NO. 9:** All financial statements (e.g., balance sheet, cash flow statement, income statement) that reflect any expenses incurred by you for services rendered by either Vivek V. Gupta or Lewis Maudlin.

**OBJECTION:** Gupta, by counsel, objects to this Request as vague, ambiguous, misleading, overly broad, unreasonably cumulative and duplicative of prior requests, and unduly

burdensome and expensive for Gupta to respond to. It is also not limited in time, and it is not limited in scope to any issue in this litigation or even to Gupta's Indiana tax sale business. Gupta has already produced over 48,000 Bates numbered documents and electronic records in response to Plaintiff's First and Second Set of Requests for Production which provide the only relevant information sought by this Request. Specifically, Gupta has already produced all documents, electronically stored information and tangible evidence in his possession, custody and control responsive to Request No. 5 in Plaintiff's First Set of Requests for Production, which sought production of "[a]ll documents, electronically stored information and tangible evidence related to you incurring the costs of a title search or examining and updating the abstract of title for a tract or item of real property in Indiana related to a certificate of sale you received or obtained, including without limitation, all invoices, receipts, bills, time sheets, time cards or payroll records," Request No. 7 in Plaintiff's First Set of Requests for Production, which sought production of "[a]ll documents, electronically stored information and tangible evidence [related?] to a title search or examination and update of the abstract of title for a tract or item of real property in Indiana related to a certificate of sale you received or obtained, including without limitation, title searches, title commitments, letter reports or updated abstracts of title," Request No. 8 in Plaintiff's First Set of Requests for Production, which sought production of "[a]ll documents, electronically stored information and tangible evidence related to you incurring the costs of giving notice for a tract or item of real property in Indiana related to a certificate of sale you received or obtained, including without limitation, all invoices, receipts, bills, time sheets, time cards or payroll records," Request No. 10 in Plaintiff's First Set of Requests for Production, which sought production of "[a]ll documents, electronically stored information and tangible evidence related to any costs incurred from Vivek Gupta related to a title search or examining

8

and updating the abstract of title for a tract or item of real property in Indiana related to a certificate of sale you received or obtained, " and Request No. 11 in Plaintiff's First Set of Requests for Production, which sought production of "[a]ll documents, electronically stored information and tangible evidence related to any costs incurred from Vivek Gupta related to giving notice for a tract or item of real property in Indiana related to a certificate of sale you received or obtained." Gupta, by counsel, further objects to this Request because it seeks production of personal and private documents and electronic records that are not relevant to Plaintiff's claims. Gupta, by counsel, also objects to this Request to the extent that it seeks documents and electronic records containing non-public confidential and proprietary financial information that is not related to or relevant to Plaintiff's claims. Gupta, by counsel, further objects to this Request because there is a Protective Order already in place in this action protecting against production or disclosure of the documents and electronic records sought in this Request. Gupta, by counsel, also objects to this Request as overly broad because in seeks documents and electronic records containing information unrelated to Gupta's tax sale business, and related to non-Indiana tax sales or commissioner's sales and tax sales or commissioner's sales for which the applicable statute of limitations has expired. This redundant Request is oppressive and designed to harass and burden Gupta with needless expense.

**REQUEST FOR PRODUCTION NO. 10:** All financial statements that reflect any expenses paid by you for services rendered by either Vivek V. Gupta or Lewis Maudlin.

**OBJECTION:** Gupta, by counsel, objects to this Request as vague, ambiguous, misleading, overly broad, unreasonably cumulative and duplicative of prior requests, and unduly burdensome and expensive for Gupta to respond to. It is also not limited in time, and it is not

limited in scope to any issue in this litigation or even to Gupta's Indiana tax sale business. Gupta has already produced over 48,000 Bates numbered documents and electronic records in response to Plaintiff's First and Second Set of Requests for Production which provide the only relevant information sought by this Request. Specifically, Gupta has already produced all documents in his possession, custody and control responsive to Request No. 6 in Plaintiff's First Set of Requests for Production, which sought production of "[a]ll documents, electronically stored information and tangible evidence related to you paying the costs of a title search or examining and updating the abstract of title for a tract or item of real property in Indiana related to a certificate of sale you received or obtained, including without limitation, canceled checks, drafts, automated clearing house (ACH) transactions, wire transfers, inter-account transfers, credit card statements, bank statements or receipts," Request No. 9 in Plaintiff's First Set of Requests for Production, which requested production of "[a]ll documents, electronically stored information and tangible evidence related to you paying the costs of giving notice for a tract or item of real property in Indiana related to a certificate of sale you received or obtained, including without limitation, canceled checks, drafts, automated clearing house (ACH) transactions, wire transfers, inter-account transfers, credit card statements, bank statements or receipts," Request No. 12 in Plaintiff's First Set of Requests for Production, which sought production of "[a]ll documents, electronically stored information and tangible evidence related to any payments made to Vivek Gupta related to the costs of a title search or examining and updating the abstract of title for a tract or item of real property in Indiana related to a certificate of sale you received or obtained," and Request No. 13 in Plaintiff's First Set of Requests for Production, which sought production of "[a]ll documents, electronically stored information and tangible evidence related to any payments made to Vivek Gupta related to the costs of giving notice for a tract or item of real

property in Indiana related to a certificate of sale you received or obtained." Gupta, by counsel, further objects to this Request to the extent that it seeks documents and electronic records containing non-public confidential and proprietary financial information that is not related to or relevant to Plaintiff's claims. Gupta, by counsel, also objects to this Request because there is a Protective Order already in place in this action protecting against production or disclosure of the documents and electronic records sought in this Request. Gupta, by counsel, further objects to this Request as overly broad because in seeks documents and electronic records containing information unrelated to Gupta's tax sale business, and related to non-Indiana tax sales or commissioner's sales and tax sales or commissioner's sales for which the applicable statute of limitations has expired. This redundant Request is oppressive and designed to harass and burden Gupta with needless expense.

**REQUEST FOR PRODUCTION NO. 11:** All checks to Vivek V. Gupta for payment of services identified on the Certifications submitted by you.

**OBJECTION:** Gupta, by counsel, objects to this Request as unreasonably cumulative and duplicative of prior requests for production, and unduly burdensome and expensive for Gupta to respond to. Gupta has already produced over 48,000 Bates numbered documents and electronic records in response to Plaintiff's First and Second Set of Requests for Production. Specifically, Gupta has already produced all documents in his possession, custody and control responsive to Request No. 6 in Plaintiff's First Set of Requests for Production, which sought production of "[a]ll documents, electronically stored information and tangible evidence related to you paying the costs of a title search or examining and updating the abstract of title for a tract or item of real property in Indiana related to a certificate of sale you received or obtained,

11

including without limitation, canceled checks, drafts, automated clearing house (ACH) transactions, wire transfers, inter-account transfers, credit card statements, bank statements or receipts," Request No. 9 in Plaintiff's First Set of Requests for Production, which requested production of "[a]ll documents, electronically stored information and tangible evidence related to you paying the costs of giving notice for a tract or item of real property in Indiana related to a certificate of sale you received or obtained, including without limitation, canceled checks, drafts, automated clearing house (ACH) transactions, wire transfers, inter-account transfers, credit card statements, bank statements or receipts," Request No. 12 in Plaintiff's First Set of Requests for Production, which sought production of "[a]ll documents, electronically stored information and tangible evidence related to any payments made to Vivek Gupta related to the costs of a title search or examining and updating the abstract of title for a tract or item of real property in Indiana related to a certificate of sale you received or obtained," and Request No. 13 in Plaintiff's First Set of Requests for Production, which sought production of "[a]ll documents, electronically stored information and tangible evidence related to any payments made to Vivek Gupta related to the costs of giving notice for a tract or item of real property in Indiana related to a certificate of sale you received or obtained." Gupta, by counsel, further objects to this Request as overly broad because in seeks documents containing information related to non-Indiana tax sales or commissioner's sales and tax sales or commissioner's sales for which the applicable statute of limitations has expired. This redundant Request is oppressive and designed to harass and burden Gupta with needless expense.

**REQUEST FOR PRODUCTION NO. 12:** All checks to Lewis Maudlin for payment of services identified on the Certifications submitted by you.

**OBJECTION:** Gupta, by counsel, objects to this Request as unreasonably cumulative and duplicative of prior requests for production, and unduly burdensome and expensive for Gupta to respond to. Gupta has already produced over 48,000 Bates numbered documents and electronic records in response to Plaintiff's First and Second Set of Requests for Production. Specifically, Gupta has already produced all documents in his possession, custody and control responsive to Request No. 6 in Plaintiff's First Set of Requests for Production, which sought production of "[a]ll documents, electronically stored information and tangible evidence related to you paying the costs of a title search or examining and updating the abstract of title for a tract or item of real property in Indiana related to a certificate of sale you received or obtained, including without limitation, canceled checks, drafts, automated clearing house (ACH) transactions, wire transfers, inter-account transfers, credit card statements, bank statements or receipts," and Request No. 9 in Plaintiff's First Set of Requests for Production, which requested production of "[a]ll documents, electronically stored information and tangible evidence related to you paying the costs of giving notice for a tract or item of real property in Indiana related to a certificate of sale you received or obtained, including without limitation, canceled checks, drafts, automated clearing house (ACH) transactions, wire transfers, inter-account transfers, credit card statements, bank statements or receipts." Gupta, by counsel, further objects to this Request as overly broad because in seeks documents related to tax sales or commissioner's sales for which the applicable statute of limitations has expired. This redundant Request is oppressive and designed to harass and burden Gupta with needless expense.

**REQUEST FOR PRODUCTION NO. 13:** Each and every Form 137B in Word format (i.e., .doc or .docx).

**OBJECTION:** Gupta, by counsel, objects to this Request as unreasonably cumulative and duplicative of prior requests for production, and unduly burdensome and expensive for Gupta to respond to. Gupta has already produced over 48,000 Bates numbered documents and electronic records in response to Plaintiff's First and Second Set of Requests for Production. Specifically, Gupta has already produced all electronically stored information in his possession, custody and control responsive to Request No. 2 in Plaintiff's First Set of Requests for Production, which sought production of "[a]ll Certifications or 137B forms signed by you, submitted by you or submitted on your behalf, including without limitation, envelopes to send the same, certified mail cards, certified mail signed receipts, proof of delivery, return receipts, and returned mail from the United States Post Office." The electronic records responsive to this Request were produced in .pdf format as allowed by Fed. R. Civ. P. 34(b)(2)(E)(ii) and, pursuant to Fed. R. Civ. P. 34(b)(2)(E)(iii), Gupta need not produce the same electronically stored information in more than one format. Gupta, by counsel, further objects to this Request as overly broad because in seeks electronically stored information related to tax sales or commissioner's sales for which the applicable statute of limitations has expired. This redundant Request is oppressive and designed to harass and burden Gupta with needless expense.

**REQUEST FOR PRODUCTION NO. 14:** Each and every "NOTICE OF SALE AND REDEMPTION PERIOD EXPIRATION" in Word format (i.e., .doc or .docx).

**OBJECTION:** Gupta, by counsel, objects to this Request as unreasonably cumulative and duplicative of prior requests for production, and unduly burdensome and expensive for Gupta to respond to. Gupta has already produced over 48,000 Bates numbered

documents and electronic records in response to Plaintiff's First and Second Set of Requests for Production. Specifically, Gupta has already produced all electronically stored information in his possession, custody and control responsive to Request No. 3 in Plaintiff's First Set of Requests for Production, which sought production of "[a]ll Notices of Redemption, including without limitation, envelopes to send the same, certified mail cards, certified mail signed receipts, proof of delivery, return receipts, and returned mail from the United States Post Office," and Request No. 4 in Plaintiff's First Set of Requests for Production, which sought production of "[a]ll documents, electronically stored information and tangible evidence from any source that relates to notices sent pursuant to IC 6-1.1-25-4.5, including without limitation, notices, envelopes to send the same, certified mail cards, certified mail signed receipts, proof of delivery, return receipts, and returned mail from the United States Post Office." The electronic records responsive to these Requests were produced in .pdf format as allowed by Fed. R. Civ. P. 34(b)(2)(E)(ii) and, pursuant to Fed. R. Civ. P. 34(b)(2)(E)(iii), Gupta need not produce the same electronically stored information in more than one format. Gupta, by counsel, further objects to this Request as overly broad because in seeks electronically stored information related to tax sales or commissioner's sales for which the applicable statute of limitations has expired. This redundant Request is oppressive and designed to harass and burden Gupta with needless expense.

**REQUEST FOR PRODUCTION NO. 15:** All communication with Vivek V. Gupta related to his performance of services reflected on Certifications submitted by you.

**OBJECTION:** Gupta, by counsel, objects to this Request as overly broad, unreasonably cumulative and duplicative of prior requests for production, and unduly burdensome and expensive for Gupta to respond to. It is not limited in time. Gupta has already

produced over 48,000 Bates numbered documents and electronic records in response to Plaintiff's First and Second Set of Requests for Production. Specifically, Gupta has already produced all documents, electronically stored information and tangible evidence in his possession, custody and control responsive to Request No. 5 in Plaintiff's First Set of Requests for Production, which sought production of "[a]ll documents, electronically stored information and tangible evidence related to you incurring the costs of a title search or examining and updating the abstract of title for a tract or item of real property in Indiana related to a certificate of sale you received or obtained, including without limitation, all invoices, receipts, bills, time sheets, time cards or payroll records," Request No. 7 in Plaintiff's First Set of Requests for Production, which sought production of "[a]ll documents, electronically stored information and tangible evidence [related?] to a title search or examination and update of the abstract of title for a tract or item of real property in Indiana related to a certificate of sale you received or obtained, including without limitation, title searches, title commitments, letter reports or updated abstracts of title," Request No. 8 in Plaintiff's First Set of Requests for Production, which sought production of "[a]ll documents, electronically stored information and tangible evidence related to you incurring the costs of giving notice for a tract or item of real property in Indiana related to a certificate of sale you received or obtained, including without limitation, all invoices, receipts, bills, time sheets, time cards or payroll records," Request No. 10 in Plaintiff's First Set of Requests for Production, which sought production of "[a]ll documents, electronically stored information and tangible evidence related to any costs incurred from Vivek Gupta related to a title search or examining and updating the abstract of title for a tract or item of real property in Indiana related to a certificate of sale you received or obtained, " and Request No. 11 in Plaintiff's First Set of Requests for Production, which sought production of "[a]ll documents,

electronically stored information and tangible evidence related to any costs incurred from Vivek Gupta related to giving notice for a tract or item of real property in Indiana related to a certificate of sale you received or obtained." Gupta, by counsel, further objects to this Request as overly broad because in seeks documents, electronically stored information and tangible evidence containing information related to non-Indiana tax sales or commissioner's sales and tax sales or commissioner's sales for which the applicable statute of limitations has expired. This redundant Request is oppressive and designed to harass and burden Gupta with needless expense.

**REQUEST FOR PRODUCTION NO. 16:** All communication with Vivek V. Gupta related to payment of the amounts listed on Certifications submitted by you.

**OBJECTION:** Gupta, by counsel, objects to this Request as overly broad, unreasonably cumulative and duplicative of prior requests for production, and unduly burdensome and expensive for Gupta to respond to. It is not limited in time. Gupta has already produced over 48,000 Bates numbered documents and electronic records in response to Plaintiff's First and Second Set of Requests for Production. Specifically, Gupta has already produced all documents, electronically stored information and tangible evidence in his possession, custody and control responsive to Request No. 6 in Plaintiff's First Set of Requests for Production, which sought production of "[a]ll documents, electronically stored information and tangible evidence related to you paying the costs of a title search or examining and updating the abstract of title for a tract or item of real property in Indiana related to a certificate of sale you received or obtained, including without limitation, canceled checks, drafts, automated clearing house (ACH) transactions, wire transfers, inter-account transfers, credit card statements, bank statements or receipts," Request No. 9 in Plaintiff's First Set of Requests for Production,

which requested production of "[a]ll documents, electronically stored information and tangible evidence related to you paying the costs of giving notice for a tract or item of real property in Indiana related to a certificate of sale you received or obtained, including without limitation, canceled checks, drafts, automated clearing house (ACH) transactions, wire transfers, inter-account transfers, credit card statements, bank statements or receipts," Request No. 12 in Plaintiff's First Set of Requests for Production, which sought production of "[a]ll documents, electronically stored information and tangible evidence related to any payments made to Vivek Gupta related to the costs of a title search or examining and updating the abstract of title for a tract or item of real property in Indiana related to a certificate of sale you received or obtained," and Request No. 13 in Plaintiff's First Set of Requests for Production, which sought production of "[a]ll documents, electronically stored information and tangible evidence related to any payments made to Vivek Gupta related to the costs of giving notice for a tract or item of real property in Indiana related to a certificate of sale you received or obtained." Gupta, by counsel, further objects to this Request as overly broad because in seeks documents and electronic records containing information related to non-Indiana tax sales or commissioner's sales and tax sales or commissioner's sales for which the applicable statute of limitations has expired. This redundant Request is oppressive and designed to harass and burden Gupta with needless expense.

**REQUEST FOR PRODUCTION NO. 17:** All communication with Lewis Maudlin related to his performance of services reflected on Certifications submitted by you.

**OBJECTION:** Gupta, by counsel, objects to this Request as overly broad, unreasonably cumulative and duplicative of prior requests for production, and unduly burdensome and expensive for Gupta to respond to. It is not limited in time. Gupta has already

produced over 48,000 Bates numbered documents and electronic records in response to Plaintiff's First and Second Set of Requests for Production. Specifically, Gupta has already produced all documents, electronically stored information and tangible evidence in his possession, custody and control responsive to Request No. 5 in Plaintiff's First Set of Requests for Production, which sought production of "[a]ll documents, electronically stored information and tangible evidence related to you incurring the costs of a title search or examining and updating the abstract of title for a tract or item of real property in Indiana related to a certificate of sale you received or obtained, including without limitation, all invoices, receipts, bills, time sheets, time cards or payroll records," Request No. 7 in Plaintiff's First Set of Requests for Production, which sought production of "[a]ll documents, electronically stored information and tangible evidence [related?] to a title search or examination and update of the abstract of title for a tract or item of real property in Indiana related to a certificate of sale you received or obtained, including without limitation, title searches, title commitments, letter reports or updated abstracts of title," and Request No. 8 in Plaintiff's First Set of Requests for Production, which sought production of "[a]ll documents, electronically stored information and tangible evidence related to you incurring the costs of giving notice for a tract or item of real property in Indiana related to a certificate of sale you received or obtained, including without limitation, all invoices, receipts, bills, time sheets, time cards or payroll records." Gupta, by counsel, further objects to this Request as overly broad because in seeks documents, electronically stored information and tangible evidence containing information related to tax sales or commissioner's sales for which the applicable statute of limitations has expired. This redundant Request is oppressive and designed to harass and burden Gupta with needless expense.

**REQUEST FOR PRODUCTION NO. 18:** All communication with Lewis Maudlin related to payment of the amounts listed on Certifications submitted by you.

**OBJECTION:** Gupta, by counsel, objects to this Request as overly broad, unreasonably cumulative and duplicative of prior requests for production, and unduly burdensome and expensive for Gupta to respond to. It is not limited in time. Gupta has already produced over 48,000 Bates numbered documents and electronic records in response to Plaintiff's First and Second Set of Requests for Production. Specifically, Gupta has already produced all documents, electronically stored information and tangible evidence in his possession, custody and control responsive to Request No. 6 in Plaintiff's First Set of Requests for Production, which sought production of "[a]ll documents, electronically stored information and tangible evidence related to you paying the costs of a title search or examining and updating the abstract of title for a tract or item of real property in Indiana related to a certificate of sale you received or obtained, including without limitation, canceled checks, drafts, automated clearing house (ACH) transactions, wire transfers, inter-account transfers, credit card statements, bank statements or receipts," and Request No. 9 in Plaintiff's First Set of Requests for Production, which requested production of "[a]ll documents, electronically stored information and tangible evidence related to you paying the costs of giving notice for a tract or item of real property in Indiana related to a certificate of sale you received or obtained, including without limitation, canceled checks, drafts, automated clearing house (ACH) transactions, wire transfers, inter-account transfers, credit card statements, bank statements or receipts." Gupta, by counsel, further objects to this Request as overly broad because in seeks documents and electronic records related to tax sales or commissioner's sales for which the applicable statute of limitations has

expired. This redundant Request is oppressive and designed to harass and burden Gupta with needless expense.

**REQUEST FOR PRODUCTION NO. 19:** All documents and electronically stored information that shows the transfer or payment of any funds or money to Vivek V. Gupta for the amounts listed on Certifications submitted by you.

**OBJECTION:** Gupta, by counsel, objects to this Request as overly broad, unreasonably cumulative and duplicative of prior requests for production, and unduly burdensome and expensive for Gupta to respond to. It is not limited in time. Gupta has already produced over 48,000 Bates numbered documents and electronic records in response to Plaintiff's First and Second Set of Requests for Production. Specifically, Gupta has already produced all documents, electronically stored information and tangible evidence in his possession, custody and control responsive to Request No. 6 in Plaintiff's First Set of Requests for Production, which sought production of "[a]ll documents, electronically stored information and tangible evidence related to you paying the costs of a title search or examining and updating the abstract of title for a tract or item of real property in Indiana related to a certificate of sale you received or obtained, including without limitation, canceled checks, drafts, automated clearing house (ACH) transactions, wire transfers, inter-account transfers, credit card statements, bank statements or receipts," Request No. 9 in Plaintiff's First Set of Requests for Production, which requested production of "[a]ll documents, electronically stored information and tangible evidence related to you paying the costs of giving notice for a tract or item of real property in Indiana related to a certificate of sale you received or obtained, including without limitation, canceled checks, drafts, automated clearing house (ACH) transactions, wire transfers, inter-

account transfers, credit card statements, bank statements or receipts," Request No. 12 in Plaintiff's First Set of Requests for Production, which sought production of "[a]ll documents, electronically stored information and tangible evidence related to any payments made to Vivek Gupta related to the costs of a title search or examining and updating the abstract of title for a tract or item of real property in Indiana related to a certificate of sale you received or obtained," and Request No. 13 in Plaintiff's First Set of Requests for Production, which sought production of "[a]ll documents, electronically stored information and tangible evidence related to any payments made to Vivek Gupta related to the costs of giving notice for a tract or item of real property in Indiana related to a certificate of sale you received or obtained." Gupta, by counsel, further objects to this Request as overly broad because in seeks documents and electronic records containing information related to non-Indiana tax sales or commissioner's sales and tax sales or commissioner's sales for which the applicable statute of limitations has expired. This redundant Request is oppressive and designed to harass and burden Gupta with needless expense.

**REQUEST FOR PRODUCTION NO. 20:** All documents and electronically stored information that shows the transfer or payment of any funds or money to Lewis Maudlin for the amounts listed on Certifications submitted by you.

**OBJECTION:** Gupta, by counsel, objects to this Request as overly broad, unreasonably cumulative and duplicative of prior requests for production, and unduly burdensome and expensive for Gupta to respond to. It is not limited in time. Gupta has already produced over 48,000 Bates numbered documents and electronic records in response to Plaintiff's First and Second Set of Requests for Production. Specifically, Gupta has already produced all documents, electronically stored information and tangible evidence in his

possession, custody and control responsive to Request No. 6 in Plaintiff's First Set of Requests for Production, which sought production of "[a]ll documents, electronically stored information and tangible evidence related to you paying the costs of a title search or examining and updating the abstract of title for a tract or item of real property in Indiana related to a certificate of sale you received or obtained, including without limitation, canceled checks, drafts, automated clearing house (ACH) transactions, wire transfers, inter-account transfers, credit card statements, bank statements or receipts," and Request No. 9 in Plaintiff's First Set of Requests for Production, which requested production of "[a]ll documents, electronically stored information and tangible evidence related to you paying the costs of giving notice for a tract or item of real property in Indiana related to a certificate of sale you received or obtained, including without limitation, canceled checks, drafts, automated clearing house (ACH) transactions, wire transfers, inter-account transfers, credit card statements, bank statements or receipts." Gupta, by counsel, further objects to this Request as overly broad because in seeks documents and electronic records related to tax sales or commissioner's sales for which the applicable statute of limitations has expired. This redundant Request is oppressive and designed to harass and burden Gupta with needless expense.

**REQUEST FOR PRODUCTION NO. 21:** All communication with Greg Shoulders.

**OBJECTION:** Gupta, by counsel, objects to this Request because it seeks production of personal and private communications that are not relevant to Plaintiff's claims. Gupta, by counsel, further objects to this Request because it seeks communications containing non-public private and confidential information concerning non-parties to this action. Gupta, by counsel, also objects to this Request as overly broad to the extent that it seeks communications

related to non-Indiana tax sales or commissioner's sales and tax sales or commissioner's sales for which the applicable statute of limitations has expired. It is also not limited in time, and it is not limited in scope to any issue in this litigation or even to Gupta's Indiana tax sale business. This dragnet Request is oppressive and designed to harass, prejudice and embarrass Gupta.

**RESPONSE:**     Gupta does not have anything related to Indiana tax sales in his possession, custody or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 22:** All documents and electronically stored information related to Greg Shoulders.

**OBJECTION:**     Gupta, by counsel, objects to this Request because it seeks production of personal and private documents and electronically stored information that are not relevant to Plaintiff's claims. Gupta, by counsel, further objects to this Request because it seeks documents and electronically stored information containing non-public private and confidential information concerning non-parties to this action. Gupta, by counsel, also objects to this Request as overly broad to the extent that it seeks documents and electronically stored information related to non-Indiana tax sales or commissioner's sales and tax sales or commissioner's sales for which the applicable statute of limitations has expired. It is also not limited in time, and it is not limited in scope to any issue in this litigation or even to Gupta's Indiana tax sale business. This dragnet Request is oppressive and designed to harass, prejudice and embarrass Gupta.

**RESPONSE:**     Gupta does not have documents or electronically stored information related to Indiana tax sales in his possession, custody or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 23:**   All communication with Jerome Broski.

**OBJECTION:**        Gupta, by counsel, objects to this Request because it seeks production of personal and private communications that are not relevant to Plaintiff's claims. Gupta, by counsel, further objects to this Request because it seeks communications containing non-public private and confidential information concerning non-parties to this action. Gupta, by counsel, also objects to this Request as overly broad to the extent that it seeks communications related to non-Indiana tax sales or commissioner's sales and tax sales or commissioner's sales for which the applicable statute of limitations has expired. It is also not limited in time, and it is not limited in scope to any issue in this litigation or even to Gupta's Indiana tax sale business. This dragnet Request is oppressive and designed to harass, prejudice and embarrass Gupta.

**RESPONSE:**        Gupta does not have anything related to Indiana tax sales in his possession, custody or control responsive to this Request.


**REQUEST FOR PRODUCTION NO. 24:**   All documents and electronically stored information related to Jerome Broski.

**OBJECTION:**        Gupta, by counsel, objects to this Request because it seeks production of personal and private documents and electronically stored information that are not relevant to Plaintiff's claims. Gupta, by counsel, further objects to this Request because it seeks documents and electronically stored information containing non-public private and confidential information concerning non-parties to this action. Gupta, by counsel, also objects to this Request as overly broad to the extent that it seeks documents and electronically stored information related to non-Indiana tax sales or commissioner's sales and tax sales or commissioner's sales for which the applicable statute of limitations has expired. It is also not limited in time, and it is not limited

in scope to any issue in this litigation or even to Gupta's Indiana tax sale business. This dragnet Request is oppressive and designed to harass, prejudice and embarrass Gupta.

**RESPONSE:** Gupta does not have documents or electronically stored information related to Indiana tax sales in his possession, custody or control responsive to this Request.


**REQUEST FOR PRODUCTION NO. 25:** All correspondence between you and any county or court in Indiana.

**OBJECTION:** Gupta, by counsel, objects to this Request as overly broad, unreasonably cumulative and duplicative of prior requests for production, and unduly burdensome and expensive for Gupta to respond to. It is not limited in time, and it is not limited in scope to any issue in this litigation or even to Gupta's Indiana tax sale business; it seeks production of ALL correspondence between Gupta and any county or court in Indiana, regardless of whether the correspondence pertains to any person or property that is the subject of this action. Moreover, it is cumulative and duplicative of other discovery already received by Plaintiff. Gupta has already produced over 48,000 Bates numbered documents and electronic records in response to Plaintiff's First and Second Set of Requests for Production, including correspondence between Gupta and counties and courts in Indiana. In addition, Plaintiff issued subpoenas duces tecum to virtually every county treasurer and county auditor in the state of Indiana, and has received tens of thousands of documents in response, including extensive correspondence to and from Gupta. Gupta, by counsel, also objects to this Request because it seeks production of documents and electronically stored information that are wholly irrelevant to Plaintiff's claims. It seeks documents and electronically stored information wholly unrelated to

Plaintiff's claims, related to properties that were never redeemed and therefore not the subject of any claim by Plaintiff or any proposed class member, and related to tax sales or commissioner's sales for which the applicable statute of limitations has expired. This dragnet Request is oppressive and designed to harass, prejudice and embarrass Gupta and burden him with needless expense.

**REQUEST FOR PRODUCTION NO. 26:** All correspondence between you and any parties involved in any tax sales in Indiana.

**OBJECTION:** Gupta, by counsel, objects to this Request as overly broad, unreasonably cumulative and duplicative of prior requests for production, and unduly burdensome and expensive for Gupta to respond to. It is not limited in time, and it is not limited in scope to any issue in this litigation or even to those persons with a substantial property interest of record in any property sold at tax sale that was redeemed; it seeks production of ALL correspondence between Gupta and any party involved in any tax sales in Indiana, regardless of whether the correspondence pertains to any property that is the subject of this action. Moreover, it is cumulative and duplicative of other discovery already received by Plaintiff. Gupta has already produced over 48,000 Bates numbered documents and electronic records in response to Plaintiff's First and Second Set of Requests for Production, including correspondence with parties involved in tax sales in Indiana. Gupta, by counsel, further objects to this Request because it seeks production of documents and electronically stored information that are wholly irrelevant to Plaintiff's claims. It seeks documents and electronically stored information wholly unrelated to Plaintiff's claims, related to properties that were never redeemed and therefore not the subject of any claim by Plaintiff or any proposed class member, and related to tax sales or

commissioner's sales for which the applicable statute of limitations has expired. This dragnet Request is oppressive and designed to harass, prejudice and embarrass Gupta and burden him with needless expense.

**REQUEST FOR PRODUCTION NO. 27:** All business records of any bank where you have done business since 2002.

**OBJECTION:** Gupta, by counsel, objects to this Request as overly broad, unreasonably cumulative and duplicative of prior discovery, and unduly burdensome and expensive for Gupta to respond to. Interrogatory No. 14 in Plaintiff's First Set of Interrogatories asked:

> For each account at a financial institution in use or used by you to pay Title Costs or Notify Costs, including without limitation, any account in which you withdrew or transferred funds to pay said costs, state:
>
> a.     the financial institution where the account was held, including address and phone number;
>
> b.     the name on the account;
>
> c.     the account number; and
>
> d.     whether the account was setup for any specific purpose, such as the payment of said costs.

In response, Gupta identified "Wells Fargo, 3005 Yamato Road, Boca Raton, Florida 33434, telephone (561) 241-8066, and Popular Community Bank [Banco Popular], 7900 Miami Lakes Drive West, Miami Lakes, Florida 33016, telephone (305) 938-0131." Then, Gupta subsequently produced all documents, electronically stored information and tangible evidence in his possession, custody and control responsive to Request No. 1 in Plaintiff's Second Set of Requests for Production, which sought production of "[a]ll documents, electronically stored

information and tangible evidence from any source that relates to Vinod C. Gupta's, Satyabala V. Gupta's and Wiper Corporation's business dealings with Banco Popular relating to tax sales or commissioner sales in Indiana, including without limitation, all documents or electronically stored information, relating to loans, loan applications, letters of credit, applications for letters of credit, collateral for any loans, agreements regarding collateral, payment of interest on any loans, guarantees, cashier's checks, account opening documents, signature cards, account statements, items of withdrawal or deposit, and any correspondence, communication or e-mail discussing or referring to loans, loan applications, letters of credit, applications for letters of credit, collateral for any loans, agreements regarding collateral, payment of interest on any loans, guarantees, tax liens, certificates of sale, tax sale certificates, and the tax sale business," and Request No. 2 in Plaintiff's Second Set of Requests for Production, which sought production of "[a]ll documents, electronically stored information and tangible evidence from any source that relates to Banco Popular's participation in Defendants' activities in Indiana, including without limitation, Banco Popular's participation as buyer or co-purchaser in Defendants' purchase of any of the properties listed on Exhibit B to Plaintiff's Complaint (Doc. 1-2)." In addition, Plaintiff issued subpoenas duces tecum to both Banco Popular and Wells Fargo, and has received tens of thousands of documents and electronic records in response. Unlike Plaintiff's earlier discovery which was limited to "a financial institution in use or used by you to pay Title Costs or Notify Costs," this Request seeks ALL business records "of any bank where you have done business since 2002," regardless of whether it was used by Gupta to pay Title Costs or Notify Costs or whether it was even used at all in Gupta's Indiana tax sale business. It could include banks where Gupta has business accounts unrelated to the Indiana tax sale business, personal accounts, retirement accounts, credit card accounts, etc. that have nothing to do with this litigation or Plaintiff's

claims. Gupta, by counsel, further objects to this Request because it seeks production of documents and electronically stored information that are wholly irrelevant to Plaintiff's claims. It seeks documents and electronically stored information wholly unrelated to Plaintiff's claims, related to non-Indiana tax sales or commissioner's sales and tax sales or commissioner's sales for which the applicable statute of limitations has expired. This dragnet Request is oppressive and designed to harass, prejudice and embarrass Gupta and burden him with needless expense.

**REQUEST FOR PRODUCTION NO. 28:** All communication with Banco Popular, including communications with counsel for Banco Popular.

**OBJECTION:** Gupta, by counsel, objects to this Request as overly broad, unreasonably cumulative and duplicative of prior discovery, and unduly burdensome and expensive for Gupta to respond to. It is not limited in time, and it is not limited in scope to any issue in this litigation or even to Gupta's tax sale business; it seeks production of ALL communications with Banco Popular, regardless of whether the communication pertains to any person, property, claim or issue that is the subject of this action. Moreover, it is cumulative and duplicative of other discovery already received by Plaintiff. Gupta has already produced over 48,000 Bates numbered documents and electronic records in response to Plaintiff's First and Second Set of Requests for Production. Specifically, Gupta has already produced all documents, electronically stored information and tangible evidence in his possession, custody and control responsive to Request No. 1 in Plaintiff's Second Set of Requests for Production, which sought production of "[a]ll documents, electronically stored information and tangible evidence from any source that relates to Vinod C. Gupta's, Satyabala V. Gupta's and Wiper Corporation's business dealings with Banco Popular relating to tax sales or commissioner sales in Indiana,

including without limitation, all documents or electronically stored information, relating to loans, loan applications, letters of credit, applications for letters of credit, collateral for any loans, agreements regarding collateral, payment of interest on any loans, guarantees, cashier's checks, account opening documents, signature cards, account statements, items of withdrawal or deposit, and any correspondence, communication or e-mail discussing or referring to loans, loan applications, letters of credit, applications for letters of credit, collateral for any loans, agreements regarding collateral, payment of interest on any loans, guarantees, tax liens, certificates of sale, tax sale certificates, and the tax sale business," and Request No. 2 in Plaintiff's Second Set of Requests for Production, which sought production of "[a]ll documents, electronically stored information and tangible evidence from any source that relates to Banco Popular's participation in Defendants' activities in Indiana, including without limitation, Banco Popular's participation as buyer or co-purchaser in Defendants' purchase of any of the properties listed on Exhibit B to Plaintiff's Complaint (Doc. 1-2)." In addition, Plaintiff issued a subpoena duces tecum to Banco Popular, and has received tens of thousands of documents and electronic records in response. Gupta, by counsel, further objects to this Request to the extent that it seeks documents and electronic records containing non-public confidential and proprietary financial information that is not related to or relevant to Plaintiff's claims. Gupta, by counsel, also objects to this Request because there is a Protective Order already in place in this action protecting against production or disclosure of certain documents and electronic records sought in this Request. Gupta, by counsel, further objects to this Request as overly broad because in seeks documents and electronic records containing information unrelated to Gupta's tax sale business, and related to non-Indiana tax sales or commissioner's sales and tax sales or commissioner's sales for which the applicable statute of limitations has expired. This redundant Request is

oppressive and designed to harass, prejudice and embarrass Gupta and burden him with needless expense.

**REQUEST FOR PRODUCTION NO. 29:**  All communication with any of the persons identified in your responses to Interrogatory No. 12 of Plaintiff's First Set of Interrogatories.

**OBJECTION:**  Gupta, by counsel, objects to this Request as overly broad, unreasonably cumulative and duplicative of prior discovery, and unduly burdensome and expensive for Gupta to respond to.  It is not limited in time, and it is not limited in scope to any issue in this litigation or even to Gupta's Indiana tax sale business; it seeks production of ALL communications with the persons identified in your responses to Interrogatory No. 12 of Plaintiff's First Set of Interrogatories, regardless of whether the communication pertains to any person, property, claim or issue that is the subject of this action.  Gupta has already produced over 48,000 Bates numbered documents and electronic records in response to Plaintiff's First and Second Set of Requests for Production.  Gupta, by counsel, further objects to this Request because it seeks production of personal and private communications that are not relevant to Plaintiff's claims.  Gupta, by counsel, also objects to this Request because it seeks communications containing non-public private and confidential information concerning non-parties to this action.  Gupta, by counsel, further objects to this Request as overly broad because in seeks communications containing information unrelated to Gupta's Indiana tax sale business, and related to non-Indiana tax sales or commissioner's sales and tax sales or commissioner's sales for which the applicable statute of limitations has expired.  This dragnet Request is oppressive and designed to harass, prejudice and embarrass Gupta and burden him with needless expense.

**REQUEST FOR PRODUCTION NO. 30:** All earlier versions of the IND.xlsx spreadsheet (Bates VG-0002872), i.e., versions of substantially the same information created before IND.xlsx was created.

**OBJECTION:** Gupta, by counsel, objects to this Request as too vague, ambiguous and misleading to require response. The electronic record produced by Gupta that is Bates numbered VG0002872 is part of a spreadsheet of the Sale List for the 2007 Grant County Tax Sale, not the IND.xlsx spreadsheet. Gupta, by counsel, further objects to this Request as unreasonably cumulative and duplicative of prior discovery, and unduly burdensome and expensive for Gupta to respond to. Among the over 48,000 Bates numbered documents and electronic records produced by Gupta in response to Plaintiff's First and Second Set of Requests for Production were a spreadsheet labeled IND.xlsx (Bates numbered VG0002782) and a spreadsheet labeled IND-2007 SALE LIST\Grant(1110)-IN sale 4-10-08.xls (Bates numbered VG0002872). As indicated in Gupta's Response to Request No. 18 in Plaintiff's First Set of Requests for Production, both of these electronically stored spreadsheets were produced in native format. Production in native format, by definition, gives Plaintiff access information regarding any previous versions of these spreadsheets. (It should be noted that among the over 48,000 Bates numbered documents and electronic records produced by Gupta in response to Plaintiff's First and Second Set of Requests for Production were also Gupta's handwritten work papers from which data entered on these spreadsheets was obtained.) This confusing, illogical and redundant Request is oppressive and designed to harass and burden Gupta with needless expense.

**REQUEST FOR PRODUCTION NO. 31:** The authorization by Vivek Gupta for Vinod Gupta to use a stamp with Vivek Gupta's signature in his Tax Certificate business.

**OBJECTION:**    Gupta, by counsel, objects to this Request as vague, ambiguous and misleading. It is unknown what is meant by the capitalized term "Tax Certificate business," or whose such business in referred to in this Request, and the Request assumes that an authorization for Vivek Gupta for Vinod Gupta to use a stamp with Vivek Gupta's Singature in such business exists.

**RESPONSE:**    Gupta does not have anything in his possession, custody or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 32:** The blank template for the document Notice of Sale and Redemption Period Expiration. (Example – VG-0011536).

**OBJECTION:**    Gupta, by counsel, objects to this Request as unreasonably cumulative and duplicative of prior discovery, and unduly burdensome and expensive for Gupta to respond to. Gupta, by counsel, further objects to this Request because it seeks non-public confidential proprietary electronically stored information. Gupta, by counsel, also objects to this Request because it seeks production of electronically stored information that is wholly irrelevant to Plaintiff's claims. Among the over 48,000 Bates numbered documents and electronic records produced by Gupta in response to Plaintiff's First and Second Set of Requests for Production were copies of the actual notices themselves which were sent pursuant to Ind. Code §6-1.1-25-4.5. Any blank template used to create those notices has absolutely no relevance to the central factual issue in this case – whether Mr. Gupta incurred and paid for Title Search and Notify

Costs. This redundant and irrelevant Request is oppressive and designed to harass and burden Gupta with needless expense.

**REQUEST FOR PRODUCTION NO. 33:**  The blank template for the document used for the Vivek Gupta billing statements. (Example – VG-0002779).

**OBJECTION:**  Gupta, by counsel, objects to this Request as vague, ambiguous and misleading in that it assumes that a blank template for billing statements of Vivek Gupta exists and that Gupta has possession, custody or control of such a blank template for billing statements of Vivek Gupta. Gupta, by counsel, further objects to this Request because it seeks production of electronically stored information that is wholly irrelevant to Plaintiff's claims. Any blank templates used for billing statements by Vivek Gupta have absolutely no relevance to the issues in this case.

**RESPONSE:**  Gupta does not have anything in his possession, custody or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 34:**  All  other  blank  templates  used  in defendants' business.

**OBJECTION:**  Gupta, by counsel, objects to this Request as overly broad, unreasonably cumulative and duplicative of prior discovery, and unduly burdensome and expensive for Gupta to respond to. Gupta, by counsel, further objects to this Request because it seeks non-public confidential proprietary electronically stored information. Gupta, by counsel, also objects to this Request because it seeks production of electronically stored information that is wholly irrelevant to Plaintiff's claims. Any blank templates used in Gupta's business have

absolutely no relevance to the issues in this case. This redundant and irrelevant Request is oppressive and designed to harass and burden Gupta with needless expense.

**REQUEST FOR PRODUCTION NO. 35:** All communications with Google about your guptavc@gmail.com account.

**OBJECTION:** Gupta, by counsel, objects to this Request because it seeks production of personal and private communications that are not relevant to Plaintiff's claims. Gupta, by counsel, further objects to this Request because it seeks communications containing non-public private and confidential information concerning non-parties to this action. Gupta, by counsel, also objects to this Request as overly broad to the extent that it seeks communications related to non-Indiana tax sales or commissioner's sales and tax sales or commissioner's sales for which the applicable statute of limitations has expired. It is also not limited in time, and it is not limited in scope to any issue in this litigation or even to Gupta's Indiana tax sale business. This dragnet Request is oppressive and designed to harass, prejudice and embarrass Gupta.

**REQUEST FOR PRODUCTION NO. 36:** Documents and electronically stored information that support the amounts you reported in each taxable year (2012-2012) as gross income and/or total income from redemptions.

**OBJECTION:** Gupta, by counsel, objects to this Request as vague, ambiguous and misleading. It is not known what is meant by the terms "reported," and "each taxable year (2012-2012)." To the extent this Request seeks production of documents and electronically stored information concerning information reported on any income tax return of Gupta, Gupta, by counsel, further objects to this Request because it seeks production of personal and private

documents and electronically stored information that are not relevant to Plaintiff's claims. Gupta, by counsel, also objects to this Request to the extent that it seeks documents and electronically stored information containing non-public confidential financial information that is not related to or relevant to Plaintiff's claims. Gupta, by counsel, further objects to this Request because there is a Protective Order already in place in this action protecting against production or disclosure of the documents and electronically stored information sought in this Request. Gupta, by counsel, also objects to this Request as overly broad because it seeks documents and electronically stored information containing information related to non-Indiana tax sales or commissioner's sales and tax sales or commissioner's sales for which the applicable statute of limitations has expired. This irrelevant Request is designed to harass, prejudice and embarrass Gupta.

**REQUEST FOR PRODUCTION NO. 37:** Documents that reflect the amounts you claim you owe but have not paid to Vivek V. Gupta for work that resulted in Title and/or Notify costs.

**OBJECTION:** Gupta, by counsel, objects to this Request as vague, ambiguous and misleading in that it assumes that Gupta claims he owes but has not paid amounts to Vivek V. Gupta for work that resulted in Title and/or Notify costs. Gupta has never made such a claim.

**REQUEST FOR PRODUCTION NO. 38:** The information provided by defendant Vinod Gupta in the spreadsheet IND.xlsx (Bates VG-0002872), for all tax certificates purchased by defendants in Indiana in 2002.

**OBJECTION:** Gupta, by counsel, objects to this Request as too vague, ambiguous and misleading to require response. The electronic record produced by Gupta that is Bates numbered VG0002872 is part of a spreadsheet of the Sale List for the 2007 Grant County Tax Sale, not the IND.xlsx spreadsheet. Gupta, by counsel, further objects to this Request as unreasonably cumulative and duplicative of prior discovery, and unduly burdensome and expensive for Gupta to respond to. Among the over 48,000 Bates numbered documents and electronic records produced by Gupta in response to Plaintiff's First and Second Set of Requests for Production were a spreadsheet labeled IND.xlsx (Bates numbered VG0002782) and a spreadsheet labeled IND-2007 SALE LIST\Grant(1110)-IN sale 4-10-08.xls (Bates numbered VG0002872). As indicated in Gupta's Response to Request No. 18 in Plaintiff's First Set of Requests for Production, these electronically stored spreadsheets were produced in native format. Also among the over 48,000 Bates numbered documents and electronic records produced by Gupta in response to Plaintiff's First and Second Set of Requests for Production were Gupta's handwritten work papers from tax sales dating back to 2002 from which the data entered on these spreadsheets was obtained. If the information from over ten years ago sought by this Request (whatever it is) still exists, it has already been produced in response to Plaintiff's First and Second Set of Requests for Production. Gupta, by counsel, also objects to this Request as overly broad because it seeks documents and electronically stored information containing information related to tax sales or commissioner's sales for which the applicable statute of limitations has expired. This confusing, illogical and redundant Request is oppressive and designed to harass and burden Gupta with needless expense.

HARRISON & MOBERLY, LLP

David J. Theising
HARRISON & MOBERLY, LLP
10 West Market Street, Suite 700
Indianapolis, Indiana 46204
Telephone:     (317) 639-4511
Facsimile:     (317) 639-9565
Email:  dtheising@harrisonmoberly.com

Counsel for Defendant Vinod C. Gupta

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served via email and first class United States mail, postage prepaid, this 6th day of August, 2013, upon the following counsel of record:

> John S. Sandberg
> Bhavik R. Patel
> Jesse B. Rochman
> SANDBERG PHOENIX & VON GONTARD, P.C.
> 600 Washington Avenue, 15th Floor
> St. Louis, Missouri 63101
> Email: jsandberg@sandbergphoenix.com
> Email: bpatel@sandbergphoenix.com
> Email: jrochman@sandbergphoenix.com

David J. Theising

David J. Theising
HARRISON & MOBERLY, LLP
10 West Market Street, Suite 700
Indianapolis, Indiana 46204
Telephone:     (317) 639-4511
Facsimile:     (317) 639-9565
Email: dtheising@harrisonmoberly.com

Counsel for Defendant Vinod C. Gupta