UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSHUA B. CRISSEN, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| VINOD C. GUPTA, SATYABALA V. GUPTA, WIPER CORPORATION, VIVEK V. GUPTA and BANCO POPULAR NORTH AMERICA, | ) ) ) ) ) ) ) |
| Defendants. | ) |

Case No.  2:12-cv-00355-JMS-WGH

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS
VINOD C. GUPTA, SATYABALA V. GUPTA AND WIPER CORPORATION
TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

The Defendants Vinod C. Gupta ("Mr. Gupta"), Satyabala V. Gupta ("Mrs. Gupta") and Wiper Corporation ("Wiper") (collectively, the "Gupta Defendants"), by counsel, by way of Answer to the First Amended Class Action Complaint (the "Amended Complaint") of the Plaintiff Joshua B. Crissen ("Crissen"), allege and say that:

<u>Nature of Action</u>

1.      The Gupta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 1 of Plaintiff's Amended Complaint.

2.      The Gupta Defendants deny the allegations contained in rhetorical paragraph 2 of Plaintiff's Amended Complaint.

<u>Jurisdiction and Venue</u>

3.     The Gupta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 3 of Plaintiff's Amended Complaint.

4.     The Gupta Defendants deny the allegations contained in rhetorical paragraph 4 of Plaintiff's Amended Complaint.

5.     The Gupta Defendants deny the allegations contained in rhetorical paragraph 5 of Plaintiff's Amended Complaint.

6.     The Gupta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 6 of Plaintiff's Amended Complaint.

<u>The Parties</u>

7.     The Gupta Defendants admit that some property once owned partly by Plaintiff and purchased at a tax sale by Gupta was redeemed, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in rhetorical paragraph 7 of Plaintiff's Amended Complaint.

8.     The Gupta Defendants admit the allegations contained in rhetorical paragraph 8 of Plaintiff's Amended Complaint.

9.     The Gupta Defendants admit that Satyabala V. Gupta is an individual residing on Boca Raton, Florida and is Mr. Gupta's wife, and deny the remaining allegations contained in rhetorical paragraph 9 of Plaintiff's Amended Complaint.

10.     The Gupta Defendants admit that Wiper Corporation is a Florida corporation with its principal place of business at 17962 Foxborough Lane, Boca Raton, Florida 33496, that

Wiper Corp.'s registered agent in Indiana is located at 120 East Market Street, Indianapolis, Indiana 46204, and that Mr. Gupta and Mrs. Gupta are the only directors of Wiper Corp., and deny the remaining allegations contained in rhetorical paragraph 10 of Plaintiff's Amended Complaint.

11.     The Gupta Defendants admit that Vivek is an individual residing in Boca Raton, Florida, is Mr. Gupta's and Mrs. Gupta's son, and has performed activities necessary or helpful to Mr. Gupta's and Wiper's tax sale business in Indiana including participation in tax sales in Indiana, and deny the remaining allegations contained in rhetorical paragraph 11 of Plaintiff's Amended Complaint.

12.     The Gupta Defendants admit that BPNA succeeded Kislak National Bank, has a branch office at 7900 Miami Lakes Drive West, Miami Lakes 33016, and performed activities necessary or helpful to Mr. Gupta's and Wiper's tax sale business in Indiana, deny that BPNA participated in the operation or management of Mr. Gupta's and Wiper's tax sale business in Indiana, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in rhetorical paragraph 12 of Plaintiff's Amended Complaint.

Tax Sale Process

13.     The Gupta Defendants admit the allegations contained in rhetorical paragraph 13 of Plaintiff's Amended Complaint.

14.     The Gupta Defendants deny the allegations contained in rhetorical paragraph 14 of Plaintiff's Amended Complaint.

15.     The Gupta Defendants admit that the publication gives notice that the county auditor and county treasurer will apply for court judgments against delinquent real estate and

orders to sell those judgments at public auction, and deny the remaining allegations contained in rhetorical paragraph 15 of Plaintiff's Amended Complaint.

16.     Because no time frame is referenced in rhetorical paragraph 16 of Plaintiff's Amended Complaint, the Gupta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 16.

17.     The Gupta Defendants admit the allegations contained in rhetorical paragraph 17 of Plaintiff's Amended Complaint.

18.     Because no time frame is referenced in rhetorical paragraph 18 of Plaintiff's Amended Complaint, the Gupta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 18.

19.     Because no time frame is referenced in rhetorical paragraph 19 of Plaintiff's Amended Complaint, the Gupta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 19.

20.     The Gupta Defendants admit the allegations contained in rhetorical paragraph 20 of Plaintiff's Amended Complaint.

21.     The Gupta Defendants admit the allegations contained in rhetorical paragraph 21 of Plaintiff's Amended Complaint.

22.     The Gupta Defendants admit the allegations contained in rhetorical paragraph 22 of Plaintiff's Amended Complaint.

23.     The Gupta Defendants deny the allegations contained in rhetorical paragraph 23 of Plaintiff's Amended Complaint.

24.     The Gupta Defendants deny the allegations contained in rhetorical paragraph 24 of Plaintiff's Amended Complaint.

25.     The Gupta Defendants admit the allegations contained in rhetorical paragraph 25 of Plaintiff's Amended Complaint.

26.     Because no time frame is referenced in rhetorical paragraph 26 of Plaintiff's Amended Complaint, the Gupta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 26.

27.     The Gupta Defendants admit the allegations contained in rhetorical paragraph 27 of Plaintiff's Amended Complaint.

28.     Because no time frame is referenced in rhetorical paragraph 28 of Plaintiff's Amended Complaint, the Gupta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 28.

29.     The Gupta Defendants admit the allegations contained in rhetorical paragraph 29 of Plaintiff's Amended Complaint.

30.     The Gupta Defendants admit that, if the property is redeemed within the redemption period, the county auditor will notify the purchaser of the redemption and request the purchaser to return the original certificate of sale to the county auditor, and deny that the Redemption Amount as defined in rhetorical paragraph 26 of Plaintiff's Amended Complaint and the purchase price exceeding the Minimum Price ("Surplus") is remitted to the purchaser.

31.     The Gupta Defendants admit that the majority of counties also require an Accounts Payable Voucher from a purchaser in addition to the original certificate of sale, and deny that the Redemption Amount as defined in rhetorical paragraph 26 of Plaintiff's Amended Complaint and the Surplus is remitted to the purchaser.

32.     The Gupta Defendants deny that the Redemption Amount as defined in rhetorical paragraph 26 of Plaintiff's Amended Complaint and the Surplus is remitted to the purchaser.

33.     The Gupta Defendants admit the allegations contained in rhetorical paragraph 33 of Plaintiff's Amended Complaint.

34.     The Gupta Defendants deny the allegations contained in rhetorical paragraph 34 of Plaintiff's Amended Complaint.

<u>Plaintiff's Property</u>

35.     The Gupta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 35 of Plaintiff's Amended Complaint.

36.     The Gupta Defendants deny that Plaintiff was the sole owner of Plaintiff's Property, and admit the remaining allegations contained in rhetorical paragraph 36 of Plaintiff's Amended Complaint.

37.     The Gupta Defendants deny that Plaintiff was the sole owner of Plaintiff's Property, and admit the remaining allegations contained in rhetorical paragraph 37 of Plaintiff's Amended Complaint.

38.     The Gupta Defendants deny that Plaintiff was the sole owner of Plaintiff's Property, and admit the remaining allegations contained in rhetorical paragraph 38 of Plaintiff's Amended Complaint.

39.     The Gupta Defendants deny that Plaintiff was the sole owner of Plaintiff's Property, and admit the remaining allegations contained in rhetorical paragraph 39 of Plaintiff's Amended Complaint.

40.     The Gupta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 40 of Plaintiff's Amended Complaint.

41.     The Gupta Defendants deny that Plaintiff was the sole owner of Plaintiff's Property, and admit the remaining allegations contained in rhetorical paragraph 41 of Plaintiff's Amended Complaint.

42.     The Gupta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 42 of Plaintiff's Amended Complaint.

43.     The Gupta Defendants deny that Plaintiff was the sole owner of Plaintiff's Property, and admit the remaining allegations contained in rhetorical paragraph 43 of Plaintiff's Amended Complaint.

44.     The Gupta Defendants deny that Plaintiff was the sole owner of Plaintiff's Property, and admit the remaining allegations contained in rhetorical paragraph 44 of Plaintiff's Amended Complaint.

45.     The Gupta Defendants deny the allegations contained in rhetorical paragraph 45 of Plaintiff's Amended Complaint.

46.     The Gupta Defendants admit that Plaintiff's Property was redeemed for $3,027.04 on February 8, 2010, and deny that Plaintiff was the sole owner of Plaintiff's Property, that Plaintiff's Property was redeemed solely by Plaintiff, and that the Redemption Amount as defined in rhetorical paragraph of 26 of Plaintiff's Amended Complaint was $3,027.04.

47.     The Gupta Defendants admit that the county auditor notified Mr. Gupta and/or BPNA of the redemption and requested the original Tax Sale Certificate be returned to the county auditor, deny that the Redemption Amount as defined in rhetorical paragraph 26 of Plaintiff's Amended Complaint and Surplus would be remitted to BPNA, and are without

knowledge or information sufficient to form a belied as to the truth of the remaining allegations contained in rhetorical paragraph 47 of Plaintiff's Amended Complaint.

48.     The Gupta Defendants admit that BPNA returned the original Tax Sale Certificate to the county auditor, and are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 48 of Plaintiff's Amended Complaint.

49.     The Gupta Defendants admit that, on or about February 17, 2010, the county auditor remitted $3,027.04 and the Surplus ($5,881.40) to BPNA, and deny that the Redemption Amount as defined in rhetorical paragraph 26 of Plaintiff's Amended Complaint was $3,027.04.

<u>Scheme to Defraud</u>

50.     The Gupta Defendants deny the allegations contained in rhetorical paragraph 50 of Plaintiff's Amended Complaint.

51.     The Gupta Defendants deny the allegations contained in rhetorical paragraph 51 of Plaintiff's Amended Complaint.

52.     The Gupta Defendants admit that, in May, 2002, Kislak agreed to provide Mr. Gupta and Mrs. Gupta $4,000,000 in funding, and deny the remaining allegations contained in rhetorical paragraph 52 of Plaintiff's Amended Complaint.

53.     The Gupta Defendants deny that Kislak directed that all certificates of sale purchased by Pledgors at Indiana tax sales and Commissioner's Sales shall be jointly owned, and admit the remaining allegations contained in rhetorical paragraph 53 of Plaintiff's Amended Complaint.

54.     The Gupta Defendants admit that, from 2003 through January 2005, Kislak agreed to provide Mr. Gupta and Mrs. Gupta between $6,000,000 and $7,000,000 in funding,

and deny the remaining allegations contained in rhetorical paragraph 54 of Plaintiff's Amended Complaint.

55.    The Gupta Defendants deny that Kislak directed that all certificates of sale purchased by Pledgors at Indiana tax sales and Commissioner's Sales shall be jointly owned, and admit the remaining allegations contained in rhetorical paragraph 55 of Plaintiff's Amended Complaint.

56.    The Gupta Defendants admit that, from January 2005 through July 31, 2006, BPNA agreed to provide Mr. Gupta and Mrs. Gupta $7,000,000 in funding, and deny the remaining allegations contained in rhetorical paragraph 56 of Plaintiff's Amended Complaint.

57.    The Gupta Defendants deny that BPNA directed that all certificates of sale purchased by Pledgors at Indiana tax sales and Commissioner's Sales shall be jointly owned, and admit the remaining allegations contained in rhetorical paragraph 57 of Plaintiff's Amended Complaint.

58.    The Gupta Defendants admit that, from July 31, 2006 through the present, BPNA agreed to provide Mr. Gupta and Mrs. Gupta between $7,000,000 and $10,000,000 in funding, and deny the remaining allegations contained in rhetorical paragraph 58 of Plaintiff's Amended Complaint

59.    The Gupta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 59 of Plaintiff's Amended Complaint.

60.    The Gupta Defendants admit the allegations contained in rhetorical paragraph 60 of Plaintiff's Amended Complaint.

61.     The Gupta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 61 of Plaintiff's Amended Complaint.

62.     The Gupta Defendants admit the allegations contained in rhetorical paragraph 62 of Plaintiff's Amended Complaint.

63.     The Gupta Defendants deny the allegations contained in the first sentence of rhetorical paragraph 63 of Plaintiff's Amended Complaint, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in rhetorical paragraph 63 of Plaintiff's Amended Complaint.

64.     The Gupta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 64 of Plaintiff's Amended Complaint.

65.     The Gupta Defendants deny the allegations contained in rhetorical paragraph 65 of Plaintiff's Amended Complaint.

66.     The Gupta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 66 of Plaintiff's Amended Complaint.

67.     The Gupta Defendants deny the allegations contained in rhetorical paragraph 67 of Plaintiff's Amended Complaint.

68.     The Gupta Defendants deny the allegations contained in rhetorical paragraph 68 of Plaintiff's Amended Complaint.

69.     The Gupta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 69 of Plaintiff's Amended Complaint.

70.     The Gupta Defendants deny the allegations contained in rhetorical paragraph 70 of Plaintiff's Amended Complaint.

71.     The Gupta Defendants deny the allegations contained in rhetorical paragraph 71 of Plaintiff's Amended Complaint.

72.     The Gupta Defendants deny the allegations contained in rhetorical paragraph 72 of Plaintiff's Amended Complaint.

73.     The Gupta Defendants deny the allegations contained in rhetorical paragraph 73 of Plaintiff's Amended Complaint.

74.     The Gupta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 74 of Plaintiff's Amended Complaint.

75.     The Gupta Defendants deny the allegations contained in rhetorical paragraph 75 of Plaintiff's Amended Complaint.

76.     The Gupta Defendants deny the allegations contained in rhetorical paragraph 76 of Plaintiff's Amended Complaint.

77.     The Gupta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 77 of Plaintiff's Amended Complaint.

78.     The Gupta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 78 of Plaintiff's Amended Complaint.

79.     The Gupta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 79 of Plaintiff's Amended Complaint.

80.     The Gupta Defendants deny the allegations contained in rhetorical paragraph 80 of Plaintiff's Amended Complaint.

81.     The Gupta Defendants deny that, shortly after receipt of the original certificate of sale (and the Accounts Payable Voucher if required by that particular county), the county auditor remitted the Redemption Amount as defined in rhetorical paragraph 26 of Plaintiff's Amended Complaint and Surplus to Kislak or BPNA, and admit that funds remitted by the county auditor to Kislak and BPNA following redemption were used by them to pay off the lines of credit extended to Pledgers.

82.     The Gupta Defendants deny the allegations contained in rhetorical paragraph 82 of Plaintiff's Amended Complaint.

83.     The Gupta Defendants deny the allegations contained in rhetorical paragraph 83 of Plaintiff's Amended Complaint.

84.     The Gupta Defendants deny the allegations contained in rhetorical paragraph 84 of Plaintiff's Amended Complaint.

85.     The Gupta Defendants deny the allegations contained in rhetorical paragraph 85 of Plaintiff's Amended Complaint.

86.     The Gupta Defendants deny the allegations contained in rhetorical paragraph 86 of Plaintiff's Amended Complaint.

<u>Class Allegations</u>

87.     The Gupta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 87 of Plaintiff's Amended Complaint.

88.     The Gupta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 88 of Plaintiff's Amended Complaint.

89.     The Gupta Defendants deny the allegations contained in rhetorical paragraph 89 of Plaintiff's Amended Complaint.

90.     The Gupta Defendants deny the allegations contained in rhetorical paragraph 90 of Plaintiff's Amended Complaint.

91.     The Gupta Defendants deny the allegations contained in rhetorical paragraph 91 of Plaintiff's Amended Complaint.

92.     The Gupta Defendants deny the allegations contained in rhetorical paragraph 92 of Plaintiff's Amended Complaint.

93.     The Gupta Defendants deny the allegations contained in rhetorical paragraph 93 of Plaintiff's Amended Complaint.

94.     The Gupta Defendants deny the allegations contained in rhetorical paragraph 94 of Plaintiff's Amended Complaint.

<u>Count I – Substantive Racketeering Under Federal Rico</u>

95.     The Gupta Defendants adopt and incorporate by reference as though fully set forth herein their Answers to all previous paragraphs of Plaintiff's Amended Complaint.

96.     The Gupta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 96 of Plaintiff's Amended Complaint.

97.     The Gupta Defendants deny the allegations contained in rhetorical paragraph 97 of Plaintiff's Amended Complaint.

98.     The Gupta Defendants deny the allegations contained in rhetorical paragraph 98 of Plaintiff's Amended Complaint.

99.     The Gupta Defendants deny the allegations contained in rhetorical paragraph 99 of Plaintiff's Amended Complaint.

100.    The Gupta Defendants deny the allegations contained in rhetorical paragraph 100 of Plaintiff's Amended Complaint.

101.    The Gupta Defendants deny the allegations contained in rhetorical paragraph 101 of Plaintiff's Amended Complaint.

102.    The Gupta Defendants deny the allegations contained in rhetorical paragraph 102 of Plaintiff's Amended Complaint.

103.    The Gupta Defendants deny the allegations contained in rhetorical paragraph 103 of Plaintiff's Amended Complaint.

104.    The Gupta Defendants deny the allegations contained in rhetorical paragraph 104 of Plaintiff's Amended Complaint.

105.    The Gupta Defendants deny the allegations contained in rhetorical paragraph 105 of Plaintiff's Amended Complaint.

106.    The Gupta Defendants deny the allegations contained in rhetorical paragraph 106 of Plaintiff's Amended Complaint.

107.    The Gupta Defendants deny the allegations contained in rhetorical paragraph 107 of Plaintiff's Amended Complaint.

WHEREFORE, the Gupta Defendants respectfully pray that this action not be certified as a class action, that the Plaintiff and any class members recover nothing from the Gupta Defendants under Plaintiff's Amended Complaint, that costs be assessed against the Plaintiff, and for all just and proper relief in the premises.

<u>Count II - Racketeering Conspiracy Under Federal Rico</u>

108.    The Gupta Defendants adopt and incorporate by reference as though fully set forth herein their Answers to all previous paragraphs of Plaintiff's Amended Complaint.

109.    The Gupta Defendants deny the allegations contained in rhetorical paragraph 109 of Plaintiff's Amended Complaint.

110.    The Gupta Defendants deny the allegations contained in rhetorical paragraph 110 of Plaintiff's Amended Complaint.

111.    The Gupta Defendants deny the allegations contained in rhetorical paragraph 111of Plaintiff's Amended Complaint.

WHEREFORE, the Gupta Defendants respectfully pray that this action not be certified as a class action, that the Plaintiff and any class members recover nothing from the Gupta Defendants under Plaintiff's Amended Complaint, that costs be assessed against the Plaintiff, and for all just and proper relief in the premises.

<u>Count III – Substantive Racketeering Under Indiana Rico</u>

112. The Gupta Defendants adopt and incorporate by reference as though fully set forth herein their Answers to all previous paragraphs of Plaintiff's Amended Complaint.

113. The Gupta Defendants deny the allegations contained in rhetorical paragraph 113 of Plaintiff's Amended Complaint.

114. The Gupta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 114 of Plaintiff's Amended Complaint.

115. The Gupta Defendants deny the allegations contained in rhetorical paragraph 115 of Plaintiff's Amended Complaint.

116. The Gupta Defendants deny the allegations contained in rhetorical paragraph 116 of Plaintiff's Amended Complaint.

117. The Gupta Defendants deny the allegations contained in rhetorical paragraph 117 of Plaintiff's Amended Complaint.

118. The Gupta Defendants deny the allegations contained in rhetorical paragraph 118 of Plaintiff's Amended Complaint.

119. The Gupta Defendants deny the allegations contained in rhetorical paragraph 119 of Plaintiff's Amended Complaint.

120. The Gupta Defendants deny the allegations contained in rhetorical paragraph 120 of Plaintiff's Amended Complaint.

121. The Gupta Defendants deny the allegations contained in rhetorical paragraph 121 of Plaintiff's Amended Complaint.

122. The Gupta Defendants deny the allegations contained in rhetorical paragraph 122 of Plaintiff's Amended Complaint.

123.    The Gupta Defendants deny the allegations contained in rhetorical paragraph 123 of Plaintiff's Amended Complaint.

124.    The Gupta Defendants deny the allegations contained in rhetorical paragraph 124 of Plaintiff's Amended Complaint.

WHEREFORE, the Gupta Defendants respectfully pray that this action not be certified as a class action, that the Plaintiff and any class members recover nothing from the Gupta Defendants under Plaintiff's Amended Complaint, that costs be assessed against the Plaintiff, and for all just and proper relief in the premises.

<u>Count IV – Racketeering Conspiracy Under Indiana Rico</u>

125.    The Gupta Defendants adopt and incorporate by reference as though fully set forth herein their Answers to all previous paragraphs of Plaintiff's Amended Complaint.

126.    The Gupta Defendants deny the allegations contained in rhetorical paragraph 126 of Plaintiff's Amended Complaint.

127.    The Gupta Defendants deny the allegations contained in rhetorical paragraph 127 of Plaintiff's Amended Complaint.

128.    The Gupta Defendants deny the allegations contained in rhetorical paragraph 128 of Plaintiff's Amended Complaint.

WHEREFORE, the Gupta Defendants respectfully pray that this action not be certified as a class action, that the Plaintiff and any class members recover nothing from the Gupta Defendants under Plaintiff's Amended Complaint, that costs be assessed against the Plaintiff, and for all just and proper relief in the premises.

<u>Count V – Relief Under The Crime Victims Act</u>

129.    The Gupta Defendants adopt and incorporate by reference as though fully set forth herein their Answers to all previous paragraphs of Plaintiff's Amended Complaint.

130.    The Gupta Defendants deny the allegations contained in rhetorical paragraph 130 of Plaintiff's Amended Complaint.

131.    The Gupta Defendants deny the allegations contained in rhetorical paragraph 131 of Plaintiff's Amended Complaint.

132.    The Gupta Defendants deny the allegations contained in rhetorical paragraph 132 of Plaintiff's Amended Complaint.

133.    The Gupta Defendants deny the allegations contained in rhetorical paragraph 133 of Plaintiff's Amended Complaint.

134.    The Gupta Defendants deny the allegations contained in rhetorical paragraph 134 of Plaintiff's Amended Complaint.

135.    The Gupta Defendants deny the allegations contained in rhetorical paragraph 135 of Plaintiff's Amended Complaint.

136.    The Gupta Defendants deny the allegations contained in rhetorical paragraph 136 of Plaintiff's Amended Complaint.

WHEREFORE, the Gupta Defendants respectfully pray that this action not be certified as a class action, that the Plaintiff and any class members recover nothing from the Gupta Defendants under Plaintiff's Amended Complaint, that costs be assessed against the Plaintiff, and for all just and proper relief in the premises.

<u>Count VI - Fraud</u>

137.    The Gupta Defendants adopt and incorporate by reference as though fully set forth herein their Answers to all previous paragraphs of Plaintiff's Amended Complaint.

138.    The Gupta Defendants deny the allegations contained in rhetorical paragraph 138 of Plaintiff's Amended Complaint.

139.    The Gupta Defendants deny the allegations contained in rhetorical paragraph 139 of Plaintiff's Amended Complaint.

140.    The Gupta Defendants deny the allegations contained in rhetorical paragraph 140 of Plaintiff's Amended Complaint.

141.    The Gupta Defendants deny the allegations contained in rhetorical paragraph 141 of Plaintiff's Amended Complaint.

142.    The Gupta Defendants deny the allegations contained in rhetorical paragraph 142 of Plaintiff's Amended Complaint.

143.    The Gupta Defendants deny the allegations contained in rhetorical paragraph 143 of Plaintiff's Amended Complaint.

144.    The Gupta Defendants deny the allegations contained in rhetorical paragraph 144 of Plaintiff's Amended Complaint.

145.    The Gupta Defendants deny the allegations contained in rhetorical paragraph 145 of Plaintiff's Amended Complaint.

146.    The Gupta Defendants deny the allegations contained in rhetorical paragraph 146 of Plaintiff's Amended Complaint.

147.    The Gupta Defendants deny the allegations contained in rhetorical paragraph 147 of Plaintiff's Amended Complaint.

WHEREFORE, the Gupta Defendants respectfully pray that this action not be certified as a class action, that the Plaintiff and any class members recover nothing from the Gupta

Defendants under Plaintiff's Amended Complaint, that costs be assessed against the Plaintiff, and for all just and proper relief in the premises.

Count VII – Money Had and Received

148.    The Gupta Defendants adopt and incorporate by reference as though fully set forth herein their Answers to all previous paragraphs of Plaintiff's Amended Complaint.

149.    The Gupta Defendants deny the allegations contained in rhetorical paragraph 149 of Plaintiff's Amended Complaint.

150.    The Gupta Defendants deny the allegations contained in rhetorical paragraph 150 of Plaintiff's Amended Complaint.

151.    The Gupta Defendants deny the allegations contained in rhetorical paragraph 151 of Plaintiff's Amended Complaint.

WHEREFORE, the Gupta Defendants respectfully pray that this action not be certified as a class action, that the Plaintiff and any class members recover nothing from the Gupta under Plaintiff's Amended Complaint, that costs be assessed against the Plaintiff, and for all just and proper relief in the premises.

Count VIII – Unjust Enrichment

152.    The Gupta Defendants adopt and incorporate by reference as though fully set forth herein their Answers to all previous paragraphs of Plaintiff's Amended Complaint.

153.    The Gupta Defendants deny the allegations contained in rhetorical paragraph 153 of Plaintiff's Amended Complaint.

154.    The Gupta Defendants deny the allegations contained in rhetorical paragraph 154 of Plaintiff's Amended Complaint.

20

155.    The Gupta Defendants deny the allegations contained in rhetorical paragraph 155 of Plaintiff's Amended Complaint.

WHEREFORE, the Gupta Defendants respectfully pray that this action not be certified as a class action, that the Plaintiff and any class members recover nothing from the Gupta under Plaintiff's Amended Complaint, that costs be assessed against the Plaintiff, and for all just and proper relief in the premises.

## Affirmative Defenses

The Gupta Defendants, by counsel, by way of Affirmative Defenses to the Plaintiff's First Amended Class Action Complaint, allege and say that:

1.    This Court lacks jurisdiction over this action.

2.    The Plaintiff's Amended Complaint, and each Count thereof, fails to state a claim against the Gupta Defendants and each of them upon which relief can be granted.

3.    Plaintiff's Amended Complaint, and each Count thereof, fails to state a claim on behalf of putative class members against the Gupta Defendants and each of them upon which relief can be granted.

4.    Plaintiff's Amended Complaint, and each Count thereof, fails to state with particularity the circumstances constituting fraud.

5.    Counts I, II, III and IV of Plaintiff's Amended Complaint fail to adequately allege the elements of a RICO claim.

6.    Counts I, II, III and IV of Plaintiff's Amended Complaint fail to state RICO claims against the Gupta Defendants and each of them upon which relief can be granted.

7.      Counts I, II, III, IV and V of Plaintiff's Amended Complaint fail to state a claim for treble damages and punitive damages against the Gupta Defendants and each of them upon which relief can be granted.

8.      Counts VI, VII and VIII of Plaintiff's Amended Complaint fail to state a claim against the Gupta Defendants and each of them for treble damages, punitive damages and attorneys' fees upon which relief can be granted.

9.      The claims asserted on behalf of certain putative class members in Plaintiff's Amended Complaint, and each Count thereof, against the Gupta Defendants and each of them are barred by applicable statutes of limitation.

10.     The claims asserted on behalf of Plaintiff and certain putative class members in Plaintiff's Amended Complaint, and each Count thereof, against the Gupta Defendants and each of them are barred by the doctrine of laches.   Plaintiff and certain putative class members unreasonably and inexcusably delayed asserting their alleged claims to the prejudice to the Gupta Defendants.   Plaintiff and certain putative class members in Plaintiff's Amended Complaint failed to be vigilant in pursuing their alleged claims to the detriment of the Gupta Defendants and those alleged claims are now be barred.

11.     The claims asserted on behalf of Plaintiff and certain putative class members in Plaintiff's Amended Complaint, and each Count thereof, against the Gupta Defendants and each of them are barred because they have been waived.   Plaintiff and certain putative class members intentionally relinquished their right to assert their alleged claims by failing to investigate and assert their alleged claims within a reasonable time of when notice of their right to redeem was given and/or received by them and redeeming the subject properties.

22

12.     The claims asserted on behalf of Plaintiff and certain putative class members in Plaintiff's Amended Complaint, and each Count thereof, against the Gupta Defendants and each of them are barred by estoppel.  Plaintiff and certain putative class members were given and/or received notice of their right to redeem and accepted the benefits thereof by redeeming the properties that were the subject thereof, and the Gupta Defendants acted in reliance thereon to their detriment.  Plaintiff and certain putative class members are estopped to accept the benefits thereof and deny that the Gupta Defendants are entitled to anything for the costs thereof.

13.     The Plaintiff has failed to join an indispensable party, Linda K. Crissen, under Fed. R. Civ. P. 19.

14.     The Gupta Defendants reserve the right to raise and assert different or additional affirmative defenses after discovery.

WHEREFORE, the Gupta Defendants respectfully pray that this action not be certified as a class action, that the Plaintiff and any class members recover nothing from the Gupta Defendants under Plaintiff's Amended Complaint, that costs be assessed against the Plaintiff, and for all just and proper relief in the premises.

HARRISON & MOBERLY, LLP

*/s/ David J. Theising*
David J. Theising
Stephen E. Arthur
Marc A.W. Stearns
HARRISON & MOBERLY, LLP
10 West Market Street, Suite 700
Indianapolis, Indiana  46204
Telephone:     (317) 639-4511
Facsimile:      (317) 639-9565
Email: dtheising@harrisonmoberly.com
          sarthur@harrisonmoberly.com
          mstearns@harrisonmoberly.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on the 9th day of October, 2013, a copy of the foregoing *Answer and Affirmative Defenses of Defendants Vinod C. Gupta, Satyabala V. Gupta and Wiper Corporation to Plaintiff's First Amended Class Action Complaint* was filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

John S. Sandberg
Bhavik R. Patel
Jesse B. Rochman
SANDBERG, PHOENIX & von GONTARD, P.C.
600 Washington Avenue, 15th Floor
St. Louis, Missouri  63101
Email: jsandberg@sandbergphoenix.com
Email: bpatel@sandbergphoenix.com
Email: jrochman@sandbergphoenix.com

Gregory A. Blue
Joshua D. Wolson
DILWORTH PAXSON, LLP
99 Park Avenue, Suite 320
New York, New York  10016
Email: gblue@dilworthlaw.com
Email: jwolson@dilworthlaw.com

Edward D. Thomas
A. Richard Blaiklock
LEWIS WAGNER, LLP
501 Indiana Avenue, Suite 200
Indianapolis, Indiana  46202-6146
Email: ethomas@lewiswagner.com
Email: rblaiklock@lewiswagner.com

David P. Friedrich
WILKINSON, GOELLER,
  MODESITT, WILKINSON
  & DRUMMY, LLP
333 Ohio Street
Terre Haute, Indiana  47807
Email: DPFreidrich@wilkinsonlaw.com

*/s/ David J. Theising*

David J. Theising
HARRISON & MOBERLY, LLP
10 West Market Street, Suite 700
Indianapolis, Indiana  46204
Telephone:     (317) 639-4511
Facsimile:     (317) 639-9565
Email:  dtheising@harrisonmoberly.com

Counsel for Defendants Vinod C. Gupta,
  Satyabala V. Gupta and Wiper Corporation