UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JOSHUA B. CRISSEN, individually and
on behalf of all others similarly situated,
    Plaintiff,

v.                                                  Case No.  2:12-CV-00355-JMS-WGH

VINOD C. GUPTA, SATYABALA V.
GUPTA, WIPER CORPORATION,
VIVEK V. GUPTA and BANCO
POPULAR NORTH AMERICA,
    Defendant.

### VIVEK V. GUPTA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

    Defendant, Vivek V. Gupta ("Vivek"), by counsel, for answer to the plaintiff's first amended class action complaint ("amended complaint") and in support states:

### NATURE OF ACTION

1. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 1 of the Amended Complaint.

2. Vivek denies the allegations of rhetorical paragraph 2 of the Amended Complaint.

### JURISDICTION AND VENUE

3. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 3 of the Amended Complaint.

4. Vivek denies the allegations of rhetorical paragraph 4 and 5 of the AmendedComplaint.

5. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 6 of the Amended Complaint.

### THE PARTIES

6. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 7 of the Amended Complaint.

7. Vivek admits the allegations of rhetorical paragraph 8 of the Amended Complaint.

8. Vivek admits that Satyabala V. Gupta ('Satyabala") lives in Boca Raton, Florida and is Vinod's C. Gupta's ("Vinod's") wife. Vivek denies the remaining allegations of rhetorical paragraph 9 of the Amended Complaint.

9. Vivek admits that the Wiper Corporation ("Wiper") is a Florida corporation with its principal place of business at 17962 Foxborough Lane, Boca Raton, Florida 33496. Vivek further admits that Wiper's resident agent is in Indiana and is located at 120 East Market Street, Indianapolis, Indiana 46204. Vivek also admits that Vinod and Satyabala are the only directors of Wiper. Vivek denies the remaining allegations of rhetorical paragraph 10 of the Amended Complaint.

10. Vivek admits that he resides in Boca Raton, Florida and is Vinod and Satyabala's son. Vivek also admits that he has assisted with Vinod and Wiper's tax sale business in Indiana. Vivek denies the remaining allegations of rhetorical paragraph 11 of the Amended Complaint.

11. Vivek without sufficient information to either admit or deny the allegations of rhetorical paragraph 12 of the Amended Complaint.

## TAX SALE PROCESS

12. Vivek admits the allegations of rhetorical paragraph 13 of the Amended Complaint.

13. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 14 of the Amended Complaint.

14. Vivek admits that the publication gives notice that the county auditor and county treasurer will apply for court judgments against delinquent real estate and orders to sell those judgments at public auction, and deny the remaining allegations of rhetorical paragraph 15 of the Amended Complaint.

15. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 16 of the Amended Complaint because no time frame is referenced .

16. Vivek admits the allegations of rhetorical paragraph 17 of the Amended Complaint.

17. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 18 of the Amended Complaint.

18. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 19 of the Amended Complaint.

19. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 20 of the Amended Complaint.

20. Vivek admits the allegations of rhetorical paragraphs 21 and 22 of the Amended Complaint.

21. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 23 of the Amended Complaint.

22. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 24 of the Amended Complaint.

23. Vivek admits the allegations of rhetorical paragraph 25 of the Amended Complaint.

24. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 26 of the Amended Complaint because no time frame is referenced.

25. Vivek admits the allegations of rhetorical paragraph 27 of the Amended Complaint.

26. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 28 of the Amended Complaint because no time frame is referenced.

27. Vivek admits the allegations of rhetorical paragraph 29 of the Amended Complaint.

28. Vivek admits that if the property is redeemed within the redemption period, the county auditor will notify the purchaser of the redemption and request the purchaser to return the original certificate of sale to the county auditor, and deny that the Redemption Amount as defined in rhetorical paragraph 26 of the Amended Complaint and the purchase price exceeding the Minimum Price ("Surplus") is remitted to the purchaser. Vivek is without sufficient information to either admit or deny the remaining allegations of rhetorical paragraph 30 of the Amended Complaint.

29. Vivek admits that the majority of counties also require an Accounts Payable Voucher from a purchaser in addition to the original certificate of sale, and deny that the Redemption Amount as defined in rhetorical paragraph 26 of the Amended Complaint and the Surplus is remitted to the purchaser. Vivek is without sufficient information to either admit or deny the remaining allegations of rhetorical paragraph 31 of the Amended Complaint.

30. Vivek denies that the Redemption Amount as defined in rhetorical paragraph 26 of the Amended Complaint and the Surplus is remitted to the purchaser. Vivek is without sufficient information to either admit or deny the remaining allegations of rhetorical paragraph 32 or the Amended Complaint.

31. Vivek admits the allegations of rhetorical paragraph 33 of the Amended Complaint.

32. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 34 of the Amended Complaint.

## **PLAINTIFF'S PROPERTY**

33. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 35 of the Amended Complaint.

34. Vivek denies that Plaintiff was the sole owner of Plaintiff's Property, and admit the remaining allegations of rhetorical paragraph 36 of the Amended Complaint.

35. Vivek denies that Plaintiff was the sole owner of Plaintiff's property, and denies the remaining allegations of rhetorical paragraph 37 of the Amended Complaint.

36. Vivek denies that Plaintff was the sole owner of Plaintiff's property, and denies the remaining allegations of rhetorical paragraph 38 of the Amended Complaint.

37. Vivek denies that Plantiff was the sole owner of Plaintiff's property, and denies the remaining allegations of rhetorical paragraph 39 of the Amended Complaint.

38. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 40 of the Amended Complaint.

39. Vivek denies Plaintiff was the sole owner of Plaintiff's property, and denies the remaining allegations of rhetorical paragraph 41 of the Amended Complaint.

40. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 42 of the Amended Complaint.

41. Vivek denies Plaintiff was the sole owner of Plaintiff's property, and denies the remaining allegations of rhetorical paragraph 43 of the Amended Complaint.

42. Vivek admits the allegations of rhetorical paragraph 44 of the Amended Complaint.

43. Vivek denies the allegations of rhetorical paragraph 45 of the Amended Complaint.

44. Vivek admits that Plaintiff's Property was redeemed for $3,027.04 on February 8, 2010, and deny that Plaintiff was the sole owner of Plaintff's Property, that Plaintiff's Property was redeemed solely by Plaintiff , and that the Redemption Amount as defined in rhetorical paragraph 26 of the Amended Complaint was $3,027.04.  Vivek is without sufficient information to admit or deny the remaining allegations of rhetorical paragraph 46 of the Amended Complaint.

45. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 47 of the Amended Complaint.

46. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 48 of the Amended Complaint.

47. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 49 of the Amended Complaint.

### **SCHEME TO DEFRAUD**

48. Vivek denies the allegations of rhetorical paragraphs 50 and 51 of the Amended Complaint.

49. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 52 of the Amended Complaint.

50. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 53 of the Amended Complaint.

51. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 54 of the Amended Complaint.

52. Vivek denies the allegations of rhetorical paragraph 55 of the Amended Complaint.

53. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 56 of the Amended Complaint.

54. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 57 of the Amended Complaint.

55. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 58 of the Amended Complaint.

56. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 59 of the Amended Complaint.

57. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 60 of the Amended Complaint.

58. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 61 of the Amended Complaint.

59. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 62 of the Amended Complaint.

60. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 63 of the Amended Complaint.

61. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 64 of the Amended Complaint.

62. Vivek denies the allegations of rhetorical paragraph 65 of the Amended Complaint.

63. Vivek is without sufficient information to admit or deny the allegations of rhetorical paragraph 66 of the Amended Complaint.

64. Vivek denies the allegations of rhetorical paragraphs 67 and 68 of the Amended Complaint.

65. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 69 of the Amended Complaint.

66. Vivek denies the allegations of rhetorical paragraph 70-73 of the Amended Complaint.

67. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 74 of the Amended Complaint.

68. Vivek denies the allegations of rhetorical paragraphs 75 and 76 of the Amended Complaint.

69. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 77 of the Amended Complaint.

70. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 78 of the Amended Complaint.

71. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 79 of the Amended Complaint.

72. Vivek denies the allegations of rhetorical paragraph 80 of the Amended Complaint.

73. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 81 of the Amended Complaint.

74. Vivek denies the allegations of rhetorical paragraphs 82-86 of the Amended Complaint.

## CLASS ALLEGATIONS

75. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 87 of the Amended Complaint.

76. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 88 of the Amended Complaint.

77. Vivek denies the allegations of rhetorical paragraphs 89-94 of the Amended Complaint.

## COUNT I –SUBSTANTIVE RACKETEERING UNDER FEDERAL RICO

78. Vivek incorporates his answers to rhetorical paragraphs 1-94 of the Amended Complaint.

79. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 96 of the Amended Complaint.

80. Vivek denies the allegations of rhetorical paragraphs 97-107 of the Amended Complaint.

## COUNT II – RACKETEERING CONSPIRACY UNDER FEDERAL RICO

81. Vivek incorporates his answers to rhetorical paragraphs 1-107 of the Amended Complaint.

82. Vivek denies the allegations of rhetorical paragraphs 109-111 of the Amended Complaint.

## COUNT III – SUBSTANTIVE RACKETEERING UNDER INDIANA RICO

83. Vivek incorporates his answers to rhetorical paragraphs 1-111 of the Amended Complaint.

84. Vivek denies the allegations of rhetorical paragraph 113 of the Amended Complaint.

85. Vivek is without sufficient information to either admit or deny the allegations of rhetorical paragraph 114 of the Amended Complaint.

86. Vivek denies the allegations of rhetorical paragraphs115-124 of the Amended Complaint.

## COUNT IV – RACKETEERING CONSPIRACY UNDER INDIANA RICO

87. Vivek incorporates his answers to rhetorical paragraphs 1-124 of the Amended Complaint.

88. Vivek denies the allegations of rhetorical paragraphs 126-128 of the Amended Complaint.

## COUNT V – RELIEF UNDER THE CRIME VICTIMS ACT

89. Vivek incorporates his answers to rhetorical paragraphs 1-128 of the Amended Complaint.

90. Vivek denies the allegations of rhetorical paragraphs 130-136 of the Amended Complaint.

## COUNT VI- FRAUD

91. Vivek incorporates his answers to rhetorical paragraphs 1-136 of the Amended Complaint.

92. Vivek denies the allegations of rhetorical paragraphs 138–147 of the Amended Complaint.

## COUNT VII – MONEY HAD AND RECEIVED

93. Vivek incorporates his answers to rhetorical paragraphs 1-147 of the Amended Complaint.

94. Vivek denies the allegations of rhetorical paragraphs 149-151 of the Amended Complaint.

## VIII – UNJUST ENRICHMENT

95. Vivek incorporates his answers to rhetorical paragraphs 1-151 of the Amended Complaint.

96. Vivek denies the allegations of rhetorical paragraphs 153-155 of the Amended Complaint

WHEREFORE, Vivek V. Gupta moves the Court to enter judgment in his favor and against the Plaintiff, for costs of this action and all other relief just and proper in the premises.

        WILKINSON, GOELLER, MODESITT,
          WILKINSON & DRUMMY, LLP
333 Ohio Street
Terre Haute, Indiana 47807
(812) 232-4311 phone
(812) 235-5107 fax


        By/s/David P. Friedrich
          Attorney No. 15164-84

## AFFIRMATIVE DEFENSES

Vivek V. Gupta, by counsel, asserts the following affirmative defenses to the amended complaint and in support states:

1. The Court lacks jurisdiction over this cause of action.

2. The Amended Complaint fails to state a claim against Vivek from which relief can be granted.

3. The Amended Complaint fails to state a claim on behalf of the putative class members against Vivek.

4. The Amended Complaint fails to state a claim against Vivek on behalf of the putative class members for fraud.

5. The Amended Complaint fails to state a claim against Vivek on behalf of putative class members pursuant to substantive racketeering under Federal RICO.

6. The Amended Complaint fails to state a claim against Vivek on behalf of putative class members for racketeering conspiracy under Federal RICO.

7. The Amended Complaint fails to state a claim against Vivek on behalf of putative class members for substantive racketeering under Indiana RICO.

8. The Amended Complaint fails to state a claim against Vivek on behalf of putative class members for racketeering conspiracy under Indiana RICO.

9. The Amended Complaint fails to state a claim against Vivek on behalf of putative class members for relief under the Crime Victims Act.

10. The Amended Complaint fails to state a cause of action against Vivek on behalf of putative class members for fraud.

11. The Amended Complaint fails to state a claim against Vivek for money had and received.

12. The Amended Complaint fails to state a claim against Vivek on behalf of putative class members for unjust enrichment.

13. The Amended Complaint fails to make a claim against Vivek for treble damages, punitive damages and attorney fees.

14. The claims made against Vivek in the Amended Complaint are barred by the applicable statute of limitations.

15. The claims made against Vivek in the Amended Complaint on behalf of certain putative class members are barred by the doctrine of the laches.

16. The claims made against Vivek in the Amended Complaint on behalf of certain putative class members are waived.

17. The claims in the Amended Complaint against Vivek on behalf of certain putative class members are barred by estoppel.

Vivek reserves the right to assert additional affirmative defenses during discovery.

        WILKINSON, GOELLER, MODESITT,
          WILKINSON & DRUMMY, LLP
        333 Ohio Street
        Terre Haute, Indiana 47807
        (812) 232-4311 phone
        (812) 235-5107 fax

        By/s/David P. Friedrich
          Attorney No. 15164-84

### CERTIFICATE OF SERVICE

    I certify on November 4, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys/parties of record.

        /s/ David P. Friedrich
          Attorney No. 15164-84