UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

|  |  |  |
|---|---|---|
| JOSHUA B. CRISSEN, individually and on behalf of all others similarly situated, | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:12-cv-00355-JMS-WGH |
| | : | |
| | : | |
| VINOD C. GUPTA, *et al.* | : | |
| Defendants. | : | |
| | : | |
| | : | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS BANCO POPULAR NORTH AMERICA AND VIVEK GUPTA FOR ENTRY OF MODIFIED CASE MANAGEMENT PLAN

Defendants Banco Popular North America and Vivek Gupta[1] seek modification of the existing Case Management Plan ("CMP") in order to permit the recently-added defendants sufficient time to gather the information that they need to defend this case, including to respond to Plaintiff's Motion for Class Certification (the "Class Cert Motion"). In particular, Defendants propose a schedule that will allow the newly-added parties the same amount of time to prepare to oppose Plaintiff's Motion for Class Certification that the first CMP allowed for the original Defendants. Defendants' proposed schedule will have them respond to the Class Cert Motion on July 1, 2014 – approximately eight months after the Court granted Plaintiff leave to file an Amended Complaint that added two new Defendants to the case – and will permit Defendants to

---

[1] The other Defendants have reviewed and have no objection to this Motion.

11335184_3

answer the Amended Complaint and obtain the discovery that they need to respond to the motion.

Plaintiff has demanded a schedule that would require Defendants to response to the Class Cert Motion on March 1, 2014 – only four months after the addition of new Defendants. That schedule would handicap Defendants in their efforts to prepare their defenses. Plaintiff justifies his position by pointing to the requirement in Rule 23 that the Court rule on class certification at an "early practicable time." Fed. R. Civ. P. 23(c)(1)(A). What is "practicable," however, depends on the circumstances. Here, Plaintiff chose to amend his complaint and add new defendants after conducting several months of discovery that was done without the newly-added Defendants. Those circumstances dictate that Plaintiff must wait to allow the later-added Defendants an opportunity to prepare their defenses. Any other result would be manifestly unfair and at odds with the purpose of Rule 23.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed this action on December 4, 2012. In his Complaint, he named as Defendants Vinod Gupta ("Vinod"), Wiper Corporation ("Wiper"), and Satyabala Gupta ("Satyabala" and, together with Vinod and Wiper, the "Original Defendants"). On March 4, 2013, the Plaintiff and the Original Defendants submitted a proposed CMP that, among other things, required Plaintiff to file a Motion for class certification on or before September 1, 2013, with the Original Defendants' response due on November 1, 2013. (Dkt. No. 20.) Thus, Plaintiff and the Original Defendants agreed to permit the Original Defendants eight months – from March until November 2013 – to engage in discovery before the Defendants would have to file an opposition to class certification. In the proposed CMP, all deadlines after class

certification begin to run after the Court's ruling on class certification.  On March 7, 2013, the Court approved the proposed CMP.  (Dkt. No. 22.)

Plaintiff first served written discovery requests on the Original Defendants on March 4, 2013 – the same day that he submitted the proposed CMP to the Court.  On or about April 16, 2013, Plaintiff served on Banco Popular North America ("BPNA") a subpoena issued by the United States District Court for the Southern District of New York (the "BPNA Subpoena"). The BPNA Subpoena effectively demands all documents relating to BPNA's lending relationship with the Original Defendants over an 11 year period.  Although BPNA has produced many of these documents, it is still discussing its production with Plaintiff and gathering materials to review and produce.  Its final production will likely be a substantial volume of documents.  Plaintiff has also deposed one BPNA employee.  In addition, Plaintiff has served subpoenas on every county in Indiana and has received more than 25,000 pages of material in response.

On July 29, 2013, Plaintiff filed a Motion for leave to file an Amended Complaint.  His proposed Amended Complaint, among other things, added BPNA and Vivek Gupta ("Vivek" and, together with BPNA, the "New Defendants") as Defendants in the case.  (Dkt. No. 73.)  The Court granted Plaintiff's Motion for leave on August 21, 2013.  (Dkt. No. 84.)  BPNA agreed to waive service of the Amended Complaint on August 22, 2013.  (Dkt. No. 87.)  On October 21, 2013, BPNA filed a Motion to dismiss the Amended Complaint.  (Dkt. No. 135.)  Plaintiff served Vivek with the Complaint on September 18, 2013.  Pursuant to L.R. 6.1, Vivek and Plaintiff have agreed that Vivek will respond to the Amended Complaint on or before November 4, 2013.  (Dkt No. 132.)

Since joining the case, the New Defendants have attempted to get up to speed, including reviewing pleadings and the discovery that has already taken place. Each of them have requested copies of the written discovery requests and responses that the parties have exchanged, and they received those discovery responses on October 29, 2013. In addition, each of the New Defendants has requested copies of the documents that have been exchanged so far by the original parties to the litigation, and from third-parties. Plaintiff has provided more than 25,000 pages of documents that he received from third-party subpoenas. Although each of the New Defendants has received these documents, neither has had the opportunity to review them fully. In addition, each New Defendant has received documents that the Original Defendants produced.

At this stage, there remains substantial work to complete before the parties can make informed arguments, or the Court can make a reasoned decision, about class certification. If the Court denies BPNA's Motion to dismiss, then each of the New Defendants would have to answer the Amended Complaint, including deciding what affirmative defenses, counterclaims, and/or cross-claims to assert. In addition, the New Defendants will have to depose, at a minimum, the Plaintiff, and potentially each other as well. In addition, Plaintiff has not yet deposed any of the Original Defendants, and he has stated that he will not do so until the Defendants' document productions are complete.

In recent discussions among the parties, BPNA proposed extending all case management deadlines by eight months – the same amount of time that Plaintiff and the Original Defendants allowed themselves in the Case Management Plan that the Court approved. Under that proposed schedule, Defendants will file preliminary witness and exhibit lists on or before March 31, 2014, they will move for leave to amend the pleadings or to join additional parties on or before April

4

30, 2014, and they will respond to the class certification motion on or before July 1, 2014. Other dates in the CMP will continue to run from the date of the Court's ruling on class certification.

Plaintiff rejected BPNA's proposal and has demanded that Defendants extend the deadlines by only four months, meaning that Defendants' opposition to the motion for class certification would be due on March 1, 2014. At the same time that he demands this abbreviated schedule, Plaintiff has informed Defendants that he wants to **"increase the number of depositions to 25 per party and the number of interrogatories to 40."** (Ex. 1 (emphasis added).) In addition, Plaintiff has demanded that his deposition of Vinod continue for three separate days of seven hours each, rather than the single day provided under Fed. R. Civ. P. 30. That is, Plaintiff demands that Defendants abbreviate the schedule and expand the scope of discovery, all at the same time.

**ARGUMENT**

Given the nature of the allegations in this case, and the discovery still to be taken, the Court should adopt Defendants' proposed CMP so that Defendants have the time they need to prepare their case. The schedule must account for the circumstances of this case, in which the New Defendants have been added mid-stream to a case in which a putative class accuses them of engaging in a pattern of criminal conduct and seeks treble damages. Plaintiff's proposed schedule would not give the New Defendants a fair opportunity to defend against those incendiary charges. Moreover, Plaintiff's justification – that Rule 23(c) requires the Court to reject Defendants' schedule – is inconsistent with the Seventh Circuit's interpretation of Rule 23's requirement.

The key driver to the CMP is the deadline for Defendant to respond to the Class Cert Motion, in part because most other deadlines in the case will be keyed from the Court's

5

resolution of that Motion.  Rule 23 requires the Court to decide whether to certify a class at an

"early practicable time."  Fed. R. Civ. P. 23(c)(1)(A).  In conducting a class certification inquiry,

the Court must engage in a "rigorous analysis."  *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896

(7th Cir. 2011) (quoting *Wal-Mart Stores, Inc. v. Dukes*, -- U.S. --, 131 S.Ct. 2541, 2551 (2011)).

In order to conduct that rigorous analysis, "[p]arties need sufficient time to develop an adequate

record."  Manual for Complex Litigation (Fourth) § 21.133 (2004).  Indeed, the Advisory

Committee notes to Rule 23 explain that there can be "many valid reasons that may justify

deferring the initial certification decision. … Time may be needed to gather information

necessary to make the certification decision."  Fed. R. Civ. P. 23 Advisory Committee Note

(2003 Amendments).  Only with that time can the parties satisfy their "obligation to present the

court with sufficient information to support an informed decision on certification."  Manual for

Complex Litigation (Fourth) § 21.133 (2004).  Thus, as the Seventh Circuit has noted, the term

"'practicable' allows for wiggle room" to account for the circumstances of a particular case.

*Cowen v. Bank United of Texas, FSB*, 70 F.3d 937, 941 (7th Cir. 1995).  Indeed, while the

decision on class certification must be made at an early practicable time, "early is often not

practicable."  *Thomas v. UBS AG*, 706 F.3d 846, 849 (7th Cir. 2013) (Posner, J.).  Ultimately, a

"court may abuse its discretion by not allowing for appropriate discovery before deciding

whether to certify a class."  *Damasco*, 662 F.3d at 897.

Here, the circumstances require a schedule consistent with the one that Defendants are

proposing, for at least two reasons:  (a) the status of the pleadings and (b) the amount of

discovery still to be completed.  *First*, there is still significant uncertainty as to the scope of the

operative pleadings.  BPNA's Motion to dismiss is not yet ripe for decision, and Vivek has not

yet responded to the Amended Complaint at all.  The Court's ruling on BPNA's Motion to

6

dismiss, as well as on any Motion that Vivek might file, will help to determine the scope of discovery needed in the case. In addition, if and when the New Defendants have to answer the Amended Complaint, they will also have to decide what affirmative defenses to assert and whether to assert any counterclaims or cross-claims. Any such pleadings will impact both the scope of discovery and, potentially, the outcome of the Class Cert Motion. *See Baker v. Home Depot USA, Inc.*, No. 11C6768, 2013 WL 271666, at * 5 (N.D.Ill. Jan. 24, 2013) (affirmative defenses can impact outcome of class certification analysis). Given the time needed for the Court to rule on the pending motions, Defendants will not fully elucidate their answers, affirmative defenses, counterclaims, and cross claims for at least 30-60 days, if not longer.

*Second*, the parties still have a significant amount of discovery to complete. Plaintiff and the New Defendants have to exchange written discovery, none of which has been served yet. Plaintiff apparently has not yet produced any documents, meaning that he, BPNA, and Vivek will all have to gather and produce documents as well. There will also likely be third-party subpoenas issued both by Plaintiff and one or more Defendants, and the parties will have to review those documents as well. The parties also must complete depositions. Plaintiff has not yet deposed any of the Defendants because he has stated that he wants to receive all parties' document productions before commencing depositions. Moreover, in discussions among counsel, Plaintiff has indicated that he intends to take up to 25 depositions in the case, though he has not yet explained who will be the targets of that extraordinarily high number. In addition, the New Defendants plan to depose Plaintiff and will likely want to depose one or more third parties.

Plaintiff has demanded that Defendants respond to the Class Cert Motion by March 1, 2014 – only four months after the opposition was originally due. That schedule would handicap

7

Defendants unfairly. The Class Cert Motion, of course, is a major landmark in the case and will require significant attention from Defendants. Defendants will have to complete discovery and leave time to prepare a brief in opposition, knowing that the outcome of the motion could significantly impact the damages at issue in and settlement value of the case. Completing all of that in any four-month span would be extraordinarily difficult in the best of circumstances; doing so in four months that include the holidays – with all of the additional scheduling hurdles that will result – is likely an impossibility.

Given the significance of a class certification decision, the Court should not force Defendants to cut corners or limit their discovery to prepare their defenses. Instead, it should adopt a schedule that moves the case expeditiously but still affords all parties a fulsome opportunity to gather evidence and present their position to the Court. Justice should not be sacrificed at the altar of speed.

## CONCLUSION

Plaintiff chose to amend his complaint, knowing that doing so would bring new parties into the case. He must live with the consequences of that choice, including allowing the New Defendants the time that they need to gather information and prepare their defenses. Any other result would hamstring Defendants' defense, a result that would be patently unfair, particularly in a large, complicated case such as this one. Accordingly, the Court should grant this Motion and enter a CMP consistent with the schedule that Defendants propose.

Respectfully submitted,

| /s/ Joshua D. Wolson | /s/ David P. Friedrich |
|---|---|
| Joshua D. Wolson (*pro hac vice*)<br>DILWORTH PAXSON LLP<br>1500 Market St., Suite 3500E<br>Philadelphia, PA 19102<br>(215) 575-7000 (telephone)<br>(215) 575-7200 (facsimile)<br><br>Gregory A. Blue (*pro hac vice*)<br>DILWORTH PAXSON LLP<br>99 Park Avenue, Suite 320<br>New York, NY 10016<br>(917) 675-4252 (telephone)<br>(212) 208-6874 (facsimile)<br><br>A. Richard M. Blaiklock #20031-49<br>Edward D. Thomas #29080-49<br>LEWIS WAGNER, LLP<br>501 Indiana Avenue, Suite 200<br>Indianapolis, Indiana 46202<br>(317) 237-0500 x 227 (telephone)<br>(317) 630-2790 (facsimile)<br><br>*Attorneys for Defendant Banco Popular North America* | David P. Friedrich #15164-84<br>WILKINSON GOELLER MODESITT<br>WILKINSON & DRUMMY LLP<br>333 Ohio Street<br>P.O. Box 800<br>Terre Haute, IN 47808<br>(812) 232-4311 (telephone)<br>(212) 235-5107 (facsimile)<br><br>*Attorneys for Defendant Vivek Gupta* |

Dated: November 4, 2013

11335184_3