UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSHUA B. CRISSEN, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) Case No. 2:12-cv-00355-JMS-WGH |
| VINOD C. GUPTA, SATYABALA V. GUPTA, WIPER CORPORATION, VIVEK V. GUPTA and BANCO POPULAR NORTH AMERICA, | ) ) ) ) ) ) |
| Defendants. | ) |

**BRIEF IN SUPPORT OF MOTION TO DISMISS OR FOR OTHER OR FURTHER SANCTIONS FOR VIOLATION OF PROTECTIVE ORDER**

The Defendants Vinod C. Gupta, Satyabala V. Gupta and Wiper Corporation, by counsel, respectfully submit this Brief in Support of their Motion to Dismiss or for Other or Further Sanctions for Violation of Protective Order filed contemporaneously herewith.

## I. Introduction

By Order entered on November 7, 2013, Magistrate Judge William J. Hussmann, Jr. (the "Magistrate Judge") modified a standing protective order previously entered on June 19, 2013 in this action to expressly prohibit one of the Plaintiff's lawyers in this action, Jesse Rochman, from accessing documents and electronic records designated as confidential protected materials. Barely a month later, Jesse Rochman accessed and reviewed documents inadvertently produced by Defendant Banco Popular North America in response to a subpoena duces tecum that were marked on their face as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. In an email dated December 18, 2013 he admitted in writing that, in reviewing those documents, he was in

fact actually looking for the very species of documents that prompted the Magistrate Judge to enter the Order modifying the protective order in the first place – tax returns and financial statements of the Defendant Vinod C. Gupta – documents that were and are the subject of an appeal to the District Court filed by Mr. Gupta a week earlier on December 9, 2013. The Sandberg Law Firm did not challenge the Magistrate Judge's Order by appeal to the District Court, did not ask for permission to review the bank's documents before doing so, did not give the bank or the Defendants Vinod C. Gupta, Satyabala V. Gupta or Wiper Corporation notice of Jesse Rochman's intention to read these documents so they could make an objection to the court. Rather, Jesse Rochman made the decision to read the documents, and the Sandberg Law Firm allowed it and did nothing to prevent it. The Defendants Vinod C. Gupta, Satyabala V. Gupta and Wiper Corporation believe this conduct constitutes a willful, deliberate and inexcusable violation of the Magistrate Judge's protective order as modified, and merits this Court imposing an appropriate sanction against Jesse Rochman and/or the Sandberg Law Firm.

## II. Procedural Background and the Protective Order

This action was commenced by the filing of a Class Action Complaint in this Court on December 4, 2012 by the Plaintiff Joshua B. Crissen ("Crissen") against the Defendants Vinod C. Gupta ("Mr. Gupta"), his wife Satyabala V. Gupta ("Mrs. Gupta"), and a company they own named Wiper Corporation ("Wiper") (collectively, the "Gupta Defendants"). On April 16, 2013, Crissen served a Subpoena Duces Tecum on Banco Popular North America ("BPNA"),[1] the financial institution where Mr. and Mrs. Gupta conduct their personal and business banking, seeking, *inter alia*, [a]ll documents or electronically stored information relating to Vinod C.

---

[1] BPNA was not a party to this action at the time this subpoena was issued.

Gupta, Satyabala V. Gupta and Wiper Corporation from January 1, 2002 to the present, including but not limited to all documents or electronically stored information relating to loans, loan applications, letters of credit, applications for letters of credit . . .." (Dkt. 37-2, p. 4). On May 22, 2013, the Gupta Defendants filed their "Emergency Motion to Quash Non-Party Subpoena Directed to Banco Popular North America and for Protective Order. (Dkt. 36). By Marginal Entry of June 4, 2013, the Magistrate Judge granted in part and denied in part that motion as follows: "Banco Popular North America shall produce all items called for in the subpoena except: Financial Statements, Loan or Letter of Credit Applications and Personal Income Tax Returns." (Dkt. 42). By his subsequent Entry in Support of Order Granting, in Part, and Denying, in Part, Defendant's Emergency Motion to Quash Non-Party Subpoena Directed at Banco Popular North America and for Protective Order of June 11, 2013 (the "Financial Information Protective Order"), the Magistrate Judge held that:

> financial statements of the individual Defendants, loan or letter of credit applications, and personal tax returns are not relevant, because they contain personal financial information not necessary for the determination of the issues before the court at this time. Traditionally, personal financial information is considered confidential information. The Magistrate Judge may reconsider the relevancy of the excluded information, but only upon a more specific showing of good cause and substantial need by the proponent of the Subpoena. Therefore, while the Motion to Quash must be denied, a limited protective order will issue to protect certain financial data, at least until a later date when a more specific showing of relevancy is made.

(Dkt. 44, p. 2). After BPNA produced documents in response to the subpoena, Crissen amended his Class Action Complaint on August 21, 2013 to add Mr. and Mrs. Gupta's son Vivek V. Gupta and BPNA as additional defendants (Dkt. 85).

Meanwhile, Crissen served one set of interrogatories and two sets of requests for production on Mr. Gupta, to which Mr. Gupta responded on June 3, 2013, producing to Crissen over 48,000 Bates-numbered documents and electronic records responsive to the interrogatories

3

and requests for production. During this same time period, counsel for Crissen and counsel for the Gupta Defendants had been attempting to negotiate the terms of a general protective order that would protect all parties against the disclosure or use of certain information and documents produced in discovery or filed with the Court. Although the parties were able to agree on most of the terms of such a general protective order, they were not able to agree on all terms. Accordingly, a telephonic conference was held with the Magistrate Judge on June 17, 2013 to resolve those differences, wherein the Magistrate Judge ordered Crissen to file his proposed form of protective order, "which the court will sign and enter on the docket." (Dkt. 50, p.1). Crissen filed his Motion for Entry of Protective Order on the same day (Dkt. 45) and, on June 19, 2013, the Magistrate Judge entered that Protective Order (the "June Protective Order") (Dkt. 47).

"Protected Material" was defined in paragraph 2 of the Protective Order to mean "non-public confidential documents, proprietary trade information or documents that raise a privacy concern, which documents or information are so designated in good faith by any party to the Crissen litigation." (Dkt. 47, ¶ 1, p. 1). Paragraph 8 of the Protective Order then provided:

> Other than Court personnel (including court reporters), access to Protected Material shall be limited to:
>
> (a)  The named parties;
>
> **(b)  Counsel of record for the named parties including lawyers and staff (clerical, secretarial and paralegal) employed by said counsel;**
>
> (c)  Experts who are employed, retained, or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies, or providing opinions to assist, in any way, in this litigation. Access to Protected Material by experts and consultants shall be limited to documents that the experts or consultants reasonably need to review in their roles as experts or consultants; and

> (d) Any other person the disclosing or producing party agrees to in writing.
>
> (e) With the exception of individuals described in subparagraph 8(b), protected Materials shall not be disclosed, in any form, to Barrett Rochman, his attorneys, agents, or representatives unless such disclosure is first approved in writing by the Defendants or by order of the Court.

(Dkt. 47, ¶ 8, p. 3) (emphasis added).

Thereafter, Crissen served his Plaintiff's Third Request for Production Directed to Defendant Vinod C. Gupta (the "Third Request for Production") on July 4, 2013, On August 6, 2013, Mr. Gupta served his Defendant Vinod C. Gupta's Responses to Plaintiff's Third Set of Requests for Production (Dkt. 115-3), objecting to most of the requests in the Third Request for Production. After conferring with each other and the Magistrate Judge about their discovery dispute, the Magistrate Judge directed the parties on September 5, 2013 to file any motions to compel or for protective order (Dkt. 96). Accordingly, on September 11, 2013 Crissen filed his Plaintiff's Motion to Compel (Dkt. 106), and on September 24, 2013 Mr. Gupta filed his Defendant Vinod C. Gupta's Motion for Protective Order (Dkt. 114).

In his Brief in Support of Motion for Protective Order (Dkt. 115), Mr. Gupta argued that the Third Request for Production improperly targeted his personal/business financial and proprietary information, "*i.e.*, tax returns, loan or letter of credit applications, profit and loss statements – essentially any information that would reveal Mr. Gupta's financial condition – and any requests to target Mr. Gupta's proprietary and commercially sensitive information." In his Affidavit filed in support of the Motion for Protective Order, Mr. Gupta set forth his concerns about Barrett Rochman, his business competitor, detailing the threats of Barrett Rochman ("Barrett") to sue him and how Barrett orchestrated the present lawsuit in order to run Mr. Gupta

5

out of business. Mr. Gupta advised the Court about how Barrett recruited Crissen in the present lawsuit, and about how either Barrett or his son Jesse Rochman ("Jesse"), counsel for Crissen in the present lawsuit, recruited James Bowen to be the named plaintiff in a similar class action lawsuit against another of Barrett's business competitors, William E. Groome, in federal court in Illinois.

On November 7, 2013, the Magistrate Judge made and entered his Joint Entry on Plaintiff's Motion to Compel and Defendant Vinod C. Gupta's Motion for Protective Order (the "Joint Entry") (Dkt. 148). That Joint Entry granted in part and denied in part both Crissen's Motion to Compel and Mr. Gupta's Motion for Protective Order, and modified the June Protective Order. The Magistrate Judge found "that the circumstances warrant some additional measure protecting [Mr. Gupta's] financial and proprietary information against disclosure to Barrett Rochman." (Dkt. 148, p. 5). Pursuant to the Magistrate Judge's Joint Entry,

> As amended, Paragraph 8(b) of that [June Protective] [O]rder shall now read, "Counsel of record for the named parties – **except for Jesse Rochman** – and staff (clerical, secretarial, and paralegal) employed by counsel."

(Dkt. 148, pp. 6-7) (emphasis added).

Thus, effective November 7, 2013, paragraph 8 of the June Protective Order as modified reads as follows:

> Other than Court personnel (including court reporters), access to Protected Material shall be limited to:
>
> (a) The named parties;
>
> (b) Counsel of record for the named parties – **except for Jesse Rochman –** and staff (clerical, secretarial and paralegal) employed by said counsel;
>
> (c) Experts who are employed, retained, or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies, or providing opinions to assist, in any way, in this

6

> > litigation. Access to Protected Material by experts and consultants shall be limited to documents that the experts or consultants reasonably need to review in their roles as experts or consultants; and
>
> > (d) Any other person the disclosing or producing party agrees to in writing.
>
> > (e) With the exception of individuals described in subparagraph 8(b), protected Materials shall not be disclosed, in any form, to Barrett Rochman, his attorneys, agents, or representatives unless such disclosure is first approved in writing by the Defendants or by order of the Court.

(Dkt. 148, pp. 6-7) (emphasis added).

On November 8, 2013, the Magistrate Judge held a hearing to reconsider his November 7 Joint Entry. (Dkt. 148, pp. 23-24). Following the hearing, the Magistrate Judge allowed the parties ten days to submit supplemental evidence to support their respective positions. Mr. Gupta submitted supplemental evidence from the *Phoenix Bond* case showing Barrett and Jesse's business connection, and demonstrating that Jesse himself was a business competitor of Mr. Gupta (Dkt. 159-3, 159-4 and 159-5) and that Jesse had been named as a defendant, along with his father Barrett, in the *Phoenix Bond* action wherein it was alleged that the defendants had committed Civil RICO violations relating to tax sales in Cook County, Illinois. By Marginal Entry on November 21, 2013, the Magistrate Judge "decline[d] to reconsider or modify his order at Docket No. 148." (Dkt. 163).

On December 9, 2013, Mr. Gupta filed his Objection to Magistrate Judge's November 7, 2013 Joint Entry on Plaintiff's Motion to Compel and Defendant Vinod C. Gupta's Motion for Protective Order and November 21, 2013 Marginal Entry Denying Reconsideration of Same (the "Appeal") (Dkt. 171), appealing to the District Court that part of the Magistrate Judge's Joint Entry which required the production of parts of Mr. Gupta's personal income tax returns. On the

same day, Mr. Gupta also filed his Motion to Stay Magistrate Judge's November 7, 2013 Joint Entry on Plaintiff's Motion to Compel and Defendant Vinod C. Gupta's Motion for Protective Order and November 21, 2013 Marginal Entry Denying Reconsideration of Same (the "Motion to Stay") (Dkt. 172), asking this Court to stay the Joint Entry as it relates to Request No. 7 of Crissen's Third Request for Production of Documents pending the appeal. By Order of January 13, 2014, the District Court stayed the Joint Entry as it relates to Request No. 7 of Crissen's Third Request for Production. (Dkt. 189). In that same Order, the District Court scheduled a hearing on Mr. Gupta's Appeal for February 5, 2014. *Id*.

Crissen did <u>not</u> appeal the Joint Entry to the District Court, including the part which modified the June Protective Order to prohibit Jesse from access to Protected Materials. Thus, the Joint Entry (except as it relates to production of parts of Mr. Gupta's personal income tax returns) and the Financial Information Protective Order remain in full force and effect in this action.

### III. **BPNA's Recall of Documents Inadvertently Produced to Crissen**

On December 13, 2013, BPNA produced approximately 16,000 pages of documents on a disk to Crissen's counsel.[2] The disk is marked on its face as CONFIDENTIAL.[3] A majority of the pages on the disk are also marked in the lower left-hand corner as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. The documents are Bates-labeled BPNA0016840 – BPNA0028605.

---

[2] A copy of the letter from counsel for BPNA covering delivery of the documents is attached hereto as **Exhibit 1**.

[3] A photocopy of the face of the disk is attached hereto as **Exhibit 2**.

As noted in Mr. Gupta's Reply in support of his Appeal to the District Court (Dkt. 188, p. 1-2, n.1), among the documents produced to Crissen by BPNA were certain of Mr. Gupta's personal income tax returns, personal financial statements and other personal financial information that were in the bank's files and apparently utilized in underwriting Mr. Gupta's line of credit with the bank. Some of those documents are the subject of Mr. Gupta's pending Appeal. After Mr. Gupta's counsel pointed out the disclosure to counsel for BPNA, BPNA requested that counsel for Crissen stop reviewing those inadvertently produced documents and immediately return them. Counsel for Crissen has refused to return the documents, and has admitted to further reviewing those documents in detail. (Dkt. 193-9). After much time spent by all counsel attempting to resolve the issue, and after a conference call with the Magistrate Judge and all counsel on January 15, 2014 (Dkt. 190), BPNA filed its Motion of Defendant Banco Popular North America to Enforce Protective Order (Dkt. 191), Declaration of Gregory A. Blue in Support thereof (Dkt. 193), and Memorandum of Law in Support thereof (Dkt. 192). By Order of January 23, 2014, the District Court scheduled that motion for hearing on February 5. 2014 (Dkt. 194).

### IV. Jesse's Review of Confidential Protected Materials Inadvertently Produced by BPNA on December 13, 2013

On December 18, 2013, approximately one month after the Magistrate Judge entered the Joint Entry modifying the June Protective Order to prohibit Jesse from access to Protected Materials, Jesse Rochman sent an email[4] to counsel for BPNA stating, in pertinent part:

> **I have also started reviewing the most recent production from BPNA. Section 4 (BPNA0016889) looks to be the section containing the Gupta's financial statements, but it does not appear any financial statements were produced. Is BPNA producing the financial statements?**

---

[4] A copy of the entire email thread between and among counsel for Crissen, BPNA and the Gupta Defendants is attached hereto as **Exhibit 3**.

(Exhibit 3, pp. 5-6) (emphasis added). "Section 4" referred to by Jesse in this email contains business financial statements, the Guptas' personal tax returns and the Guptas' personal financial statements. Twenty-three (23) pages of documents Bates-numbered BPNA0016840 - BPNA0016889 are all conspicuously marked in the lower left-hand corner on the face of each page as CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER.

Counsel for the Gupta Defendants first learned of this email the next day on December 19, 2013, when they were copied with the following email in response from counsel for BPNA:

> Jesse –
>
> I think your primary dispute here is with Guptas, who obtained the original protective order. I'm going to defer to their counsel (now copied on this email) to respond to you on this issue.

(Exhibit 3, p.4). Later that same morning, counsel for the Gupta Defendants sent the following email to Jesse and all other counsel:

> Jesse:
>
> How can you possibly be reviewing documents produced by BPNA? All bank documents in this case have been designated as confidential and protected material pursuant to the June 19, 2013 Protective Order in this case, and the Magistrate Judge's November 7 Order modified that protective order to expressly deny you access to those documents. Why are you reviewing the most recent production from BPNA?

(Exhibit 3, p. 3).

Receiving no response, counsel for the Gupta Defendants sent another email to counsel for Crissen the next day, Friday, December 20, 2013, as follows:

> Jesse and John:
>
> I have not heard from you in response to my below email of yesterday morning, even though you (John) have responded to several emails subsequently sent to you regarding this case. In fairness, I'd like to hear from you today before deciding whether or how to take this up with the court.

(Exhibit 3, pp. 2-3). Later that afternoon, Mr. Sandberg sent the following email in response:

> Dave
> We disagree. However, Jesse will refrain from looking at BPNA's documents til the 30th.
> For the second time, how do you propose to get us the documents that are due from you today? You didn't answer the first time.

(Exhibit 3, p. 2). Less than 20 minutes later, counsel for the Gupta Defendants sent the following email in reply:

> John:
>
> What do you disagree with?
>
> And what happens on the 30th? If you're referring to the conference call with the Magistrate Judge, you said that call didn't affect me or my client. Now you're suggesting that something will happen that day concerning Jesse looking at BPNA's documents that very directly affects my client. Which is it?
>
> I'll send you the documents like I said I would. You don't have to keep asking.
>
> Please answer my questions above.

(Exhibit 3, pp. 1-2). Later that afternoon, Mr. Sandberg sent the following email:

> I disagree with your 12/19 1144a email.
> If you want to take the issue with the judge on the 30th you can do so.
> So you can add it to the agenda or request a conference another time.
>
> As to the documents how are you getting the documents to us today?

(Exhibit 3, p. 1). Counsel for the Gupta Defendants sent the following email in reply:

> John:
>
> You're being evasive. For the third time, what in my email of yesterday do you disagree with? I'm trying to give you an opportunity to explain before I go to the court.

(Exhibit 3, p. 1). Counsel for Crissen never responded. To date, counsel for Crissen has never articulated an acceptable explanation as to why Jesse was reviewing documents produced by

11

BPNA that were marked on their face as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, or even why or how he had access to the disk containing those documents which was conspicuously marked on its face as CONFIDENTIAL. As of December 31, 2013, Jesse and Mr. Sandberg had spent "many hours, possibly more than a hundred" "analyzing" and "linking to" many of the protected documents inadvertently produced by BPNA. (Dkt. 193-4. p. 1).

## V. Applicable Law

The court is authorized to enter sanctions when a protective order under Rule 26(c) is breached. *Scott v. Chuhak & Tecson, P.C.,* 725 F.3d 722, 778-79 (7th Cir. 2013). The Court also has the power to do so under Rule 37(b) and in its inherent power. *1100 West, LLC v. Red Spot Paint & Varnish Co.*, 2009 WL 1605118, at *26-29 (S.D. Ind. June 5, 2009). "[S]anctions may be appropriate in any one of three instances—where the noncomplying party acted *either* with wilfulness (sic), bad faith *or* fault." *Marrocco v. Gen. Motors Corp.*, 966 F.2d 220, 224 (7th Cir. 1992) (citing to *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 640 (1976)); *Novelty, Inc. v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 374 (S.D. Ind. 2009). "'Bad faith,' for instance, is characterized by conduct which is either intentional or in reckless disregard of a party's obligations to comply with a court order." *Marrocco*, 966 F.2d at 224. "'Fault,' by contrast, doesn't speak to the noncomplying party's disposition at all, but rather only describes the reasonableness of the conduct – or lack thereof – which eventually culminated in the violation.'" *Id.* "[M]arked disregard of the discovery process is the usual standard for a judicial finding that the conduct of the litigant was willful. Epstein, Corcoran, Kreiger & Carr, An Up-Date on Rule 37 Sanctions After *National Hockey League v. Metropolitan Hockey Club, Inc.*, 84 F.R.D. 145, 146 (1979).

The choice of an appropriate sanction falls squarely within the discretion of the court because the court is in the best position to determine if a party has complied with a discovery order. *Murray v. Conseco*, Inc. 2009 WL 363803, at *2 (S.D. Ind. Feb. 6, 2009) (citing to *Melendez v. Ill. Bell Telephone Co.*, 79 F.3d 661, 670-71 (7th Cir. 1996)). "Fed. R. Civ. P. 37(b)(2)(A), provides for a variety of sanctions, including dismissal, for a party's failure to comply with a discovery order . . .." *Walton v. Trans Union, LLC*, 2008 WL 2038598, at *2 (S.D. Ind. May 12, 2008). The sanction should be "proportionate" to the violation. *Salgado by Salgado v. Gen. Motors Corp.*, 150 F. 3d 735, 740 (7th Cir. 1998).

## VI. Argument

The facts speak for themselves. The June Protective Order was modified by the Magistrate Judge's Joint Entry on November 7th as a result of tens of thousands of dollars in attorneys' fees and months of litigation over Plaintiff's Motion to Compel and Mr. Gupta's Motion for Protective Order relating to Crissen's Third Request for Production, and in spite of Crissen's vehement objections to Jesse being barred from reviewing protected materials. The ink was barely dry on the Appeal to the District Court of that Joint Entry and the Motion to Stay filed by Mr. Gupta on December 9th, when Jesse was given access to the disk sent by BPNA on December 13th conspicuously marked on its face as CONFIDENTIAL, and began reviewing the 16,000 documents contained on that disk. It could not have been more clear that Jesse was barred from reviewing documents produced and designated as confidential. Despite this, Jesse poured over document after document marked CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. He even admitted in writing that he was actually searching for the very kinds of documents that prompted the Magistrate Judge to modify the June Protective Order in the first place – tax returns and financial statements of the Defendant Vinod C. Gupta – which

13

are the subject of the Appeal to the District Court by Mr. Gupta. He blatantly violated the modified June Protective Order right out of the gate, reviewing the first batch of discovery marked CONFIDENTIAL produced under the modified June Protective Order.

While Jesse is primarily responsible for his breach of the modified June Protective Order, Mr. Sandberg and the Sandberg Law Firm share responsibility for that breach. Mr. Sandberg, ostensibly lead counsel for Crissen in this case and the person to whom BPNA delivered the disk (See Exhibit 1), apparently did not implement adequate safeguards to insure that Jesse would not have access to or read the contents of that disk which was conspicuously marked on its face as CONFIDENTIAL (See Exhibit 2).

In the Appeal to the District Court of the Magistrate Judge's Joint Entry filed by Mr. Gupta, Mr. Gupta argued:

> Although Magistrate Judge Hussmann looked at Mr. Gupta's evidence and concluded Jesse Rochman should have limited access to Mr. Gupta's tax returns and confidential financial information, the Magistrate's November 7 Order on Discovery Motions does not afford Mr. Gupta any way to monitor or verify that Crissen's attorneys have followed the Magistrate Judge's order. It simply is insufficient to limit Jesse Rochman's access to information, and then rely solely on Jesse Rochman and the Sandberg Law Firm to enforce those limitations. Mr. Gupta has no way of enforcing the Magistrate Judge's protective order, or even knowing if it has been violated.

(Dkt. 171, p. 21). Here, it was only by sheer coincidence that the Gupta Defendants discovered Jesse's violation of the modified June Protective Order. The Gupta Defendants would never even have known that Jesse had been given access to and had reviewed confidential protected materials inadvertently produced by BPNA had counsel for BPNA not forwarded to counsel for the Gupta Defendants the December 18th email from Jesse.

The Sandberg Law Firm has failed to abide by the June Protective Order, giving it little if any serious regard. The Magistrate Judge's June Protective Order has no teeth as a result.

14

Crissen's attorneys could have asked the Magistrate Judge for clarification of his modified Protective Order, or given BPNA and the Gupta Defendants advance notice of Jesse's intention to read these "Confidential" documents before doing so. Mr. Gupta has repeatedly advised the Court of his concerns over the Barrett Rochman/Jesse Rochman/Sandberg Law Firm connection, how that connection prejudices him and how this lawsuit was initiated to destroy him. The actions of Crissen's counsel have destroyed the trust by the Court and counsel that the discovery produced in this case will be accessed and utilized according the Court's orders.

As already noted, the choice of an appropriate sanction falls squarely within the discretion of the Court. Rule 37(b)(2)(A) provides a non-exhaustive list of sanctions, including dismissal, for a party's violation of a protective order:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

The Gupta Defendants respectfully submit that an appropriate sanction would be the entry of an Order that Crissen and his representatives return all copies of the documents produced by BPNA on December 13, 2013 (Bates labeled BPNA0016840 – BPNA0028605), including all notes or documents created by Crissen's representatives which recorded or analyzed

any of the those documents, that Crissen's action against the Gupta Defendants be dismissed with prejudice, and that the Gupta Defendants be awarded their attorneys' fees and expenses relating to this motion. If the Court decides not to dismiss this case, the Gupta Defendants respectfully submit that an appropriate alternative sanction, proportionate to the violation, would be the entry of an Order requiring Crissen and his representatives to return all copies of the documents produced by BPNA on December 13, 2013 (Bates labeled BPNA0016840 – BPNA0028605), including all notes or documents created by Crissen's representatives which recorded or analyzed any of the those documents, barring the Plaintiff (or any class member, if the case is certified as a class action) from using any of the documents produced by BPNA on December 13, 2013 (Bates labeled BPNA0016840 – BPNA0028605) or any information derived therefrom for any purpose in this litigation, and awarding the Gupta Defendants their attorneys' fees and expenses relating to this motion.[5]

### VII. Conclusion

Based on the facts, arguments and authorities advanced and cited herein, the Court should enter an Order dismissing this action with prejudice and/or imposing such other or further sanctions against Crissen and/or his counsel as the Court deems appropriate for violation of the June Protective Order as modified by the Joint Entry as set forth herein, and awarding the Gupta Defendants their attorneys' fees and expenses relating to this motion.

---

[5] This sanction may actually be more severe than dismissing this action. This action has not yet been certified as a class action. Thus, in dismissing this case, the Court would effectively be dismissing only the claim of Crissen, a small claim of approximately $500. Nonetheless, ordering that all copies of the documents produced by BPNA on December 13, 2013 (Bates labeled BPNA0016840 – BPNA0028605), including all notes or documents created by Crissen's representatives which recorded or analyzed any of those documents, is vital, in case the Sandberg Law Firm finds another person to serve as a nominal plaintiff and re-files this lawsuit.

HARRISON & MOBERLY, LLP

*/s/ David J. Theising*
David J. Theising
Stephen E. Arthur
Marc. A.W. Stearns
HARRISON & MOBERLY, LLP
10 West Market Street, Suite 700
Indianapolis, Indiana  46204
Telephone:     (317) 639-4511
Facsimile:     (317) 639-9565
Email: dtheising@harrisonmoberly.com
       sarthur@harrisonmoberly.com
       mstearns@harrisonmoberly.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the 27th day of January, 2014, a copy of the foregoing *Brief in Support of Motion to Dismiss or for Other or Further Sanctions for Violation of Protective Order* was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

John S. Sandberg
Bhavik R. Patel
Jesse B. Rochman
SANDBERG, PHOENIX & von GONTARD, P.C.
600 Washington Avenue, 15th Floor
St. Louis, Missouri 63101
Email: jsandberg@sandbergphoenix.com
Email: bpatel@sandbergphoenix.com
Email: jrochman@sandbergphoenix.com

Gregory A. Blue
Joshua D. Wolson
DILWORTH PAXSON, LLP
99 Park Avenue, Suite 320
New York, New York 10016
Email: gblue@dilworthlaw.com
Email: jwolson@dilworthlaw.com

Edward D. Thomas
A. Richard Blaiklock
LEWIS WAGNER, LLP
501 Indiana Avenue, Suite 200
Indianapolis, Indiana 46202-6146
Email: ethomas@lewiswagner.com
Email: rblaiklock@lewiswagner.com

David P. Friedrich
WILKINSON, GOELLER,
 MODESITT, WILKINSON
 & DRUMMY, LLP
333 Ohio Street
Terre Haute, Indiana 47807
Email: DPFreidrich@wilkinsonlaw.com

*/s/ David J. Theising*

David J. Theising
HARRISON & MOBERLY, LLP
10 West Market Street, Suite 700
Indianapolis, Indiana 46204
Telephone: (317) 639-4511
Facsimile: (317) 639-9565
Email: dtheising@harrisonmoberly.com

Counsel for Defendants Vinod C. Gupta,
 Satyabala V. Gupta and Wiper Corporation