UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

JOSHUA B. CRISSEN, individually and on behalf of all others similarly situated,

Plaintiff,

v.

VINOD C. GUPTA, *et al.*,

Defendants.

Case No.:  2:12-cv-00355-JMS-WGH

## Plaintiff's Response Brief in Opposition to Gupta Defendants' Motion for Sanctions

Plaintiff Joshua B. Crissen ("Plaintiff"), individually and for all others similarly situated, through his attorneys Sandberg Phoenix & von Gontard PC, respectfully submits his response in opposition to Defendants Vinod C. Gupta, Satyabala V. Gupta and Wiper Corporation's (collectively "Gupta Defendants") motion for sanctions (Doc. 195):

### I. Introduction

The Magistrate entered an order "to preclude Jesse Rochman from viewing documents *produced subject to this Order*." *See* Doc. 148 ("Magistrate's Order") (emphasis added). Jesse Rochman did not view documents produced subject to the Magistrate's Order; rather, he viewed some documents produced by BPNA in response to a subpoena issued to BPNA around May 2, 2013. *See* Doc. 193-1; Doc. 196, p. 1. Having no defense on the merits, Gupta Defendants seek dismissal with prejudice, the "the most severe sanction that a court may apply," *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983), by reciting language from the Magistrate's Order out of context. The plain language of the Magistrate's Order demonstrates no violation occurred, and without a violation, Gupta Defendant's motion for sanctions must fail.

4871208.1

1

## II. Legal Standard

Gupta Defendants seek sanctions under Rule 37 and the Court's inherent authority for an alleged violation of a stipulated protective order. Rule 37 does not provide sanctions for violation of a protective order. Rule 37(b) permits sanctions when: (1) a deponent fails to obey an order to answer a question; (2)(A) or a party/witness fails to obey an order to provide or permit discovery; or (2)(B) party fails to comply with an order requiring it to produce another person for a mental examination. Rule 37(c) permits sanctions if a party fails to provide information or identify a witness in its initial disclosures. Rule 37(d) permits sanctions if a party fails to appear for a deposition or fails to serve its answers, objections, or written response to interrogatories and requests for production. The plaint text of Rule 37 does not support an award of sanctions for an alleged violation of a stipulated protective order. "The Federal Rules have the force of statute. Like any statute, the Court must 'give the Federal Rules of Civil Procedure their plain meaning.'" *Phillips v. Indianapolis Life Ins. Co.*, 2009 WL 1564384, * (S.D. Ind. 2009).

Regardless, the Court's inherent power is broad enough to include the sanctions listed in Rule 37 and the Court may dismiss actions for failure to comply with a court order under Rule 41(b). *Maynard v. Nygren*, 332 F.3d 462, 467, 470 (7th Cir. 2003). Sanctions under the Court's inherent power "are appropriate where the offender has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Salmeron v. Enter. Recovery Sys.*, 579 F.3d 787, 793 (7th Cir.2009) ("Sanctions meted out pursuant to the court's inherent power are appropriate where the offender has willfully abuse the judicial process or otherwise conducted litigation in bad faith."). Dismissal under Rule 41(b) is only appropriate when there is a "clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard*, 332 F.3d at 467.

The Seventh Circuit has observed the "particular sanction of dismissal with prejudice or judgment is 'draconian,' and 'must be infrequently resorted to by district courts.'" *Barnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir.1993). The "party asserting a violation of a judicial order has the burden of proof by clear and convincing evidence." *Shakman v. Democratic Organization of Cook County*, 2009 WL 855633, *2 (N.D. Ill. 2009) (citing *Maynard*).

### III.  Argument

Gupta Defendants' request for sanctions is based on the premise that the Magistrate "modified a standing protective order previously entered on June 19, 2013," to preclude Jesse Rochman from "accessing documents and electronic records designated as confidential protected materials." *See* Doc. 196, p. 1. Most, if not all, documents produced by the defendants have been marked confidential protected materials, so Gupta Defendants essentially argue the Magistrate's Order precludes Jesse Rochman from viewing all documents produced so far, including BPNA's production in response to the subpoena. The plain text of the Magistrate's Order vitiates the Gupta Defendants' theory.

In response to Plaintiff's Third Request for Production, Vinod requested "a protective order that he shall not be required to respond to Requests 1-7, 9-20, 25-30, 34 and 36-38[.]" *See* Doc. 115, p. 31. The Magistrate granted "Vinod's motion insofar as it *allows Vinod to respond* to Requests 3–7, 9–20, and 27–29 subject to the protective order issued through Docket Entry 47 as amended by this Order at page 6, supra, to preclude Jesse Rochman from *viewing documents produced subject to this Order*." *See* Doc. 148, p. 23 (emphasis added).[1] In other words, the Magistrate's Order only modified the protective

---

[1] Vinod misled the Magistrate into believing he had responsive documents to the Third Request for Production that Vinod was worried would get into the hands of Barrett Rochman. For example, Vinod argued

4871208.1                                              3

order to preclude Jesse Rochman from viewing certain documents produced by Vinod in response to Plaintiff's motion to compel. This conclusion is confirmed throughout the Magistrate's Order:

> Where a request is enforceable but a protective order further shielding Barrett Rochman would be appropriate, the Court will compel production subject to an amended version of the protective order imposed at Docket Entry 47. *Id.* at 6.
>
> Vinod must produce these [tax] documents, but *he **may** do so* subject to the more limited protective order as amended by this entry. *Id.* at 11-12.
>
> To the extent Vinod has [checks and financial statements] to produce in response to these requests, they would constitute confidential business information, and *he **may*** produce them subject to the more limited, amended protective order established by this entry mitigating the risk of this information reaching Barrett Rochman. *Id.* at 14.

If the Magistrate intended to preclude Jesse Rochman from viewing any documents produced that were marked confidential, he could have easily done so in unambiguous language (e.g., "Jesse Rochman is precluded from viewing any documents produced by defendants marked confidential."). The Magistrate did the opposite, he expressly stated the purpose of the Magistrate Order and his amendment to the standing protective order was to "preclude Jesse Rochman from viewing documents *produced subject to this Order.*" *See* Doc. 148, p. 23. Gupta Defendants have failed to establish by clear and convincing evidence that Jesse Rochman violated an unambiguous command that Jesse Rochman not view documents produced by parties other than Vinod. *Prima Tek II, L.L.C.*

---

to the Magistrate the "prejudice that would result from Mr. Gupta's production of any Forms 1099-MISC he issued highly outweighs any possible probative value since … there is the risk Barrett Rochman will gain access to the Forms to gauge Mr. Gupta's financial strength and utilize those Forms to his competitive advantage." *See* Doc. 137, p. 5-6. He continued by asserting "[s]hort of a lawsuit, Barrett Rochman would never be able to obtain any Forms 1099-MISC issued by Mr. Gupta." *Id.* at 6. When ordered to respond, however, Vinod said he had no responsive documents. Indeed, Vinod's repeated arguments about the prejudice he would suffer if compelled to produce responsive documents was imaginary because when he was compelled to produce documents for which he voiced this concern, Vinod produced no new documents. *See* Doc. 179, pp. 3-4 (stating how the only new production were Form 137Bs and Notices of Redemption in Microsoft Word format, none of which he argued would cause him prejudice if disclosed).

4871208.1                                4

*v. Klerk's Plastic Industries, B.V.*, 525 F.3d 533, 542 (7th Cir. 2008) (sanctions for violating a court order are inappropriate when the order is ambiguous).

Gupta Defendants' have also failed to show Plaintiff's counsel did not try to reasonable and diligently comply with the Order. *Id.* Consistent with Plaintiff's counsel interpretation of the Magistrate's Order, John Sandberg emailed Gupta Defendants' counsel shortly after the Magistrate's Order was issued inquiring when Plaintiff could expect to receive the documents the Magistrate ordered Vinod to produce, and informing them that "the documents *you produce* will be in a password protected electronic folder and only my paralegal and I will have the password." *See* Exhibit A (emphasis added). Gupta Defendants' counsel never responded to Plaintiff's counsel that all documents produced by any defendant, including BPNA's subpoena production Gupta Defendants' knew was forthcoming, should be password protected under their interpretation of the Magistrate's Order. Gupta Defendants' waited to make their position known regarding their interpretation of the Magistrate's Order until after Jesse Rochman viewed some of the BPNA subpoena production.

Gupta Defendants have also not shown by clear and convincing evidence that Plaintiff's counsel has willfully abused the judicial process or otherwise conducted litigation in bad faith. First, Jesse Rochman's review of BPNA's subpoena production was based on a good faith interpretation of the Magistrate's Order. Second, even if the Magistrate's Order would have permitted BPNA to produce documents subject to the more limited protective order precluding Jesse Rochman from viewing the documents, BPNA's transmittal letter never suggested it was attempting to do so. *See* Doc. 196-1. Third, Plaintiff disagreed with Gupta Defendants' interpretation of the Protective Order, but agreed Jesse

4871208.1                                                5

Rochman would not review BPNA's documents further until the conflicting interpretations were resolved by the parties or the Court. *See* Doc. 196-3, p. 2. Jesse Rochman reviewed no documents produced by BPNA since Gupta's Counsel first expressed their position that the Magistrate's Order precluded Jesse Rochman from viewing BPNA's documents. Finally, the "narrow function" of the Magistrate's Order was to "preclude Barrett Rochman from gaining access to Vinod's financial and proprietary information." *See* Doc. 148, p. 7. Barrett Rochman has neither gained such access nor will he ever be permitted such access.

Notwithstanding Gupta Defendants' inability to meet the standards set out for sanctioning Plaintiff and its counsel under the Court's inherent powers and Rule 41(b), remedial sanctions are limited to provable losses sustained by the non-breaching party resulting from violating the order. *Prima Tek II*, 525 F.3d at 543. Gupta Defendants have failed to prove any such loss. As to Gupta Defendants' request for dismissal with prejudice:

> "A dismissal with prejudice is a harsh sanction which should usually be employed only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir.1983).... Absent those circumstances, the careful exercise of judicial discretion requires that a district court consider less severe sanctions and explain, where not obvious, their inadequacy for promoting the interests of justice.

*Schilling v. Walworth County Park & Planning Comm'n*, 805 F.2d 272, 275 (7th Cir. 1986). Gupta Defendants' have failed to show this is an extreme situation warranting the harshest sanction, especially when Plaintiff and his counsel have never been sanctioned before, so it cannot be said less drastic sanctions (e.g., monetary sanctions) have proven unavailing. Moreover, dismissal "is such a serious sanction that it should not be invoked without first considering what effect—if any—the challenged conduct

has had on the course of the litigation." *Barnhill*, 11 F.3d at 1368. Aside from Gupta Defendants' motion for sanctions, Gupta Defendants have not proved by clear and convincing evidence that the alleged violation had any effect on the course of the litigation or the Gupta Defendants in particular. The interests of justice are also not served by dismissal with prejudice because it would allow Gupta Defendants to escape liability and retain the millions it has stolen from people by artificially inflating redemption prices at Indiana tax sales. *Rice v. City of Chicago*, 333 F.3d 780, 786 (7th Cir. 2003) (emphasizing "[t]he well-established public policy favoring hearing cases on the merits. This policy dictates that the harsh sanction of dismissal be employed only as a last resort." (internal quotes and ellipses removed)).

## IV. Conclusion

There was no violation of the Magistrate's Order, which belies BPNA's request for sanctions. Gupta Defendants have also failed to meet their burden by clear and convincing evidence sanctions are warranted even if the Court finds there was a technical violation of the Magistrate's Order. Under the circumstances described, sanctions and contempt are unwarranted. Gupta Defendants' motion should be denied.

SANDBERG PHOENIX & von GONTARD P.C.

By:  /s/ John S. Sandberg
John S. Sandberg
Bhavik R. Patel
Jesse B. Rochman
600 Washington Avenue – 15th Floor
St. Louis, MO 63101-1880
314-231-3332
314-241-7604 (Fax)
jsandberg@sandbergphoenix.com
bpatel@sandbergphoenix.com
jrochman@sandbergphoenix.com
*Attorneys for Plaintiff*

## Certificate of Service

  I certify on January 31, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the attorneys/parties of record.

                   /s/ John S. Sandberg