UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| JOSHUA B. CRISSEN, individually and on behalf of all others similarly situated, | |
|---|---|
| Plaintiff, | |
| v. | Case No.: 2:12-cv-00355-JMS-WGH |
| VINOD C. GUPTA, *et al.*, | |
| Defendants. | |

## Plaintiff's Response to Defendant's Joint Motion for Entry of Modified Case Management Plan

Plaintiff Joshua B. Crissen ("Plaintiff"), individually and for all others similarly situated, through his attorneys Sandberg Phoenix & von Gontard PC, responds to the Joint Motion to Vacate and Reschedule the Due Date for Responses to Plaintiff's Motion for Class Certification (Doc. 211):[1]

Plaintiff's Class Cert Motion (Doc. 90) was served on Gupta Defendants and Vivek on August 30, 2013. As of November 12, 2013 the Magistrate ruled discovery should be complete within 60 days and the response was due 30 days after the ruling on certain pending motions. (Doc. 150). Under this order, the defendants' responses are due on February 27, 2014. (Doc. 211, ¶ 2). Gupta Defendants seek to vacate the deadline 14 days before their response is due, and have it reset to an indefinite later date. The Magistrate ruled Plaintiff's motions to strike "must be addressed before orders on Class certification can be finalized." (Doc. 150). Those are

---

[1] Gupta Defendants purport to bring this motion jointly with Defendant Vivek V. Gupta. The last time Vivek joined in a motion his attorney signed the pleading. (Doc. 145). Gupta Defendant's joint motion is not signed by Vivek or any attorney that has entered an appearance for Vivek, and Gupta Defendants attach nothing suggesting Vivek gave them authority to bring this motion for him.

set to be heard on February 28, 2014, and ruled on afterwards by the Court. The defendants should be held to the current deadline or required to respond shortly after a ruling on the motions to strike.

Plaintiff moved to strike affirmative defenses common to Plaintiff and the Class. (i.e., lack of jurisdiction, statute of limitations, laches, waiver, and estoppel). Indeed, the Gupta Defendants plead the defenses apply to both Plaintiff and putative class members: the "claims asserted on behalf of Plaintiff and certain putative class members…are barred by the doctrine of laches." (Doc. 143, p. 22). The presence of these defenses has minimal impact on the defendants' responses in opposition to Plaintiff's Class Cert Motion. *Silversman v. Motorola, Inc.*, 259 F.R.D. 163, 174 (N.D. Ill. 2009) ("These defenses are not unique to Plaintiffs—they apply to the class as a whole. In other words, Defendants' arguments demonstrate that common issues of law and fact ***do*** predominate and that class certification is proper.").

Gupta Defendants also suggest their time to respond should be extended because "it will not be known if said documents may or will be used in connection with the Class Cert Motion." (Doc. 211, ¶ 8). Plaintiff already filed his Class Cert Motion, so it is known these documents were not used with the Class Cert Motion. Defendants can use these documents regardless of the outcome of the Court's rulings on February 28, 2014.

Gupta Defendants finally suggest their time to respond should be extended because Vivek has not had the chance to take Plaintiff's deposition. Gupta Defendants concede they already took his deposition, and they do not have standing to raise this

concern for Vivek. The second deposition of Josh Crissen was scheduled to follow the hearing to be held on February 5. On February 4, when that hearing and deposition was cancelled because of weather, Plaintiff's counsel immediately emailed Vivek's attorney of record offering to produce Plaintiff for a second deposition ***before the response deadline of February 27*** to eliminate this concern for Vivek. Vivek's attorney of record never responded.

WHEREFORE, Plaintiff respectfully requests this Court deny the Joint Motion to Vacate and hold defendants to the current deadline or, alternatively, require them to respond within five days after a ruling on the motions to strike.

SANDBERG PHOENIX & von GONTARD P.C.

By: /s/ Jesse B. Rochman
John S. Sandberg
Bhavik R. Patel
Jesse B. Rochman
600 Washington Avenue – 15th Floor
St. Louis, MO 63101-1880
314-231-3332
314-241-7604 (Fax)
jsandberg@sandbergphoenix.com
bpatel@sandbergphoenix.com
jrochman@sandbergphoenix.com
*Attorneys for Plaintiff*

## Certificate of Service

I certify on February 18, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the attorneys/parties of record.

/s/ Jesse B. Rochman