UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOSHUA B. CRISSEN, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|   *vs.* | ) | 2:12-cv-00355-JMS-WGH |
| | ) | |
| VINOD C. GUPTA, SATYABALA V. GUPTA, | ) | |
| WIPER CORPORATION, and VIVEK V. GUPTA, | ) | |
|     *Defendants.* | ) | |

## MINUTE ENTRY

On February 28, 2014, the Court held a hearing on several pending motions and an objection, including: (1) Plaintiff Joshua Crissen's Motion to Strike, [Filing No. 164]; (2) an Objection to Magistrate Judge's November 7, 2013 Joint Entry on Plaintiff's Motion to Compel and Defendant Vinod C. Gupta's Motion for Protective Order and November 21, 2013 Marginal Entry Denying Reconsideration of Same, filed by Defendant Vinod Gupta, [Filing No. 171]; (3) Banco Popular North America's ("Banco Popular") Motion to Enforce Protective Order, [Filing No. 191]; and (4) a Motion to Dismiss or for Other or Further Sanctions filed by Defendants Vinod Gupta, Satyabala Gupta, and Wiper Corporation (collectively, "the Gupta Defendants"), [Filing No. 195]. Plaintiff Joshua Crissen appeared in person and by counsel John Sandberg, Jesse Rochman, and Bhavik Patel. The Gupta Defendants appeared by counsel David Theising and Stephen Arthur. Defendant Vivek Gupta appeared by counsel David Friedrich. Banco Popular appeared by counsel Gregory Blue, Joshua Wolson, Richard Blaiklock, and Edward Thomas. The Court Reporter was Jean Knepley.

In connection with Mr. Crissen's Motion to Strike, [Filing No. 164], Mr. Crissen was sworn in as a witness and responded to questions from the Court. The parties presented argument, and the Court took the motion, [Filing No. 164], **UNDER ADVISEMENT**.

The parties also presented argument regarding Vinod Gupta's Objection, [Filing No. 171]. The Court questioned counsel for Mr. Crissen regarding the relevancy of the first page of the Form 1040s and Schedule C/C-EZs that Mr. Crissen has requested that the Gupta Defendants produce in this matter. As part of its questioning, the Court provided counsel for Mr. Crissen with a blank Form 1040, attached hereto as Exhibit A to this Entry, and asked where the information that Mr. Crissen seeks would be reflected on the Form 1040 to which counsel responded line 12. The Court **ORDERED** Vinod Gupta to submit to the Court for *in camera* review the documents that are the subject of the Objection – namely, the first page of each Form 1040 and each Schedule C/C-EZ submitted by Vinod Gupta in connection with his tax returns back to 2002 – and also any Form 1099-Bs or other forms which would reflect barter arrangements for that same time period. The documents must be submitted to the Court by **March 10, 2014**. Upon submission of the documents to the Court, Vinod Gupta shall file a Notice certifying that the documents have been submitted to the Court. The Court took the Objection, [Filing No. 171], **UNDER ADVISEMENT**.

The parties and Banco Popular presented argument regarding Banco Popular's Motion to Enforce Protective Order, [Filing No. 191]. The Court **ORDERED** Banco Popular to submit a copy of the disk it produced to Mr. Crissen which contains the documents that are the subject of the motion to the Court for *in camera* review. The disk must be submitted to the Court by **March 10, 2014**. Banco Popular is also **ORDERED** to identify the subset of documents on the disk it sought to recall after Mr. Crissen's counsel requested such identification, by Bates number, and whether any of those documents have been previously addressed by Banco Popular designees at depositions, or otherwise produced in this litigation outside of production on the disk. Upon submission of the disk to the Court, Banco Popular shall file a Notice certifying that

the disk has been submitted to the Court, and specifying which documents on the disk fall into the categories detailed in the previous sentence. The Court took the Motion to Enforce Protective Order, [Filing No. 191], **UNDER ADVISEMENT**.

The parties also presented argument on the Gupta Defendants' Motion to Dismiss or for Other or Further Sanctions, [Filing No. 195]. The Court placed Attorney Jesse Rochman under oath, and questioned him regarding his review of the documents that are the subject of the motion. As noted above, the Court will review, *in camera*, the disk Banco Popular produced to Mr. Crissen, which is also the subject of this motion. Attorney Jesse Rochman is **ORDERED** to file a Report by **March 10, 2014** stating which documents on the disk he has reviewed. In the Report, Attorney Rochman must also address his statement at the hearing that he estimated he reviewed approximately 800 to one thousand documents on the disk, and his statement that he only reviewed up to Bates number 16889 (which would be approximately fifty pages of the disk). The Court took the Motion to Dismiss or for Other or Further Sanctions, [Filing No. 195], **UNDER ADVISEMENT**.

Finally, the Court admonished the parties that honesty in court filings is an obvious and mandatory requirement of legal practice, discovery is intended to be a cooperative process, and that, should disputes arise, the parties are to contact the Court for guidance as opposed to engaging in self-help.

**Distribution via ECF only to all counsel of record**