UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOSHUA B. CRISSEN, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs.* | ) | 2:12-cv-00355-JMS-WGH |
| | ) | |
| VINOD C. GUPTA, SATYABALA V. GUPTA, | ) | |
| WIPER CORPORATION, and VIVEK V. GUPTA, | ) | |
|     *Defendants*. | ) | |

## ORDER

Presently pending before the Court is Plaintiff Joshua Crissen's Motion to Strike. [Filing No. 164.] The Court held a hearing on the pending motion on February 28, 2014.

### I.
#### BACKGROUND

On August 21, 2013, Mr. Crissen filed an Amended Complaint against Vinod Gupta, Satyabala Gupta, and Wiper Corporation (collectively, "the Gupta Defendants"), and Vivek Gupta, alleging that Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") and asserting various Indiana state law claims. [Filing No. 85.] Mr. Crissen alleges that Defendants engaged in a scheme to defraud him and putative class members by certifying that they incurred and paid certain fees ("Title and Notify Costs") in connection with Indiana tax sales when they did not.

The Gupta Defendants filed an Amended Answer and Affirmative Defenses on October 30, 2013, [Filing No. 143], and Vivek Gupta filed an Amended Answer and Affirmative Defenses on November 15, 2013, [Filing No. 154]. On November 22, 2013, Mr. Crissen filed the pending Motion to Strike, [Filing No. 164], which requests that the Court strike several affirmative defenses asserted by the Gupta Defendants and Vivek Gupta.

## II.
### STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(f) states that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." [Fed. R. Civ. P. 12(f)](). In the Seventh Circuit, motions to strike are generally disfavored, but such a motion "may 'serve to expedite, not delay,' when it seeks to strike portions of a pleading to 'remove unnecessary clutter from the case.'" [Schmitz v. Four D Trucking, Inc., 2014 WL 309190, *2 (N.D. Ind. 2014)]() (quoting [Heller Fin. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989)]()). "Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact." [Heller, 883 F.2d at 1294](). "Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure" and "must set forth a 'short and plain statement'…of the defense." [Id.]() (striking several affirmative defenses because they were "nothing but bare bones conclusory allegations," and "omitted any short and plain statement of facts and failed totally to allege the necessary elements of the alleged claims").

## III.
### DISCUSSION

Mr. Crissen argues in his Motion to Strike that several of the affirmative defenses Defendants assert are improper and should be stricken. [[Filing No. 164]().] The Court will address each affirmative defense in turn.

**A. Lack of Subject Matter Jurisdiction**

The Gupta Defendants' first affirmative defense states "[t]his Court lacks jurisdiction over this action," [[Filing No. 143, at ECF p. 21]()], and Vivek Gupta's first affirmative defense states "[t]he Court lacks jurisdiction over this cause of action," [[Filing No. 154, at ECF p. 9]()].

Mr. Crissen argues that this is not an affirmative defense and should be raised through a motion to dismiss, and also that Defendants provide no factual support, [Filing No. 164, at ECF p. 2]. The Gupta Defendants and Vivek Gupta[1] respond that the first affirmative defense regarding jurisdiction is valid because they have argued that the RICO claims are deficient, and the Court would not have federal question jurisdiction if the RICO claims are dismissed and, additionally, that the Court's diversity jurisdiction is questionable, [Filing No. 142, at ECF pp. 5-6]. Mr. Crissen replies by reiterating that the subject matter jurisdiction affirmative defense is not an affirmative defense, [Filing No. 177, at ECF pp. 1-2].

As Defendants explain, their affirmative defense regarding subject matter jurisdiction relates to their position that the RICO claims fail as a matter of law and that, if they are dismissed, the Court would not have subject matter jurisdiction over the remaining claims. Thus, the issue of subject matter jurisdiction could not be raised through a motion to dismiss at this stage of the litigation, but rather Defendants are reserving the right to raise that issue should the

---

[1] Vivek Gupta filed an untimely Response to the Motion to Strike, stating that he "incorrectly believed the November 22, 2013 Motion to Strike was only directed to Vinod, Satyabala and Wiper." [Filing No. 178, at ECF p. 1.] In his Response, Vivek Gupta joined the Gupta Defendants' response to the Motion to Strike. [Filing No. 178, at ECF p. 3.] The Court will forgive Vivek Gupta's late response, but cautions counsel that it expects full compliance with procedural rules and deadlines going forward. In any event, Vivek Gupta's reliance on the Gupta Defendants' response is problematic in several instances. For example, the Gupta Defendants argue in response to the Motion to Strike that they have amended their statute of limitations affirmative defense to include reference to the applicable statutes of limitation. [Filing No. 142, at ECF pp. 16-17.] Vivek Gupta, however, has not amended his statute of limitations affirmative defense to include those details. [Filing No. 154, at ECF p. 10.] This is also the case with Vivek Gupta's fifteenth through seventeenth affirmative defenses for laches, waiver, and estoppel. The Gupta Defendants have amended their corresponding affirmative defenses to provide more detail, [Filing No. 143, at ECF pp. 22-23], while Vivek Gupta has not, [Filing No. 154, at ECF p. 10]. Vivek Gupta's failure to amend his affirmative defenses while still relying upon the Gupta Defendants' response to the Motion to Strike has made the Court's analysis of the Motion to Strike very cumbersome. If Vivek Gupta plans to join in the Gupta Defendants' filings going forward, he must ensure that doing so makes sense in light of his own submissions.

RICO claims fall away. The Court finds the Gupta Defendants' Affirmative Defense No. 1 and Vivek Gupta's Affirmative Defense No. 1 to be valid affirmative defenses in light of Defendants' explanation, and denies Mr. Crissen's motion to strike them.

### B. Statute of Limitations

Vivek Gupta's Affirmative Defense No. 14 states "[t]he claims made against Vivek in the Amended Complaint are barred by the applicable statute of limitations." [Filing No. 154, at ECF p. 10.] Mr. Crissen argues that this affirmative defense should be stricken because it does not set forth the applicable statute of limitation and how it bars Mr. Crissen's claims, [Filing No. 164, at ECF pp. 2-3]. Vivek Gupta does not address the statute of limitations affirmative defense specifically in his response to the Motion to Strike, instead joining the Gupta Defendants' response. [Filing No. 178, at ECF p. 3.] Mr. Crissen replies by arguing that Vivek Gupta's response to the Motion to Strike was untimely. [Filing No. 177, at ECF p. 1.]

As noted above, Vivek Gupta's joinder in the Gupta Defendants' response to the Motion to Strike is problematic because the Gupta Defendants argue in their response that they have amended their statute of limitations affirmative defense to include reference to the applicable statutes of limitation.[2] Vivek Gupta, however, has not amended his statute of limitations affirmative defense to include those details and, accordingly, his affirmative defense is not sufficient. See *Puryear v. Ind. Pallet Co.*, 2011 WL 5553697, *3 (N.D. Ind. 2011) (statute of

---

[2] Mr. Crissen does not seek to strike the Gupta Defendants' amended statute of limitations affirmative defense, which states "[t]he claims asserted on behalf of certain putative class members in Plaintiff's Amended Complaint, and each Count thereof, against the Gupta Defendants and each of them are barred by applicable statutes of limitation because this action was commenced after the applicable statute of limitations expired. The statute of limitations for federal RICO claims is four years. The statute of limitations for Indiana state RICO claims is six years. The Indiana statute of limitations for fraud is six years. The Indiana statute of limitations for money had and received is three years. The Indiana statute of limitations for unjust enrichment is six years." [Filing No. 143, at ECF p. 22.]

4

limitations affirmative defense stricken when it did not set forth "the specific applicable statute of limitations, the time limits in the statute, or the manner in which the statute bars Plaintiff's case"). However, the Court declines to strike Vivek Gupta's statute of limitations affirmative defense at this time and, instead, treats the Motion to Strike as a motion for a more definite statement under Fed. R. Civ. P. 12(e). The Court orders Vivek Gupta to amend Affirmative Defense No. 14 within 14 days of this Order so that it complies with *Heller*, 883 F.2d 1286.

### C. Laches, Waiver, and Estoppel

Mr. Crissen argues that Defendants' laches, waiver, and estoppel affirmative defenses plead legal conclusions without any supporting facts. [Filing No. 164, at ECF p. 3.] The Gupta Defendants respond that they have amended these affirmative defenses and that they now provide enough detail, [Filing No. 142, at ECF pp. 17-18], and Vivek Gupta joins in the Gupta Defendants' responses, [Filing No. 178, at ECF p. 3], despite the fact that he has not amended them.

#### 1. Laches

The Gupta Defendants' laches affirmative defense (Affirmative Defense No. 10) states:

> The claims asserted on behalf of Plaintiff and certain putative class members in Plaintiff's Amended Complaint, and each Count thereof, against the Gupta Defendants and each of them are barred by the doctrine of laches. Plaintiff and certain putative class members unreasonably and inexcusably delayed asserting their alleged claims to the prejudice to the Gupta Defendants. Plaintiff and certain putative class members in Plaintiff's Amended Complaint failed to be vigilant in pursuing their alleged claims to the detriment of the Gupta Defendants and those alleged claims are now barred.

[Filing No. 143, at ECF p. 22.]

In his reply, Mr. Crissen argues that Defendants do not plead how he and putative class members had or could have obtained knowledge of the Gupta Defendants' fraud sufficient for the Gupta Defendants to invoke laches. [Filing No. 177, at ECF p. 4.] The Gupta Defendants

explain that the laches affirmative defense relates to their claim that certain putative class members may have "failed to be vigilant in pursuing their alleged claims." [Filing No. 143, at ECF p. 22.] Because the Court cannot conclude that this defense would not succeed "under any set of circumstances," it declines to strike it at this time. *See United States v. Walerko Tool & Engineering Corp., 784 F.Supp. 1385, 1387-88 (N.D. Ind. 1992)* (denying motion to strike affirmative defense and explaining "where there is any question of fact or any substantial question of law, the court should refrain from acting until some later time when these issues can be more appropriately dealt with").

Vivek Gupta's laches affirmative defense (Affirmative Defense No. 15) states "[t]he claims made against Vivek in the Amended Complaint on behalf of certain putative class members are barred by the doctrine of…laches." [Filing No. 154, at ECF p. 10.] It "is nothing but a barebones conclusion which is insufficient under *Heller*." *Malibu Media, LLC v. Reeves, 2013 WL 5487372, \*2 (S.D. Ind. 2013)*. As with the statute of limitations affirmative defense, however, the Court finds that the Motion to Strike as it relates to Vivek Gupta's laches affirmative defense should be treated as a motion for a more definite statement, and orders Vivek Gupta to amend Affirmative Defense No. 15 within 14 days of this Order so that it complies with *Heller*.

    *2. Waiver*

The Gupta Defendants' waiver affirmative defense (Affirmative Defense No. 11) states:

> The claims asserted on behalf of Plaintiff and certain putative class members in Plaintiff's Amended Complaint, and each Count thereof, against the Gupta Defendants and each of them are barred because they have been waived. Plaintiff and certain putative class members intentionally relinquished their right to assert their alleged claims by failing to investigate and assert their alleged claims within a reasonable time of when notice of their right to redeem was given and/or received by them and redeeming the subject properties.

[Filing No. 143, at ECF pp. 22-23.]

Mr. Crissen argues that the waiver affirmative defense "fail[s] to allege either Plaintiff or certain putative class members had a duty to investigate or sue them within any timeframe." [Filing No. 177, at ECF p. 4.] The Gupta Defendants' counsel argued at the February 28, 2014 hearing that Mr. Crissen testified at his deposition that he was upset about the amounts he had to pay to redeem his property at the time of redemption, and that this was the time for him to speak up regarding the tax sale process. [Filing No. 222, at ECF p. 15.] The Amended Complaint is silent regarding whether there was any mechanism within the tax sale process by which Mr. Crissen and the putative plaintiffs could have challenged the tax sale procedure – and, specifically, whether they could have challenged the amount or existence of Title and Notify Costs. If such a mechanism existed, it is conceivable that an argument could be made that certain putative class members waived their claims by failing to challenge the Title and Notify Costs during the tax sale procedure. Like the laches affirmative defense, because there is a "question of fact or [a] substantial question of law" regarding the sufficiency of the defense, *Walerko Tool & Engineering Corp.*, 784 F.Supp. at 1387-88, the Court will not strike the waiver affirmative defense as asserted by the Gupta Defendants.

Vivek Gupta's waiver affirmative defense (Affirmative Defense No. 16) states only that "[t]he claims made against Vivek in the Amended Complaint on behalf of certain putative class members are waived." [Filing No. 154, at ECF p. 10.] The Court will treat the Motion to Strike Vivek Gupta's waiver affirmative defense as a motion for a more definite statement and orders Vivek Gupta to amend Affirmative Defense No. 16 within 14 days of this Order so that it complies with *Heller*.

*3. Estoppel*

The Gupta Defendants' estoppel affirmative defense (Affirmative Defense No. 12) states:

> The claims asserted on behalf of Plaintiff and certain putative class members in Plaintiff's Amended Complaint, and each Count thereof, against the Gupta Defendants and each of them are barred by estoppel. Plaintiff and certain putative class members were given and/or received notice of their right to redeem and accepted the benefits thereof by redeeming the properties that were the subject thereof, and the Gupta Defendants acted in reliance thereon to their detriment. Plaintiff and certain putative class members are estopped to accept the benefits thereof and deny that the Gupta Defendants are entitled to anything for the costs thereof.

[Filing No. 143, at ECF p. 23.]

Mr. Crissen asserts that the estoppel affirmative defense does not allege "how Plaintiff or certain members of the putative class made a representation or concealment of a material fact by redeeming[, that] they were ignorant of any facts[, or] what detriment they suffered[,] what actions they took in reliance, and how they relied upon any representations by Plaintiff and certain members of the putative class." [Filing No. 177, at ECF pp. 4-5.]

The Court finds that this defense "cannot succeed under any set of circumstances," *Walerko Tool & Engineering Corp.*, 784 F.Supp. at 1387, and grants Mr. Crissen's motion to strike it. The Gupta Defendants have not identified any detrimental reliance on their part on redemptions by Mr. Crissen or putative class members. Counsel for the Gupta Defendants argued at the February 28, 2014 hearing that the reliance entailed the Gupta Defendants getting rid of their files related to putative class members' properties. [Filing No. 222, at ECF p. 22.] The Court finds that discarding the files does not constitute the type of detrimental reliance sufficient to support an estoppel defense, and finds no other set of circumstances in which this affirmative defense could succeed. Accordingly, it grants Mr. Crissen's Motion to Strike the Gupta Defendants' Affirmative Defense No. 12.

8

Vivek Gupta's estoppel affirmative defense (Affirmative Defense No. 17) states that "[t]he claims in the Amended Complaint against Vivek on behalf of certain putative class members are barred by estoppel." [Filing No. 154, at ECF p. 10.] The Court also grants the Motion to Strike as to Vivek Gupta's estoppel affirmative defense because he relies solely upon the Gupta Defendants' arguments, which the Court has rejected.

### D. Right to Raise Additional Defenses

The Gupta Defendants and Vivek Gupta assert as an affirmative defense "the right to raise and assert different or additional affirmative defenses [during or] after discovery." [Filing No. 143, at ECF p. 23 (the Gupta Defendants' Affirmative Defense No. 14); Filing No. 154, at ECF p. 10 (Vivek Gupta's last affirmative defense, which is unnumbered).] Mr. Crissen argues that this is not an affirmative defense and should be stricken. [Filing No. 164, at ECF pp. 5-6.] Defendants argue that the affirmative defense is harmless because it merely notifies the Court and Mr. Crissen that they reserve the right to add affirmative defenses following discovery. [Filing No. 142, at ECF p. 23.] Mr. Crissen replies that this affirmative defense "does nothing to narrow the issues for trial." [Filing No. 177, at ECF p. 5.]

"The assertion of the right to put forward additional defenses is an improper reservation under the Federal Rules of Civil Procedure." *Schmitz*, 2014 WL 309190 at *2 (citing *FDIC v. Mahajan*, 923 F.Supp.2d 1133, 1141 (N.D. Ill. 2013)); *EEOC v. SVT, LLC*, 2013 WL 6045972, *3 (N.D. Ind. 2013); *Parker v. Rockies Express Pipeline LLC*, 2012 WL 4762138, *4 (S.D. Ind. 2012) ("an attempt to reserve the right to add additional defenses 'is unnecessary' and 'is not an affirmative defense at all'") (quoting *J&J Sports Prods., Inc. v. Munoz*, 2011 WL 2881285, *2 (S.D. Ind. 2011)). Instead, Defendants must file a motion under Fed. R. Civ. P. 15 if they wish to assert additional affirmative defenses. *Parker*, 2012 WL 4762138 at *4; *see also* Fed. R. Civ.

9

P. 15(a)(2) (after deadline for amending as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires"). Accordingly, the Court grants Mr. Crissen's Motion to Strike the Gupta Defendants' Affirmative Defense No. 14 and Vivek Gupta's last, unnumbered affirmative defense.

## IV.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Mr. Crissen's Motion to Strike. [Filing No. 164.] The Court **GRANTS** the motion to the extent that it:

- Strikes the estoppel affirmative defense asserted by the Gupta Defendants (Affirmative Defense No. 12) and by Vivek Gupta (Affirmative Defense No. 17); and

- Strikes the reservation of rights affirmative defense asserted by the Gupta Defendants (Affirmative Defense No. 14) and by Vivek Gupta (last, unnumbered affirmative defense).

The Court **DENIES** the motion to the extent that it:

- Declines to strike the subject matter jurisdiction affirmative defense asserted by the Gupta Defendants (Affirmative Defense No. 1) and Vivek Gupta (Affirmative Defense No. 1);

- Declines to strike Vivek Gupta's statute of limitations affirmative defense (Affirmative Defense No. 14);

- Declines to strike the laches affirmative defense asserted by the Gupta Defendants (Affirmative Defense No. 10) and Vivek Gupta (Affirmative Defense No. 15); and

- Declines to strike the waiver affirmative defense asserted by the Gupta Defendants (Affirmative Defense No. 11) and Vivek Gupta (Affirmative Defense No. 16).

Vivek Gupta must amend his Affirmative Defenses Nos. 14, 15, and 16 within **14 days** of this Order so that they comply with *Heller*. Failure to timely do so may result in the Court striking those affirmative defenses.

**Distribution via ECF only to all counsel of record**