UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSHUA B. CRISSEN,<br>    *Plaintiff*,<br><br>    *vs.*<br><br>VINOD C. GUPTA, SATYABALA V. GUPTA,<br>WIPER CORPORATION, and VIVEK V. GUPTA,<br>    *Defendants.* | 2:12-cv-00355-JMS-WGH |

## ORDER

Presently pending before the Court is Defendant Vinod Gupta's Objection to Magistrate Judge's November 7, 2013 Joint Entry on Plaintiff's Motion to Compel and Defendant Vinod C. Gupta's Motion for Protective Order and November 21, 2013 Marginal Entry Denying Reconsideration of Same. [Filing No. 171.] The Court held a hearing on the pending Objection on February 28, 2014.

### I.
#### BACKGROUND

On August 21, 2013, Plaintiff Joshua Crissen filed an Amended Complaint against Vinod Gupta, Satyabala Gupta, and Wiper Corporation (collectively, "the Gupta Defendants"), and Vivek Gupta, alleging that Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") and asserting various Indiana state law claims. [Filing No. 85.] Mr. Crissen alleges that Defendants engaged in a scheme to defraud him and putative class members by certifying that they incurred and paid certain fees ("Title and Notify Costs") in connection with Indiana tax sales when they did not.

The pending Objection relates to the Magistrate Judge's Order granting Mr. Crissen's Motion to Compel relating to the production of Vinod Gupta's tax returns. In order to decide Mr. Gupta's Objection, it is necessary to set forth some relevant history regarding the production

1

of certain documents by Banco Popular North America ("Banco Popular") in this matter. Mr. Crissen named Banco Popular as a defendant in his Amended Complaint, but the Court granted Banco Popular's Motion to Dismiss on January 28, 2014. [Filing No. 197.] Before it was named as a defendant, however, Mr. Crissen served a subpoena duces tecum on Banco Popular which requested "[a]ll documents or electronically stored information related or referring to Vinod C. Gupta, Satyabala V. Gupta and Wiper Corporation from January 1, 2002, to the present, including but not limited to, all documents or electronically stored information, relating to loans, loan applications, letters of credit, [and] applications for letters of credit…." [Filing No. 37-2, at ECF p. 4.]

On May 22, 2013, the Gupta Defendants filed an Emergency Motion to Quash Non-Party Subpoena Directed at Banco Popular North America and for Protective Order. [Filing No. 36.] On June 4, 2013, the Magistrate Judge granted in part and denied in part the Gupta Defendants' Emergency Motion, stating "Banco Popular North America shall produce all items called for in the subpoena except: Financial Statements, Loan or Letter of Credit Applications and Personal Income Tax Returns." [Filing No. 42.] In a subsequent entry on June 11, 2013, the Magistrate Judge stated:

> In this case, the items requested are all relevant to the matter pending before the court at this time. However, financial statements of the individual Defendants, loan or letter of credit applications, and personal tax returns are not relevant, because they contain personal financial information not necessary for the determination of the issues before the court at this time. Traditionally, personal financial information is considered confidential information. The Magistrate Judge may reconsider the relevancy of the excluded information, but only upon a more specific showing of good cause and substantial need by the proponent of the Subpoena. Therefore, while the Motion to Quash must be denied, a limited protective order will issue to protect certain financial data, at least until a later date when a more specific showing of relevancy is made.

[Filing No. 44, at ECF p. 2.]

On June 19, 2013, the Magistrate Judge entered a Protective Order submitted by Mr. Crissen which allowed the parties to designate certain documents that are "non-public confidential documents, proprietary trade information or documents that raise a privacy concern" as "Protected Material." [Filing No. 47, at ECF p. 1.] The Protective Order also limited the use or disclosure of "Protected Material" to this litigation. [Filing No. 47, at ECF pp. 2-3.] Also in June 2013, Mr. Gupta responded to various interrogatories and requests for production from Mr. Crissen. [*See* Filing No. 115-1; Filing No. 115-2; Filing No. 115-5.] Subsequently, Mr. Crissen served a Third Request for Production of Documents, and Mr. Gupta objected to most of the requests. [*See* Filing No. 115-3.]

The parties conferred with the Magistrate Judge regarding the Third Request for Production of Documents, and he instructed the parties to file any motions to compel or for a protective order within ten days. [Filing No. 96.] On September 11, 2013, Mr. Crissen filed a Motion to Compel, [Filing No. 106], and on September 24, 2013, Mr. Gupta filed a Motion for Protective Order, [Filing No. 114]. Both motions related to Mr. Gupta's responses to the Third Request for Production of Documents. The Magistrate Judge set a hearing on any outstanding discovery motions for November 8, 2013, [Filing No. 139], but issued a Joint Entry on Plaintiff's Motion to Compel and Defendant Vinod C. Gupta's Motion for Protective Order on November 7, 2013, the day before the hearing was to take place, [Filing No. 148].

Mr. Gupta's Objection relates only to the portion of the Magistrate Judge's ruling regarding Request for Production No. 7 in the Third Request for Production of Documents, which requested "[t]he first page of each Form 1040 and each Schedule C/C-EZ submitted by you in connection with your tax returns." [Filing No. 115-3, at ECF p. 6.] As to that request, the Magistrate Judge stated:

3

> The Court finds that these tax documents (or their non-existence) have potential to at least illuminate how Vinod documented payments owed and made to employees and contractors in operating his tax sale business, the sizes of those obligations and payments, and the credibility of other evidence that might be contradicted by these forms. Even if the documents are not inherently relevant, they appear reasonably likely to lead to future discovery of relevant evidence….Therefore, absent some evidentiary privilege – and Vinod has not raised one – the evidence sought in Requests 3-7 are discoverable.

[Filing No. 148, at ECF pp. 8-9.] Also as to Request No. 7, the Magistrate Judge noted that it requested tax returns, which the Magistrate Judge had found in an earlier ruling were not relevant. [Filing No. 148, at ECF p. 10 (citing Filing No. 44, at ECF p. 2 ("financial statements of the individual Defendants…and personal tax returns are not relevant…."))]. The Magistrate Judge noted, however, that the earlier Order allowed him to "reconsider the relevancy of the excluded information, but only upon a more specific showing of good cause and substantial need…," [Filing No. 148, at ECF p. 10 (citing Filing No. 44, at ECF p. 2)], and concluded that Mr. Crissen had "articulated a sufficient showing of relevance and good cause to render the documents discoverable," [Filing No. 148, at ECF p. 10].

In a November 21, 2013 Marginal Entry, the Magistrate Judge declined to reconsider or modify the November 7, 2013 Order. [Filing No. 163.] Vinod Gupta filed the pending Objection on December 9, 2013. [Filing No. 171.]

## II.
### STANDARD OF REVIEW

Fed. R. Civ. P. 72(a) provides that the Court must consider timely objections to a magistrate judge's decision on a nondispositive motion, and modify or set aside any part of the magistrate judge's order that is clearly erroneous or contrary to law. *See also* 28 U.S.C. § 636(b)(1)(A) (providing that the district court can reconsider any pretrial matter decided by the magistrate judge where it has been shown that the magistrate judge's order is clearly erroneous

or contrary to law). The clear error standard means that the Court can overturn the magistrate judge's ruling "only if [it] is left with the definite and firm conviction that a mistake has been made." *Cool v. BorgWarner Diversified Transmission Prods.*, 2003 WL 23009017, *1 (S.D. Ind. 2003) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)). A magistrate judge's decision regarding whether to compel discovery is considered nondispositive, so the clear error standard applies. *See Crouse Cartage Co. v. Nat'l Warehouse Inv. Co.*, 2003 WL 21254617, *1 (S.D. Ind. 2003) (entry on motion to compel discovery is a nondispositive matter).

## III.
### DISCUSSION

In support of his Objection, Mr. Gupta argues that the Magistrate Judge's decision was based on the mistaken assumption that the tax returns would reflect Title and Notify Costs for redeemed properties, which Mr. Gupta claims was Mr. Crissen's only argument for why the tax returns are relevant. [Filing No. 171, at ECF p. 11.] The Gupta Defendants had previously submitted the Affidavit of Robert Peck, a Certified Public Accountant, which stated that the Title and Notify Costs "are not reportable on [Mr. Gupta's] income tax returns." [Filing No. 159-2, at ECF pp. 3-4.] Mr. Gupta also argues that even if the tax returns were relevant, there are less intrusive means for providing the requested information. [Filing No. 171, at ECF pp. 13-16.] He suggests revising the request so that it asks for "[t]he first page of each Form 1040 and each Schedule C/C-EZ submitted by you in connection with your tax returns which shows or includes Title or Notify Costs incurred and paid by you with respect to redeemed properties in Indiana or amounts received by you in reimbursement of Title or Notify Costs certified by you with respect to redeemed properties in Indiana." [Filing No. 171, at ECF p. 14.] Mr. Gupta also asserts that

5

he will be prejudiced if he is compelled to produce parts of his tax returns because Mr. Crissen's counsel is the son of his business competitor. [Filing No. 171, at ECF p. 17.]

Mr. Crissen responds to the Objection by arguing that Mr. Gupta assumed the Title and Notify Costs would appear on the tax returns when he stated in his response to Mr. Crissen's Motion to Compel that "At best, such schedules will reflect only a gross figure for all expenses incurred by Mr. Gupta for all of his business enterprises, both for tax sales in Indiana and in other states, as well as other business expenses from other business enterprises. Thus, any Form 1040 and Schedule C/C-EZ submitted by Mr. Gupta in connection with his tax returns is of only minimal, if any, probative value, and is substantially outweighed by the danger of unfair prejudice against Mr. Gupta since the parties can manipulate the gross figures on any such Form 1040 or Schedule C/C-EZ which risks misleading and confusing the jury." [Filing No. 176, at ECF p. 6 (quoting Filing No. 138, at ECF pp. 9-10).] Mr. Crissen contends that Mr. Peck's Affidavit and other "new evidence" does not justify reconsideration because that evidence was presented for the first time at the reconsideration hearing. [Filing No. 176, at ECF p. 7.] Additionally, Mr. Crissen argues that the Peck Affidavit is flawed because it is based on what he "believes the law to be," [Filing No. 176, at ECF p. 9]; it assumes that the payment for Vivek's services to Vinod was with money or its equivalent but Vinod represented to the Court that it was a barter transaction, [Filing No. 176, at ECF p. 10]; its conclusion that Title and Notify Costs are not reportable on a Schedule C or elsewhere because they are reimbursable advances assumes that Vinod did not already deduct those expenses, [Filing No. 176, at ECF p. 11]; and the affidavit's assumptions are not based on any facts of record, [Filing No. 176, at ECF p. 11]. Mr. Crissen also asserts that the Magistrate Judge did not err in rejecting Mr. Gupta's proposal to provide an affidavit or revise the request because the tax returns are relevant and Mr. Crissen has

6

a right to discover them. [Filing No. 176, at ECF pp. 12-15.] Finally, Mr. Crissen argues that any claim that Mr. Gupta would be prejudiced by having to produce the tax returns is illusory, because Mr. Gupta does not present any evidence that "opposing counsel may willfully violate this Court's protective order and act unethically." [Filing No. 176, at ECF p. 15.]

In his reply, Vinod Gupta first asserts that Mr. Crissen has improperly disclosed and misstated settlement conversations that the Magistrate Judge assured the parties would not be used as evidence or disclosed in the Court proceedings, including statements Mr. Gupta allegedly made regarding a barter arrangement with his son, Vivek. [Filing No. 188, at ECF pp. 2-5.] He also argues that the Magistrate Judge already found prejudice by prohibiting Attorney Jesse Rochman, the son of Mr. Gupta's business competitor, from reviewing Protected Material under the Protective Order. [Filing No. 188, at ECF p. 6.] Mr. Gupta contends that the Peck Affidavit is properly considered by the Court because, among other reasons, it was presented at the November 8, 2013 hearing, which was an evidentiary hearing. [Filing No. 188, at ECF pp. 8-11.] He argues that Mr. Crissen has not rebutted the Peck Affidavit, [Filing No. 188, at ECF pp. 11-15], and reiterates his agreement to produce responsive documents which show or include "Title or Notify Costs incurred and paid by [him] with respect to redeemed properties in Indiana or amounts received by [him] in reimbursement of Title or Notify Costs certified by [him] with respect to redeemed properties in Indiana," [Filing No. 188, at ECF p. 16].

"The scope of permissible discovery under Federal Rule of Civil Procedure 26(b)(2) is not unlimited, and it is the court's duty to consider whether 'the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in this litigation, and the importance of the proposed discovery in resolving the issues.'" *Farmer v.*

7

*Senior Home Companions of Indiana, Inc.*, 2009 WL 564193, *2 (S.D. Ind. 2009). The Court may, "on good cause shown, forbid discovery or stage its production to protect a party from 'annoyance, embarrassment, [or] oppression.'" *Finch v. City of Indianapolis*, 2011 WL 2516242, *4 (S.D. Ind. 2011); *see also* Fed. R. Civ. P. 26(c)(1). "Discovery aimed at an opponent's personal finances is a quick route to the underside of the opponent's skin." *Finch*, 2011 WL 2516242 at *4 (citing *Estate of Lee ex rel. McGarrah v. Lee & Urbahns Co.*, 876 N.E.2d 361 (Ind. Ct. App. 2007)).

At the February 28, 2014 hearing on the Objection, the Court ordered Vinod Gupta to submit to the Court for *in camera* review the documents that are the subject of the Objection – namely, the first page of each Form 1040 and each Schedule C/C-EZ submitted by Vinod Gupta in connection with his tax returns back to 2002 – and also any Form 1099-Bs or other forms which would reflect barter arrangements for that same time period. [Filing No. 220, at ECF p. 2.] Vinod Gupta did so,[1] and the Court has reviewed the documents *in camera*. That review has led the Court to conclude that the Form 1040s and Schedule C/C-EZs requested are not relevant to this litigation.

Specifically, the first page of the Form 1040 only reflects an aggregate amount for "business income or loss." [*See* Filing No. 220-1, at ECF p. 1; Filing No. 222, at ECF p. 47 (Mr. Crissen's counsel acknowledged at the February 28, 2014 hearing that the Form 1040 would only show an aggregate amount for "business income or loss").] This gross amount would not

---

[1] Although only required to submit the first page of the Form 1040s, Mr. Gupta submitted "federal income tax returns, with all schedules, for the years 2004 through 2012." [Filing No. 224, at ECF p. 1.]

indicate whether or in what amount Mr. Gupta paid, or bartered for,[2] Title and Notify Costs. Schedule C/C-EZ includes a blank for "Legal and professional services," and one for "Other expenses." These are again aggregate amounts, so do not indicate whether Mr. Gupta paid Title and Notify Costs.[3]

Significantly, the Court also finds that Mr. Crissen can obtain this information – and, indeed, has already obtained this information – through another avenue. *See* [Fed. R. Civ. P. 26(b)(2)(C)](#) ("the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that…the discovery sought…can be obtained from some other source that is more convenient, less burdensome, or less expensive"). Mr. Crissen's Request for Production 3 in his Second Set of Requests for Production Directed to Vinod C. Gupta asked for "Schedule C to your tax returns and any other section or schedule of your tax return where you listed business expenses related to incurring and paying Notify Costs and Title Costs." [[Filing No. 115-2, at ECF p. 5](#).] Mr. Gupta responded that he "does not have any documents in his possession, custody or control responsive to this Request."[4] [[Filing No. 115-2,](#)

---

[2] Mr. Gupta argues that it was inappropriate for Mr. Crissen to disclose statements made at the settlement conference regarding a possible barter arrangement Mr. Gupta entered into with his son, Vivek, for Title and Notify Costs. [[Filing No. 188, at ECF pp. 2-5](#).] But Mr. Crissen's counsel represented at the hearing that the barter arrangement was mentioned in Defendant Wiper Corporation's Answers to Interrogatories, so is part of the record. [[Filing No. 222, at ECF p. 45](#).] The Gupta Defendants' counsel did not object to or seek to correct that characterization. Accordingly, the Court does not find Mr. Crissen's disclosure of those statements problematic.

[3] The Court rejects Mr. Crissen's argument that if the spaces for "business loss" on the Form 1040 and for "legal and professional services" on the Schedule C/C-EZs were left blank, it would prove that no Title or Notify Costs were paid. A blank may only show that Mr. Gupta did not report such amounts to the Internal Revenue Service, and not necessarily that they were not paid.

[4] At the February 28, 2014 hearing, the Court asked Mr. Crissen's counsel whether there was a special tax form to record barter transactions, and raised the potential applicability of Form 1099-B. [[Filing No. 222, at ECF p. 50](#).] The Court ordered Mr. Gupta to submit for *in camera* review any "Form 1099-Bs or other forms which would reflect barter arrangements" back to 2002. [[Filing No. 220, at ECF p. 2](#).]. In his transmittal letter to the Court enclosing the

[at ECF p. 6](#).] In other words, Mr. Gupta has represented that the documents he does have in his possession do not reflect the requested information. This provides Mr. Crissen with what he was hoping to find through Request No. 3 – that Mr. Gupta did not report Title or Notify Costs on his Form 1040s or Schedule C/C-EZs. As the Court noted at the February 28, 2014 hearing, "isn't that a pretty good day?" [[Filing No. 222, at ECF p. 51](#).][5] Mr. Crissen's ability to obtain the requested information through other means, and the fact that he has indeed obtained the information, supports the Court's conclusion that he is not entitled to the documents requested in Request No. 7.

As to the Magistrate Judge's ruling that Mr. Gupta was obligated to produce documents in response to Request No. 7, the Court notes that the Magistrate Judge has already found that Protected Materials produced in this litigation warrant some additional protection, and that Jesse Rochman may not view such Protected Materials. [[Filing No. 148, at ECF pp. 6-7](#).] Mr. Crissen did not object to the Magistrate Judge's finding, but argued in his Response to the Objection that

---

documents for *in camera* review, counsel for Mr. Gupta stated "Mr. Gupta advises that he does not have any Form 1099-B or other forms which would reflect barter arrangements for the period 2002 to the present."

[5] Mr. Crissen's counsel argued at the hearing that Mr. Gupta's Response to Request for Production 3 is not sufficient because it is "a document signed by a lawyer," and because he is entitled to "pull out the tax return [for the jury] and ask [Mr. Gupta] to point out to me where it is that this barter that he said he paid 100,000 in 2006, where it is listed in this return." [[Filing No. 222, at ECF pp. 51-52](#).] The Court does not find either of these arguments availing. There is nothing improper about Mr. Gupta's attorney signing responses to Requests for Production. *See* [Fed. R. Civ. P. 26(g)(1)](#) ("every discovery…response…must be signed by at least one attorney of record in the attorney's own name – or by the party personally, if unrepresented….By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry…[the discovery response is] consistent with these rules…; not interposed for any improper purpose…; and neither unreasonable nor unduly burdensome or expensive…;" *see also* Local Rule 56-1(e) (contemplating that discovery responses are evidence by stating "[a] party must support each fact the party asserts in a brief with a citation to a discovery response, a deposition, an affidavit, or other admissible evidence"). And Mr. Crissen's counsel's desire to be able to use the tax returns for his jury presentation is not enough to justify compelling production.

Mr. Gupta has not presented any evidence that Mr. Rochman "may willfully violate this Court's protective order and act unethically." [Filing No. 176, at ECF p. 15.] However, the Court has held in a separate Order entered this day that Mr. Rochman has violated the Magistrate Judge's directive – as set forth in the amendment to the Protective Order – by reviewing documents produced by Banco Popular and marked "Confidential." The fact that Mr. Rochman has already violated the Protective Order once lends credibility to Mr. Gupta's argument that he would be prejudiced by having to produce the Form 1040s and Schedule C/C-EZs.

The Court finds that it was clearly erroneous for the Magistrate Judge not to review the documents at issue *in camera* to assist in analyzing the discovery-related motions. *Am. Nat. Bank & Trust Co. v. Equitable Life Assur. Soc. of the U.S.*, 406 F.3d 867, 880 (7th Cir. 2005) ("[A]n *in camera* review of the documents is a relatively costless and eminently worthwhile method to insure that the balance between petitioners' claims of…privilege and plaintiffs' asserted need for the documents is correctly struck") (quoting *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 405 (1976)). Such a review would have revealed that the Forms 1040s and Schedule C/C-EZs are not relevant to this litigation.

Accordingly, the Court **SUSTAINS** Mr. Gupta's Objection and finds that Mr. Gupta need not produce documents responsive to Request No. 7.[6] *Childress v. Trans Union, LLC*, 2013 WL 1828050, *5-6 (S.D. Ind. 2013) (overruling objection to Magistrate Judge's decision based, in part, on the fact that the Magistrate Judge reviewed documents relevant to the issue (the scope of

---

[6] Mr. Gupta suggested that the Court revise Request No. 7 so that it is limited to Form 1040s and Schedule C/C-EZs "which show[] or include[] Title or Notify Costs incurred and paid by you with respect to redeemed properties in Indiana or amounts received by you in reimbursement of Title or Notify Costs certified by you with respect to redeemed properties in Indiana." [Filing No. 171, at ECF p. 14.] The Court's task here is to determine whether the Magistrate Judge erred in requiring Mr. Gupta to produce documents in response to Request No. 7 as propounded, and not to revise that Request. Accordingly, it declines to do so.

11

counsel's prior representation of defendant) *in camera*)); *McCarthy v. Fuller*, 2012 U.S. Dist. LEXIS 115046, *4-5 (S.D. Ind. 2012) (overruling objection to Magistrate Judge's finding that documents were not privileged based in part on fact that Magistrate Judge had reviewed relevant documents *in camera* and after conducting own *in camera* review).[7]

## IV.
### CONCLUSION

For the foregoing reasons, the Court **SUSTAINS** Vinod Gupta's Objection to Magistrate Judge's November 7, 2013 Joint Entry on Plaintiff's Motion to Compel and Defendant Vinod C. Gupta's Motion for Protective Order and November 21, 2013 Marginal Entry Denying Reconsideration of Same. [Filing No. 171.] Vinod Gupta need not respond to Request No. 7 in the Third Request for Production of Documents, and the portion of the Magistrate Judge's November 7, 2013 Entry on Plaintiff's Motion to Compel and Defendant Vinod C. Gupta's Motion for Protective Order that required him to do so is hereby **VACATED**.

**Distribution via ECF only to all counsel of record**

---

[7] Because the Court concludes that the documents requested in Request No. 7 are not relevant and that the information requested can be obtained – and has been obtained – through another avenue, it need not consider whether the Peck Affidavit and other documents were appropriately raised by Mr. Gupta at the November 8, 2013 reconsideration hearing because it has not relied upon those documents in making its decision.