UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSHUA B. CRISSEN,<br>    *Plaintiff*,<br><br>    vs.<br><br>VINOD C. GUPTA, SATYABALA V. GUPTA,<br>WIPER CORPORATION, and VIVEK V. GUPTA,<br>    *Defendants*. | 2:12-cv-00355-JMS-WGH |

## ORDER

Presently pending before the Court is Banco Popular North America's ("Banco Popular")[1] Motion to Enforce Protective Order. [Filing No. 191.] The Court held a hearing on the pending motion on February 28, 2014.

### I.
#### BACKGROUND

Banco Popular's Motion to Enforce Protective Order, [Filing No. 191], relates to documents that Banco Popular claims it inadvertently produced pursuant to a subpoena duces tecum served upon it by Plaintiff Joshua Crissen in May 2013. [Filing No. 192, at ECF p. 3.] The motion focuses on paragraph 19 of a Protective Order entered on June 19, 2013, which states:

> The inadvertent production of any document or information during discovery in the Crissen Litigation shall be without prejudice to any claim that such material is privileged under the attorney-client or other privilege, or protected from discovery as work product. No party shall be held to have waived any rights by such inadvertent production so long as the party receiving the document or information is notified within thirty (30) days of the discovery of such inadvertent production. Upon written request by the inadvertently producing party, the recipient shall

---

[1] Banco Popular was previously a defendant in this matter, but the Court granted its Motion to Dismiss on January 28, 2014. [Filing No. 197.] Banco Popular's current motion, however, relates to documents inadvertently produced in response to a subpoena served on Banco Popular earlier in this litigation, before it was named as a defendant. Accordingly, Banco Popular's dismissal as a defendant does not affect its current motion.

1

> (even if the receiving party disagrees that the document or information is protected from disclosure) return all copies of the document and not use the document or information for any purpose until further order of the Court.

[Filing No. 47, at ECF p. 6.]

The motion also relies upon the Magistrate Judge's June 11, 2013 Order (the "Financial Information Protective Order"), which provides that "financial statements of the individual Defendants, loan or letter of credit applications, and personal tax returns are not relevant, because they contain personal financial information not necessary for the determination of the issues before the court at this time." [Filing No. 44, at ECF p. 2.] The November 7, 2013 Order followed, in which the Magistrate Judge reconsidered the June 11, 2013 Order and found that certain tax returns and financial documents – including documents requested in Request No. 7 in Mr. Crissen's Third Request for Production of Documents – were discoverable. [Filing No. 148.] This Court stayed the portions of the Magistrate Judge's November 7, 2013 Order, [Filing No. 148], and the November 21, 2013 Marginal Entry denying reconsideration of the same, [Filing No. 163], which relate to Request No. 7, because those portions were the subject of an Objection filed by Vinod Gupta. [Filing No. 189.] In an Order entered this day, the Court sustained Mr. Gupta's Objection, finding that the tax documents requested in Request No. 7 are not relevant, the information can be (and has been) obtained elsewhere, and Mr. Gupta need not produce them.

On December 13, 2013 – after the Magistrate Judge's November 7, 2013 Order allowing discovery of certain financial documents, and before this Court stayed that Order – Banco Popular produced approximately 16,000 pages of documents on a disk to Mr. Crissen's counsel. [Filing No. 192, at ECF p. 5.] On December 27, 2013, Banco Popular determined that certain of the documents contained on the disk were inadvertently produced, including "tax returns, other

bank documents containing the Guptas' personal financial information, and internal bank documents that [Banco Popular] did not intend to produce and to which it had objected to demands for production." [Filing No. 192, at ECF p. 5.] That same day, counsel for Banco Popular sent an email to counsel for Mr. Crissen stating "it appears that the [Banco Popular] disk produced to you included documents that were not intended for production. Please do not review the documents any further or make copies until we can address this. Thank you." [Filing No. 193-2.]

Counsel for Banco Popular emailed Mr. Crissen's counsel again on December 30, 2013, stating "Due to an inadvertent error, the disk produced to you by [Banco Popular] on December 13, 2013, contained documents subject to the Protective Order that were not intended to be produced. Pursuant to paragraph 19 of the Protective Order, [Banco Popular] requests that you return the CD immediately without further review of the documents and that you destroy any copies you may have made. We will provide you with a replacement CD that does not contain Protected Material in the next few days. Thanks." [Filing No. 193-3, at ECF p. 1.] Mr. Crissen's counsel responded as follows: "You need to identify by Bates number the documents you are claiming were inadvertently provided. Given the amount of time that it has been since the documents were to be produced I am not about to send them all back. Also it is routine that documents not requested by the subpoena are in fact produced. That fact does not usually lead to claw-backs. Paragraph 19 [of the Protective Order] pertains to work product and attorney client privilege. You are not saying these documents are privileged are you? Also to the extent that you produced Vinod's tax returns we can wait until the appeal is resolved for those documents." [Filing No. 193-3, at ECF p. 1.]

Vinod Gupta's counsel sent Mr. Crissen's counsel an email on December 30, 2013 stating "The Bank has produced documents it should not have – inadvertently – and has asked that you return them to the Bank. If the Bank asks for you to return documents that were produced inadvertently, you should return them. Accordingly, Gupta requests that your Firm return these Bank documents to the Bank immediately, that your Firm keep no copies, and that your Firm discontinue reviewing the documents until this issue is worked out between counsel/with the court." [Filing No. 193-4, at ECF p. 2.] Mr. Crissen's counsel responded "As I pointed out I am not sending back 6 month overdue documents for an error I did not make. I am not aware of any rule for return of non privileged documents that says I need to return the entire production. Correct me if I have overlooked some rule. You or Greg can ID the documents that you are asking to be returned or not – your choice." [Filing No. 193-4, at ECF p. 2.]

Banco Popular's counsel responded to Mr. Crissen's counsel in an email, stating "The protective order provides for the return of inadvertently produced documents. The protective order says that, as to privileged documents, there is no waiver by inadvertent production. But that doesn't mean the recall provisions are limited to privileged documents. I also read the protective order to require you to return the documents on demand even if you disagree with the recall request, pending further order of the court. While we have no interest in recalling all the documents produced, because they were produced on a single disk there is no way to recall only a subset of them. We need to replace the disk. Finally, there is nothing in the protective order that permits you to ignore a recall request because you have been waiting a long time for the documents." [Filing No. 193-4, at ECF p. 1.]

Mr. Crissen's counsel responded "I will send the disc back. That is not the issue. Not surprisingly the disc was loaded on a server. I am not agreeing to delete everything from the disc

that is on the server because we have already spent many hours, possibly more than a hundred, analyzing the documents and linking to many of the documents. I don't think you want to pay for that work that would be lost. Please identify the documents that you say were inadvertently produced. Then I can delete those from the server. If you are not going to identify the documents (this is my 3d request) let me know that." [Filing No. 193-4, at ECF p.1.]

On January 9, 2014, Banco Popular's counsel provided Mr. Crissen's counsel with a list of documents that it was "recalling pursuant to paragraph 19 of the Protective Order in this case." [Filing No. 193-5.][2] Mr. Crissen's counsel responded that he would send the disk back the following day, but that he would keep the documents on the server but "will not use the documents in a deposition or otherwise" until the Court has ruled upon the Objection. [Filing No. 193-6.] He also stated:

> None of these inadvertently produced documents are privileged….[C]learly you are trying to recall documents that are not "financial statements of the individual defendants…, loan or letter of credit applications and personal tax returns"….Greg's email said you were recalling "documents subject to the Protective Order." You, by citing your earlier email are implying that they are subject to the Protective Order and that is not true….Why did you not point out that you were recalling documents not mentioned in the court's earlier order? If your support is that you did not intend to produce BPNA 0016891 and that is why you are recalling same, give me authority that says you can recall anything you want even if relevant and not privileged. I know of no basis to recall relevant non-privileged documents. Because of this I need to review each document on your list and I will do so.

[Filing No. 193-6, at ECF p. 1.]

---

[2] The documents identified in the January 9, 2014 email (the "recalled documents") are a sub-set of the documents produced on the Banco Popular disk. After Mr. Crissen's counsel demanded a listing of documents subject to recall (as opposed to returning the disk), Banco Popular apparently agreed that some of the documents were properly produced. After the January 9, 2014 email, Banco Popular's counsel and Mr. Crissen's counsel were discussing only the recalled documents, and the Court's discussion herein only applies to the recalled documents.

Banco Popular's counsel sent Mr. Crissen's counsel an email on January 10, 2014 stating "[t]he point of the protective order is to permit parties to recall documents without you looking at them. Please confirm that you will not review them until we can get a ruling from the court. If you do not confirm this morning we will have to contact the court immediately." [Filing No. 193-8, at ECF p. 1.] Mr. Crissen's counsel responded that he had reviewed the documents Banco Popular identified as inadvertently produced, and that he did not believe they were covered by the Protective Order. [Filing No. 193-9.] Banco Popular filed the Motion to Enforce Protective Order on January 22, 2014. [Filing No. 191.]

## II.
### DISCUSSION

In support of its motion, Banco Popular argues that paragraph 19 of the Protective Order is not limited to privileged documents or documents that are work product. [Filing No. 192, at ECF p. 9.] It points to the first sentence of paragraph 19, which refers to "[t]he inadvertent production of any document or information during discovery," and the second sentence which provides "[n]o party shall be held to have waived any rights by such inadvertent production…." [Filing No. 47, at ECF p. 6.] Banco Popular also asserts that paragraph 19 requires the recipient to return the documents even if the receiving party disagrees that the documents are protected from disclosure, so Mr. Crissen's counsel was obligated to immediately return the documents. [Filing No. 192, at ECF p. 10.] It also argues that Mr. Crissen's counsel violated the Protective Order when it reviewed the documents Banco Popular identified as inadvertently produced after affirmatively representing that if Banco Popular identified the documents, counsel would delete the documents from the firm's computer servers. [Filing No. 192, at ECF pp. 10-11.] Banco Popular requests an order: (1) directing Mr. Crissen's counsel to destroy all copies of the recalled documents and work-product derived therefrom, and to certify to the Court that it has done so;

(2) barring Mr. Crissen from using the documents, or any information derived therefrom, in the litigation; and (3) awarding the costs and expenses of the motion. [Filing No. 192, at ECF pp. 12-13.]

In response to the motion, Mr. Crissen argues that paragraph 19 of the Protective Order only applies to privileged documents, and Banco Popular has not asserted that the inadvertently produced documents are privileged. [Filing No. 202, at ECF pp. 2-4.] Mr. Crissen also asserts that Banco Popular has not shown the documents were inadvertently produced, pointing out that the inadvertent disclosure exceeds 400 pages, that Banco Popular never explained what precautions it took to make sure documents were not inadvertently produced, and that Banco Popular has not alleged any damage was caused or will be caused by the disclosures. [Filing No. 202, at ECF pp. 4-5.] He contends that Banco Popular does not argue that the documents were not responsive to the subpoena under which they were produced. [Filing No. 202, at ECF p. 5.] Mr. Crissen also argues that sanctions are not appropriate because the clawback provision only applies to privileged documents, nearly all of the recalled documents were not covered by the Protective Order, the Magistrate Judge's rulings regarding the financial documents had not yet been stayed when Mr. Crissen's counsel reviewed the documents Banco Popular was attempting to recall, and at worst his counsel misinterpreted the clawback provision. [Filing No. 202, at ECF pp. 5-7.]

In reply, Banco Popular argues that even if Mr. Crissen's counsel disagreed with its basis for recalling the documents, counsel was obligated to return them until the Court decided the issue. [Filing No. 205, at ECF p. 2.] It also asserts that Mr. Crissen's counsel does not explain why he failed to follow through with his promise to return the documents. [Filing No. 205, at ECF pp. 2-3.] Banco Popular also contends that the clawback provision does not apply only to

privileged documents because it provides that inadvertent production does not waive any rights, even those beyond privilege. [Filing No. 205, at ECF pp. 3-4.] Finally, it argues that the Protective Order goes beyond Fed. R. Civ. P. 26(b)(5), so whether that rule addresses the clawback of only privileged documents is irrelevant. [Filing No. 205, at ECF p. 4.]

"'Clawback' agreements essentially 'undo' a document production. A clawback arrangement involves the return of documents without waiver irrespective of the care taken by the disclosing party….They are specifically mentioned in the 2006 Advisory Committee Note to Fed. R. Civ. P. 26(f) as a way to reduce discovery costs and delays and to minimize the risk of waiver: 'On other occasions, parties enter agreements – sometimes called 'clawback agreements' – that production without intent to waive privilege or protection should not be a waiver so long as the responding party identifies the documents mistakenly produced, and that the documents should be returned under these circumstances….In most circumstances, a party who receives information under such an arrangement cannot assert [waiver]…." *United States v. Sensient Colors, Inc.*, 2009 WL 2905474, *2 (D. N.J. 2009). Courts often apply clawback provisions in the context of privileged documents. *See, e.g., Integra Bank Cop. v. Fid. & Deposit Co.*, 2014 WL 116292, *4-5 (S.D. Ind. 2014) (allowing clawback of privileged documents, but not documents which contained purely factual information – although the latter were prepared in anticipation of litigation, so party seeking them had to satisfy the conditions set forth in Fed. R. Civ. P. 26(b)(3)(A)(i) and (ii)); *BNP Paribas Mortg. Corp. v. Bank of America, N.A.*, 2013 WL 2322678, *6-7 (S.D.N.Y. 2013) (clawback provision required party to return inadvertently produced privileged documents to opposing party).

While clawback provisions often apply only to privileged documents, the clawback provision in the Protective Order here is broader. Specifically, it states that "[n]o party shall be

8

held to have waived *any rights* by such inadvertent production so long as the party receiving the document or information is notified within thirty (30) days of the discovery of such inadvertent production." [Filing No. 47, at ECF p. 6. (emphasis added).] Inclusion of the phrase "any rights" in the Protective Order – which Mr. Crissen submitted for the Court to enter, [Filing No. 45; Filing No. 46] – distinguishes this clawback provision from the typical one, and indicates that it applies to more than just privileged documents. The Court finds that the clawback provision applied to documents inadvertently produced by Banco Popular on the disk, even if those documents were not subject to the attorney-client privilege, the work product privilege, or some other privilege.

Having found that the clawback provision in the Protective Order applies to the documents Banco Popular sought to recall, the Court also finds that Mr. Crissen's counsel has violated that provision by refusing to return or destroy the recalled documents. The clawback provision unequivocally provides that "[u]pon written request by the inadvertently producing party, the recipient shall (even if the receiving party disagrees that the document or information is protected from disclosure) return all copies of the document and not use the document or information for any purpose until further order of the Court." [Filing No. 47, at ECF p. 6.] Mr. Crissen's arguments largely focus on whether the recalled documents should have been produced, but that is irrelevant for purposes of Banco Popular's motion.³ Once Banco Popular demanded in writing that Mr. Crissen's counsel return the inadvertently produced documents, Mr. Crissen's counsel was obligated – even if he disagreed with the reasons for the recall – to

---

³ Mr. Crissen also argues that Banco Popular has not shown that its production of the recalled documents was truly inadvertent. [Filing No. 202, at ECF pp. 4-5.] But this is an argument relating to whether Banco Popular has waived any privilege attached to those documents, and not relating to whether Mr. Crissen's counsel had an obligation to return the documents as soon as he learned of their recall – the sole issue presented in the pending motion.

9

return all copies of the documents and not to use the documents, or information gleaned from them, until the Court had decided the issue.

Instead, Mr. Crissen's counsel demanded that Banco Popular identify the Bates numbers of the documents it was recalling and, after Banco Popular did so, Mr. Crissen's counsel proceeded to review those documents. [*See* Filing No. 193-9, at ECF p. 1 (counsel for Mr. Crissen stated in an email to counsel for Banco Popular that "I have now reviewed the documents you listed. The review confirms that you are asking for documents not covered by the protective order").] This is precisely the type of situation the clawback provision is meant to prevent – opposing counsel seeing documents that the producing party did not intend to produce.

The Court does not condone the manner in which Mr. Crissen's counsel handled the recall request. Discovery is meant to be a cooperative endeavor, requiring minimal judicial intervention. *See Airtex Corp. v. Shelley Radiant Ceiling Co.*, 536 F.2d 145, 155 (7th Cir. 1976) (finding Airtex's interrogatory answers did not "comport with the duty of cooperation and disclosure imposed by the discovery provisions of the federal rules"). But when disputes do arise – and many have thus far in this case – the Court expects the parties, through their counsel, to seek guidance from the Court rather than to make their own rules to justify the outcome they desire. *Northwestern Nat'l Ins. Co. v. Baltes*, 15 F.3d 660, 663 (7th Cir. 1994) ("[l]awyers and litigants who decide that they will play by rules of their own invention will find that the game cannot be won"). Whether it agreed with Banco Popular or not, Mr. Crissen's counsel should have returned the disk right away, and sought Court assistance in resolving the issue. Instead, counsel perhaps decided it was easier to ask forgiveness than to ask permission,[4] and did not

---

[4] Rear Admiral Grace Hopper, quoted in the July 1986 issue of the U.S. Navy's *Chips Ahoy* magazine, is credited with the saying "It's easier to ask forgiveness than it is to get permission."

immediately return the disk, but demanded that Banco Popular identify the recalled documents and then reviewed them. This violated the Protective Order.

In addition to requesting that the Court order Mr. Crissen's counsel to delete all copies of the recalled documents, and any information gleaned therefrom, from its computer drive,[5] Banco Popular requests that the Court bar Mr. Crissen from using the documents, or any information derived therefrom, in this litigation. Because it is conceivable that Mr. Crissen will challenge whether some of the recalled documents should have been produced,[6] the Court will not bar him from using those documents at some point in the litigation should they eventually be produced. At this time, however, Mr. Crissen may not use those documents or any work product derived therefrom unless and until it is determined that those documents should have been produced. Further, the Court awards Banco Popular its fees and costs in connection with the motion, to be paid by Mr. Crissen's counsel. This conclusion is based on the fact that the language of the clawback provision is clear, and that Mr. Crissen's counsel not only ignored that language but then took the extra step of reviewing the documents Banco Popular sought to recall.

## III.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Banco Popular's Motion to Enforce Protective Order, [Filing No. 191]. Mr. Crissen's counsel is **ORDERED** to delete the recalled

---

[5] Although Mr. Crissen's counsel finally returned the disk to Banco Popular, it is the Court's understanding that the documents Banco Popular seeks to recall still exist on the hard drive at Mr. Crissen's counsels' law firm. [*See* Filing No. 193-4, at ECF p. 1 (counsel for Mr. Crissen stated in an email to counsel for Banco Popular: "Not surprisingly the disc was loaded on a server. I am not agreeing to delete everything from the disc that is on the server because we have already spent many hours, possibly more than a hundred, analyzing the documents and linking to many of the documents. I don't think you want to pay for that work that would be lost").]

[6] The issue of whether the recalled documents must ultimately be produced is not currently before the Court. Banco Popular's motion raises the limited issue of whether Mr. Crissen's counsel violated the Protective Order by refusing to return the recalled documents. That is the only issue the Court decides herein.

documents identified in the January 9, 2014 email from any computer drives and delete and/or destroy any work product derived from those documents within **seven days** of this Order, and to immediately file a Report with the Court confirming that it has done so. Unless or until the Court determines or the parties agree that the recalled documents are deemed to be documents that Banco Popular should have produced, Mr. Crissen may not use the documents, or any work product derived therefrom, in this litigation. Further, Banco Popular is awarded its fees and costs in connection with this motion, to be paid by Mr. Crissen's counsel. Banco Popular shall file a Petition setting forth its fees and costs within **fourteen days** of this Order, and Mr. Crissen's counsel shall file any response to the Petition within **seven days** thereafter.

**Distribution via ECF only to all counsel of record**