UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOSHUA B. CRISSEN, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs.* | ) | 2:12-cv-00355-JMS-WGH |
| | ) | |
| VINOD C. GUPTA, SATYABALA V. GUPTA, | ) | |
| WIPER CORPORATION, and VIVEK V. GUPTA, | ) | |
|     *Defendants.* | ) | |

## ORDER

Presently pending before the Court is a Motion to Dismiss or for Other or Further Sanctions for Violation of Protective Order (the "Sanctions Motion") filed by Defendants Vinod Gupta, Satyabala Gupta, and Wiper Corporation ("Wiper") (collectively, "the Gupta Defendants"), [Filing No. 195]. The Court held a hearing on the pending Sanctions Motion on February 28, 2014.

### I.
#### BACKGROUND

On June 19, 2013, the Court entered a Protective Order submitted by Plaintiff Joshua Crissen. [Filing No. 47.] On September 23, 2013, after several discovery disputes arose, Vinod Gupta filed a Motion for Protective Order, in which he argued that he should not be required to respond to certain requests for production because, among other reasons, Barrett Rochman, the father of Jesse Rochman who is one of Mr. Crissen's attorneys in this case, is Mr. Gupta's business competitor. [Filing No. 115.] Mr. Gupta argued that any value in Mr. Crissen obtaining the requested information was "heavily outweighed by potential prejudice to Mr. Gupta if this information is ultimately released to Gupta's business competitors." [Filing No. 115, at ECF pp. 2-3.] The Magistrate Judge granted the motion in part and denied it in part on November 7, 2013, and the pending Sanctions Motion, [Filing No. 195], relates to a portion of

1

the Magistrate Judge's November 7, 2013 Order which amended paragraph 8(b) of the Protective Order to read:

> Other than Court personnel (including court reporters), access to Protected Material shall be limited to:
>
>    \*   \*   \*
>
> (b) Counsel of record for the named parties – except for Jesse Rochman – and staff (clerical, secretarial and paralegal) employed by said counsel….

[Filing No. 47, at ECF p. 3; Filing No. 148, at ECF pp. 6-7.]

The Protective Order defines "Protected Material" as "non-public confidential documents, proprietary trade information or documents that raise a privacy concern, which documents or information are so designated in good faith by any party to the Crissen Litigation." [Filing No. 47, at ECF p. 1.] It further provides that "[t]o the extent that any document produced or filed by any party or person in the Crissen Litigation contains Protected Material, the disclosing, producing or filing party may designate the pages containing the Protected Material by marking the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or similar words which clearly indicate the document is being treated as confidential on the face of the original of the document and each page so designated, or on the face of the photocopy of the document delivered by the disclosing party or person to the party to which the document is produced, and on the photocopies of each page so designated." [Filing No. 47, at ECF p. 2.]

The Magistrate Judge articulated the reasons for excluding Mr. Rochman from having access to Protected Material as follows:

> At the very least, Barrett Rochman operates a competing business, and his shadow over the litigation is palpable, if only because his son is representing Plaintiff. While the Court appreciates Plaintiff's confidence in the existing protective order and the Court's ability to enforce it, the Court finds that the circumstances warrant some additional measure protecting Vinod's financial and proprietary information against disclosure to Barrett Rochman. At the same time, Vinod's financial

records strike the Court as potential sources of information relevant to the questions of whether, and in what amount, Vinod incurred notice and title expenses and compensated his son for providing those services. While it might be appropriate to add an additional layer of protection, to render these documents wholly undiscoverable would be to throw the baby out with the bathwater.

[Filing No. 148, at ECF p. 6.][1]

On December 13, 2013, Banco Popular produced documents on a disk that included "certain of Mr. Gupta's personal income tax returns, personal financial statements and other personal financial information that were in the bank's files and apparently utilized in underwriting Mr. Gupta's line of credit with the bank. Some of those documents are the subject of Mr. Gupta's pending [Objection]." [Filing No. 196, at ECF p. 9.] On December 18, 2013, after the Magistrate Judge had modified the Protective Order to prevent Mr. Rochman from reviewing Protected Material, in part of a string of emails regarding whether Banco Popular could produce a blank loan application like the one the Guptas would have completed, Mr. Rochman sent an email to counsel for Banco Popular which discussed his reason for requesting the blank application. [Filing No. 196-3, at ECF pp. 5-6.] He stated "I have also started reviewing the most recent production from [Banco Popular]. Section 4…looks to be the section containing the Gupta's financial statements, but it does not appear any financial statements were produced. Is [Banco Popular] producing the financial statements?" [Filing No. 196-3, at ECF p. 6.] The next day, counsel for Banco Popular copied counsel for the Gupta Defendants on his email string with Mr. Rochman, stating "I think your primary dispute here is with Guptas, who

---

[1] In Mr. Gupta's Motion for Protective Order, he expressed his concern with the lengths to which Barrett Rochman would go to compete with him. Barrett Rochman recently pled guilty and received a sentence of sixteen months in federal prison for entering into a scheme with former Madison County, Illinois Treasurer Fred Bathon whereby property tax sales were structured "in a way that eliminated competition and increased interest rates for Rochman and other tax buyers in exchange for campaign contributions." *Rochman gets 16 months, $30,000 fine*, THE SOUTHERN ILLINOISAN, March 25, 2014; *see also United States v. Barrett R. Rochman*, 3:13-cr-30222-DRH. This development lends credence to Mr. Gupta's concerns.

3

obtained the original protective order. I'm going to defer to their counsel (now copied on this email) to respond to you on this issue." [Filing No. 196-3, at ECF p. 4.] Mr. Rochman responded "Just for everyone's information, we agree that if the bank produces the financial statements, it may do so under the more limited protective order created by the Magistrate's ruling and produce the documents directly to John [Sandberg, Mr. Rochman's co-counsel]. That way there will be no concern about me viewing the documents." [Filing No. 196-3, at ECF p. 4.]

Counsel for the Gupta Defendants responded the same day to Mr. Rochman, stating "How can you possibly be reviewing documents recently produced by [Banco Popular]? All bank documents in this case have been designated as confidential and protected material pursuant to the June 19, 2013 Protective Order in this case, and the Magistrate Judge's November 7 Order modified that protective order to expressly deny you access to those documents. Why are you reviewing the most recent production from [Banco Popular]?" [Filing No. 196-3, at ECF p. 3.] After a subsequent email from the Gupta Defendants' counsel again asking why Mr. Rochman was reviewing the documents, Mr. Rochman's colleague, John Sandberg, responded "We disagree. However, Jesse will refrain from looking at [Banco Popular's] documents til the 30th [the date of a scheduled discovery conference with the Magistrate Judge]." [Filing No. 196-3, at ECF p. 2.] The pending Sanctions Motion followed, and in its Order scheduling a hearing on the motion the Court stated "Attorney Jesse Rochman must attend the hearing in person, and be prepared to answer any questions the Court may have." [Filing No. 198, at ECF p. 1.]

At the February 28, 2014 hearing, the Court questioned Mr. Rochman regarding his review of the documents from Banco Popular. Mr. Rochman stated that he reviewed up to the document Bates-numbered BPNA0016889, [Filing No. 222, at ECF p. 91], and admitted that

4

some of the documents he reviewed were marked "Confidential," [Filing No. 222, at ECF p. 90]. Mr. Rochman estimated that he reviewed 800 to 1,000 documents on the disk produced by Banco Popular. [Filing No. 222, at ECF p. 92.] When counsel for the Gupta Defendants advised that BPNA0016889 was only approximately 50 pages into the documents produced on the Banco Popular disk, Mr. Rochman did not attempt to correct his estimate of either the Bates number he reviewed up to or the number of documents he reviewed.

Because of the obvious discrepancy between which documents Mr. Rochman claimed he reviewed and the number of documents he estimated he reviewed, the Court required Mr. Rochman to file a Report stating which documents on the disk he reviewed and to address "his statement at the hearing that he estimated he reviewed approximately 800 to one thousand documents on the disk, and his statement that he only reviewed up to Bates number 16889 (which would be approximately fifty pages of the disk)." [Filing No. 220, at ECF p. 3.] Mr. Rochman filed such a Report on March 10, 2014, stating that "based on [his] memory and review of internal firm communications," he reviewed up to approximately Bates number BPNA0017511 (or from BPNA0016840 to BPNA0017511), which would be approximately 672 pages. [Filing No. 225, at ECF pp. 1-2.] He further stated that he "do[es] not know if [he] reviewed any other documents on the disk with bates numbers higher than BPNA0017511," [Filing No. 225, at ECF p. 2], but that he "did not review any personal financial statements or tax returns of the Gupta Defendants," [Filing No. 225, at ECF p. 2]. Finally, Mr. Rochman explained that at the hearing he looked at an email attached to the Sanctions Motion which made him believe he only reviewed up to Bates number BPNA0016889, and that "[i]f [he] testified [he] reviewed only documents up to BPNA0016889, [he] misspoke." [Filing No. 225, at ECF p. 2.]

Despite Mr. Rochman's representation otherwise, the Court's *in camera* review of the Banco Popular disk revealed that Mr. Rochman did review some of Vinod Gupta's financial documents, according to the range of documents Mr. Rochman has provided. [*See* [Filing No. 225, at ECF pp. 1-2](#) (Mr. Rochman stating he "likely reviewed most documents from the start of the disk (bates number BPNA0016840) through bates number BPNA0017511").] Just a few pages into the range of documents he reviewed is an email chain between Vinod Gupta and an officer at Popular Community Bank. The subject line is "Line of Credit Renewal" and the email chain discusses, among other things, Mr. Gupta's auto loans and specific items on his credit report. Vinod Gupta's Trans Union credit report is also included in the range of documents Mr. Rochman admits he reviewed.

## II.
### STANDARD OF REVIEW

A district court may only impose sanctions "where a party displays wilfulness, bad faith, or fault." [*Am. Nat. Bank & Trust Co. of Chicago v. Equitable Life Assur. Soc'y of the U.S.*, 406 F.3d 867, 877 (7th Cir. 2005)](#). "A district 'court [does not] possess[] unfettered discretion to impose sanctions upon a recalcitrant party.'…Accordingly, the method for arriving at the sanction must be fair….The upshot is that, under the abuse of discretion standard, we will reverse a discovery sanction if its imposition 'strikes us as 'fundamentally wrong,' or is 'clearly unreasonable, arbitrary, or fanciful.'"" [*Id.* at 878](#) (citations omitted). "A dismissal with prejudice is a harsh sanction which should usually be employed only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." [*Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)](#). When the sanction is dismissal, "[m]isconduct may exhibit such flagrant contempt for the court and its processes that to allow the offending party to continue to invoke the judicial mechanism for its

own benefit would raise concerns about the integrity and credibility of the civil justice system that transcend the interests of the parties immediately before the court." *[Barnhill v. United States, 11 F.3d 1360, 1368 (7th Cir. 1993)](#)*.

The Seventh Circuit Court of Appeals has upheld monetary and other types of sanctions where parties have violated protective orders. *See, e.g., [Scott v. Chuhak & Tecson, P.C., 725 F.3d 772, 777 (7th Cir. 2013)](#)* (affirming district court's order which closed discovery several days early as a sanction for counsel's disclosure of documents to attorney in state court proceeding, which was prohibited by protective order); *[Grove Fresh Distributors, Inc. v. John Labatt, LTD, 299 F.3d 635, 641-42 (7th Cir. 2002)](#)* (upholding $7,500 sanction and finding of civil contempt against counsel who filed protected documents in bankruptcy proceeding that referred to witness involved in the litigation who had invoked Fifth Amendment privilege).

## III.
### DISCUSSION

The Gupta Defendants argue that Mr. Rochman has violated the Protective Order – as modified by the Magistrate Judge's November 7, 2013 Order – by reviewing documents produced by Banco Popular that are marked "Confidential." [[Filing No. 196, at ECF pp. 13-16](#).] They also assert that Mr. Rochman's firm has not implemented adequate safeguards to insure that Mr. Rochman would not review the documents Banco Popular produced on the disk, which are conspicuously marked "Confidential." [[Filing No. 196, at ECF p. 14](#).] The Gupta Defendants request an order that Mr. Crissen and his representatives must return all copies of the documents produced by Banco Popular on December 13, 2013, including notes or documents created by Mr. Crissen's counsel which recorded or analyzed any of those documents, that the claims against the Gupta Defendants be dismissed with prejudice, and that the Gupta Defendants be awarded their attorneys' fees and expenses. [[Filing No. 196, at ECF pp. 15-16](#).] In the

7

alternative, the Gupta Defendants request an order requiring the return of the documents, and barring Mr. Crissen or any class member, if the case is certified as a class action, from using any of the documents for any purpose in the litigation. [Filing No. 196, at ECF p. 16.]

Mr. Crissen responds that the November 7, 2013 revision prohibiting Mr. Rochman from viewing Protected Material applied only to documents produced subject to the November 7, 2013 Order and in response to the Third Request for Production. [Filing No. 203, at ECF pp. 3-4.] He also argues that the Gupta Defendants have not shown that Mr. Rochman "violated an unambiguous command that [he] not view documents produced by parties other than Vinod," or that "Plaintiff's counsel did not try to reasonabl[y] and diligently comply with the Order." [Filing No. 203, at ECF pp. 4-5.] He asserts that the Gupta Defendants have not shown that Mr. Crissen's counsel willfully abused the judicial process or otherwise conducted litigation in bad faith because: (1) Mr. Rochman's review of the documents was based on a good faith interpretation of the Magistrate's Order; (2) even if the Order permitted Banco Popular to produce the documents subject to Mr. Rochman not viewing them, the transmittal letter never suggested it was attempting to do so; (3) Mr. Crissen's counsel disagreed with the Gupta Defendants' interpretation of the Protective Order, but still agreed that Mr. Rochman would not view the documents until the Court resolved the conflicting interpretations; and (4) the purpose of the Magistrate's Order was to prevent Barrett Rochman from having access to the documents, and he does not have such access. [Filing No. 203, at ECF pp. 5-6.]

The Gupta Defendants reply by arguing that: (1) the modified Protective Order is not limited to only documents produced by Vinod Gupta in response to Mr. Crissen's Third Request for Production, [Filing No. 208, at ECF pp. 2-8]; (2) it is Mr. Rochman's responsibility to comply with the modified Protective Order, and not the Gupta Defendants' responsibility to

8

direct him not to review certain documents, [Filing No. 208, at ECF pp. 8-9]; and (3) Mr. Rochman's review of the protected documents was not based on a good faith interpretation of the Magistrate Judge's ruling, [Filing No. 208, at ECF pp. 10-11].

Mr. Rochman admitted at the February 28 hearing that he reviewed some documents produced by Banco Popular that were marked "Confidential." [Filing No. 222, at ECF p. 90.] This was a violation of the Protective Order as amended by the Magistrate Judge, plain and simple. The Court flatly rejects Mr. Crissen's arguments to the contrary.

First, any argument that the Magistrate Judge's revision to the Protective Order which prohibited Mr. Rochman from reviewing Protected Material only applied to the documents that were being discussed in connection with the November 7, 2013 Order is simply not supported by the language of the Protective Order as amended or the history of the Magistrate Judge's amendment. The Protective Order provision as amended states that "[o]ther than Court personnel (including court reporters), access to Protected Material shall be limited to:…(b) Counsel of record for the named parties – except for Jesse Rochman – and staff (clerical, secretarial and paralegal) employed by said counsel…." [Filing No. 47, at ECF p. 3; Filing No. 148, at ECF pp. 6-7.] The provision clearly applies to all "Protected Material." The Magistrate Judge could have limited the revision to "Protected Materials produced in response to the Third Request for Production," but he did not.

Second, the Magistrate Judge's amendment to the Protective Order is not limited to documents produced by Mr. Gupta. Mr. Crissen has not pointed to any statements by the Magistrate Judge or any language in the amendment to the Protective Order effectuating such a limitation. And such a limitation would make no sense, given that the source of the Protected

9

Material is irrelevant. The Magistrate Judge sought to preclude Mr. Rochman from viewing all Protected Material, not just Protected Material produced by Mr. Gupta.

Third, Mr. Crissen's argument that the letter from Banco Popular transmitting the disk did not state that the documents were being produced "subject to the more limited protective order precluding Jesse Rochman from viewing the documents," [[Filing No. 203, at ECF p. 5](Filing No. 203, at ECF p. 5)], is a non-starter. The Magistrate Judge amended the Protective Order on November 7, 2013, and Banco Popular produced the disk on December 13, 2013. Banco Popular was under no obligation to set forth Mr. Rochman's obligations under the Protective Order, and to try to blame Banco Popular for Mr. Rochman's misconduct is a flimsy effort at deflecting blame.

Finally, Mr. Crissen's argument that Barrett Rochman never had access to the documents on the disk is irrelevant. The Magistrate Judge found that the fact that Mr. Rochman is Barrett Rochman's son, and that Barrett Rochman "operates a competing business" and "his shadow over the litigation is palpable, if only because his son is representing Plaintiff," was enough to warrant amendment of the Protective Order to prevent Mr. Rochman from viewing Protected Material. The fact that Barrett Rochman did not have access to the Protected Material – which is prohibited by the Protective Order with or without the Magistrate Judge's amendment – does not help Mr. Crissen.

The bottom line is that Mr. Rochman violated the Protective Order as amended by the Magistrate Judge by – as he admits – reviewing documents on the Banco Popular disk that were marked "Confidential." [[Filing No. 222, at ECF p. 90](Filing No. 222, at ECF p. 90).] Documents marked "Confidential" are considered "Protected Material" under the Protective Order. [[Filing No. 47, at ECF pp. 1-2](Filing No. 47, at ECF pp. 1-2).] Even if the documents marked "Confidential" were not financial records of Mr. Gupta, Mr.

Rochman's review of those documents violated the plain language of the Magistrate Judge's amendment to the Protective Order.[2]

Further, even if (as Mr. Crissen argues) Mr. Rochman was only precluded from reviewing the Gupta Defendants' financial documents – and not all documents marked "Confidential" – he still violated the Protective Order. As discussed above, an email string between Mr. Gupta and Popular Community Bank discussing Mr. Gupta's personal financial information and Mr. Gupta's Trans Union credit report are both contained within the range of documents Mr. Rochman admits he reviewed, and are marked "Confidential." When Mr. Rochman came across these documents – and one was only five pages in to the range of documents he admits he reviewed – bells should have gone off that should have stopped him in his tracks. Instead, he ignored the bells – or, equally as disturbing, the bells never went off – and he stayed the course. Indeed, when he reached a section of the disk that was supposed to contain Mr. Gupta's financial documents, and no such documents were in that section, Mr. Rochman then wrote an email to Mr. Gupta's counsel asking where the financial documents were. [Filing No. 196-3, at ECF p. 6 ("I have also started reviewing the most recent production from BPNA. Section 4 (BPNA16889) looks to be the section containing the Gupta's financial statements, but it does not appear any financial statements were produced. Is BPNA producing the financial statements?").] Additionally, Mr. Rochman stated in his Report that he "do[es] not know if [he]

---

[2] While the Magistrate Judge did refer to Mr. Gupta's financial records in his November 7, 2014 Order, [Filing No. 148, at ECF p. 6 ("the Court finds that the circumstances warrant some additional measure protecting Vinod's financial and proprietary information against disclosure to Barrett Rochman," and "[t]he narrow function of this amendment is to preclude Barrett Rochman from gaining access to Vinod's financial and proprietary information by prohibiting Jesse Rochman – but not other lawyers at Sandberg – from accessing these records")], the plain text of the amendment was not limited to just financial records. Rather, it applied to all of Paragraph 8 of the Protective Order which applies to "Protected Material." [*See* Filing No. 47, at ECF p. 3; Filing No. 148, at ECF pp. 6-7.]

11

reviewed any other documents on the disk with bates numbers higher than BPNA0017511," [Filing No. 225, at ECF p. 2], leaving open the question of whether he reviewed additional financial records.³

The Court takes Mr. Rochman's violation of the amended Protective Order very seriously. Even if his tortured reading of the amendment to the Protective Order was somehow a reasonable interpretation – which it was not – he should have proceeded with caution and asked the Court for guidance regarding whether he could review the documents on the disk. Instead, he reviewed documents clearly marked "Confidential" – including financial information of Mr. Gupta's – and stopped only when his email message discussing his review by chance made its way to counsel for Mr. Gupta and counsel confronted him.

The Gupta Defendants request that the Court dismiss this case as a sanction for Mr. Rochman's conduct. Despite the seriousness of Mr. Rochman's violation, the Court declines to do so at this time. This is Mr. Rochman's first personal violation of a Court order, and dismissal as a sanction is usually reserved for situations "when other less drastic sanctions have proven unavailing." *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983). Mr. Rochman and his co-counsel are on notice, however, that further violations of Court orders will not be tolerated. The Court also declines to require Mr. Crissen to return the Banco Popular disk and not use those documents in the litigation as a sanction for Mr. Rochman's actions. Documents produced on

---

³ Interestingly, while sometimes unsure of the exact documents he reviewed, Mr. Rochman states unequivocally in his Report that he "did not review any personal financial statements or tax returns of the Gupta Defendants." [Filing No. 225, at ECF p. 2.] As discussed above, however, the Court's *in camera* review of the documents Mr. Rochman claims he reviewed has proven this statement to be false. To the extent Mr. Rochman would argue that the financial documents he reviewed were not financial "statements," the Court finds that to be a distinction without a difference. The Magistrate Judge's amendment to the Protective Order was intended to prevent Mr. Gupta's financial or proprietary information from reaching his competitors' hands. The two documents the Court has noted that Mr. Rochman reviewed undisputedly include such information.

the disk are the subject of Banco Popular's Motion to Enforce Protective Order, and the Court has already ordered the return of some of those documents in an Order entered this day. Further, Mr. Gupta acknowledges that prohibiting Mr. Crissen from using any of those documents in the litigation "may actually be more severe than dismissing this action," [Filing No. 196, at ECF p. 16], which the Court does not find appropriate at this time.

However, based on the nature of the violation, and on the Court's findings that Mr. Rochman has not been completely forthright with the Court regarding which documents he has reviewed and the nature of those documents, and that he disregarded the Magistrate Judge's Order, the Court does find that some type of sanction is appropriate. *See United States v. Johnson*, 2014 WL 466084, *4 (7th Cir. 2014) (issuing public rebuke and sanctioning counsel $2,000 for failing to comply with Circuit Rule 30 and filing a false certification with brief, and stating "[counsel] may not have set out to develop a reputation as a lawyer whose word cannot be trusted, but he has acquired it"). Accordingly, the Court:

- **ORDERS** Mr. Rochman to pay the Gupta Defendants' fees and costs in connection with this motion. The Gupta Defendants shall file a Petition setting forth their fees and costs within **fourteen days** of this Order, and Mr. Rochman may file any response to the Petition within **seven days** thereafter;

- **SANCTIONS** Mr. Rochman in the amount of $2000 for violating the Protective Order as amended by the Magistrate Judge. Mr. Rochman shall pay this amount to the Clerk of the Court within **seven days** of this Order; and

- **ORDERS** Mr. Rochman to submit a copy of this Order to the General Counsels of all state bars where he is admitted to practice, or to the appropriate entity with jurisdiction over attorney discipline, within **seven days** of this Order. Mr. Rochman must simultaneously file a Report with this Court confirming he has done so, with copies of his submittals to the appropriate authorities attached.

Should the Gupta Defendants suspect at any time, by the questioning of witnesses or otherwise, that Jesse Rochman has reviewed or is relying upon documents he should not have

reviewed, proceedings shall stop immediately and the Gupta Defendants shall notify the District Court or Magistrate Judge.

## IV.
### PATTERN OF CONTUMACIOUS AND DISHONEST CONDUCT

While the Court has focused on Mr. Rochman's conduct alone in this entry since he is the only counsel precluded from reviewing Protected Material under the amended Protective Order, his co-counsel was aware of the amended Protective Order and presumably aware of how the case is staffed and the specific work Mr. Rochman performs on the case. The Court declines to jointly sanction Mr. Rochman's firm or his co-counsel at this time, but notes that by additional entry today it has found that Mr. Crissen's counsel (collectively) have also violated the amended Protective Order as it relates to the inadvertent production by Banco Popular.

The Court further finds that Mr. Crissen and his counsel have been disingenuous in Court filings concerning Mr. Crissen's wife's involvement in the redemption of the property at issue. [*See* Filing No. 222, at ECF pp. 4-8.] At one point Mr. Crissen represented to the Court that he alone redeemed the property, [Filing No. 29, at ECF p. 6 ("Plaintiff, and Plaintiff alone, paid Defendants to redeem Plaintiff's Property…")], then later testified to the contrary in his deposition, [Filing No. 142-5, at ECF pp. 3-4 ("Q: [A] more accurate statement of the facts was that Plaintiff's property was redeemed by the Plaintiff, which is you, and your wife, Linda; is that correct? A: Yeah")]. Mr. Crissen's counsel stated at the February 28, 2014 hearing that he had a copy of the Crissens' redemption papers from before the time the lawsuit was filed. [Filing No. 222, at ECF pp. 8-9.] The redemption papers clearly indicate that both Mr. Crissen and Mrs. Crissen redeemed the property. [*See* Filing No. 142-3 (stating in "Redemption Information" section that property was redeemed by "Joshua & Linda Crissen").] Despite the clarity of the

14

redemption papers, Mr. Crissen's counsel still refused to admit that the papers reflected that both Mr. and Mrs. Crissen redeemed the property. [Filing No. 222, at ECF p. 10 (when the Court stated "I think the documents do reflect that they both redeemed the property," Mr. Crissen's counsel stated "[t]he documents reflect what the documents reflect. The question is, what is the meaning of what the documents reflect?"] The Court concludes that armed with the documentation that Mr. and Mrs. Crissen redeemed the property together, the statement that Mr. Crissen alone redeemed the property was a misrepresentation. The context of the misrepresentation is significant. The statement was made in opposition to a Motion to Dismiss in which the Gupta Defendants argued that Mr. Crissen had failed to join an indispensable party.

While the Court understands that Mr. Crissen did not personally engage in the conduct at issue here, he also did not attempt to correct, or distance himself from, his counsel's misrepresentation regarding the redemption of the property. Further, he is accountable for his counsel's conduct – including all of the conduct at issue in the Sanctions Motion and in this litigation as a whole. *See Reynolds v. Gen. Revenue Corp.*, 2013 WL 2456070, *2 (S.D. Ind. 2013) ("Petitioner voluntarily chose this attorney as [his] representative in the action, and [he] cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney'") (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962)).

Mr. Crissen and his counsel are warned that this pattern of conduct has brought the case to critical crossroads: both strict adherence to Court orders (and/or seeking guidance from the

Court) as well as complete honesty is required, and any further misconduct will result in the dismissal of the case.

## V.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Gupta Defendants' Motion to Dismiss or for Other or Further Sanctions for Violation of Protective Order, [Filing No. 195], to the extent that it sanctions Mr. Rochman as specifically set forth above for violating the Protective Order as amended by the Magistrate Judge.

**Distribution via ECF only to all counsel of record**