UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSHUA B. CRISSEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO.: 2:12-cv-00355-JMS-WGH |
| vs. | ) |
| | ) |
| VINOD C. GUPTA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**VIVEK GUPTA'S BRIEF IN OPPOSITION TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION**

The Defendant, Vivek Gupta ("Vivek"), by counsel, submits his Brief in Opposition to Plaintiff's Motion for Class Certification.

**A. INTRODUCTION**

This class action was filed by Joshua B. Crissen ("Crissen") individually and on behalf of others similarly situated on December 4, 2012, and an Amended Class Action Complaint was filed on August 21, 2013 adding additional defendants, including Vivek. *See* Doc. 85. The nature of the Amended Complaint[1] consists of various legal theories surrounding allegations that the Defendants participated in a scheme to artificially inflate the money and fees required for redemption of real property sold at tax sales for delinquent taxes and special assessments. *Id.* at ¶ 2.

The Plaintiff subsequently filed his Motion for Class Certification and Supporting Brief. *See* Doc. 90, 91. Of particular relevance is Plaintiff's position that the class is adequately represented pursuant to Federal Rule of Civil Procedure 23(a)(4). *See* Doc. 91, p. 13. Plaintiff's

---

[1] For a more detailed account of the allegations against the Defendants, see Plaintiff's Amended Class Action Complaint. Doc. 85.

Rule 23(a)(4) argument focuses on the competency of class counsel, Sandberg Phoenix & Von Gontard PC ("Sandberg Phoenix"), their experience in class action litigation, and the time and resources already spent in pursuing this claim. *See* Doc. 91, p. 13-14.  However Plaintiff, who holds the burden under Rule 23(a), failed to address other requirements necessary to certify a class under 23(a)(4); namely, the requirement that class counsel does not have motives or other professional commitments antagonistic to the class.  Class certification should be denied because Plaintiff has failed to meet his burden under Rule 23(a)(4) governing adequacy of counsel, as Sandberg Phoenix is driven by improper motives and other professional commitments antagonistic to the class.

## B.  LEGAL STANDARD

Class certification is appropriate under the Federal Rules of Civil Procedure when a plaintiff satisfies all of the requirements of Rule 23(a) and at least one of the requirements provided by Rule 23(b).  Rule 23(a) provides four basic prerequisites to class certification:

> **"(a) Prerequisites.** One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> > (1) the class is so numerous that joinder of all members is impracticable;
> >
> > (2) there are questions of law or fact common to the class;
> >
> > (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> >
> > (4) the representative parties will fairly and adequately protect the interests of the class."
>
> Fed. R. Civ. P. 23

There are four prerequisites to class certification under Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. <u>Rosario v. Livaditis</u>, 963 F.2d 1013,

1017 (7th Cir. 1992).  These elements are a *prerequisite* to class certification; failure to meet any of them precludes certification. Estate of VanDam ex rel. Horizon Trust & Inv. Management, N.A. v. Daniels, 278 F.R.D. 415, 422 (S.D. Ind. 2011).  If a plaintiff successfully establishes these elements, he must then satisfy Rule 23's other requirement: showing that the circumstances of the case place it within one of Rule 23(b)'s three "types" of class actions. Id.

A party seeking class certification under this Rule bears the burden of demonstrating that certification is appropriate. Id.  A district court has broad discretion to determine whether certification is appropriate. Id.  It is Vivek's position that Plaintiff has failed to satisfy element (4) of Rule 23(a) requiring a demonstration that the representative parties will fairly and adequately represent the interests of the class.

## C.  SUMMARY OF ARGUMENT

Plaintiff has failed to meet his burden under Rule 23(a)(4) to show adequacy of representation because Plaintiff's law firm, Sandberg Phoenix, is driven by motives and professional commitments that are antagonistic to the best interests of the class.  When reviewing adequacy of representation for purposes of class certification, the district court not only looks at the class representative himself, but also inquires into class counsel's motives and other professional commitments driving the litigation.  Sandberg Phoenix was, by all intents and purposes, retained by Mr. Barrett Rochman ("Barrett") to build and execute a class action suit against the Guptas, who are Barrett's competitors in the tax sale business.  In other words, Sandberg Phoenix was initially motivated by a well-paying business client to organize a class action against Barrett's business competition.

Barrett - like the Guptas - is a major player the tax sale market in the Midwest through his various LLCs and managing LLCs, and has competed against the Guptas in this market for many

years.  Barrett also happens to be a long-time client of Sandberg Phoenix, and his son, Jesse Rochman ("Jesse") is an attorney at the firm and counsel of record on this case.  Substantial evidence shows that Barrett played a pivotal role in assisting Sandberg Phoenix to initiate a class action against the Guptas, a business competitor, in his words to "level the playing field."  To this end, Barrett researched various Indiana county records for tax sales in which Gupta took part, and personally contacted Mr. Crissen to gauge his interest in a class action, and subsequently referred Crissen to Sandberg Phoenix.

Barrett and Sandberg Phoenix also engaged in the same strategy previously against another business competitor, William Groome.  Barrett contacted potential plaintiffs for a class action against Groome, and referred one to Sandberg Phoenix who then filed a class action in the Southern District of Illinois.

This class action suit, and Sandberg Phoenix's representation, would not exist but for Barrett and Sandberg Phoenix's coordinated efforts to target competition in the tax sale business.  Sandberg Phoenix is driven by motives and professional commitments which are aligned moreso with a well-paying client rather than the class members themselves.  The request for class action certification should be denied on the grounds of inadequate class representation under Federal Rule 23(a)(4).

### D.  ARGUMENT

Class certification should be denied because Plaintiff failed to meet his burden demonstrating the class is adequately represented pursuant to Federal Rule 23(a)(4).  Attorneys of record for the proposed class - Jesse Rochman, Bhavik Patel ("Patel"), and the Sandberg Phoenix firm - are driven by motives and professional commitments which are not aligned with the best interests of the class.

Federal Rule of Civil Procedure 23(a)(4) provides, "One or more member of a class may sue or be sued as representative parties on behalf of all class members only if. . . the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). A Rule 23(a)(4) analysis consists not only of an inquiry into the class representative, but also a review of class *counsel*: "In order to meet the adequacy prerequisite, both class counsel and the class representative must not have interests that conflict with the interest of the class members." Murray v. E*Trade Fin. Corp., 240 F.R.D. 392, 397 (N.D. Ill. 2006). See also Retired Chicago Police Ass'n v. City of Chicago, 7 F.3d 584, 598 ("adequacy of representation is composed of two parts[, including] 'the adequacy of the named plaintiff's counsel.'").

Factors the court will consider in reviewing the adequacy of counsel include "the relationship between the named plaintiffs and counsel, counsel's experience handling class action litigation, *counsel's motivation,* counsel's support staff, and *counsel's other professional commitments*." Estate of VanDam ex rel. Horizon Trust & Inv. Mgmt, N.A. v. Daniels, 278 F.R.D. 415, 425 (S.D. Ind. 2011) (emphasis added). See also Gomez v. Illinois State Bd. of Educ., 117 F.R.D. 394, 401 (N.D. Ill 1987) ("Factors involved in an examination of the adequacy of counsel include:. . . counsel's motivation. . . and counsel's other professional commitments."); Georgia State Conference of Branches of NAACP v. State of Ga., 99 F.R.D. 16, 33 (S.D. Ga. 1983) ("Other factors include the attorney's motivation, competence, support personnel, and other professional commitments."); Esler v. Northrop Corp., 86 F.R.D. 20, 37 (W.D. Mo. 1979) ("motivation. . . and other professional commitments.").

The case law is thin on issues surrounding counsel's motivations and other professional commitments. There is no case in any circuit to counsel's knowledge addressing the issue of whether representation is adequate, for purposes of Fed. Rule 23(a)(4), when Plaintiff's counsel

is motivated and retained to bring suit by a business competitor of the class-action defendant. This case presents an issue of first impression in the Seventh Circuit.

Dicta from the opinion of <u>Gomez v. Illinois State Bd. of Educ.</u>, 117 F.R.D. 394 (N.D. Ill 1987) provides guidance on the policy behind reviewing class counsel's motives and professional commitments. In <u>Gomez</u>, the Court found class counsel was adequate because there was no "evidence that counsel's motivation in bringing this suit as a class action is improper, or that counsel has other professional commitments which are antagonistic to, or which would detract from, its efforts to secure a favorable decision for the class in this case." <u>Id.</u> Unlike <u>Gomez</u>, substantial evidence exists demonstrating that Sandberg Phoenix initiated this class action with improper motives, and that counsel has other professional commitments which are antagonistic to the class.

    **i.**    **Plaintiff fails to satisfy his burden under Rule 23(a)(4) because class counsel is driven by improper motives and other professional commitments which align counsel's interests with that of a client, not the class members.**

Counsel's motivation for bringing this class action suit is antagonistic to the class because Sandberg Phoenix coordinated its representation with a well-paying business client, who is the Defendants' business competitor. Barrett solicited potential plaintiffs and referred the case to Sandberg Phoenix out of a desire to "level the playing field" in the tax sale market in which he participates. *Exhibit A, Rochman Deposition, p. 65, lines 11-5.* There is a substantial risk that Sandberg Phoenix's commitments are more aligned to securing a competitive advantage for its client, as opposed to serving the best interests of the class.

Before turning to the chain of events directly leading to Sandberg Phoenix's representation in this suit, it is worth reviewing the history between the firm and the Rochman family.

*a. Background of Barrett Rochman and his Prior Relationship with Sandberg Phoenix*

Barrett is a major player in the tax sale market, either owning or managing a vast web of LLCs and holding LLCs that participate in tax sales in the Midwest (generally his "Tax Sale Business"). Barrett has been a bidder at tax sales in Indiana for several years. *Exhibit A, Rochman Deposition, p. 127, lines 7-9.* Barrett's Tax Sale Business consists of many entities, including Sabre Ventures, Sabre Investments, SI Securities, SI Resources, SIPI, ROC Enterprises, and Barrett Rochman Company. *Exhibit A, Rochman Deposition, pgs. 9-10.* Rochman Group, LLC and Castle Farms, III, LLC are also entities that have participated in tax sales. *Exhibit A, Rochman Deposition, p. 29, lines 22-35; p. 30, lines 1-22.* Barrett uses Roil, LLC, to conduct "tax research". *Exhibit A, Rochman Deposition, p. 38, lines 17-22.* Finally, SI Securities Management is the managing LLC that administers Barrett's various entities in the tax purchasing business. *Exhibit A, Rochman Deposition, p. 33, lines 23-25; p. 34, lines 1-6.* The "SI groups" are normally the LLCs that bid at tax sales, and sometimes other LLCs come into play when "you're allowed extra buyers." *Exhibit A, Rochman Deposition, p. 16, lines 10-15.*

Sandberg Phoenix has a longstanding working relationship with Barrett. Barrett first began using Sandberg Phoenix from five to ten years ago. *Exhibit A, Rochman Deposition, p. 24, lines 15-24.* Bhavik Patel ("Patel"), one counsel of record in this case, is Barrett's primary contact at the firm. *Exhibit A, Rochman Deposition, p. 25, lines 5-8.* Another counsel of record is Barrett's son, Jesse Rochman ("Jesse").

This action is not the first time Barrett has played a part in referring class action plaintiffs to Sandberg Phoenix for the purpose of suing competitors. One case involving Barrett and Sandberg Phoenix is strikingly similar to the facts giving rise to this lawsuit. A regular competitor to Barrett's tax sale business, in addition the Guptas, is Mr. and Mrs. William

Groome. *Exhibit A, Rochman Deposition, p. 18, lines 6-11.* Barrett contacted Patel at Sandberg Phoenix regarding a "situation in Indiana" (*Exhibit A, Rochman Deposition, p. 59, lines 18-22*) and whether he should contact potential plaintiffs for class action litigation against the Groomes. *Exhibit A, Rochman Deposition, p. 61, lines 2-4.* Barrett then contacted five or six people about potentially being plaintiffs against Mr. Groome in a class action suit and referred them to Sandberg Phoenix. *Exhibit A, Rochman Deposition, p. 60, lines 10-13, 21-25; p. 61, line 1.* Sandberg Phoenix filed a class action suit against the Groomes in the Southern District of Illinois, with Barrett's son, Jesse, as counsel of record. Bowen v. Groome et al., 2012 WL 2064702 (S.D. Ill. 2012).

   b. *Sandberg Phoenix's Coordinated Efforts with Barrett to File Suit against the Guptas*

  This suit involves another class action orchestrated by Barrett and Sandberg Phoenix, against another regular competitor of Barrett's in Indiana, the Guptas and Wiper Corporation. *Exhibit A, Rochman Deposition, p. 18, lines 6-11.* Barrett has competed against the Guptas for several years. *Exhibit A, Rochman Deposition, p. 90, line 23.* Not only do Barrett and the Gupta's compete in tax sales, they have a history of litigation involving a mall in Illinois. *Exhibit A, Rochman Deposition, p. 122, lines 9-19*.

  Barrett went to several counties in Indiana approximately two years ago to research past tax sales and looked up the telephone numbers of people to see if they "were aware of the implications of the 137(b)." *Exhibit A, Rochman Deposition, p. 48, lines 23-25; p. 49, lines 1-8.* Barrett was researching people who had redeemed property that had been purchased by Mr. Gupta. *Exhibit A, Rochman Deposition, p. 54, lines 17-20.*

  Barrett's first call was to Joshua Crissen ("Crissen"), who was "praying to Jesus over this matter." *Exhibit A, Rochman Deposition, p. 50, lines 1-5.* Barrett told Crissen that his "prayers

may be answered" and that he "may be able to recover some of the money [he'd] paid." *Exhibit A, Rochman Deposition, p. 50, lines 11-13.* When Crissen asked Barrett why he was doing this, Barrett explained the concept of a "level playing field" and that Barrett's competitors had a "dramatic advantage." *Exhibit A, Rochman Deposition, p. 51, lines 20-25; p. 52, lines 1-4.* Barrett offered to make a call to a lawyer who could represent Crissen, and had Patel from Sandberg Phoenix in mind as the person who handles his "legal problems." *Exhibit A, Rochman Deposition, p. 53, lines 1-7.* Barrett then referred Crissen to Sandberg Phoenix. *Exhibit A, Rochman Deposition, p. 55, lines 18-20.*

When asked whether Barrett had contacted potential plaintiffs to sue any other competitors about Indiana tax sales, Barrett stated, "Oh, no. That's come to a dead end. . . [because] [t]wo and a half depositions of Groome and this deposition today, I don't need this grief." *Exhibit A, Rochman Deposition, p. 61, lines 15-20.*

    c. *Barrett Rochman funded Sandberg Phoenix's Class Action Efforts against Competitors*

Sandberg Phoenix also billed Barrett and his businesses for work in organizing and preparing class actions against competitors. The following entries on Sandberg Phoenix invoices, paid by Sabre Group, LLC, strongly suggest that Sandberg Phoenix was funded in whole or in part for preparation and orchestration of class action suits against Barrett's competitors:

- February 10, 2010: "Correspondence to Mr. Hughes regarding request for certain documentations for tax sale in Indiana; Call with Barrett re status of same." *Exhibit B.*
- April 1, 2010: "Meet with class action attorney regarding interest in potential suit." *Exhibit C.*

- April 7, 2010: "Call to outside law firm regarding Indiana matter." *Exhibit C.*

- June 2, 2010: "Call from Barrett re Indiana matter." *Exhibit D.*

- June 3, 2010: "Analyze Indiana case law; call with Barrett re Indiana matter; Research various issues regarding class action suit. *Exhibit D.*

- June 3, 2010: "Research champterty and its applicability in Indiana when a lawsuit might be brought for fraud after redemption of a piece of property." *Exhibit D.*

- June 4, 2010: "Research and analyze Indiana and federal case law to determine if champterty or clean hands doctrine applies to purchase of property that is subject to redemption and a lawsuit regarding that redemption." *Exhibit D.*

- June 7, 2010: "Further analyze and research unclean hands and champterty issues with Indiana matter; call to Mr. Hughes regarding additional information requested." *Exhibit D.*

- June 8, 2010: "Review and revise and update spreadsheet compiling tax sales in the state of Indiana." *Exhibit D.*

- July 12, 2010: "Call with Barrett re status of matters; Call with Indiana regarding class action matter." *Exhibit E.*

- July 14, 2010: "Call with SRI regarding additional information requested for other tax purchasers; review file; call with local counsel re same; review correspondence from Sabre Group re same." *Exhibit E.*

- July 20, 2010: "Conference with Bhavik Patel re Indiana tax sales and potential contingency case." *Exhibit E.*

- July 22, 2010: "Call to potential plaintiffs in class action matter." *Exhibit E.*

- July 23, 2010: "Call to multiple potential plaintiffs in the Indiana matter." *Exhibit E.*

- July 29, 2010: "Call from Barrett re Indiana matter." *Exhibit E.*

The billing invoices from Sandberg Phoenix to Barrett's LLC confirm Barrett was funding Sandberg's efforts to engage in anti-competitive litigation. There is no dispute that Barrett paid these bills, as verified in his deposition. *Exhibit A, Rochman Deposition, p. 74, lines 24-25; p. 84, lines 3-4.* These billing entries establish that Sandberg Phoenix has outside professional commitments to others than the class members. Estate of VanDam ex rel. Horizon Trust & Inv. Management, N.A., 278 F.R.D. at 422.

> d. *Sandberg Phoenix filed a Disciplinary Complaint against Vivek Gupta with the Indiana Disciplinary Commission, underscoring the improper motives of the class action against Barrett's competitors.*

John Sandberg, a partner at Sandberg Phoenix, filed a Disciplinary Complaint with the Indiana Disciplinary Commission against Vivek, and requested an investigation. *Exhibit F, Request for Investigation.* Vivek would not ordinarily take issue with an attorney exercising his obligation to report inappropriate attorney misconduct, the Disciplinary Complaint was not supported by any probative evidence to substantiate the allegations. It appears the Disciplinary Complaint is yet another route to target and harm Vivek and the Gupta family.

The only attachment to the Disciplinary Complaint was Crissen's Amended Complaint in this action. *Id.* The Disciplinary Complaint did not direct the Commission to any count or

allegation in the Amended Complaint or provide any evidence of attorney misconduct. *Id.* Mr. Sandberg also did not allege any violation of the Rules of Professional Conduct. *Exhibit F, Request for Investigation.* The only language provided by Mr. Sandberg was that "The [Class Action] Complaint claims that this activity occurred while Mr. Gupta was working as a lawyer for his father, Vinod Gupta." *Id.* The Guptas were not deposed or asked explain their side of the story before the Disciplinary Complaint was filed. *Exhibit G, Response to Disciplinary Complaint*.

The Disciplinary Complaint filed by Sandberg is yet another demonstration that the legal actions taken against Vivek and the Gupta family are motivated by a coordinated effort to stifle tax sale competition for Barrett.

### E. JOINDER

The Gupta defendant's response to the Plaintiff's Motion for Class Action Certification will be filed today as well. Vivek also joins and incorporates the Gupta Defendant's Response to the Plaintiff's Motion for Class Action Certification as part of his Response.

### F. CONCLUSION

Plaintiff must demonstrate that class counsel is adequate pursuant to Rule 23(a)(4) to meet his burden. Fed. R. Civ. P. Rule 23(a)(4); <u>Estate of VanDam ex rel. Horizon Trust & Inv. Management, N.A.</u>, 278 F.R.D. at 422. Adequacy of counsel includes an analysis of class counsel's motivation and other professional commitments. <u>Id.</u> The current action was referred to Sandberg Phoenix by the Gupta's business competitor, and Sandberg Phoenix has professional commitments to competitors in the Defendant's tax sale business. There is a substantial risk that

Sandberg Phoenix's commitments are more aligned to securing a competitive advantage for its client, Barrett, as opposed to serving the best interests of the class.

Vivek Gupta therefore requests the Court deny Plaintiff's Motion to Certify Class, and for all other relief just and proper in the premises.

Respectfully Submitted,

WILKINSON, GOELLER, MODESITT,
   WILKINSON & DRUMMY, LLP
333 Ohio Street
Terre Haute, Indiana  47807
(812)  232-4311 phone
(812)  235-5107 fax


By/s/David P. Friedrich
      Attorney No. 15164-84

## CERTIFICATE OF SERVICE

I certify on April 28, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys/parties of record.

/s/ David P. Friedrich
 Attorney No. 15164-84
