Kevin P. McGoff  
*Attorney at Law*  
Direct: 317.968.5522  
kmcgoff@bgdlegal.com

March 21, 2014

**VIA ELECTRONIC MAIL**
(lawyerdiscipline@courts.in.gov)

Mr. G. Michael Witte
Indiana Supreme Court Disciplinary Commission
50 South Meridian Street, Suite 850
Indianapolis, IN 46204

      Re:   *The Request for Investigation of Vivek Gupta filed with the Supreme Court Disciplinary Commission by John Sandberg*

Dear Mike:

On behalf of Vivek Gupta, I am responding to the disciplinary grievance filed by John Sandberg on September 13, 2013. The following is our response:

### Vivek Gupta - Background

Vivek Gupta ("Vivek") is the son of Vinod Gupta ("Vinod"). Vinod is a businessman. Part of Vinod's business involves the purchasing of property at Indiana tax sales. Vivek serves as his father's attorney. Vivek Gupta was admitted to the practice of law in Indiana in 2003. He has no disciplinary history.

### Grievance - Background

The request for investigation in this matter is simply the First Amended Class Action Complaint filed by the plaintiff in a civil matter. This Complaint is attached to a Request for Investigation form that adds no substance to the allegations. As part of our response, we have attached the Answer to the Complaint that was filed on behalf of the parties. [See Exhibit A]

The Request for Investigation was filed by John S. Sandberg who is one of the plaintiff's attorneys in this matter. This lawsuit is believed to be driven by Vinod's business competitor, Barrett Rochman ("Barrett"). Barrett's suspected motivation for filing the lawsuit is to obtain a business advantage over Vinod. We would submit that the grievance has been filed against Vinod's son to obtain leverage in the civil matter and therefore, gain a business advantage over Vinod.

Barett's son, Jesse Rochman ("Jesse"), is Mr. Sandberg's co-counsel on this matter and is

EXHIBIT G

Mr. G. Michael Witte
March 21, 2014
Page 2

the attorney who signed the Complaint. The link to this lawsuit and Barrett Rochman's business interests is so strong that Magistrate Judge Hussman made a January 31, 2014 Minute Entry that noted that "out of an abundance of caution, Mr. [Jesse] Rochman would not be in the room for discussion of certain documents which might contain references to the Gupta Defendants' personal financial condition." [See Exhibit B]

Jesse's firm filed an almost identical complaint against another one of Barrett's Indiana competitors, William Groome and his wife, in the Southern District of Illinois. [See Exhibit C] Barrett Rochman recently pled guilty to a criminal antitrust offense for bid rigging tax sales of homes in the Southern District of Illinois. Sentencing is set for March 27, 2014. [See Exhibit D]

### Grievance: Nature of Allegations

As noted above, the Request for Investigation merely attaches the Complaint and states "this activity occurred while Mr. Gupta was working as a lawyer for his father." Even though this grievance was filed by an attorney, no violations of the Rules of Professional Conduct are alleged. Therefore, Vivek will respond to the allegations in the Complaint.

The Complaint alleges that, contrary to certifications made by Vinod, Vivek did not provide legal services to his father's businesses and that Vinod did not pay Vivek for his services. These services include attorney fees and title search expenses. For example, paragraph 2 of the Complaint alleged that "Defendants falsely certified they incurred and paid fees, so these fees would be in the Redemption Amount . . . but Defendants neither incurred nor paid these fees." In addition, paragraph 11 of the Complaint states that "Vivek falsely represented he both rendered and was paid for all services reflected on the Certifications." These allegations are incorrect.

### Response to Allegations

The Complaint assumes that Vinod purchased tax liens on properties at tax sales. This is an accurate assumption. After purchasing the liens, title searches had to be completed in order to find out who the interested parties are that are entitled to receive the proper notices. Vivek conducted the title work which had to be completed. In addition, in order to obtain the properties or to have the properties redeemed, the notice work had to be completed. The only person who would have completed this work was Vivek. Therefore, Vivek completed this work on behalf of his father.

Mr. G. Michael Witte
March 21, 2014
Page 3

      Based on the fact that Vinod obtained the properties at issue, it is self-evident that the title and notice work was completed. Therefore, the services were rendered and the allegations in Complaint are not true. It should be noted that even though the Complaint was filed in July 2013, neither Vivek nor Vinod have been deposed or asked their side of the story.

      In addition, Vivek's services caused Vinod to incur legal and title search expenses and Vinod paid Vivek for these expenses. As family members, Vivek and Vinod shared expenses in their business ventures, shared investments and even shared a bank account. While Vivek would invoice Vinod for each transaction, the transactions were not paid piecemeal. These transactions were large and it would have been inefficient to pay for these transactions in this manner. The Complaint demonstrates the size of the transactions resulting from the tax sales at issue. For example, paragraphs 39 and 40 demonstrate that the transaction pertaining to the plaintiff's property involved 27 other pieces of property for a purchase price of $208,281.27. Because of this, Vivek and Vinod would often "settle up" their global expenses after a period of time. Therefore, these expenses were incurred and paid and the allegations in the Complaint are false.

      Finally, the Complaint states generally that the "Defendants" falsely certified they incurred and paid fees. (See Complaint, ¶ 2) Attached to the Complaint are various documents including a sample "Statement of Costs Paid on Tax Sale Property" and various "Accounts Payable Vouchers." None of the exhibits show any certification by Vivek. For example, Paragraph 43 of the Complaint notes that on a particular property, "Vinod signed and provided [the] Certification to the . . . auditor." Therefore, there is nothing that even alleged in the Complaint that Vivek made a false certification.

## Conclusion

      Due to the fact that this grievance does not raise a substantial question of misconduct, we would ask that it be dismissed from further consideration.

Very truly yours,

*[signature]*

Kevin P. McGoff
Attorney at Law

JJB/sml/15222252/122305.000001

Mr. G. Michael Witte
March 21, 2014
Page 4

cc:   Vivek Gupta [via email]
      James J. Bell [via email]