UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSHUA B. CRISSEN,<br>    *Plaintiff*,<br><br>    *vs.*<br><br>VINOD C. GUPTA, SATYABALA V. GUPTA,<br>WIPER CORPORATION, and VIVEK V. GUPTA,<br>    *Defendants*. | 2:12-cv-00355-JMS-WGH |

## **ORDER**

Presently pending before the Court is a Fee Petition filed by Banco Popular North America ("BPNA"). [Filing No. 241.]

### I.
#### BACKGROUND

BPNA is a former Defendant in this litigation, and filed a Motion to Enforce Protective Order on January 22, 2014. [Filing No. 191.] The motion related to certain documents BPNA alleged that it inadvertently produced, and that Plaintiff Joshua Crissen refused to return pursuant to the Protective Order entered in this case. After BPNA and Mr. Crissen briefed the motion, the Court held a hearing on February 28, 2014. [Filing No. 220.] Subsequently, the Court granted BPNA's motion, and awarded it the fees and costs it incurred in connection with the motion. [Filing No. 230.] BPNA then filed its Fee Petition, [Filing No. 241], which the Court now considers.

### II.
#### STANDARD OF REVIEW

When a fee petition is more than minimal – as this one is – the Seventh Circuit Court of Appeals requires the Court to reach a reasoned decision on the evidence, rather than merely "eyeballing" the fee petition. *Heiar v. Crawford County, Wis.*, 746 F.2d 1190, 1204 (7th Cir. 1984)

1

(reversing district court's decision to reduce fee request by a flat 50% to account for perceived excess billings). Accordingly, when determining the fee award, the Court must calculate the number of hours reasonably expended in response to the sanctionable conduct and multiply them by a reasonable hourly rate. *Divane v. Krull Elec. Co.*, 319 F.3d 307, 317 (7th Cir. 2003) (citation omitted). Thus, not all time an attorney actually incurs may be recoverable. "Cases may be overstaffed, and the skill and experience of lawyers vary widely." *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). When preparing a fee petition, counsel should use the same "billing judgment" as counsel uses when preparing the bill for counsel's own client, by "exclud[ing] from a fee request hours that are excessive, redundant, or otherwise unnecessary....Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* (quotation omitted; emphasis in original). If counsel fails to exercise that billing judgment, the Court must exercise it for counsel. *See id.*

The party requesting the fee award bears the burden of proving the reasonableness of the fee. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999) (citation omitted). In the Seventh Circuit, "the best evidence of whether attorney's fees are reasonable is whether a party has paid them." *Cintas Corp. v. Perry*, 517 F.3d 459, 469 (7th Cir. 2008) (citations omitted).

The United States Supreme Court has emphasized that the determination of fees "should not result in a second major litigation." *Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011) (quoting *Hensley*, 461 U.S. at 437). While it is the fee applicant's burden to submit appropriate documentation to meet the burden of establishing entitlement to an award, the Court "need not, and indeed should not, become green-eyeshade accountants." *Fox*, 131 S. Ct. at 2216. Instead, the essential goal in shifting fees to either party is to do "rough justice, not to achieve auditing

perfection[;]" the Court may take into account its "overall sense of [the] suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

### III.
#### DISCUSSION

BPNA argues that it is entitled to attorneys' fees and costs totaling $15,828.10. [Filing No. 241 at 1.] It asserts that it first incurred fees and costs in connection with the Motion to Enforce Protective Order on January 15, 2014, when the Magistrate Judge conducted a pre-motion conference. [Filing No. 241 at 3.] As a result of that conference, BPNA argues, its counsel began preparing the motion on January 17, 2014 and filed it on January 22, 2014. [Filing No. 241 at 3.] BPNA also notes that its counsel participated in a scheduling conference regarding the motion, and that attorneys Gregory Blue and Joshua Wolson traveled to Indianapolis for the hearing pursuant to the Court's order. [Filing No. 241 at 3; *see also* Filing No. 194.] BPNA states that it has negotiated lower rates with its counsel Dilworth Paxson LLP ("Dilworth"), than Dilworth charges other clients for similar work, and also a reduced rate for travel time. [Filing No. 241 at 3-4.] BPNA submits affidavits from Richard Blaiklock, one of its attorneys at the law firm of Lewis Wagner LLP, and Joshua Wolson, one of its attorneys at Dilworth. [Filing No. 242; Filing No. 243.] Both affidavits attach legal invoices which are purportedly related to the motion. [Filing No. 242-1; Filing No. 243-1.]

Mr. Crissen argues in response that BPNA should only be awarded $9,191.39 in attorneys' fees and costs because the invoices include: (1) non-compensable time; (2) time for clerical work; (3) vague entries; (4) redundant and excessive time entries; (5) otherwise unnecessary time entries; and (6) unnecessary costs. [Filing No. 254 at 2-6.] He attaches a chart listing the reasons he asserts

3

certain entries should not be included in the recoverable amount. [Filing No. 254-1.]¹ The Court will address each of Mr. Crissen's arguments in turn.

**1. Non-Compensable Time**

Mr. Crissen argues that several entries do not relate, in whole or in part, to work on the Motion to Enforce Protective Order. The Court agrees that one of the entries Mr. Crissen points out does not appear to relate to the Motion to Enforce Protective Order:

- 2/26/2014 – GAB - "Emails with Plaintiff's counsel concerning deposition of J. Angulo" - .30 ($97.50)

The amount corresponding with this entry – $97.50 – will be subtracted from the total amount BPNA seeks.

Mr. Crissen also argues that entries related to BPNA's counsel reviewing other motions that were discussed at the February 28, 2014 hearing, and orders related to those motions, are not appropriately included in the total because they do not relate exclusively to the Motion to Enforce Protective Order itself. [*See* Filing No. 254-1 at 3 (1/27/2014 – JDW – Review Co-Defendant's Motion to Sanctions Hearing to prepare for Sanctions Hearing - .90 ($292.50)); Filing No. 254-1 at 6 (3/3/2014 – GAB – Review court order concerning pending motions - .20 ($65.00)).] The Court finds, however, that it was reasonable and appropriate for BPNA's counsel to review the other motions that were to be discussed at the February 28, 2014 hearing, and orders that related, in part, to those motions. One of the other motions was a Sanctions Motion filed by other

---

¹ The chart often lists multiple reasons why Mr. Crissen claims a particular time entry is not properly included in the Fee Petition, but only elaborates on one of those reasons. [*See, e.g.*, Filing No. 254-1 at 5 (in arguing February 4, 2014 entry for "court conference concerning scheduling for outstanding motions" is improper, Mr. Crissen cites Sections (B)(1), (2), and (5) of his response brief, but only states "[w]ork on scheduling is non-legal work"). The Court has done its best to address all of the time entries Mr. Crissen objects to in the appropriate section, but Mr. Crissen's chart is not a model of clarity.

4

Defendants, which stemmed from Mr. Crissen's counsel's improper review of the documents that were the subject of BPNA's Motion to Enforce Protective Order. In other words, there was some overlap between the two motions, so it was not unreasonable for BPNA's counsel to keep apprised of the status of the other motion. Accordingly, the Court will not subtract that time from the total BPNA seeks.

Finally, Mr. Crissen argues that an entry for reviewing other parties' post-hearing submissions is unrelated to the Motion to Enforce Protective Order. [*See* [Filing No. 254-1 at 6](#) (3/10/2014 – GAB – Review other parties' post-hearing submissions in connection with Motion to Enforce Protective Order - .30 ($97.50)).] On March 10, 2014, attorney Jesse Rochman submitted a Report which detailed his version of events relating to the documents that were the subject of BPNA's Motion to Enforce Protective Order. [[Filing No. 225](#).] Accordingly, Mr. Blue's review of that submission was related to the motion, and time spent for that review is properly included in the total BPNA seeks.

In sum, the Court will subtract **$97.50** from the total BPNA seeks because it corresponds to work that was not related to the Motion to Enforce Protective order.

**2. Clerical Work**

Mr. Crissen argues that the following entries reflect work that is "clerical in nature and should be disallowed," [[Filing No. 254 at 3](#); [Filing No. 254-1](#)]:

- 1/22/2014 – GAB – Draft Notice of Motion on Motion to Enforce Protective Order - .30 ($97.50);

- 1/30/2014 – RMB – Review docket 200 RE: scheduling and other Orders - .10 ($28.50);

- 2/3/2014 – RMB – Emails RE: hearing - .20 ($57.00);

- 2/3/2014 – RMB – Work on hearing date issues - .20 ($57.00);

5

- 2/3/2014 – EDT – Review multiple correspondence to and from [Courtroom Deputy] and counsel of record RE: reschedule hearing due to inclement weather - .30 ($58.50);

- 2/3/2014 – GAB – Emails with Court and all counsel concerning schedule for hearing pending motions - .50 ($162.50);

- 2/4/2014 – RMB – Review calendar for court call; Call with court RE: hearing - .30 ($85.50);

- 2/4/2014 – EDT – Review correspondence from Courtroom Deputy…RE: rescheduling of hearing - .10 ($19.50);

- 2/4/2014 – EDT – Review Order setting hearing on several motions - .10 – ($19.50);

- 2/4/2014 – GAB – Court conference concerning scheduling for outstanding motions - .20 ($65.00);

- 2/4/2014 – JDW – Telephonic appearance at Court-ordered scheduling conference - .40 ($130.00);

- 2/4/2014 – GAB – Prepare for Court conference concerning outstanding motions - .20 ($65.00);

- 2/24/2014 – GAB – Telephone call with S. Arthur, counsel for Guptas, concerning Court hearing on discovery issues - .30 ($97.50).

The Court does not find any of these entries to be "clerical in nature" such that they are not properly included in the fees BPNA seeks. Several of the entries relate to the scheduling of the February 28, 2014 hearing, which was originally set for February 5, 2014 but was cancelled due to inclement weather in Indianapolis. Re-scheduling the hearing required telephonic participation by the attorneys who were going to attend (several had been ordered to attend by the Court), and the Court required that they participate in the telephone conferences so that a new date which worked for all attorneys could be set efficiently. Other entries are for reviewing docket entries or orders relating to the hearing, which would normally and properly be done by an attorney. One entry relates to drafting a Notice of Motion, which is also something an attorney would do, rather

6

than a clerical assistant. And, finally, entries relating to preparing for Court conferences or the hearing are not clerical in nature at all. The Court does not find any entries to be "clerical" such that they should be subtracted from the total fees BPNA seeks.[2]

### 3. Vague Entries

Mr. Crissen argues that several of the entries are so vague that it is impossible to determine whether the time was incurred in connection with BPNA's motion. [Filing No. 254 at 3-4.] The Court agrees that two entries do not contain sufficient detail to allow it to determine whether the work related to the Motion to Enforce Protective Order, or to some other issue not covered by the Court's award of fees. These entries include:

- 1/16/2014 – RMB – Call with Greg Blue RE: discovery issues - .50 ($142.50);

- 1/21/2014 – GAB – Review subpoenas issued by Plaintiff to Non-Parties - .20 ($65.00).

Accordingly, the Court will subtract **$207.50** from the amount BPNA seeks. *See Montanez v. Simon*, 755 F.3d 547, 559 (7th Cir. 2014) ("[W]hen a fee petition is…inadequately documented, a district court may…strike the problematic entries….") (quoting *Harper v. City of Chicago Heights*, 223 F.3d 593, 605 (7th Cir. 2000)).

---

[2] The cases Mr. Crissen cites to support his "clerical work" argument truly involved clerical work. *See, e.g.*, *Delgado v. Village of Rosemont*, 2006 WL 3147695, *2 (N.D. Ill. 2006) ("A court should disallow time spent on 'clerical' or 'secretarial' tasks….Courts have found organizing file folders, preparing document[s], copying documents, assembling filings, electronically filing documents, sending materials, docketing or 'logging' case events into an internal case tracking system, and telephoning court reporters to be clerical….In contrast, factual investigation, conducting legal research, summarizing depositions, checking citations, compiling statistical and financial data, preparing court documents, serving process, and discussing the case with attorneys are sufficiently complex"); *Goodale v. George S. May Intern. Co.*, 2010 WL 2774013, *4 (N.D. Ill. 2010) (time spent refiling a document is clerical); *Spegon*, 175 F.3d at 553 (time spent updating case list and calendar, and holding conferences with paralegal regarding communications with court's minute clerk were appropriately performed by clerical assistant).

The Court further finds, however, that the other entries Mr. Crissen claims are vague are actually sufficiently clear to indicate that they related to the upcoming February 28, 2014 hearing on the Motion to Enforce Protective Order, which was originally scheduled for February 5, 2014. These entries include:

- 2/3/2014 – RMB – Emails RE: hearing - .20 ($57.00);
- 2/3/2014 – RMB – Work on hearing date issues - .20 ($57.00); and
- 2/24/2014 – GAB – Telephone call with S. Arthur, counsel for Guptas, concerning Court hearing on discovery issues - .30 ($97.50).

[Filing No. 254-1 at 4-5.] Based on the timing of these entries, it is clear that they related to the Motion to Enforce Protective Order. These amounts are properly included as related to the motion, and will not be subtracted from the amount BPNA seeks.

### 4. Redundant and Excessive Time

Mr. Crissen argues that several entries reflect "redundant and excessive" billing because they show that more than one attorney performed the same task. The tasks Mr. Crissen focuses on, for which more than one attorney billed time, include drafting a declaration in support of the Motion to Enforce Protective Order, drafting the brief in support of the Motion to Enforce Protective Order, reviewing a Court order relating to the Motion to Enforce Protective Order, reviewing Mr. Crissen's response to the Motion to Enforce Protective Order, drafting the reply in support of the Motion to Enforce Protective Order, sending emails and participating in phone conferences regarding re-scheduling the hearing on the motion, and participating in a phone conference regarding the strategy for the February 28, 2014 hearing. [Filing No. 254-1.]

The Court does not find these entries to be duplicative or excessive. It was not unreasonable for several attorneys to participate in drafting the declaration and briefs in support of the Motion to Enforce Protective Order, nor to review Court orders on the motion or participate in

8

hearing scheduling and preparation. The Motion to Enforce Protective Order was necessarily very fact-specific and needed to be prepared and filed quickly. Additionally, the Court specifically ordered Mr. Blue and Mr. Wolson to attend the hearing. In short, the Court finds that it was reasonable for multiple attorneys to work on the motion, and to participate in conferences to schedule the hearing on the motion.

The Court also rejects Mr. Crissen's argument that entries relating to traveling to the courthouse and appearing for and arguing at the February 28, 2014 hearing are excessive because "[t]he court house is 6 minutes away from Lewis Wagner according to Google Maps," and counsel billed for 3.0 hours. [Filing No. 254-1 at 6.] The Court notes that the hearing lasted 2.5 hours, [Filing No. 222], so billing for 3.0 hours as counsel did here is not at all unreasonable given the need to arrive on time for the hearing.[3]

### 5. Otherwise Unnecessary Time

Mr. Crissen argues that 20.7 hours of the time billed is "otherwise unnecessary," including time spent drafting a notice of motion, reviewing a Court order regarding scheduling, working with the Court to re-schedule the February 28, 2014 hearing to that date, and preparing for a Court conference regarding scheduling the hearing. [Filing No. 254 at 5; Filing No. 254-1.] Mr. Crissen's argument is a re-hash of the "clerical work" argument discussed above, and focuses on many of the same time entries. As the Court has already held, these entries were legitimately performed by attorneys and will not be excluded from the amount BPNA seeks.

---

[3] To the extent Mr. Crissen is arguing that billing for 3.0 hours was excessive because matters other than the Motion to Enforce Protective Order were discussed at the hearing, the Court will not reduce those entries in light of BPNA's counsels' sworn statements that the invoices submitted reflect only time spent on the Motion to Enforce Protective Order, [Filing No. 242 at 1-2; Filing No. 243 at 2], and in accordance with the Supreme Court's instruction that the Court's goal is to do "rough justice, not to achieve auditing perfection," *Fox*, 131 S. Ct. 2216.

9

### 6. Unnecessary Costs

Mr. Crissen argues that costs BPNA incurred for airfare, hotel, food, and car and cab fees for its counsel to attend the February 28, 2014 hearing are excessive, but at the same time states "[w]ithout seeing the supporting documentation, it is difficult to tell whether the expenses were excessive." [Filing No. 254 at 5-6.] It cites a travel website, Kayak.com, for its assertion that a room at the Sheraton Indianapolis City Centre Hotel can be reserved for $134/night, and counsel spent "near $245/night." [Filing No. 254 at 6.] But counsel was under no obligation to stay at the Sheraton Indianapolis City Centre, and hotel rates can vary significantly depending on the date of the stay. The Court does not find the $245/night fee unreasonable. As for costs for airfare and car and cab, Mr. Crissen merely states "[a]ll of this could have been done for more reasonable rates." He provides no evidence to back up his statement, instead arbitrarily cutting the airfare from $1,192 to $800 and the car and cab fare from $188.15 to $100. [Filing No. 254-1 at 6.] The Court finds the billed amounts to be reasonable, and will not reduce them based on Mr. Crissen's bald assertion that they are not.

### IV.
#### CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** BPNA's Fee Petition, [Filing No. 241], to the extent it finds that BPNA is entitled to **$15,523.10** in connection with its Motion to Enforce Protective Order, as set forth in the Court's April 14, 2014 Order, [Filing No. 230]. The Court **DENIES IN PART** the Fee Petition to the extent the Petition seeks an additional **$305.00**, because the Court was unable to conclude that those fees were related to the Motion to Enforce Protective Order. The Court **ORDERS** Mr. Crissen's counsel[4] to pay the fees and costs

---

[4] The Court's Order awarding BPNA its fees and costs in connection with the Motion to Enforce Protective Order specified that the fees and costs were to be paid by Mr. Crissen's counsel because

awarded to BPNA within **fourteen days**, unless BPNA and Mr. Crissen's counsel agree to a different timetable or arrangement.

September 10, 2014

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

---

"the language of the clawback provision [in the Protective Order] is clear, and…Mr. Crissen's counsel not only ignored that language but then took the extra step of reviewing the documents [BPNA] sought to recall." [Filing No. 230 at 11.]