UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSHUA B. CRISSEN,<br>    *Plaintiff*,<br><br>    *vs.*<br><br>VINOD C. GUPTA, SATYABALA V. GUPTA,<br>WIPER CORPORATION, and VIVEK V. GUPTA,<br>    *Defendants*. | 2:12-cv-00355-JMS-WGH |

## ORDER

Presently pending before the Court is a Fee Petition filed by Defendants Vinod Gupta, Satyabala Gupta, and Wiper Corporation (collectively, "the Gupta Defendants"). [Filing No. 245.]

### I.
#### BACKGROUND

On January 27, 2014, the Gupta Defendants filed a Motion to Dismiss or for Other or Further Sanctions for Violation of Protective Order (the "Sanctions Motion"), in which they argued that Mr. Crissen's counsel had violated the Protective Order entered in this case and later modified by the Magistrate Judge by reviewing certain protected documents. [Filing No. 195.] The Court granted the Sanctions Motion to the extent that it, among other things, ordered Mr. Crissen's counsel, Jesse Rochman, to pay the Gupta Defendants their attorneys' fees and costs in connection with the Sanctions Motion. [Filing No. 231 at 13.] The Gupta Defendants then filed their Fee Petition, [Filing No. 245], which the Court now considers.

### II.
#### STANDARD OF REVIEW

When a fee petition is more than minimal – as this one is – the Seventh Circuit Court of Appeals requires the Court to reach a reasoned decision on the evidence, rather than merely "eyeballing" the fee petition. *Heiar v. Crawford County, Wis.*, 746 F.2d 1190, 1204 (7th Cir. 1984)

1

(reversing district court's decision to reduce fee request by a flat 50% to account for perceived excess billings). Accordingly, when determining the fee award, the Court must calculate the number of hours reasonably expended in response to the sanctionable conduct and multiply them by a reasonable hourly rate. *Divane v. Krull Elec. Co.*, 319 F.3d 307, 317 (7th Cir. 2003) (citation omitted). Thus, not all time an attorney actually incurs may be recoverable. "Cases may be overstaffed, and the skill and experience of lawyers vary widely." *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). When preparing a fee petition, counsel should use the same "billing judgment" as counsel uses when preparing the bill for counsel's own client, by "exclud[ing] from a fee request hours that are excessive, redundant, or otherwise unnecessary….Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* (quotation omitted; emphasis in original). If counsel fails to exercise that billing judgment, the Court must exercise it for counsel. *See id.*

The party requesting the fee award bears the burden of proving the reasonableness of the fee. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999) (citation omitted). In the Seventh Circuit, "the best evidence of whether attorney's fees are reasonable is whether a party has paid them." *Cintas Corp. v. Perry*, 517 F.3d 459, 469 (7th Cir. 2008) (citations omitted).

The United States Supreme Court has emphasized that the determination of fees "should not result in a second major litigation." *Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011) (quoting *Hensley*, 461 U.S. at 437). While it is the fee applicant's burden to submit appropriate documentation to meet the burden of establishing entitlement to an award, the Court "need not, and indeed should not, become green-eyeshade accountants." *Fox*, 131 S. Ct. at 2216. Instead, the essential goal in shifting fees to either party is to do "rough justice, not to achieve auditing

perfection[;]" the Court may take into account its "overall sense of [the] suit, and may use estimates in calculating and allocating an attorney's time." *[Id.](Id.)*

## III.
### DISCUSSION

In their Fee Petition, the Gupta Defendants detail the work their counsel undertook in connection with the Sanctions Motion, including preparing for and engaging in a meet-and-confer before the Sanctions Motion was filed; preparing for and participating in a conference with the Magistrate Judge; preparing the Sanctions Motion, reviewing Mr. Crissen's response, and preparing a reply; dealing with scheduling difficulties for the hearing on the Sanctions Motion that eventually took place on February 28, 2014; and preparing for and participating in that hearing. [[Filing No. 245 at 2-3](#).] The Gupta Defendants submit invoices they allege are related to those activities. [[Filing No. 245-1](#).] In total, the Gupta Defendants seek $21,988.50 in attorneys' fees and costs. [[Filing No. 245 at 3](#).]

Mr. Crissen argues in response that the Gupta Defendants should only be awarded $5,865.86 in attorneys' fees and costs because the invoices include: (1) non-compensable time; (2) time spent performing clerical work; (3) block billed time entries; (4) vague time entries; and (5) otherwise unnecessary time entries. [[Filing No. 255 at 2-6](#).] He attaches a chart listing the reasons certain entries should not be included in the recoverable amount. [[Filing No. 255-1](#).][1]

---

[1] The chart often lists multiple reasons why Mr. Crissen claims a particular time entry is not properly included in the Fee Petition, but only elaborates on one of those reasons. [*See, e.g.*, [Filing No. 255-1 at 3](#) (in arguing January 31, 2014 entry for "[r]eceived and reviewed Entry vacating hearing from Court" is improper, Mr. Crissen cites Sections (A)(1) - (5) of his response brief (which should actually be "(B)(1) – (5)"), but only states "[s]cheduling is clerical and requires no legal work. Includes non-compensable time regarding motions other than Gupta Defendants' Sanctions Motion"). The Court has done its best to address all of the time entries Mr. Crissen objects to in the appropriate section, but Mr. Crissen's chart is not a model of clarity.

In reply, the Gupta Defendants also attach a chart which details their arguments in support of each time entry that Mr. Crissen objects to. [Filing No. 259-1.] The Court will address each of Mr. Crissen's arguments in turn.

### 1. Non-Compensable Time

Mr. Crissen argues that the invoices the Gupta Defendants have submitted include time spent on Mr. Crissen's Motion to Strike, the Gupta Defendants' Objection, and BPNA's Motion to Enforce Protective Order, and that time relating to those filings is not compensable because it is not related to the Sanctions Motion. [Filing No. 255 at 2-3.] The Gupta Defendants argue that much of the time spent reviewing documents produced by BPNA related to their Sanctions Motion because they were "ascertaining the extent of [Jesse Rochman's] violation of the Protective Order." [Filing No. 259-1 at 1.]

The entries about which Mr. Crissen complains fall into several categories: (1) reviewing documents produced by BPNA; (2) reviewing and drafting emails regarding BPNA's document production; (3) participating in conference calls with the Magistrate Judge; (4) conferences with other attorneys regarding violation of the Protective Order and litigation strategy for same; (5) legal research regarding sanctions for violation of a discovery order; (6) reviewing Court orders regarding the Sanctions Motion; (7) communicating with the Court regarding re-scheduling the hearing on the Sanctions Motion; (8) preparing a motion for enlargement of time in which to file a reply in support of the Sanctions Motion; (9) updating the Gupta Defendants regarding the status of the case; (10) preparing to introduce evidence at the February 28, 2014 hearing and otherwise preparing for the hearing (including meeting with counsel for co-Defendant); and (11) reviewing post-hearing Court orders regarding the Sanctions Motion. [Filing No. 255-1.]

The crux of Mr. Crissen's argument is that other motions were pending and were addressed at the February 28, 2014 hearing, and many of the time entries are vague and may relate to motions other than the Sanctions Motion. But, as the Gupta Defendants point out, their Fee Petition is supported by a statement under oath that the invoices they attach reflect "an accounting of fees and expenses incurred and paid by the Gupta Defendants in connection with the Motion for Sanctions." [Filing No. 245 at 2.]

Further, Mr. Crissen's arguments only succeed if the time entries are reviewed in a vacuum. But it is important to note that the Sanctions Motion resulted from Jesse Rochman's review of documents inadvertently produced by BPNA. Accordingly, it is expected that preparation of the Sanctions Motion would have necessitated a detailed review of those documents and communications with counsel for BPNA along the way regarding those documents.

Additionally, for each instance where Mr. Crissen argues that a time entry cannot be related to the Sanctions Motion for various reasons – *e.g.*, because it refers to a conference call with the Magistrate Judge and the purpose of the conference call on that date was "to discuss the deposition of BPNA's corporate representative," and not the Sanctions Motion – the Gupta Defendants have provided a detailed explanation for why Mr. Crissen's arguments fail. The Court finds that the Gupta Defendants' explanations are sufficient to carry their burden of showing that the time entries relate to the Sanctions Motion, and declines to reduce the amount the Gupta Defendants seek based on those arguments. A sampling of those arguments and the Gupta Defendants' explanations includes:

- A 12/27/13 time entry for "Reviewed file and issues re: compliance with S.D. Ind. L.R. 37-1 and conference call with opposing counsel and magistrate judge," which Mr. Crissen argues cannot be about the Sanctions Motion because "[t]he purpose of the discovery dispute conference was to discuss the deposition of BPNA's corporate representative," [Filing No. 255-1 at 1]. But the Gupta Defendants explain that the time spent was to

5

ascertain whether a meet and confer with opposing counsel and the Magistrate Judge was needed, and not to engage in a conference on that date. [Filing No. 259-1 at 2.] The Gupta Defendants also point out that the discovery conference regarding the deposition of BPNA's corporate representative took place on January 23, 2014, and not on December 27, 2013, as Mr. Crissen claims. The docket confirms that the Gupta Defendants are correct. [Filing No. 201.]

- A 01/09/14 time entry for "Reviewed file and prepare for meet and confer telephone conference with opposing counsel concerning violation of protective order; telephone conference with opposing counsel re: meet and confer with counsel concerning violation of protective order," for which Mr. Crissen argues "[t]he purpose of the meet and confer was to discuss the recall of documents." [Filing No. 255-1 at 1.] But the Gupta Defendants state that the meet and confer regarding the recall of documents took place the day before and attach an email chain confirming that. [Filing No. 259-2.] The time entry is sufficiently specific to conclude, based on the further information provided by the Gupta Defendants, that it relates to the Sanctions Motion.

- A 01/09/14 time entry for "Reviewed legal authorities re: sanctions for violation of discovery order; reviewed litigation strategy re: same," which Mr. Crissen claims is "[v]ague and ambiguous as to which violation this regards." [Filing No. 255-1 at 2.] The only violation that the Gupta Defendants were concerned with at this point was Jesse Rochman's review of the inadvertently produced documents. The fact that Mr. Crissen's counsel would not return the inadvertently produced documents to BPNA was a battle BPNA was fighting, not the Gupta Defendants. Additionally, Mr. Crissen should not be allowed to use his counsels' multiple violations of the Protective Order to escape paying fees because it is not clear which violation the entry relates to. It is clear that this entry relates to the Sanctions Motion. This reasoning applies equally to multiple entries referencing violation of the Protective Order.

As detailed previously, the United States Supreme Court recently emphasized that the Court should focus on doing "rough justice," not on achieving auditing perfection. *Fox*, 131 S. Ct. at 2216. Based on its overall sense of the state of the litigation when these time entries were made – which was a time period when the parties were heavily focused on BPNA's inadvertent document production and Jesse Rochman's improper review of some of those documents – the Court concludes that the time entries Mr. Crissen argues are non-compensable because they do not

relate to the Sanctions Motion are, in fact, so related. It will not reduce the fee amount based on this argument.[2]

### 2. Clerical Work

Mr. Crissen argues that time spent doing clerical work is not recoverable, and relies upon case law holding that work such as "'organizing file folders, preparing documents, copying documents, assembling filings, electronically filing documents, sending materials, docketing or 'logging' case events into an internal case tracking system,…telephoning court reporters,'" and "updating [a] database, [and] phone calls with clerks," is clerical in nature. [Filing No. 255 at 3-4 (quoting *Delgado v. Village of Rosemont*, 2006 WL 3147695, *2 (N.D. Ill. 2006)).] The majority of the time entries he objects to on this basis, however, do not involve tasks as mundane as those discussed in the case law.

Mr. Crissen objects to time spent scheduling the February 28, 2014 hearing. [*See, e.g.*, Filing No. 255-1 at 3.] Scheduling at this time in the litigation related to re-scheduling the February 5, 2014 hearing to February 28, 2014 due to inclement weather in Indianapolis. This involved several conference calls with the Courtroom Deputy – where all attorneys who were to

---

[2] Mr. Crissen argues that several time entries for participation in court telephonic conferences or in-person hearings should be reduced because matters other than the Sanctions Motion were discussed. [*See, e.g.*, Filing No. 255-1 at 5 (for time entry stating "[p]repare for hearing on pending sanctions motions; email to counsel of record regarding same," Mr. Crissen argues "[t]he hearing covered four matters, only one of which was Gupta Defendants' Sanctions Motion. Fails to establish if any was in connection with Gupta Defendants' Sanctions Motion").] He even suggests reducing the time spent on the Sanctions Motion at the hearing based on how many pages of the hearing transcript relate to the Sanctions Motion. [*See* Filing No. 255-1 at 6 ("The hearing on Gupta Defendants' Motion for Sanctions took approximately 15 pages of the 103 page transcript (14.5%). This should be reduced accordingly").] While matters other than the Sanctions Motion were discussed at the hearing, and at telephonic conferences to schedule the hearing, the Court will not reduce those entries in light of the Gupta Defendants' counsel's sworn statement that it has only submitted fees related to the Sanctions Motion, [Filing No. 245 at 2], and in accordance with the Supreme Court's instruction that the Court's goal is to do "rough justice, not to achieve auditing perfection," *Fox*, 131 S. Ct. 2216.

7

participate in the hearing were required to participate – to find a date that worked for all attorneys involved. These tasks could not be delegated to an assistant, and fees associated with them are properly recoverable.

As for time spent researching and seeking an enlargement of time to brief the Sanctions Motion, the Gupta Defendants have withdrawn their request for fees associated with those tasks in the amount of **$440.00**, and the Court finds that amount to be a reasonable reflection of time spent on the motion for extension of time and will subtract that amount from the amount requested. *See [Fox, 131 S. Ct. at 2216](#)* (in considering fee shifting, the goal is to do "rough justice, not to achieve auditing perfection").

The only task reflected on the invoices that the Court finds to be truly clerical is the filing of documents electronically with the Court. *See [Delgado, 2006 WL 3147695 at \*2](#)* (filing documents electronically with the court is a clerical task). The entries which include reference to electronically filing a document include other, clearly compensable, tasks: for example, "[r]eviewed Motion to Dismiss or for Other of Further Sanctions for Violation of Protective Order and Brief in Support thereof; prepared/drafted revisions to same; filed same electronically with Court; correspondence sent via e-mail to Vinod Gupta, re: same." [[Filing No. 255-1 at 3](#).] The total time billed for this entry is 4.30 hours, yet Mr. Crissen inexplicably suggests that the Court reduce that amount by 4.20 hours, and allow compensation for only .10 hours. This makes no sense, as the great majority of this entry relates to legal work on the Sanctions Motion. The time for electronically filing a document is de minimus (likely five minutes or so). While the Court is mindful that it "need not, and indeed should not, become green-eyeshade accountants," *[Fox, 131 S. Ct. at 2216](#),* the Court finds it equitable to subtract a nominal amount from the fees requested to account for time spent filing documents electronically. Although the Gupta Defendants advise

that "[n]otations of electronic filing in time entries were made for internal reference and for the benefit of the clients only," [Filing No. 259 at 4], these tasks are included in the time entries for attorneys and should not be. The Court will subtract .10 hours for each reference to electronic filing. There are three such references, and .30 hours, figured at the rate applicable to the attorney matching those time entries, yields a total subtraction of **$105.00**.

### 3. Block Billing

Next, Mr. Crissen asserts that counsel for the Gupta Defendants "block billed entries for preparation and review regarding all matters addressed at the hearing before the District Court, even though the sanction order only granted them fees in connection with the Gupta Defendants' Sanction Motion." [Filing No. 255 at 4.] But, as the Gupta Defendants point out, they have submitted a sworn statement that the invoices they have submitted with their Fee Petition reflect only "fees and expenses incurred and paid by the Gupta Defendants in connection with the Motion for Sanctions." [Filing No. 245 at 2.] In other words, counsel for the Gupta Defendants has weeded out time spent on the other motions, and the Fee Petition does not include that time. For example, the Gupta Defendants explain that on February 26, 2014 Stephen Arthur actually spent a total of 2.50 hours preparing for the hearing, but the submitted invoice reflects 1.30 hours because this is the amount of time he spent preparing for argument on the Sanctions Motion. [Filing No. 259-1 at 11.] The Court rejects Mr. Crissen's "block billing" argument. It ignores what was happening in the case at that time and, given that context, it is apparent that the tasks billed for were related to the Sanctions Motion. *See Fox*, 131 S.Ct. at 2216 (court may consider its "overall sense of [the] suit").

### 4. Vague Entries

Mr. Crissen also argues that several time entries are vague, and "[i]t cannot be established from these entries whether they [relate to] the violation of the discovery order related to the recall of documents, which was the subject of BPNA's Sanctions Motion or related to Gupta Defendants' Sanctions Motion." [Filing No. 255 at 5.] This argument is duplicative of Mr. Crissen's "non-compensable time" argument. As discussed above, while some of the entries may not refer specifically to the Sanctions Motion, the entries should not be analyzed in a vacuum.[3] At this point in the litigation, the Gupta Defendants' counsel was dealing with how to resolve the issue of Jesse Rochman violating the Protective Order, as amended by the Magistrate Judge. There was no reason for counsel to bill the Gupta Defendants for work related to Mr. Crissen's counsel's refusal to return inadvertently produced documents to BPNA – BPNA was fighting that battle. The only other dispute relating to the Protective Order that was at issue during that time period, and that was the subject of the February 28, 2014 hearing, was the dispute discussed in the Sanctions Motion. It is disingenuous for Mr. Crissen to argue otherwise.[4] Like the "non-compensable time"

---

[3] Mr. Crissen also argues that time entries for work relating to evidence in connection with the February 28, 2014 hearing are vague because "[n]o documentary evidence was offered at the hearing, so it is vague how it relates to Gupta Defendants' Sanctions Motion…." [*See, e.g.*, Filing No. 255-1 at 5.] But the Gupta Defendants' counsel explains that the hearing was docketed as an "evidentiary hearing," [Filing No. 189], and they intended to present evidence at the hearing but ultimately made a tactical decision not to do so, [Filing No. 259-1 at 9]. The Court finds that this time is properly recoverable, and the fact that the Gupta Defendants' counsel did not ultimately introduce evidence at the hearing is of no consequence.

[4] For example, Mr. Crissen argues that "[w]hen working on the Gupta Defendants' Motion for Sanctions, counsel referred to it as a 'motion to dismiss.'…The time entries reveal Gupta Defendants may have been assisting BPNA with its sanctions motion." [Filing No. 255-1 at 2.] But Mr. Crissen has no support for his speculation. And the formal title of the Sanctions Motion was "Motion to Dismiss or for Other or Further Sanctions for Violation of Protective Order," [Filing No. 195], hence the reference in the time entries to "motion to dismiss." Mr. Crissen's argument is borderline frivolous.

argument, the Court rejects Mr. Crissen's argument that some time entries are too vague to conclude that they relate to the Sanctions Motion. They are not, and they do.

### 5. Otherwise Unnecessary Time

Mr. Crissen's last argument is a catch-all argument that several time entries were unnecessary, including: (1) time spent researching and seeking an enlargement of time to brief the Sanctions Motion; and (2) time spent reviewing emails or sending emails regarding scheduling matters.

As discussed above, the Gupta Defendants have withdrawn their request for fees associated with the motion for enlargement of time to brief the Sanctions Motion. As for emails regarding scheduling, the Court has already addressed the fact that attorney participation was needed in order to efficiently re-schedule the February 5, 2014 hearing to February 28, 2014 due to inclement weather in Indianapolis. The same goes for emails, and the Court finds that these amounts were not "unnecessary" and are recoverable.

In sum, the Court will subtract **$105.00** for the clerical task of electronically filing documents, and **$440.00** for researching and preparing the motion for enlargement of time. This leaves a total of **$21,443.50** to which the Gupta Defendants are entitled as related to their Sanctions Motion. The Court also notes that the Gupta Defendants have paid the fees reflected in the Fee Petition in full. [Filing No. 245 at 4.] In the Seventh Circuit, "the best evidence of whether attorney's fees are reasonable is whether a party has paid them." *Cintas Corp.*, 517 F.3d at 469 (citation omitted); *see also Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix Corp.*, 73 F.3d 150, 153 (7th Cir. 1996) ("the best guarantee of reasonableness is willingness to pay").

## IV.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** the Gupta Defendants' Fee Petition, [Filing No. 245], to the extent it finds that the Gupta Defendants are entitled to **$21,443.50** in connection with their Motion to Dismiss or for Other or Further Sanctions for Violation of Protective Order, [Filing No. 195]. The Court **DENIES IN PART** the Fee Petition to the extent the Petition seeks an additional **$545.00**, because those fees were for clerical work. The Court **ORDERS** Mr. Rochman[5] to pay the fees and costs awarded to the Gupta Defendants within **fourteen days**, unless the Gupta Defendants and Mr. Rochman agree to a different timetable or arrangement.

September 10, 2014

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

---

[5] The Court's Order awarding the Gupta Defendants their fees and costs in connection with the Sanctions Motion specified that the fees and costs were to be paid by Jesse Rochman. [Filing No. 231 at 13.]